## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

LINDA J. BLOZIS,                              :
                                             :
    Plaintiff,                          :  CIVIL ACTION NO.
                                             :
    v.                                  :
                                             :
MELLON TRUST OF DELAWARE, NATIONAL           :
ASSOCIATION, a Pennsylvania corporation;     :     0 5 - 8 9 1 -
MELLON BANK, NATIONAL ASSOCIATION,           :
(formerly MELLON BANK (DE) NATIONAL          :
ASSOCIATION), a Pennsylvania corporation; and :
MELLON FINANCIAL CORPORATION, a              :
Pennsylvania corporation,                    :  TRIAL BY JURY DEMANDED
                                             :
    Defendants.                         :

### COMPLAINT

1.      This is a civil action arising from age and sex discrimination and retaliation which seeks compensatory, punitive, and statutory liquidated damages and injunctive relief for the negative evaluation, discipline, and discharge of a then 57 year old woman employed by Defendants for over thirteen years.

### I. JURISDICTION AND VENUE

2.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343; 42 U.S.C. § 1981a; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"); and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA").

3.      This Court has jurisdiction over the state law claims under 19 <u>Del. C.</u> §§ 711(a)(1) and (f) in Counts I - III pursuant to 28 <u>U.S.C.</u> § 1367, which provides for supplemental jurisdiction.

4.      The causes of action arise under Title VII, the ADEA, and 19 <u>Del. C.</u> §§ 711(a)(1) and (f).

5.      All conditions precedent to jurisdiction have occurred or have been complied with. Plaintiff filed a timely administrative complaint with the United States Equal Employment Opportunity Commission. All administrative proceedings have been terminated. Plaintiff received a Notice of Right to Sue on or about September 28, 2005. She files this Complaint within 90 days of receipt of such Notice.

6.      Venue is proper in this district because it is the judicial district where Plaintiff was employed, the unlawful employment practices and discrimination complained of occurred, and the claims arose.

## II. **THE PARTIES**

7.      Plaintiff Linda J. Blozis is a citizen of the United States and a resident of Naples, Florida. She was employed continuously by Defendants from approximately February 14, 1990 to July 14, 2003.

8.      Plaintiff is a white female age 58, who at all times was a diligent, loyal, and capable employee.

2

9.     Defendant Mellon Trust of Delaware, National Association ("Mellon Trust") is a Pennsylvania corporation. It operates a trust bank engaging in fiduciary activities but cannot take deposits or lend money. It does business throughout the State of Delaware. It was the joint employer of Plaintiff. Mellon Trust has a principal place of business at Two Greenville Crossing, 4005 Kennett Pike, Suite 200, Greenville, Delaware 19807. The Secretary of State of the State of Delaware is authorized to accept service for Mellon Trust in accordance with Rule 4(e)(1) of the Federal Rules of Civil Procedure and 8 Del. C. § 382. It is a wholly-owned subsidiary of Defendant Mellon Bank, National Association. Throughout the facts alleged herein, its management had actual or imputed knowledge of the discriminatory actions taken against Plaintiff, but it took no steps to redress this conduct.

10.    Defendant Mellon Bank, National Association ("Mellon Bank") is a Pennsylvania corporation. It does business throughout the State of Delaware. Previously, Mellon Bank (DE) National Association ("Mellon DE") merged into Mellon Bank. Mellon Bank, through its predecessor, Mellon DE, was the joint employer of Plaintiff. Mellon Bank is the parent company of Defendant Mellon Trust. The Secretary of State of the State of Delaware is authorized to accept service for Mellon Bank in accordance with Rule 4(e)(1) of the Federal Rules of Civil Procedure and 8 Del. C. § 382. Throughout the facts alleged herein, its management had actual or imputed knowledge of the discriminatory actions taken against Plaintiff, but it took no steps to redress this conduct.

11.    Defendant Mellon Financial Corporation ("Mellon Financial") is a Pennsylvania corporation. It is a bank holding company, a financial services holding company, and the parent company of Defendant Mellon Bank. Its corporate headquarters are located at One Mellon

3

Center, Pittsburgh, Pennsylvania 15258-0001. It does business throughout the State of Delaware. It was the joint employer of Plaintiff. The Secretary of State of the State of Delaware is authorized to accept service for Mellon Financial in accordance with Rule 4(e)(1) of the Federal Rules of Civil Procedure and 8 Del. C. § 382. Throughout the facts alleged herein, its management had actual or imputed knowledge of the discriminatory actions taken against Plaintiff, but it took no steps to redress this conduct.

12.    The three Defendants all are one single "employer" as defined by the ADEA and Title VII. They function as one integrated enterprise with 1) common management, 2) interrelated operations in which all of the businesses are in the financial services industry, 3) common ownership and financial control by a parent over the subsidiaries, and 4) centralized control over labor relations. This integrated enterprise of corporations had twenty or more employees for each working day in each of twenty or more calendar weeks in 2003.

### III. FACTS GIVING RISE TO THE ACTION

#### A.    Excellent Employment History

13.    During Plaintiff's more than thirteen years with Defendant, she worked as a Portfolio Administrator in Defendants' Private Wealth Management Department and was entrusted to work on trust accounts valued between $1 million and $50 million dollars.

14.    During her more than thirteen years with Defendant, Plaintiff received many written commendations from her numerous supervisors for her customer service skills and dedication to her job.

15.    During her more than thirteen years with Defendant, Plaintiff was never cited for tardiness. Her attendance record was commendable.

4

16.    During her more than thirteen years with Defendant, Plaintiff was never cited for unprofessionalism or gross neglect of responsibilities.

17.    In 2001, Plaintiff received a bonus for her good performance in 2000.

18.    On February 20, 2002, Plaintiff received a $2,000 incentive under Defendants' Private Wealth Management 2001 Portfolio Team Incentive Plan for her good performance in 2001.

19.    In October of 2002, Plaintiff received a raise in annual salary from $36,000 to $39,800.

20.    From approximately February 14, 1990, through November of 2002, Plaintiff's annual evaluations and quarterly checks (collectively "performance evaluations") ranged from meets expectations to exceeds expectations.  Prior to December of 2002, Plaintiff never received an unfavorable performance evaluation from Defendant.

21.    From approximately February 14, 1990, to May 19, 2003, Plaintiff never received a demotion, suspension, written reprimand, or any other form of written discipline from Defendant.

**B.    Increased Responsibilities and Negative Evaluation**

22.    From approximately March of 2002 to July 7, 2002, Defendants made Plaintiff responsible for all support work during the frequent absences of supervisors. Defendants made Plaintiff alone responsible for telephone reception, mail delivery, equipment maintenance, arranging client meetings, handling all cash transactions, opening new accounts, closing terminated accounts, and training a new employee.  Younger and male employees were not treated similarly.

5

23.     On or about January 27, 2003, Plaintiff's immediate supervisor, Investment Officer Bill Becker, a white male then in his late 30's, gave Plaintiff her first unfavorable performance evaluation in her then more than twelve years with Defendants which criticized the speed of her work and knowledge of responsibilities.  Younger and male employees were not treated similarly.

24.     Between January 2003 and May of 2003, Defendants pressured Plaintiff to work harder and faster.  Younger and male employees were not treated similarly.

## C.     Oral Reprimand, Internal Complaint of Age Discrimination, and Discipline

25.     In late April of 2003, Team Leader and First Vice President Brendan Gilmore, a white male approximately age 56, called Plaintiff into his private office and strongly criticized her work in a threatening and demeaning manner.  Specifically, he insisted that Plaintiff immediately complete a client meeting booklet "or else."

26.     Even though his door was closed, his tone and volume were disruptive to other employees outside of his office.  Gilmore used profanity in speaking to Plaintiff.

27.     Before leaving for vacation on May 2, 2003, Plaintiff lodged a verbal complaint against Brendan Gilmore for the unprofessional, threatening, and demeaning manner in which he had spoken to her.  Her complaint was recorded by Rosemary Thomas of Human Resources.

28.     Specifically, Plaintiff told Thomas in good faith that she believed that Gilmore's words and conduct toward Plaintiff were "founded in age."

29.     On May 19, 2003, Administrative Officer Gregg Landis, a white male in his mid-30's, gave Plaintiff her first and only written reprimand, entitled "Final Written Warning for Performance" which later was signed by Brendan Gilmore.

6

**D.    Discharge and Replacement**

30.    Between May 19th and July 13th of 2003, Plaintiff continued to make every effort to complete outstanding projects. Landis agreed with Plaintiff that she was getting client files to a point of smooth transition for the new replacement of Investment Officer Bill Becker.

31.    Nevertheless on July 14, 2003, at approximately 10 a.m., Landis informed Plaintiff via e-mail that he needed to talk to her in a private office about a Human Resources issue.

32.    That same day, Landis and Plaintiff met for a conference call with Rosemary Thomas. At that time, Landis told Plaintiff she was fired because of her performance.

33.    Landis told Plaintiff to clean out her desk and return to him her keys and pass cards, and she promptly complied.

34.    Upon information and belief, in late 2003 or early 2004, Defendants replaced Plaintiff with a female who is sufficiently younger than Plaintiff.

**E.    Stated Reason**

35.    Any alleged legitimate non-retaliatory and non-discriminatory reasons offered by Defendants for the difference in treatment of Plaintiff is a pretext for retaliation and discrimination because of age and sex.

**F.    Plaintiff's Prima Facie and Pretext Case**

36.    At the time her employment ended, Plaintiff was over the age of 40.

37.    Plaintiff was qualified for her position and was performing her job competently.

38.    Her employment was terminated by Defendant.

39.    Plaintiff's replacement was sufficiently younger than Plaintiff.

7

40.     Plaintiff's replacement was less productive than Plaintiff, and of less value to Defendants than Plaintiff.

41.     The reason for the termination of Plaintiff is discrimination based upon Plaintiff's age.

42.     Any alleged legitimate non-discriminatory reasons offered by Defendants for the termination is a pretext for discrimination because of age.

43.     The natural probative force of the evidence demonstrates retaliation and discrimination. Alternatively, a reasonable fact finder could choose to disbelieve any non-retaliatory and non-discriminatory reasons offered by Defendants because Plaintiff can demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in Defendants' explanation that make it unworthy of belief.

G.      **Comparative Treatment of Similarly Situated Younger and Male Employees**

44.     Similarly situated younger and/or male employees were not treated similarly to Plaintiff.

(1)     **Denied Bonuses**

45.     On March 18, 2003, Brendan Gilmore told Plaintiff that she would not receive an annual bonus for 2002, contrary to previous indication.

46.     Portfolio Administrator Maria Dunlop, a white female in her 20's, received a bonus for 2002.

47.     All other team members less than 40 years old received a bonus for 2002.

(2)    **Denied Support**

48.    Defendants' management told Plaintiff not to ask Maria Dunlop for help with her workload.

49.    Younger employees were not treated similarly. Dunlop was allowed to ask Plaintiff for help with her workload.

50.    Gilmore and Landis criticized Plaintiff for leaving a booklet for Dunlop to bind. However, Dunlop previously was not criticized for leaving approximately sixty scholarship checks for Plaintiff to assemble and mail to awardees.

(3)    **Less Vacation Time**

51.    In April of 2003, Plaintiff requested two consecutive weeks of her earned and accrued vacation time. Gilmore denied her request. As a result, Defendants allowed Plaintiff only six days of vacation beginning on May 2, 2003.

52.    Younger employees were not treated similarly. In late May of 2003, Gilmore allowed Maria Dunlop seven days of vacation.

H.    **Comparative Treatment of Similarly Situated Older and Female Employees**

53.    Other employees age 40 or older have been discharged, forced to resign, or disciplined by Defendants and its agents because of their age and include the following:

a.    On March 6, 2002, at the direction of Gilmore, Becker and Landis discharged Kathleen Agne, a white female then age 49, after more than 23 years of service. No explanation was given to Plaintiff for her discharge.

b.    Gilmore gave Senior Trust Officer Robert Bell, a white male, an overwhelming book of business and forced him to retire at age 62.

9

c.    Gilmore forced Vice President Martha Fetters to resign at age 43.

d.    Gilmore forced Assistant Vice President and Administrative Officer

Linda Squier, a white female, to resign in early 40's, after more than fifteen years of service to

Defendant.

e.    Defendant also issued a Corrective Action to Francis Smith, a white

female age 61, demoted her to Administrative Officer, and forced her to resign in approximately

September of 2003.

**I.    Circumstantial and Direct Evidence of Age Bias**

54.    Plaintiff was Defendants' oldest Portfolio Administrator in Delaware.

55.    In fact, Plaintiff was the oldest employee on Brendan Gilmore's Team.

56.    All employees hired by Gilmore were under the age of 40, including the

following:

a.    Investment Officer Bill Becker, a white male in his late 30's,

b.    Investment Assistant Dan Merlino, a white male in his early 30's.

c.    Assistant Maria Dunlop, a white female in her 20's, and

d.    Investment Officer Kristy Hunt, a white female in her 30's.

57.    Many older employees previously had retired or left Defendants' employ.

Because Plaintiff was the oldest employee on his team who had not retired or left Mellon,

Gilmore called her "a survivor."

58.    Defendant violated its work rules in terminating Plaintiff's employment,

including its EEO policies against age and sex discrimination and retaliation.

10

**J.**    **Distinct Lack of Employee Criticism in Evaluations and Written Discipline**

59.    Prior to December of 2002, Plaintiff never received an unfavorable performance

evaluation from Defendant.

60.    From approximately February 14, 1990, to May 19, 2003, Plaintiff never received

a demotion, suspension, written reprimand, or any other form of written discipline from

Defendant.

61.    There is a distinct lack of employee criticism in Plaintiff's personnel file.

**K.**    **Plaintiff's Losses and Injuries**

62.    Plaintiff's wage package was approximately $39,800 per year plus a 401(k) plan;

health, dental, vision, long term disability, accidental death and dismemberment, and life

insurance coverage; and other benefits.

63.    As a direct and proximate result of the actions of Defendants and its agents,

Plaintiff is suffering lost wages, earnings, incentives, and bonuses; lost or reduced 401(k) plan

benefits, lost health, dental, vision, long term disability, accidental death and dismemberment,

and life insurance coverage; and other benefits; decreased employment and earning opportunities;

losses incurred as a result of being forced to sell her house; emotional pain, suffering, anger,

disappointment, inconvenience, mental anguish, loss of enjoyment of life, mental and physical

pain, physical injury, anguish, humiliation, embarrassment, injury to reputation; and other

pecuniary and non-pecuniary losses and injuries.

**IV. ALLEGATIONS REGARDING DEFENDANTS' CONDUCT**

64.    The reason for the difference in treatment between Plaintiff and younger

employees is discrimination because of age.

65.    The reason for the difference in treatment between Plaintiff and male employees is discrimination because of sex.

66.    The actions of the Defendants were deliberately, intentionally, willfully, purposefully, and knowingly done in violation of federally protected rights. Defendants either knew or showed a negligent or reckless disregard for the matter of whether their conduct violated federal rights.  Their actions were outrageous and taken with evil or improper motive, in bad faith, out of personal animus, or motivated by bias and without any reasonable grounds to support them.  Their actions were wanton and malicious or taken with reckless indifference to federally protected rights.

## V. CLAIMS

### COUNT I
### (DISCHARGE - CIRCUMSTANTIAL EVIDENCE
### ADEA and 19 DEL. C. § 711(a)(1) - AGE)

67.    Plaintiff repeats and realleges ¶¶ 1 - 66 set out above.

68.    Plaintiff was qualified to do the job of Portfolio Administrator.  Plaintiff suffered an adverse action when Defendants discharged her.

69.    The reason Defendants discharged Plaintiff was her age.

70.    Plaintiff was replaced by a less qualified younger employee.

71.    Plaintiff's replacement was sufficiently younger than Plaintiff.

72.    The sole, motivating or determinative reason for the discharge of Plaintiff was her age.

73.    Any stated legitimate non-discriminatory reason offered by the Defendants for their actions is a pretext for intentional discrimination based on age.  Any reason offered by the Defendants is unworthy of credence because Plaintiff can demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the proffered legitimate reasons that a reasonable fact finder can rationally find them unworthy of credence and hence infer that the Defendants did not act for the asserted non-discriminatory reason.

74.    Alternatively, Plaintiff can demonstrate pretext because the natural probative force of the evidence demonstrates discrimination.

75.    Defendants cannot meet their burden of proving that they would have made the same decision to discharge Plaintiff regardless of age bias.

76.    Plaintiff's statutory right to be free of age discrimination has been denied under the ADEA and 19 Del. C. § 711(a)(1) because she was discharged or otherwise discriminated against on the basis of her age.

### COUNT II (TERMS AND CONDITIONS - ADEA and 19 DEL. C. § 711(a)(1) - AGE)

77.    Plaintiff repeats and realleges paragraphs 1 - 76 set out above.

78.    Because of her age, Plaintiff suffered intentional discrimination which was severe or pervasive, regular and continuous.  This detrimentally affected her, and it would do so for a reasonable person of the same age in her position.

13

79.    The totality of the circumstances proves the existence of a hostile or abusive working environment severe enough to affect the psychological stability of an older worker.

80.    The acts identified herein were severe and pervasive, regular and continuous, and they created an intimidating, hostile, or offensive work environment.

81.    Under all the circumstances, Plaintiff has been illegally discriminated against in terms and conditions of employment, and otherwise harassed, by a discriminatory, hostile, and abusive work environment which was created, approved, and tolerated by management because of age.

82.    Plaintiffs' statutory right to be free of discrimination because of age has been denied under the ADEA and 19 Del. C. § 711(a)(1).

## COUNT III (TERMS AND CONDITIONS - TITLE VII and 19 DEL. C. § 711(a)(1) - SEX)

83.    Plaintiff repeats and realleges paragraphs 1 - 82 set out above.

84.    Because of her sex, Plaintiff suffered intentional discrimination which was severe or pervasive, regular and continuous.  This detrimentally affected her, and it would do so for a reasonable person of the same sex in her position.

85.    The totality of the circumstances proves the existence of a hostile or abusive working environment severe enough to affect the psychological stability of a woman.

86.    The acts identified herein were severe and pervasive, regular and continuous, and they created an intimidating, hostile, or offensive work environment.

14

87.    Because of sex, Plaintiff suffered intentional discrimination which was severe or pervasive, regular, and continuous. This detrimentally affected her, and it would do so for a reasonable person of the same sex in her position. The totality of the circumstances proves the existence of a hostile or abusive working environment severe enough to affect the psychological stability of a female.

88.    Under all the circumstances, Plaintiff has been illegally discriminated against in terms and conditions of employment, and otherwise harassed, by a discriminatory, hostile, and abusive work environment which was created, approved, and tolerated by management because of sex.

89.    Plaintiffs' statutory right to be free of discrimination because of sex has been denied under Title VII and 19 Del. C. § 711(a)(1).

## COUNT IV
## (DISCHARGE IN RETALIATION FOR OPPOSING ILLEGAL PRACTICES ADEA and 19 DEL. C. § 711(f))

90.    Plaintiff repeats and realleges ¶¶ 1 - 89 set out above.

91.    Plaintiff opposed practices made illegal by the ADEA.

92.    Defendant retaliated against her for her opposition and terminated her employment.

93.    There is a causal connection between Plaintiff's opposition and Defendants' retaliation.

94.    Any non-retaliatory reason given by the Defendants is a pretext for retaliation.

15

95.     Any stated legitimate non-retaliatory reason offered by the Defendants for their actions is a pretext for retaliation and intentional discrimination based on age. Any reason offered by the Defendants is unworthy of credence because Plaintiff can demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the proffered legitimate reasons that a reasonable fact finder can rationally find them unworthy of credence and hence infer that the Defendants did not act for the asserted non-retaliatory reason.

96.     Alternatively, Plaintiff can demonstrate pretext because the natural probative force of all direct and circumstantial evidence establishes that it is more likely than not that a motivating or determinative cause of the adverse employment action was Plaintiff's age.

97.     Plaintiff's rights were violated under ADEA, because she was discharged or otherwise discriminated against in retaliation for opposing illegal practices and on the basis of her age.

98.     Plaintiffs' statutory right to be free of retaliation and age discrimination has been denied under the ADEA and 19 Del. C. § 711(f).

**WHEREFORE,** Plaintiff prays that the Court:

(a)     Enter judgment against all Defendants, jointly and severally.

(b)     Enter a declaratory judgment declaring the acts of the Defendants to be a violation of Plaintiff's statutory rights.

16

(c)     Under the ADEA, Title VII, and 19 Del. C. § 715(1)c, enter a judgment against all Defendants, jointly and severally, for compensatory damages, including lost wages, earnings, incentives, and bonuses; lost or reduced 401(k) plan benefits, lost health, dental, vision, long term disability, accidental death and dismemberment, and life insurance coverage; and other benefits; decreased employment and earning opportunities; losses incurred as a result of being forced to sell her house; and other pecuniary losses.

(d)     Under Title VII and 19 Del. C. § 715(1)c, enter a judgment against all Defendants, jointly and severally, for compensatory damages for emotional distress, humiliation, embarrassment, and injury to reputation.

(e)     Under the ADEA, enter a judgment against all Defendants, jointly and severally, for statutory liquidated damages.

(f)     Under Title VII and 19 Del. C. § 715(1)c, enter a judgment gainst all Defendants, jointly and severally, for punitive damages.

(g)     Issue a mandatory injunction directing the Defendants to reinstate Plaintiff to the position of Portfolio Administrator or an equivalent position.

(h)     Alternatively, issue a mandatory injunction requiring the Defendants to place Plaintiff in the next appropriate vacancy to which she normally would have progressed and been entitled but for the illegal discrimination and retaliation against her.

(i)     Award front pay until Plaintiff can be reinstated or placed in a comparable or appropriate position.

(j)      Issue a permanent injunction requiring the Defendants to:

      (i)      Notify everyone who learned of Defendants' treatment of Plaintiff that their conduct was illegal,

      (ii)      Expunge Plaintiff's personnel files of any derogatory information relating to this matter,

(k)      Award Plaintiff costs, interest, and attorneys' fees for this suit.

(l)      Require such other and further relief as the Court deems just and proper under the circumstances.

                **THE NEUBERGER FIRM, P.A.**
                **THOMAS S. NEUBERGER, ESQUIRE (#243)**
                **STEPHEN J. NEUBERGER, ESQUIRE (#4440)**
                Two East Seventh Street, Suite 302
                Wilmington, Delaware 19801
                (302) 655-0582
                TSN@NeubergerLaw.com
                SJN@NeubergerLaw.com

                **LAW OFFICE OF JOHN M. LaROSA**

                *John M. LaRosa*
                **JOHN M. LaROSA, ESQUIRE (#4275)**
                Two East 7th Street, Suite 302
                Wilmington, Delaware 19801-3707
                (302) 888-1290
                JLR@LaRosaLaw.com

Dated: December 27, 2005         Attorneys for Plaintiff Linda J. Blozis

Attorney Files/John's Files/Client Files/Blozis/Pleadings/Complaint