## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LINDA J. BLOZIS | : |
|         **Plaintiff,** | :   **CIVIL ACTION NO. 05-891** |
| | : |
|     **vs.** | : |
| | : |
| **MELLON TRUST OF DELAWARE,** | : |
| **NATIONAL ASSOCIATION; MELLON** | : |
| **BANK, NATIONAL ASSOCIATION;** | : |
| **MELLON FINANCIAL CORPORATION** | : |
| | : |
| | : |
| | : |
|       **Defendants.** | : |

## DEFENDANTS' ANSWER AND
## AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants Mellon Trust of Delaware, National Association, Mellon Bank,

National Association, and Mellon Financial Corporation ("Defendants"), by and through

their undersigned counsel hereby Answers the Complaint of Plaintiff Linda J. Blozis

("Plaintiff") and asserts affirmative defenses as follows:

    1.    Defendants deny the allegations of Paragraph 1 of Plaintiff's Complaint,

except admit only that Plaintiff purports to assert claims for age and sex discrimination

and retaliation and is seeking damages and injunctive relief.

## I.    AS TO JURISDICTION AND VENUE

    2.    Paragraph 2 alleges conclusions of law for which no response is required.

To the extent that Paragraph 2 contains factual allegations for which a response is

required, those allegations are denied.

3.      Paragraph 3 alleges conclusions of law for which no response is required. To the extent that Paragraph 3 contains factual allegations for which a response is required, those allegations are denied.

4.      Paragraph 4 alleges conclusions of law for which no response is required. To the extent that Paragraph 4 contains factual allegations for which a response is required, those allegations are denied.

5.      Paragraph 5 alleges conclusions of law for which no response is required. To the extent that Paragraph 5 contains factual allegations for which a response is required, those allegations are denied.

6.      Paragraph 6 alleges conclusions of law for which no response is required. To the extent that Paragraph 6 contains factual allegations for which a response is required, those allegations are denied.

## II.    <u>AS TO THE PARTIES</u>

7.      Defendants deny the allegations contained in Paragraph 7 of the Plaintiff's Complaint, except admit that Plaintiff was employed by Mellon Trust of Delaware, National Association and are without knowledge or information sufficient to form a belief as to where Plaintiff resides.

8.      Defendants deny the allegations contained in Paragraph 8 of the Plaintiff's Complaint, except admit that Plaintiff is a white female.

9.      Paragraph 9 contains conclusions of law of which no response is required. To the extent that Paragraph 9 contains factual allegations, those allegations are denied.

WILLIB-47208.1-JGHARRIS 2/24/06 9:11 AM

10.    Paragraph 10 contains conclusions of law of which no response is required.  To the extent that Paragraph 10 contains factual allegations, those allegations are denied.

11.    Paragraph 11 contains conclusions of law of which no response is required.  To the extent that Paragraph 11 contains factual allegations, those allegations are denied.

12.    Paragraph 12 contains conclusions of law of which no response is required.  To the extent that Paragraph 12 contains factual allegations, those allegations are denied.

### III.    AS TO FACTS GIVING RISE TO THE ACTION

### A.    AS TO EXCELLENT EMPLOYMENT HISTORY

13.    Defendants deny the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.    Defendants deny the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.    Defendants deny the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.    Defendants deny the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.    Defendants deny the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.    Defendants deny the allegations contained in Paragraph 18 of Plaintiff's Complaint.

WILLIB-47208.1-JGHARRIS 2/24/06 9:11 AM

19.     Defendants deny the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.     Defendants deny the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.     Defendants deny the allegations contained in Paragraph 21 of Plaintiff's Complaint.

**B.      AS TO INCREASED RESPONSIBILITIES AND NEGATIVE EVALUATION**

22.     Defendants deny the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.     Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.     Defendants deny the allegations contained in Paragraph 24 of Plaintiff's Complaint.

**C.      AS TO ORAL REPRIMAND, INTERNAL COMPLAINT OF AGE
DISCRIMINATION AND DISCIPLINE**

25.     Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.     Defendants deny the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.     Defendants deny the allegations contained in Paragraph 27 of Plaintiff's Complaint, except admit that Plaintiff complained to Rosemary Thomas concerning Mr. Gilmore on or about May 2, 2003.

28.     Defendants deny the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.    Defendants deny the allegations contained in Paragraph 29 of Plaintiff's Complaint, except admit that Mr. Gregg Landis along with human resources gave Plaintiff a final written warning for performance.

### D.    AS TO DISCHARGE AND REPLACEMENT

30.    Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.    Defendants deny the allegations contained in Paragraph 31 of Plaintiff's Complaint, except admit that Landis met with Plaintiff on July 14, 2003.

32.    Defendants deny the allegations contained in Paragraph 32 of Plaintiff's Complaint, except admit that Landis and Plaintiff met in a conference room, that Rosemary Thomas was present via conference call, and that Plaintiff's employment was terminated because of her performance.

33.    Defendants deny the allegations contained in Paragraph 33 of Plaintiff's Complaint, except admit that Plaintiff was asked to return certain items.

34.    Paragraph 34 contains conclusions of law to which no response is required.  To the extent that Paragraph 34 contains factual allegations for which a response is required, Defendants deny the allegations.

### E.    AS TO STATED REASON

35.    Defendants deny the allegations contained in Paragraph 35 of Plaintiff's Complaint.

### F.    As to Plaintiff's Prima Facie And Pretext Case

36.    Defendants admit the allegations contained in Paragraph 36 of Plaintiff's Complaint.

WILLIB-47208.1-JGHARRIS 2/24/06 9:11 AM

37.     Defendants deny the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.     Defendants deny the allegations contained in Paragraph 38 of Plaintiff's Complaint, except admit that Plaintiff's employment with Mellon Trust of Delaware, National Association was terminated.

39.     Paragraph 39 of Plaintiff's Complaint contains conclusions of law to which no response is required.  To the extent that Paragraph 39 contains factual allegations, those allegations are denied.

40.     Paragraph 40 of Plaintiff's Complaint contains conclusions of law for which no response is required.  To the extent Paragraph 40 contains factual allegations, those allegations are denied.

41.     Defendants deny the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.     Defendants deny the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43.     Defendants deny the allegations contained in Paragraph 43 of Plaintiff's Complaint.

### G.     AS TO COMPARATIVE TREATMENT OF SIMILARLY SITUATED YOUNGER AND MALE EMPLOYEES

44.     Defendants deny the allegations contained in Paragraph 44 of Plaintiff's Complaint.

### (1) AS TO DENIED BONUSES

45.     Defendants deny the allegations contained in Paragraph 45 of Plaintiff's Complaint.

WILLIB-47208.1-JGHARRIS 2/24/06 9:11 AM

46.    Defendants deny the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47.    Defendants deny the allegations contained in Paragraph 47 of Plaintiff's Complaint.

## (2) AS TO DENIED SUPPORT

48.    Defendants deny the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49.    Defendants deny the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50.    Defendants deny the allegations contained in Paragraph 50 of Plaintiff's Complaint.

## (3) AS TO LESS VACATION TIME

51.    Defendants deny the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52.    Defendants deny the allegations contained in Paragraph 52 of Plaintiff's Complaint.

## H.    AS TO COMPARATIVE TREATMENT OF SIMILARLY SITUATED OLDER AND FEMALE EMPLOYEES

53.    Defendants deny the allegations contained in Paragraph 53 of Plaintiff's Complaint.

53 (a). Defendants deny the allegations contained in Paragraph 53(a) of Plaintiff's Complaint.

53 (b) Defendants deny the allegations contained in Paragraph 53(b) of Plaintiff's Complaint.

7

53 (c)  Defendants deny the allegations contained in Paragraph 53(c) of Plaintiff's Complaint.

53 (d)  Defendants deny the allegations contained in Paragraph 53(d) of Plaintiff's Complaint.

53 (e)  Defendants deny the allegations contained in Paragraph 53(e) of Plaintiff's Complaint.

## I.    AS TO CIRCUMSTANTIAL AND DIRECT EVIDENCE OF AGE BIAS

54.    Defendants deny the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55.    Defendants deny the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56.    Defendants deny the allegations contained in Paragraph 56 of Plaintiff's Complaint.

56 (a)  Defendants deny the allegations contained in Paragraph 56(a) of Plaintiff's Complaint.

56 (b)  Defendants deny the allegations contained in Paragraph 56(b) of Plaintiff's Complaint.

56 (c)  Defendants deny the allegations contained in Paragraph 56(c) of Plaintiff's Complaint.

56 (d)  Defendants deny the allegations contained in Paragraph 56(d) of Plaintiff's Complaint.

57.    Defendants deny the allegations contained in Paragraph 57 of Plaintiff's Complaint.

WILLIB-47208.1-JGHARRIS 2/24/06 9:11 AM

58.     Defendants deny the allegations contained in Paragraph 58 of Plaintiff's Complaint.

### J.     AS TO DISTINCT LACK OF EMPLOYEE CRITICISM IN EVALUATIONS AND WRITTEN DISCIPLINE

59.     Defendants deny the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60.     Defendants deny the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61.     Defendants deny the allegations contained in Paragraph 61 of Plaintiff's Complaint.

### K.     AS TO PLAINTIFF'S LOSSES AND INJURIES

62.     Defendants deny the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63.     Defendants deny the allegations contained in Paragraph 63 of Plaintiff's Complaint.

### IV.     AS TO ALLEGATIONS REGARDING DEFENDANTS' CONDUCT

64.     Defendants deny the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65.     Defendants deny the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66.     Defendants deny the allegations contained in Paragraph 66 of Plaintiff's Complaint.

WILLIB-47208.1-JGHARRIS 2/24/06 9:11 AM

## V.    AS TO CLAIMS
### COUNT I
### (DISCHARGE – CIRCUMSTANTIAL EVIDENCE
### ADEA AND 19 DEL. C. § 711(a)(1)-AGE

67.    Defendants repeat their answers to the allegations contained in Paragraph 1-66 of Plaintiff's Complaint as if set forth at length herein.

68.    Defendants deny the allegations contained in Paragraph 68 of Plaintiff's Complaint.

69.    Defendants deny the allegations contained in Paragraph 69 of Plaintiff's Complaint.

70.    Defendants deny the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71.    Defendants deny the allegations contained in Paragraph 71 of Plaintiff's Complaint.

72.    Defendants deny the allegations contained in Paragraph 72 of Plaintiff's Complaint.

73.    Defendants deny the allegations contained in Paragraph 73 of Plaintiff's Complaint.

74.    Defendants deny the allegations contained in Paragraph 74 of Plaintiff's Complaint.

75.    Defendants deny the allegations contained in Paragraph 75 of Plaintiff's Complaint.

76.    Defendants deny the allegations contained in Paragraph 76 of Plaintiff's Complaint.

WILLIB-47208.1-JGHARRIS 2/24/06 9:11 AM

## AS TO COUNT II (TERMS AND CONDITIONS – ADEA
## AND 19 DEL. C. § 711(a)(1)-AGE)

77.    Defendants repeat their answers to the allegations contained in Paragraph 1-76 of Plaintiff's Complaint as if set forth at length herein.

78.    Defendants deny the allegations contained in Paragraph 78 of Plaintiff's Complaint.

79.    Defendants deny the allegations contained in Paragraph 79 of Plaintiff's Complaint.

80.    Defendants deny the allegations contained in Paragraph 80 of Plaintiff's Complaint.

81.    Defendants deny the allegations contained in Paragraph 81 of Plaintiff's Complaint.

82.    Defendants deny the allegations contained in Paragraph 82 of Plaintiff's Complaint.

## AS TO COUNT III (TERMS AND CONDITIONS – TITLE VII
## AND 19 DEL. C. § 711(a)(1) – SEX)

83.    Defendants repeat their answers to the allegations contained in Paragraph 1-82 of Plaintiff's Complaint as if set forth at length herein.

84.    Defendants deny the allegations contained in Paragraph 84 of Plaintiff's Complaint.

85.    Defendants deny the allegations contained in Paragraph 85 of Plaintiff's Complaint.

86.    Defendants deny the allegations contained in Paragraph 86 of Plaintiff's Complaint.

11

87.    Defendants deny the allegations contained in Paragraph 87 of Plaintiff's Complaint.

88.    Defendants deny the allegations contained in Paragraph 88 of Plaintiff's Complaint.

89.    Defendants deny the allegations contained in Paragraph 89 of Plaintiff's Complaint.

## AS TO COUNT IV (DISCHARGE IN RETALIATION FOR OPPOSING ILLEGAL PRACTICES ADEA AND 19. DEL. C. § 711(f)

90.    Defendants repeat their answers to the allegations contained in Paragraph 1-89 of Plaintiff's Complaint as if set forth at length herein.

91.    Defendants deny the allegations contained in Paragraph 91 of Plaintiff's Complaint.

92.    Defendants deny the allegations contained in Paragraph 92 -two of Plaintiff's Complaint.

93.    Defendants deny the allegations contained in Paragraph 93 of Plaintiff's Complaint.

94.    Defendants deny the allegations contained in Paragraph 94 of Plaintiff's Complaint.

95.    Defendants deny the allegations contained in Paragraph 95 of Plaintiff's Complaint.

96.    Defendants deny the allegations contained in Paragraph 96 of Plaintiff's Complaint.

97.    Defendants deny the allegations contained in Paragraph 97 of Plaintiff's Complaint.

98.    Defendants deny the allegations contained in Paragraph 98 of Plaintiff's Complaint.

**WHEREFORE,** Defendants deny that Plaintiff is entitled to any of the relief demanded in her Complaint and respectfully requests that the Court enter judgment in Defendants' favor and against Plaintiff, dismissing Plaintiff's Complaint in its entirety and with prejudice, and awarding Defendants' attorneys' fees, costs and such other and further relief as the Court deems equitable and just.

## AFFIRMATIVE DEFENSES

By way of further Answer to Plaintiff's Complaint, Defendants set forth the following affirmative Defenses to Plaintiff's claims:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's allegations fail, in whole or in part, to state any claim against Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited, in whole or in part, by Plaintiff's failure to mitigate her alleged damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by the Doctrine of Unclean Hands.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by the Doctrine of Estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by the Doctrine of Laches.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by the Doctrine of Waiver.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff does not have any statutory or other basis for recovering attorneys' fees, costs of suit, injunctive relief or damages in this action.

### EIGHTH AFFIRMATIVE DEFENSE

The injuries for which Plaintiff seeks compensation are or may be barred by the exclusivity provision of the Delaware Worker's Compensation Act.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred, in whole or in part, by her failure to timely invoke or exhaust her mandatory administrative or contractual remedies.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited, in whole or in part, by her failure to have invoked an internal complaint or grievance mechanism, the existence of which was both known and available to Plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited, in whole or in part, because any alleged conduct directed towards Plaintiff was engaged in or caused by a fellow servant, or by persons or entities over whom Defendants had no control, opportunity or authority to control, or by persons who acted outside of the scope of their employment with Defendants.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited, in whole or in part, by the applicable

14

statute of limitations and administrative time periods governing the claims asserted.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants exercised reasonable care to prevent and promptly correct any alleged discriminatory or harassing behavior, and Plaintiff unreasonably failed to take advantage of the preventative and/or corrective opportunities that Defendants provided or to avoid the harm otherwise.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are or may be barred or limited by the Doctrine of After-Acquired Evidence.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred by Defendants' good faith efforts to comply with the applicable anti-discrimination and harassment laws and the absence of any *respondeat superior* liability.

## SIXTEENTH AFFIRMATIVE DEFENSE

All actions taken towards Plaintiff by Defendants were taken in good faith and were based upon reasonable, legitimate and non-discriminatory business reasons.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed because there is no causal connection between the events alleged in the Complaint and any damages that Plaintiff has allegedly suffered.

## EIGHTEENTH AFFIRMATIVE DEFENSE

At all material times hereto, Defendants maintained an appropriate policy and program against harassment and an effective complaint procedure that was known and available to all employees. To the extent Plaintiff availed himself of the policy/program,

Defendants took prompt, remedial action to correct any alleged harassing or discriminatory conduct.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused, in whole or in part, by her own acts or omissions.

## TWENTIETH AFFIRMATIVE DEFENSE

Not all of the named Defendants are Plaintiff's employer for purposes of maintaining this action.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

This Court does not have jurisdiction over Plaintiff's claims.

## ADDITIONAL DEFENSES

Defendants hereby reserve the right to assert such other and further defenses to Plaintiff's Complaint as further investigation and discovery of the facts may warrant.

WHEREFORE, having fully Answered, Defendants respectfully request that Plaintiff take nothing by this cause and that Defendants be awarded its costs and attorneys' fees for having to defend against this suit, as well as such other and further relief that the Court deems equitable, proper and just.


Dated:  February 24, 2006                    Respectfully submitted,

                                             REED SMITH LLP


                        By:    /s/ John G. Harris
                               John G. Harris, Esq. (ID No. 4017)
                               1201 Market Street - Suite 1500
                               Wilmington, DE 19801
                               Telephone:  (302) 778-7500
                               Facsimile:  (302) 778-7575
                               E-mail:  jharris@reedsmith.com

16

Attorneys for Defendants
Mellon Trust of Delaware, National
Association, Mellon Bank, National
Association and Mellon Financial Corporation

OF COUNSEL:
John C. Unkovic, Esq.
435 Sixth Avenue
Pittsburgh, PA 15219

Stephanie Wilson, Esq.
Sherri A. Affrunti, Esq.
136 Main Street
Princeton, NJ 08540