UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LINDA J. BLOZIS,<br><br>                       Plaintiff,<br><br>v.<br><br>MELLON TRUST OF DELAWARE, NATIONAL ASSOCIATION, a Pennsylvania Corporation; MELLON BANK, NATIONAL ASSOCIATION (formerly, MELLON BANK (DE) NATIONAL ASSOCIATION), a Pennsylvania Corporation; and MELLON FINANCIAL CORPORATION, a Pennsylvania Corporation,<br><br>                       Defendants. | CIVIL ACTION NO. 05-891 (SLR)<br><br><br>SCHEDULING ORDER |

At Wilmington this _____ day of May 2006, the parties having satisfied their obligations under Fed. R. Civ. P. 26, and the Court having conducted a Scheduling Conference pursuant to Fed. R. Civ. P. 16 and D. Del L.R. 16.2,

IT IS ORDERED that:

1. **Pre-Discovery Disclosures:**

The parties will exchange their Rule 26 Initial Disclosure Statements in accordance with Fed. R. Civ. P. 26(a)(1) and D. Del. L.R. 16.2 by May 15, 2006.

2. **Discovery Plan:**

(a)    Plaintiff Linda J. Blozis ("Plaintiff") and Defendants Mellon Trust of Delaware, National Association, Mellon Bank, National Association, and Mellon Financial Corporation (collectively, "Defendants"), by and through their respective counsel, agree that discovery will be needed on the subject of Plaintiff's employment and her separation from that employment, as well as Plaintiff's post-employment mitigation of damages and alleged emotional and

psychological injuries.

(b)     All discovery shall be commenced in time to be completed by March 30, 2007. Discovery will be conducted in two (2) separate phases, including a factual discovery phase, to be concluded by December 29, 2006, and an expert discovery phase, to be concluded by March 30, 2007.

(c)     The parties will adhere to the limit of twenty-five (25) Interrogatories, including sub-parts, as set forth in Federal Rules of Civil Procedure 33(a), subject to the right of any party to seek leave of Court to propound additional interrogatories.  The parties will also serve and respond to all requests for the production of documents and/or admissions in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware.

(d)     Initial disclosures and all discovery responses must be supplemented or amended in accordance with Federal Rule of Civil Procedure 26(e)(1) and consistent with the Local Rules of the United States District Court for the District of Delaware.

(e)     The parties will also adhere to the limitation of ten (10) depositions per side set forth in Fed. R. Civ. P. 30(a)(2)(A), along with a limitation of one (1) day, seven (7) hours per deposition pursuant to Fed. R. Civ. P. 30(d)(2), subject to the right of any party to seek leave of Court or consent from opposing counsel for additional time needed to conduct a fair examination of any deponent.  Depositions of all witnesses, including parties, shall be scheduled in advance at a mutually-convenient time for the parties and all counsel.

(f)     Insofar as most records related to this matter were prepared in hard copy, few digital records or other information exist.  Nonetheless, to the extent that any digital information exists relevant to this matter, the parties will preserve any and all such information concerning the subject matter of the action, including any claims or defenses asserted herein.  Each party

shall bear its own costs in preserving such information. Counsel for the parties will also consider requests for protective or other confidentiality orders as the need may arise through the course of discovery.

  (g) Plaintiff's expert reports, if any, must be served on or before January 30, 2007.

  (h) Defendants' expert reports, if any, must be served on or before February 28, 2007.

  (i) Depositions of any expert witnesses shall be completed by March 30, 2007.

  (j) The parties have until June 30, 2006 to file any amended pleadings or join additional parties without leave of Court. Thereafter, the parties must seek leave of Court to join any additional parties and/or amend the pleadings.

  (k) The parties shall make all good faith, reasonable efforts to resolve discovery disputes independently between them. If, after conferring in good faith, the parties are unable to resolve any discovery dispute, they may submit their dispute to the Court pursuant to Fed. R. Civ. P. 37. During the course of discovery, each party is limited to two (2) Rule 37 discovery motions. The Court shall make itself available, however, to resolve through a telephone conference, disputes that arise during the course of a deposition and disputes related to the entry of a protective order.

  (l) All other non-dispositive applications to the Court, not addressed above, shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion shall include the statement required by D. Del. L.R. 7.1.1.

  (m) Opening Briefs for Summary Judgment Motions or other dispositive motions must be served and filed no later than March 1, 2007, or, if the discovery end-date is extended,

within thirty (30) days following the completion of all fact-based discovery. Briefing shall be pursuant to D. Del. L.R. 7.1.2. Sur-Reply Briefs shall not be permitted without leave of Court.

(n)    A Pre-Trial Conference shall be held on June 5, 2007 at 4:30 p.m. In Courtroom 6B, Sixth Floor, Federal Building, 844 King Street, Wilmington, DE. The parties shall prepare and submit a Joint Pre-Trial Order no later than three (3) days prior to the date of the Pre-Trial Conference.

(o)    All motions *in limine* must be filed and served no later May 22, 2007, and all responses to said motions shall be filed and served no later than May 29, 2007. Reply Briefs may be filed and served upon leave of Court.

(p)    This matter will be scheduled for a Jury Trial commencing June 18, 2007, which Trial is anticipated to take approximately five (5) to seven (7) days. For purposes of completing Pre-Trial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

3.    **Settlement Conference:**

Because the parties agree that settlement or prompt resolution may be assisted through Mediation or other form of Alternate Dispute Resolution following some discovery, this matter is referred to the Hon. Mary Pat Thynge, U.S.M.J. pursuant to 28 U.S.C. § 636 for the purpose of exploring same.

_____
Hon. Sue L. Robinson, Chief U.S.D.J.