# LAW OFFICE OF JOHN M. LaROSA
Two East 7th Street, Suite 302
Wilmington, Delaware 19801-3707
www.LaRosaLaw.com

**TELEPHONE: (302) 888-1290**                                           **FAX: (302) 655-9329**

July 31, 2006,

**VIA ELECTRONIC AND U.S. MAIL**
The Honorable Sue L. Robinson
Chief Judge
United State District Court
844 King Street
Lock Box 31
Wilmington, DE 19801

RE:   **Blozis v. Mellon Trust of Delaware, N. A. et al., Civil Action No. 05-891 SLR**
      **Plaintiff's Proposed Confidentiality Agreement and Protective Order**

Dear Chief Judge Robinson:

     In follow up to the teleconference the Court held with counsel on Tuesday, July 25, 2006, Plaintiff is submitting the attached draft Confidentiality Agreement and Protective Order for the above captioned case. Defense counsel has indicated that it will submit its own proposed version under separate cover.

     Substantive differences between Plaintiff's and Defendants' versions are found at paragraphs 2.b and 2.c. Specifically, paragraph 2.b of Plaintiff's version requires that the party producing confidential documents designate each confidential document "Confidential" for the sake of clarity and to avoid confusion to the non-producing party.

     By contrast, defense counsel's drafts of the agreement have included language that allows for Defendant to stamp "confidential" only one page of a potentially voluminous set of documents and then bind, staple, clip, or put a rubber band around the set of documents, and have all such documents considered confidential. But just as it can bates label thousands of documents with sequential bates numbers, defense counsel's firm surely has the technology to label all documents in a set with the label "confidential" to avoid confusion. Yet, it insists on a rule that would expose opposing counsel to sanctions for violating a Court Order should it inadvertently produce in an appendix or elsewhere an unlabeled document that the producing party considers confidential. Such tactics have been used in prior employment litigation to seek sanctions against my co-counsel, The Neuberger Firm, in the past.

The Honorable Sue L. Robinson

Chief Judge
July 31, 2006,
Page 2

  Also, Plaintiff has deleted the word "stipulating" from the last sentence of paragraph 2.c in order for that sentence to make sense.

  Thus, for the sake of clarity and avoidance of confusion to the non-producing party and to avoid the exposure to sanctions for violating a Court Protective Order for inadvertent disclosure of unlabeled documents considered confidential, Plaintiff respectfully requests that the Court issue a Protective Order using the attached version of the Confidentiality Agreement.

  Counsel remains available for an additional teleconference should the Court wish to discuss this matter further.

Respectfully submitted,


/s/ John M. LaRosa

Enclosures

cc: Clerk, U.S. District Court (via U.S. mail)
   Sherri A. Affrunti, Esquire (via U.S. mail)
   Thomas S. Neuberger, Esquire  (via hand delivery)

Attorney Files/John's Files/Client/Blozis/Correspondence/Judge Robinson