UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LINDA J. BLOZIS, | : | CIVIL ACTION NO. 05-891 (SLR) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | STIPULATION AND ORDER |
| | : | GOVERNING THE PRODUCTION |
| | : | AND EXCHANGE OF |
| MELLON TRUST OF DELAWARE, | : | CONFIDENTIAL MATERIAL |
| NATIONAL ASSOCIATION, a | : | |
| Pennsylvania Corporation; MELLON | : | |
| BANK, NATIONAL ASSOCIATION | : | |
| (formerly, MELLON BANK (DE) | : | |
| NATIONAL ASSOCIATION), a | : | |
| Pennsylvania Corporation; and MELLON | : | |
| FINANCIAL CORPORATION, a | : | |
| Pennsylvania Corporation, | : | |
| | : | |
| Defendants. | : | |

WHEREAS, discovery in this case may require the disclosure of confidential

business records, trade secrets or other non-public and confidential research,

development, proprietary or commercial information in accordance with Fed. R. Civ. P.

26(c)(7), as well as personnel records, medical records and other documents which for

which there is a legitimate privacy interest, all of which documents the parties agree

should otherwise remain confidential and the private property and information of the

parties; and

WHEREAS, each party agrees that, unless subject to Protective Order, the

discovery to be conducted in this case may require the disclosure of sensitive, non-

public personal and other confidential information; and

WHEREAS, both parties to this litigation agree to this Stipulation Governing the

Protection and Exchange of Confidential Material ("Stipulation") as a condition of the

production of information, documents and other materials during the discovery phase;

and

WHEREAS, there is good cause for this Stipulation and it will not compromise

the public interest in any way.

IT IS THEREFORE STIPULATED AND AGREED BY AND BETWEEN the

parties to this action that access to and dissemination of information and material

produced during discovery shall be governed by the following provisions:

1.      This Stipulation governs the handling of "Discovery Material", which term,

as used throughout this Stipulation, means all documents, records, tangible materials,

depositions, testimony, exhibits, interrogatories and answers thereto, requests for

production of documents and answers thereto, requests for admissions and responses

thereto, and all other material and information produced, disclosed, served or filed,

including without limitation, all copies, excerpts and summaries in connection with this

action.

2.      The parties, or Counsel for the parties, may specifically designate as

"Confidential" any information or Discovery Material they believe, if openly disclosed,

which might adversely affect or prejudice the disclosing party's business or the privacy

interests of the other party or any third parties.

a.      "Confidential" information may include any Discovery Materials or

other documents, information disclosed in an interrogatory answer or other discovery response,

information revealed during a deposition or other informal contact and information otherwise

2

disclosed in discovery. The parties, through Counsel or otherwise, shall have fourteen (14)

business days from receipt of any deposition transcript to designate any testimony as

"Confidential", and until expiration of that period the transcript shall be treated as

"Confidential" under this Stipulation.

      b.     Information or documents designated "Confidential" by Counsel for

the party producing or providing such information, or by the parties themselves, shall bear the

legend "Confidential".  Information or documents shall be designated "Confidential"

only upon the good-faith belief that they fall within the scope of this Stipulation.

      c.     If a party, through Counsel or otherwise, believes that the "Confidential"

designation has been improvidently applied, or has any question concerning the confidentiality of

any document, he/she shall so advise the producing party in writing. Should the producing party,

through Counsel or otherwise, fail to withdraw the "Confidential" designation within five (5)

business days after receipt of such notice, the objecting party, through Counsel or otherwise,

may move before the Court to determine whether the information in question is entitled to the

protections of this Stipulation. Pending a ruling by the Court on the motion of the objecting

party, all information designated as "Confidential" shall continue to be governed by the

provisions of this Stipulation.

    3.     Access to "Confidential" discovery material shall be limited to the following

designated persons:

      a.     This Court or any other court to which this case may be transferred

or may hear any appeal;

      b.     "Counsel", which is defined as outside counsel retained by the

parties in this litigation and those employees and consultants of outside counsel necessary to assist in this litigation, including inhouse counsel and expert witnesses;

      c.    The parties; and

      d.    Court and deposition reporters whose services are used in connection with this action and other persons working for such reporters.

4.    Information designated as "Confidential" may be used during the course of any deposition taken in this action, subject to the following conditions: (a) only persons entitled to view "Confidential" information may be in attendance at that portion of the deposition; (b) the witness is advised on the record or in writing of the existence and contents of this Stipulation and the witness agrees on the record or in writing to be bound by its terms. If a witness refuses to be bound by this Stipulation, the parties agree immediately to seek a judicial order directing compliance. If this is not feasible, the examining attorney may still ask questions concerning the documents, although copies will not be furnished to the witness and the deposition shall be designated under seal until further order of the Court.

5.    All documents or testimony designated as "Confidential", as well as duplicates, notes, memoranda or other documents that disclose, in whole or in part, the contents of such materials, shall be maintained in the strictest confidence by the parties and Counsel for the parties, if any, and shall be used solely for the purposes of this lawsuit and not for any other purpose. Counsel shall take appropriate precautions to avoid loss and/or inadvertent disclosure of Confidential materials.

6.    All "Confidential" documents and Discovery Material, including originals,

4

copies, abstracts, or summaries thereof, shall be returned at the conclusion of the lawsuit to the attorney for the party producing and providing the material, and no copies thereof shall be retained by any other person.

7.     All documents and Discovery Material produced in this action, whether or not designated as "Confidential", shall be used by the persons receiving the materials only for the purpose of preparing for and conducting this action; provided, however, that nothing herein shall impose any restrictions on the use or disclosure by a party or witness of:

      a.     Documents or information obtained by such party or witness independently of the formal or informal discovery proceedings in this action if the source of such documents or information was not obligated to hold such documents or information in confidence; or

      b.     Public documents readily obtainable from another source, whether or not such documents or information were also obtained through formal or informal discovery proceedings in this action.

8.     The parties shall make every reasonable effort to mark every document, thing, deposition portion, or other material containing confidential information with the legend "Confidential". Documents which are inadvertently not marked as "Confidential" shall be subject to this Stipulation provided that they are re-designated by notifying the other party, through Counsel or otherwise, in writing in the manner described in paragraphs 1 and 2.

9.     Nothing herein shall be deemed to restrict in any manner the use by any

5

party of its own documents or materials, provided that such documents or materials were properly obtained in the first instance and constitute the legal property of the possessor.

10.     Notwithstanding the foregoing, and in addition to the designation of "Confidential", the parties may in their discretion designate documents "For Counsel Only" (or "For Attorneys' Eyes Only"). Documents designated as "For Counsel Only" or "For Attorneys's Eyes Only" will be subject to all provisions of this Stipulation, with two exceptions: (1) documents marked "For Counsel Only" or "For Attorneys' Eyes Only" cannot be disclosed to the non-producing party in the action; and (2) documents marked "For Counsel Only" or "For Attorneys' Eyes Only" cannot be disclosed to deponents and witnesses. The parties may move the Court for an Order or may make a separate agreement to permit the disclosure of certain documents deemed "For Counsel Only" or "For Attorneys' Eyes Only" in specific instances.

11.     The purpose of this Stipulation is to expedite the production of documents without resort to motion practice; however, the provisions hereof shall not limit or be deemed to waive the right of any party to seek relief from or greater protection than any of the provisions herein.

12.     Nothing in this Stipulation shall be construed as requiring the production of privileged or otherwise protected documents or information, nor as expanding the scope of discoverable information under the Federal Rules of Civil Procedure or the Local Rules of Civil Practice of the United States District Court for the District of Delaware.

13.     By making available information designated as Confidential Information

6

pursuant to the terms of this Stipulation, the parties have not waived, and do not waive, the right to assert any privilege or to claim that such material is privileged or protected from discovery under the Federal Rules of Civil Procedure, the Local Rules of Civil Practice of the United States District Court for the District of Delaware, the Federal Rules of Evidence, the Delaware Rules of Evidence, or any applicable statutes and/or case law; or to object to the admissibility of any such information designated as "Confidential" information into evidence at any hearing or proceeding in this case.

14.    The designation of a document as "Confidential" shall not constitute a determination that such document contains confidential information, only that the document shall be treated as confidential for purposes of this Stipulation. The failure by a party to object to the status of a document as "Confidential" shall not be construed as an admission as to the status of the document, or an admission that the document does, in fact, contain confidential information.

15.    Notwithstanding anything to the contrary contained in the Federal Rules of Civil Procedure or the Local Rules of Civil Practice of the United States District Court for the District of Delaware, the parties hereby stipulate and agree that all documents and Discovery Material produced throughout the course of discovery, whether in response to a written document demand or discovery request, or received pursuant to Subpoena, which documents are designated as "Confidential" by any party, need not be filed with the Court, except as otherwise required as an exhibit to a motion or other submission.

16.    All submissions to the Court which incorporate or disclose Confidential Information shall be labeled and filed under seal, in a sealed envelope, with the caption

7

of this action and the designation "Sealed-Subject to Stipulation dated _____,

2006" and the following statement: "This envelope contains [insert description of

contents] which incorporates Confidential Information and is not to be opened by or

revealed to anyone other than authorized Court personnel or counsel of record, except

by Order of the Court"

       17.    The use of information designated as Confidential Information as evidence

at the time of trial of this matter shall be governed by such orders of the Court as may,

at the time, be reasonably necessary to preserve the confidentiality of the information

yet allow the introduction of admissible evidence.

       18.    This Stipulation shall not be construed as eliminating or reducing the

protections concerning the confidentiality of documents contained in any prior

agreement between the parties or their counsel.

**IT IS SO STIPULATED.**

**LAW OFFICE OF JOHN M. LaROSA**      **REED SMITH LLP**

_____      _____
John M. LaRosa, Esq. (Bar ID No. 4275)    John G. Harris, Esq. (Bar ID No. 4017)
Two East Seventh Street, Suite 302      1201 Market Street - Suite 1500
Wilmington, DE 19801-3707         Wilmington, DE 19801
Telephone: (302) 888-1290          Telephone: (302) 778-7500
Facsimile: (302) 655-9329           Facsimile: (302) 778-7575
E-mail: JLR@LaRosaLaw.com         E-mail: jgharris@reedsmith.com

**THE NEUBERGER FIRM, P.A.**       John C. Unkovic, Esq.
Thomas S. Neuberger, Esq. (Bar ID No. 243)  435 Sixth Avenue
Stephen J. Neuberger, Esq. (Bar ID No. 4440)  Pittsburgh, PA 15219
Two East Seventh Street, Suite 302      Telephone: (412) 288-3131
Wilmington, DE 19801-3707         Facsimile: (412) 288-3063
Telephone: (302) 655-0582          E-mail: junkovic@reedsmith.com
Facsimile: (302) 655-9329

E-mail: TSN@NeubergerLaw.com
E-mail: SJN@NeubergerLaw.com

Attorneys for Plaintiff

Dated: August __, 2006

Stephanie Wilson, Esq.
Sherri A. Affrunti, Esq.
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, NJ 08401-7839
Telephone: (609) 987-0050
Facsimile: (609) 951-0824
E-mail: swilson@reedsmith.com
E-mail: saffrunti@reedsmith.com

Attorneys for Defendants

Dated: August __, 2006

**IT IS HEREBY ORDERED** that the Stipulation of the parties set forth above is hereby

entered as an Order of the Court this _____ day of _____, 2006.

_____
**UNITED STATES DISTRICT JUDGE**

9