# ReedSmith

**Sherri A. Affrunti**
Direct Phone: 609.514.5950
Email: saffrunti@reedsmith.com

Reed Smith LLP
Princeton Forrestal Village
136 Main Street - Suite 250
Princeton, NJ 08540-7839
609.987.0050
Fax 609.951.0824

July 31, 2006

**VIA OVERNIGHT MAIL**

Hon. Sue L. Robinson, Chief U.S.D.J.
United States District Court for the District of Delaware
6124 J. Caleb Boggs Federal Building
844 King Street
Wilmington, DE 19801

      Re:    Linda J. Blozis v. Mellon Trust of Delaware, National Association, *et al*
              United States District Court (D.Del.) Civil Action No. 05-891 (SLR)

Dear Judge Robinson:

      In accordance with Your Honor's instructions during the July 25, 2006 teleconference in the above-named matter, enclosed on behalf of Defendants Mellon Trust of Delaware, National Association, Mellon Bank, National Association and Mellon Financial Corporation (the "Mellon Defendants"), please find our proposed Order Governing the Protection and Exchange of Confidential Material (the "Discovery Confidentiality Order") for Your Honor's consideration.

      As we recently discussed with Your Honor, counsel for the parties have agreed to the form of the Discovery Confidentiality Order (previously drafted in the form of a "Stipulation") with the exception of the following sentence included at paragraph 2b. of the enclosed document:

> Stamping "Confidential" on the first page of any bound, stapled, clipped or rubber-banded multi-page document shall serve to designate all pages of such document as being confidential, unless otherwise indicated by the producing party.

      It is the Mellon Defendants' position that the inclusion of this sentence is necessary so as to assure that the entirety of a multi-page document otherwise deemed confidential is protected, even in the event of an inadvertent failure to stamp "confidential" on every page of the document (such as, for example, a written contract or employee handbook).

      While Plaintiff's counsel has never articulated a basis for Plaintiff's specific objection to the above-referenced sentence, given that the documents to be exchanged pursuant to the Discovery Confidentiality Order include sensitive, non-public, confidential and proprietary business information belonging to Mellon and its clients, as well as medical and other private information concerning Plaintiff, such a provision is aimed to protect both parties from

NEW YORK ♦ LONDON ♦ LOS ANGELES ♦ PARIS ♦ SAN FRANCISCO ♦ WASHINGTON, D.C. ♦ PHILADELPHIA ♦ PITTSBURGH ♦ OAKLAND
MUNICH ♦ PRINCETON ♦ FALLS CHURCH ♦ WILMINGTON ♦ NEWARK ♦ MIDLANDS, U.K. ♦ CENTURY CITY ♦ RICHMOND ♦ LEESBURG

reedsmith.com

Steven J. Picco ♦ Office Administrative Partner ♦ A Limited Liability Partnership formed in the State of Delaware

PRCLIB-383940.2-SAAFFRUN 7/31/06 5:00 PM

Hon. Sue L. Robinson, Chief U.S.D.J.
July 31, 2006
Page 2

**ReedSmith**

inadvertent disclosure. Moreover, should there be any question as any confidentiality designation applied or to be applied to any document, there is a mechanism for inquiry stated at paragraph 2c. of the proposed Order.

    Accordingly, on behalf of the Mellon Defendants, we respectfully request that Your Honor enter the enclosed form of Discovery Confidentiality Order.

    Should the Court have any questions or concerns, please do not hesitate to contact me. Thank you.

Respectfully submitted,

Sherri A. Affrunti

SAA:lk
Encl.
cc:    John M. LaRosa, Esq. (*via* regular mail and telefax, w/encl.)