UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LINDA J. BLOZIS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 05-891 SLR |
| | : | |
| | : | |
| MELLON TRUST OF DELAWARE, | : | |
| NATIONAL ASSOCIATION, a | : | |
| Pennsylvania Corporation; MELLON | : | |
| BANK, NATIONAL ASSOCIATION | : | |
| (formerly, MELLON BANK (DE) | : | |
| NATIONAL ASSOCIATION), a | : | |
| Pennsylvania Corporation; and | : | |
| MELLON FINANCIAL | : | |
| CORPORATION, a Pennsylvania | : | |
| Corporation, | : | |
| | : | |
| Defendants. | : | |

## PLAINTIFF'S MOTION FOR PROTECTIVE ORDER UNDER RULE 26(c)

1.      Defendants terminated Plaintiff's employment on July 14, 2003.

2.      To mitigate her damages, for approximately six months to December 2003, Plaintiff unsuccessfully searched for subsequent employment in Delaware. See P422-24 (Exhibit A attached).

3.      In the early Winter of 2003-2004, Plaintiff relocated to Florida to seek employment. See Pl. 1st Suppl. Resp. to Def. 1st Set of Interrog. Directed to Pl. at 10 (Exhibit B attached).

4.      Eventually, she obtained full-time employment in North Naples, Florida as a teller, initially at First National Bank in July of 2004, and then at her current employer, Orion Bank, where she has been continuously employed from January 3, 2005, to the present. See id. at

11.

5.    After she relocated to Florida, Plaintiff filed this action on December 27, 2005.

6.    Discovery is scheduled to end on December 29, 2006.

7.    More than three months ago on July 26, 2006. Defendants began the deposition of Plaintiff.  See Pl. Deposition Transcript at 1 (Exhibit C attached).

8.    Out-of-state defense counsel noticed the deposition for Plaintiff's counsel's office in Wilmington, Delaware.  Id.

9.    Accordingly, Plaintiff traveled from her home in Naples, Florida to Wilmington, Delaware for the entire day of her deposition.

10.    The first day of the deposition began at 10:05 a.m., adjourned at 7:00 p.m., with approximately 1 hour and 17 minutes in breaks.  See id. at 1, 214-15, 239 (indicating on page 214, that 1 hour and 12 minutes in breaks had been taken before a final brief recess was taken at 6 p.m.).

11.    Despite more than 7.5 hours of examination. Defendant did not complete its examination of Plaintiff on issues of liability.  Nor did it even begin to question Plaintiff on issues of damages or mitigation.  Id. at 214-15.

12.    Defendant also did not question Plaintiff on her medical records that Defendant had subpoenaed from Plaintiff's medical providers but had yet to obtain before commencing with the prematurely noticed deposition.  Id.

13.    Accordingly, more than two months later on October 4, 2006, Plaintiff, who had to use non-refundable, prepaid air travel and accrued vacation time from her current employer to attend a family wedding in Delaware, offered to again produce herself for the conclusion of her

2

deposition in October in Wilmington. See E-mail from J. LaRosa to S. Affrunti of 10/4/06 (Exhibit D attached).

14.    At that time, Defendant declined to continue the deposition in October, indicating that it was not prepared because it "ha[d] not yet . . . procured" all of Plaintiff's medical records. See E-mail from S. Affrunti to J. LaRosa of 10/4/06 at ¶ 2 (Exhibit E attached).

15.    Finally, more than three months after the first day of Plaintiff's deposition on November 1, 2006, Defendant sought available dates to continue the deposition. See Letter from S. Wilson to J. LaRosa of 11/1/06 (Exhibit F attached).

16.    However, as of last week, November 6, 2006, Defendant still is not completely prepared to complete the deposition because it has not obtained all of Plaintiff's medical records. See Letters from S. Affrunti to Delaware Orthopedic Center of 11/6/06, Delaware Medical Care, Inc. of 11/6/06, and Offices of Fanny Berg, M.D. of 11/3/06 (all seeking medical records subpoenaed less than one month earlier on October 16, 2006) (Exhibit G attached).

17.    So there is no guarantee that Defendant will not seek to continue Plaintiff's deposition, which already has exceeded seven hours, beyond a second day on the basis that it is awaiting further medical records.

18.    More importantly, Plaintiff's two weeks of annual accrued vacation time with her current employer is exhausted. Furthermore, her employer is prohibiting all employees from taking time off after December 15th. See E-mail from J. LaRosa to S. Wilson of 11/9/06 (Exhibit H attached).

19.    Accordingly. Plaintiff has agreed to make herself available for a deposition by telephone on Saturday, December 2, 2006. Id.

20.    The parties have agreed to the date of December 2. 2006, on which to continue the deposition. See E-mail from S. Wilson to J. LaRosa of 11/10/06 (Exhibit I attached).

21.    However, Defendant refuses to complete the deposition by telephone. Id.

22.    For the following reasons. the deposition should be conducted by phone:

- During the more than 7.5 hours of examination on the first day of Plaintiff's deposition, Defendant had a chance to question Plaintiff face to face and to evaluate and assess her appearance, credibility, and potential jury appeal.

- In this routine, age discrimination, discharge case, there is nothing unusual about the nature of Plaintiff's testimony that necessitates Defendant deposing her again in person on her second day of testimony.

- Defendant has not articulated any valid reason for compelling Plaintiff to fly back to Wilmington. Defendant seeks to compel Plaintiff to again travel from Naples. Florida to Wilmington. Delaware merely to annoy, oppress, and impose undue burden and expense upon Plaintiff.

- I wasted time at day 1!!!

- Requiring the Plaintiff, without any remaining vacation time from work, to again fly back from Naples. Florida to Wilmington. Delaware imposes upon her an undue burden and expense.

26.    In accordance with Fed.R.Civ.Pro. 26(c)(3). to protect Plaintiff from such annoyance, embarrassment, oppression, and undue burden and expense, justice requires a Court

4

order that Defendant complete Plaintiff's deposition by telephone.

WHEREFORE, Plaintiff prays that the Court:

(a)     Order that Defendant may conclude Plaintiff's deposition on December 2, 2006, by telephone only and

(b)     Award Plaintiff her attorneys' fees and costs for filing this Motion.

THE NEUBERGER FIRM, P.A.
THOMAS S. NEUBERGER, ESQ.
Delaware Bar No. 243
Two East Seventh Street, Suite 302
Wilmington, Delaware 19801
(302) 655-0582
TSN@NeubergerLaw.com

LAW OFFICE OF JOHN M. LaROSA

/s/ John M. LaRosa
JOHN M. LaROSA, ESQ.
Delaware Bar No. 4275
Two East 7th Street, Suite 302
Wilmington, Delaware 19801-3707
(302) 888-1290
JLR@LaRosaLaw.com

Dated: November 16, 2006          Attorneys for Plaintiff Linda J. Blozis

## LOCAL RULE 7.1.1 CERTIFICATION

I, John M. LaRosa, certify that Plaintiff's counsel unsuccessfully tried to resolve the dispute regarding Plaintiff's non-dispositive Motion. I made a reasonable effort to reach agreement with opposing counsel via e-mail sent to Defendant's counsel on November 9, 2006.

Dated: November 16, 2006                    /s/ John M. LaRosa
                                            **JOHN M. LaROSA, ESQ.**

# EXHIBIT A

WORK SEARCH LOG

| Date | Name, Address & Telephone Number of Employers Contacted | Method of Contact | Results | Position Applied For |
|---|---|---|---|---|
| 7-16-03 | Weight Watchers Int'l Independence Mall, De. | Hand Delivered | await. Response | Recpt/ Weigh In Recv |
| 7-18 | Fleet Bank Newark | mail | " " | Adm Asst |
| " | Perioperative Srvc LLC Newark | faxed | " " | " " |
| 7-24-03 | AIG  1 alico Plaza  Wilm De. | Cust Srv/ Reception | " " | Cust Srv/ Receptionist |
| " | CB R+D  New Castle, DE | mail | " " | Adm Asst |
| " | Valleybrook Golf Club Blackwood N J | mail | " " | Adm Asst ☆ |
| 7-29-03 | Prestigious Wilm Law firm | fax 778-7575 | " " | Leg Sct i |
| " | Grant & Eisenhofer P.A | fax 397-2737 | " " | " " |
| " | Berman Legal Div | fax 999-8323 | " " | adm Coord. of allied Hea Pla |
| 8-4-03 | De Tech & Comm. College | Hand Delivered | " " | adm Coord. of allied Hea Pla |
| 8-6-03 | Dover Int'l Speedway | faxed (302) 857-2353 | " " | Spec Events Coord. |
| " | De State Hous. Auth | mailed | " " | Adm Spec I ☆ |
| 8-12-03 | Office Team - Bellevue Wilm | fax | " " | Adm Asst |
| " | SPECTAGUARD | fax | " " | " " |
| " | McCormick Taylor & Assoc. | fax | " " | " " ☆ |
| 8-19-03 | Susqu Invesco - Phila | mail | " " | Adm. Asst ☆ |
| 8-20-03 | Astra Zeneca - Wilm | fax/email | " " | " " ☆ |
| " | Goodwin Pumps - Bridgeport N.J | mail | " " | " " |
| 8-27-03 | 1st Nat'l Bank of Chester Co | faxed | " " | Banking asst |
| " | YMCA Camp Tockwogh Worton Dyn | mail | " " | adm asst |
| " | Trans Care - E Z Pass Dover De | mail | " " | " " |
| 9-03-03 | JP Morgan Chase | email | " " | Receptionist |
| " | Laboraturs Pharm Research New Castle | fax | " " | adm asst |
| " | Randstad Pharm Co Newark | mail | " " | adm/clerk asst |
| 9-15-03 | Sun East Federal Credit Union Aston | fax | voicemail sent | banking positn |
| " | Zenith Products | fax | " " | Exec Adm asst |
| " | Brandywine Contract attn. Hertz + Hertz | fax | " " | Adm Asst |

## WORK SEARCH LOG

| Date | Name, Address & Telephone Number of Employers Contacted | Method of Contact | Results | Position Applied For |
|------|------|------|------|------|
| 9-10-03 | Nature Conservancy | mail | reviewing my resume | Adm. Asst |
| " | Saturn of Newark | mail | awaiting response | office asst |
| " | Rockland Place | mail | " " | recep |
| 9-23-03 | Blue Cross Blue Shield | mail | awaiting response | adm asst |
| 9-23-03 | Priske Truck Leasing | " | " | " " |
| 9-23-03 | Connally Bove Dodge | " | " | " " |
| 10-1-03 | Naples Daily News | mail | | classifieds CSR |
| 10-1-03 | U.S. Post Office Naples | " | | rural carrier |
| 10-1-03 | DeLeon + Bayautto 3 | " | " | toll acctg clerk |
| 10-6-03 | Springfield College  John Blend 501 Suppla St  (5808) | mail | " | adm. asst |
| 10-7-03 | Colonial Bank  Brian Leprott | fax | 2nd interview | Flagler Rd Grand Prison |
| 10-6-03 | Target Inc | in person | awaiting response | cashier |
| 10-16-03 | Entity Srvc. Hp | mail | " " | clerk dency  client asst |
| 10-(6)-03  10-13-03 | Home Depot | in person | " " | cashier |
| 10-(8)-03  10-13-03 | City of Naples - Gov't | email | " " | adm H.R Spec. |
| 10-20-03 | AT Systems Inc | fax | " " | Process  Cash Teller |
| " | Morris James Hitchins Wmsell A | mail | " " | Recep/Secty |
| " | Longwood Gardens | mail | " " | display villes  ticket teller |
| 10-29-03 | News Journal | mail | " news " | news asst |
| 10-30-03 | Benchmark Bldrs | " | " " | Secty |
| 10-30-03 | U.S. Dept. Justice | " | " " | Secty/ Typist  legal Clerk |
| 11-4-03 | Mapine May Inc | mail | " " | bkkpg/  adm. asst |
| 11-5-03 | The Hagley Museum | mail | " " | Exec.  adm. asst |
| 11-5-03 | CT Corp.  Watty K Cluver | " | " " | Process Spr |
| 11-10-03 | First Bank of De | email | " " | teller |
| 11-10-03 | Blind in work for CEO  Newark | " | " " | pers adm  asst |
| 11-10-03 | Berry | mail | " " | Exec asst |

27

| DATE | Name Address + Phone Number of Employers Contacted | Method of Contact | Results | Position Applied For |
|------|---|---|---|---|
| P A 11-18-03 | Collier County   Naples | mail | awaiting | Citizens Liasion |
| I 11-18-03 | Lowe's    Naples | email | ~~cashier~~ | cashier |
| D 11-20-03 | Bank of N.Y. Newark De | mail | " | Credit Oper. Supp Rep |
| P A 11-24-03 | Naples Daily News | mail fax | fax " | Editorial Adm. Asst |
| I 11-24-03 | Colonial Bank - East Naples | " | " | teller / CSR |
| D 11-25-03 | Office Team Wilm | fax | " | Exec Sect'y |
| P A 12-3-03 | Bayshore Truck Inc Wilm | fax | " | Adm. Asst |
| I 12-03-03 | Raymond James   wilm | email | " | adm. ass |
| D 12-4-03 | Corp Interiors of De N. Castle | mail | " | adm off asst |
| D 12-8-03 | Citicards   Wilm De | email | " | Cust Rep Sis |
| I 12-8-03 | Fulton Finan   Greenville De | os email | " | adm ass |
| D 12-8-03 | NH Rep Mgmt Inc Newark De | mail | " | adm ass |

P424

**EXHIBIT B**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **LINDA J. BLOZIS,** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| **v.** | : **CIVIL ACTION NO.** 05-891-SLR |
| | : |
| **MELLON TRUST OF DELAWARE, NATIONAL** | : |
| **ASSOCIATION**, a Pennsylvania corporation; | : |
| **MELLON BANK, NATIONAL ASSOCIATION,** | : |
| (formerly MELLON BANK (DE) NATIONAL | : |
| ASSOCIATION), a Pennsylvania corporation; and | : |
| **MELLON FINANCIAL CORPORATION,** a | : |
| Pennsylvania corporation, | : |
| | : |
| **Defendants.** | : |

### PLAINTIFF'S FIRST SUPPLEMENTAL RESPONSE TO DEFENDANT'S
### FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF

Plaintiff. by her attorneys, hereby objects to Defendant's First Set of Interrogatories

Directed to Plaintiff ("Discovery") in accordance with the numbered paragraphs as set forth

below.  Plaintiff reserves the right to amend or supplement the responses contained herein as may

be necessary or appropriate in the future.

### GENERAL OBJECTIONS

1.     Plaintiff objects generally to Discovery insofar as it requests information or

documents which are subject to the attorney-client privilege, or which constitute trial preparation

materials or attorney-client work product. or which are otherwise privileged or protected and not

subject to discovery.

2.     Plaintiff objects generally to Discovery to the extent that it seeks information not

relevant to this action or that does not appear reasonably calculated to lead to the discovery of

| Employer | Date(s) Sought | Interview Date | Interviewer(s) | Date of Offer | Comp. and Benefits | Job Title and Duties | Offeror | Reason for Refusal | Name of Person Giving Denial | Reasons for Denial |
|---|---|---|---|---|---|---|---|---|---|---|
| <u>See</u> P422-24. | <u>See</u> P422-24. | N/A | N/A | N/A | N/A | <u>See</u> P422-24. | N/A | N/A | N/A | N/A |
| Delaware Technical and Community College 333 N. Shipley St., Wilmington, DE 19801 | 8/4/03 | 8/27/03 | I cannot recall the person's name at this time. | N/A | N/A | Admin. Coordinator; clerical duties | N/A | N/A | Carl J. Stanard, Human Resources Specialist II | Offeree had previous similar experience. |
| Colonial Bank 7379 Davis Blvd. Naples, FL 34104 | early Winter of 2003-2004 | early Winter of 2003-2004 | Brian Lyonette | early Winter of 2003-2004 | $22,000/ year (approx.) plus 80% medical and dental coverage after 90 days | Teller; banking duties | Brian Lyonette | At the time of offer, I hoped to find a job that paid more money. | N/A | N/A |

10

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| First National Bank 2911 Tamiami Trail North, Naples, FL 34103 | July of 2004 | July of 2004 | H.R.'s Lesley Mahoney, Branch Manager Sharon Johnson, and Asst. Mgr. Jenni McLaughlin | July of 2004 | $23,000/year plus 80% medical and dental coverage after 90 days | Teller: banking duties | H.R. Dept. | N/A | N/A | N/A |
| Orion Bank 3838 Tamiami Trail North, Naples, FL 34103-3507 | late 2004 or Jan. of 2005 | late 2004 or Jan. of 2005 | Anita Tysnki, Rosalia Lombardi, Shirley Madriz, and Lesley Mahoney | 1/3/05 | $24,960/year plus benefits listed at P536 | Teller: banking duties | Lesley Mahoney | N/A | N/A | N/A |

**EXHIBIT C**

0001
1                    VOLUME ONE
2
3
            IN THE UNITED STATES DISTRICT COURT
4
            FOR THE DISTRICT OF DELAWARE
5
6
   LINDA J. BLOZIS,                )
7                                  )
            Plaintiff,             )
8                                  ) Civil Action
      v.                           ) No. 05-891 (SLR)
9                                  )
   MELLON TRUST OF DELAWARE,       )
10  NATIONAL ASSOCIATION; MELLON   )
   BANK, NATIONAL ASSOCIATION;     )
11  MELLON FINANCIAL CORPORATION,  )
                                   )
12          Defendants.            )
13
            Deposition of LINDA J. BLOZIS taken
14  pursuant to notice at the Law Office of John M.
   LaRosa, Two East 7th Street, Suite 302, Wilmington,
15  Delaware, beginning at 10:05 a.m., on Wednesday,
   July 26, 2006, before Kurt A. Fetzer, Registered
16  Diplomate Reporter and Notary Public.
17  APPEARANCES:
18      JOHN M. LaROSA, ESQ.
      LAW OFFICE OF JOHN M. LaROSA
19       Two East 7th Street - Suite 302
      Wilmington, Delaware  19801
20       For the Plaintiff
21    STEPHANIE WILSON, ESQ.
      REED SMITH LLP
22       Princeton Forrestal Village
      136 Main Street - Suite 250
23       Princeton, New Jersey  08543-7839
      For the Defendant
24           WILCOX & FETZER
      1330 King Street - Wilmington, Delaware 19801
25           (302) 655-0477
             www.wilfet.com
0002

16       Were there others at Mellon that you're
17  claiming also engaged in age discrimination and sex
18  discrimination against you?
19    A.  Specifically, I don't recall naming others than
20  Gilmore, Becker or Landis at this time.
21    Q.  Is it those three?
22    A.  Mm-hmm.
23    Q.  Now, with respect to your employment,
24  Ms. Blozis, did you ever keep a diary of events?
0213
1    A.  A diary?
2    Q.  Right.  In terms of a day, you write in today
3  met with Gilmore?
4    A.  For what purpose?
5    Q.  Any purpose.  Some people keep diaries or
6  Day-Timers of things that happened every day on the
7  job.
8    A.  My recollection is that if we discussed client
9  situations that notations might have been put in a
10  file or ticklers created as I recall to bring up
11  discussions or topics necessary for the client.
12    Q.  So it would be client-related information that
13  you would be memorializing?
14    A.  I wouldn't say memorializing.  I would say
15  documenting or...
16    Q.  I was thinking more in terms of some people --
17  for example, looking at Blozis 4, you made a little
18  note at the bottom that you spoke to Rosemary on a
19  particular day.  Some people instead of putting it on
20  the bottom of something will put it in an actual
21  calendar or a Day-Timer of that nature.
22       Did you keep one of those while you were
23  employed?
24    A.  I didn't keep a specific diary.
0214
1       MR. LaROSA:  It's now 6:00 o'clock.  Are
2  we anywhere close to being on damages and mitigation?
3       MS. WILSON:  You know, we're very close
4  because this is the '03 performance, so I wanted to go
5  over that.  And then there's the final written warning
6  that came a couple of months later and then there's
7  the termination that came months after that and then
8  we're onto mitigation.
9       MR. LaROSA:  Okay.  So how much longer do
10  you think you have on liability?

11         MS. WILSON:  If we're closing up in an
12  hour, I'm not going to finish liability.
13         MR. LaROSA:  You're saying you have more
14  than an hour on liability?
15         MS. WILSON:  Yes.
16         MR. LaROSA:  Well, I don't think this
17  deposition has been conducted in a very efficient
18  manner.  The documents were not premarked and sent to
19  us for our review, so we have taken up a lot of time
20  with that.
21         We have taken an hour and 12 minutes in
22  breaks from the eight-hour day, so we have almost gone
23  the seven hours now and only got into twelve exhibits
24  and you're telling me there's still over an hour on
0215
1  liability, plus damages, plus mitigation, plus the
2  documents that have not been produced at this point.
3         I think what we should do is take a short
4  break here because you have gone for over an hour and
5  a half now and see what we can get through till 7:00
6  o'clock and then we will adjourn for the day.
7         MS. WILSON:  All right.  I just want to
8  put something on the record as well.
9         Obviously, I disagree with Mr. LaRosa's
10  characterization that the deposition hasn't been
11  conducted efficiently and we will leave it to the
12  judge to read the transcript and make that
13  determination.
14         As far as having premarked exhibits to
15  show to you in advance, there's no obligation in the
16  rules or elsewhere for that to occur.  I have had the
17  exhibits ready with copies to give to you, Ms. Blozis
18  and copies have already been made and handed out.  So
19  I feel that that's been done very efficiently.  In
20  terms of marking the exhibits, it's probably been less
21  than a minute with respect to getting those marked and
22  turned over for review and testimony on it.  So I
23  would object to that characterization and leave it to
24  the judge to read the transcript and make her own
0216
1  determination.
2         MR. LaROSA:  Okay.  You're correct,
3  there's no obligation to premark the exhibits.  The
4  obligation is to conduct the deposition in seven hours
5  and no further than seven hours without court

6  approval.
7      MS. WILSON: And we have had that
8  conversation. I believe it was yesterday, with the
9  judge and she made a ruling on that. And as I
10  understand it. if we can't work out our differences
11  with respect to it, then she has told us to go back to
12  her and make our arguments to her and she will make a
13  decision on it.
14      MR. LaROSA: Right. And she hasn't made a
15  ruling authorizing a longer-than-seven-hour
16  deposition. So we're agreeing for the purpose of the
17  day to go to 7:00 after we take a short break here,
18  but I think then we may have to be going back to the
19  judge.
20      MS. WILSON: Right. Whether we do it --
21  hopefully we can work it out. If we don't. we will go
22  back to where she left it open in terms of let's see
23  how it goes on the first day and then she will make a
24  determination subsequently if we can't agree. It
0217
1  sounds like we're not going to be able to agree. so I
2  will be happy to go back to the judge.
3      I would be happy for her to read this
4  transcript because I feel like I've been flying
5  actually.
6      MR. LaROSA: Okay.
7      (A brief recess was taken.)
8      MS. WILSON: Mark this please.
9      (Blozis Deposition Exhibit No. 13 was
10  marked for identification.)
11      THE WITNESS: I've looked over these
12  pages.
13  BY MS. WILSON:
14   Q. Before we talk about Blozis 13, going back to
15  your testimony concerning Gilmore, Becker. Landis in
16  which you gave examples of why you felt their conduct
17  or comments were indicative of age discrimination and
18  gender discrimination, with the exception of Gilmore,
19  because I remember there's an incident that you went
20  to Rosemary about on May 1st of '03. did you go to HR
21  about any of the instances where you felt that Becker
22  or Landis was acting discriminatory?
23   A.  Not that I recall.
24   Q.  Let's look at Blozis 13.
0218

21  conversation of my complaint against Brendan Gilmore.
22    Q.  Now, I think that in your complaint you allege
23  that you received Blozis 14 because you complained
24  about Brendan Gilmore.  Is that your belief?
0238
1     A.  I recollect that's the time frame.
2     Q.  And the basis for your belief that Blozis 14
3  was given to you because you complained is what?
4     A.  I'm sorry.  I didn't hear the end of your
5  sentence, your question.
6     Q.  Let me change it and make it a better question,
7  if I can.
8          Why do you think that, why do you think
9  that you were given Blozis 14 because you complained
10  about Gilmore?
11    A.  I don't know why Gilmore would have pushed it
12  to that limit.
13    Q.  With respect to giving you the final written
14  warning?
15    A.  Yes.
16    Q.  My question still was unclear.
17          As I recall your complaint, you alleged
18  that you were placed on final written warning for
19  performance out of retaliation for having complained
20  about Brendan Gilmore to Rosemary.  Is that accurate?
21    A.  Yes.
22    Q.  And my question is:  Why do you feel it was
23  retaliatory conduct?
24    A.  I'm not sure at this time other than I believe
0239
1  Brendan Gilmore may have been grossly offended by my
2  complaint to HR and expedited his dismissal of me for
3  that reason.
4     Q.  Why do you feel he was grossly offended by it?
5     A.  Because of his arrogant, unprofessional
6  demeanor that was displayed in the past and at that
7  meeting.
8          MS. WILSON:  It's 7:00.
9          MR. LaROSA:  Are we finished with this
10  exhibit?
11          MS. WILSON:  We are.
12          MR. LaROSA:  So why don't we adjourn for
13  the day?
14          (Deposition adjourned at 7:00 p.m.)
15

**EXHIBIT D**

## John M. LaRosa, Esquire

| | |
|---|---|
| **From:** | "John M. LaRosa, Esquire" <JLR@LaRosaLaw.com> |
| **To:** | "Wilson, Stephanie Esq." <swilson@reedsmith.com>; "Affrunti, Sherri A." <saffrunti@reedsmith.com> |
| **Cc:** | "Neuberger, Esq. Thomas S." <TSN@NeubergerLaw.com> |
| **Sent:** | Wednesday, October 04, 2006 8:47 AM |
| **Subject:** | Blozis v. Mellon: Client's Medical Records and Deposition |

Sherri and Stephanie:

By now, I trust you have received all of the medical records subpoenaed.

My client will in Delaware for a few days next week.  She and I are available for the conclusion of her deposition on the following dates and times:

Monday, October 9, 2006: 10 a.m. or later AND

Tuesday, October 10, 2006: All Day.

Please let me know if you wish to question her further.

Very truly yours,

John M. LaRosa

*********************************************

Law Office of John M. LaRosa
Two East 7th Street, Suite 302
Wilmington, Delaware 19801-3707
(302) 888-1290
(302) 655-9329 (fax)
www.LaRosaLaw.com (website)

****CONFIDENTIALITY NOTICE****

This E-Mail message and any documents accompanying this E-Mail transmission contain information from the Law Office of John M. LaRosa which is "Privileged and confidential attorney-client communication and/or work product of counsel." If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution and/or the taking of or refraining from taking of any action in reliance on the contents of this E-Mail information is strictly prohibited and may result in legal action being instituted against you. Please reply to the sender advising of the error in transmission and delete the message and any accompanying documents from your system immediately.  Thank you.

**EXHIBIT E**

## John M. LaRosa, Esquire

| | |
|---|---|
| **From:** | "John M. LaRosa, Esquire" <JLR@LaRosaLaw.com> |
| **To:** | "Blozis, Linda J." <linbloz@aol.com> |
| **Cc:** | "Neuberger, Esq. Thomas S." <TSN@NeubergerLaw.com> |
| **Sent:** | Wednesday, October 04, 2006 9:26 AM |
| **Subject:** | Fw: Blozis v. Mellon: Client's Medical Records and Deposition |

----- Original Message -----
**From:** Affrunti, Sherri A.
**To:** John M. LaRosa, Esquire ; Wilson, Stephanie
**Cc:** Neuberger, Esq. Thomas S. ; Bracegirdle, Thad J.
**Sent:** Wednesday, October 04, 2006 9:54 AM
**Subject:** RE: Blozis v. Mellon: Client's Medical Records and Deposition

Actually, John -- there are still several outstanding subpoenas. as we have just recently received from your office numerous authorizations last week (at which point I was traveling out of state for other firm business matters). The final subpoenas are in the process of being served. and as you know applicable Court Rules require a 10-day notice period for the providers (in addition to the fact that many often do not respond in a timely manner).

I am uncertain of Stephanie's availability, and certainly doubt that we will be able to proceed on Monday with such short notice (given numerous other litigation matters we are handling) as well as the fact that all of the medical records have not yet been procured.  One of us will, however, be back in touch with you shortly so that we can locate a mutually-agreeable date to finalize Ms. Blozis' deposition before the close of discovery later this year.

Thank you.


*Best regards.*
*Sherri A. Affrunti, Esq.*
609-514-5950
saffrunti@reedsmith.com
**Reed Smith**LLP

Princeton Forrestal Village

136 Main Street, Suite 250

Princeton, NJ 08540

609-987-0050

Fax 609-951-0824

*This e-mail is confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. To do so could violate state and Federal privacy laws. Thank you for your cooperation. Please contact Sherri Affrunti at 609-514-5950 or e-mail saffrunti@reedsmith.com if you need assistance.*

**From:** John M. LaRosa, Esquire [mailto:JLR@LaRosaLaw.com]
**Sent:** Wednesday, October 04, 2006 9:47 AM
**To:** Wilson, Stephanie; Affrunti, Sherri A.
**Cc:** Neuberger, Esq. Thomas S.
**Subject:** Blozis v. Mellon: Client's Medical Records and Deposition

Sherri and Stephanie:

11/14/2006

By now, I trust you have received all of the medical records subpoenaed.

My client will in Delaware for a few days next week.  She and I are available for the conclusion of her deposition on the following dates and times:

Monday, October 9, 2006: 10 a.m. or later AND

Tuesday, October 10, 2006: All Day.

Please let me know if you wish to question her further.

Very truly yours,

John M. LaRosa

•••••••••••••••••••••••••••••••••••••••••
Law Office of John M. LaRosa
Two East 7th Street, Suite 302
Wilmington, Delaware 19801-3707
(302) 888-1290
(302) 655-9329 (fax)
www.LaRosaLaw.com (website)

****CONFIDENTIALITY NOTICE****

This E-Mail message and any documents accompanying this E-Mail transmission contain information from the Law Office of John M. LaRosa which is "Privileged and confidential attorney-client communication and/or work product of counsel." If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution and/or the taking of or refraining from taking of any action in reliance on the contents of this E-Mail information is strictly prohibited and may result in legal action being instituted against you. Please reply to the sender advising of the error in transmission and delete the message and any accompanying documents from your system immediately.  Thank you.

11/14/2006

**EXHIBIT F**

# ReedSmith

Reed Smith LLP
Princeton Forrestal Village
136 Main Street - Suite 250
Princeton, NJ 08540-7839
609.987.0050
Fax 609.951.0824

Stephanie Wilson
Direct Phone: 609.520.6031
Email: SWilson@reedsmith.com

November 1, 2006

<u>Via Facsimile and Regular Mail</u>
John M. LaRosa, Esq.
Law Offices of John M. LaRosa
Two East Seventh Street, Suite 302
Wilmington, DE 19801

Re:    <u>Linda J. Blozis v. Mellon Trust of Delaware, National Association, et al</u>

Dear Mr. LaRosa:

Please provide me with dates that your client will be available for the continuation of her deposition.

Thank you for your courtesies in this regard.

Very truly yours,

Stephanie Wilson

SW:ck

NEW YORK ♦ LONDON ♦ LOS ANGELES ♦ PARIS ♦ SAN FRANCISCO ♦ WASHINGTON, D.C. ♦ PHILADELPHIA ♦ PITTSBURGH ♦ OAKLAND

MUNICH ♦ PRINCETON ♦ NORTHERN VIRGINIA ♦ WILMINGTON ♦ NEWARK ♦ BIRMINGHAM, U.K. ♦ CENTURY CITY ♦ RICHMOND

r e e d s m i t h . c o m

PRCLIB-399671.1-SWILSON 11/1/06 10:35 AM

**EXHIBIT G**

# ReedSmith

REED SMITH LLP
Princeton Forrestal Village
136 Main Street – Suite 250
Princeton, NJ 08540-7839
609.987.0050
Fax 609.951.0824

**Sherri A. Affrunti**
Direct Phone: 609.514.5950
Email: saffrunti@reedsmith.com

November 6, 2006

Custodian of Records
Delaware Orthopedic Center
1941 Limestone Road, Suite 101
Wilmington, DE 19808

> Re:   **Linda J. Blozis v. Mellon Trust of Delaware, National Association, et al.**
> **United States District Court (D.Del) Civil Action No. 05-891 (SLR)**

Dear Sir or Madam:

Previously, on October 16, 2006, our agent for service of process served upon you a subpoena commanding the production of all records relating to patient Linda J. Blozis (D.O.B. 12/10/45; Social Security No. 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), as maintained in the usual course of business by the Offices of Delaware Orthopedic Center. Enclosed with the subpoena was an authorization for the release of the records which had been signed by Ms. Blozis, along with a schedule detailing the categories of records to be produced. Pursuant to the subpoena, all records were to be produced to our Delaware office by October 30, 2006.

Upon review of our file it has come to my attention that your office has failed to comply with the subpoena. Your failure to do so is in violation of law. Please forward these records as commanded by the subpoena immediately, together with an executed Certificate of Authentication so as to avoid a proceeding for contempt.

Thank you for your attention and anticipated cooperation. Should you have any questions or concerns, please do not hesitate to contact me.

Very truly yours,

Sherri A. Affrunti

SAA/cw
cc:    John M. LaRosa, Esq.

LONDON ♦ NEW YORK ♦ LOS ANGELES ♦ SAN FRANCISCO ♦ WASHINGTON, D.C. ♦ PHILADELPHIA ♦ PITTSBURGH ♦ OAKLAND ♦ PRINCETON

FALLS CHURCH ♦ WILMINGTON ♦ NEWARK ♦ MIDLANDS, U.K. ♦ CENTURY CITY ♦ RICHMOND ♦ HARRISBURG ♦ LEESBURG ♦ WESTLAKE VILLAGE

r e e d s m i t h . c o m

Steven J. Picco ♦ Office Administrative Partner ♦ A Limited Liability Partnership formed in the State of Delaware

NWKLIB-98809.1

# ReedSmith

**Sherri A. Affrunti**
Direct Phone: 609.514.5950
Email: saffrunti@reedsmith.com

REED SMITH LLP
Princeton Forrestal Village
136 Main Street – Suite 250
Princeton, NJ 08540-7839
609.987.0050
Fax 609.951.0824

November 6, 2006

Custodian of Records
Delaware Medical Care, Inc.
2700 Silverside Road
Wilmington, DE 19810

> Re:   **Linda J. Blozis v. Mellon Trust of Delaware, National Association, et al.**
>        **United States District Court (D.Del) Civil Action No. 05-891 (SLR)**

Dear Sir or Madam:

Previously, on October 16, 2006, our agent for service of process served upon you a subpoena commanding the production of all records relating to patient Linda J. Blozis (D.O.B. 12/10/45; Social Security No. 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), as maintained in the usual course of business by the Offices of Delaware Medical Care, Inc. Enclosed with the subpoena was an authorization for the release of the records which had been signed by Ms. Blozis, along with a schedule detailing the categories of records to be produced. Pursuant to the subpoena, all records were to be produced to our Delaware office by October 30, 2006.

Upon review of our file it has come to my attention that your office has failed to comply with the subpoena. Your failure to do so is in violation of law. Please forward these records as commanded by the subpoena immediately, together with an executed Certificate of Authentication so as to avoid a proceeding for contempt.

Thank you for your attention and anticipated cooperation. Should you have any questions or concerns, please do not hesitate to contact me.

Very truly yours,

Sherri A. Affrunti

SAA/cw
cc:    John M. LaRosa, Esq.

LONDON ♦ NEW YORK ♦ LOS ANGELES ♦ SAN FRANCISCO ♦ WASHINGTON, D.C. ♦ PHILADELPHIA ♦ PITTSBURGH ♦ OAKLAND ♦ PRINCETON

FALLS CHURCH ♦ WILMINGTON ♦ NEWARK ♦ MIDLANDS, U.K. ♦ CENTURY CITY ♦ RICHMOND ♦ HARRISBURG ♦ LEESBURG ♦ WESTLAKE VILLAGE

r e e d s m i t h . c o m

Steven J. Picco ♦ Office Administrative Partner ♦ A Limited Liability Partnership formed in the State of Delaware

NWKLIB-98809.2

# ReedSmith

REED SMITH LLP
Princeton Forrestal Village
136 Main Street – Suite 250
Princeton, NJ 08540-7839
609.987.0050
Fax 609.951.0824

Sherri A. Affrunti
Direct Phone: 609.514.5950
Email: saffrunti@reedsmith.com

November 3, 2006

Custodian of Records
Offices of Fanny Berg, M.D.
2000 Falk Rd., Suite A
Wilmington, DE 19810

      RE:    **Linda J. Blozis v. Mellon Trust of Delaware, National Association,** *et al*
            **United States District Court (D.Del) Civil Action No. 05-891(SLR)**

Dear Sir or Madam:

      Previously, on October 16, 2006, our agent for service of process served upon you a subpoena commanding the production of all records relating to patient Linda J. Blozis (D.O.B. 12/10/45: Social Security No. 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), as maintained in the usual course of business by the Offices of Fanny Berg, M.D. Enclosed with the subpoena was an authorization for the release of the records which had been signed by Ms. Blozis, along with a schedule detailing the categories of records to be produced. Pursuant to the subpoena, all records were to be produced to our Delaware office by October 30, 2006.

      Upon review of our file it has come to my attention that your office has failed to comply with the subpoena. Your failure to do so is in violation of law. Please forward these records as commanded by the subpoena immediately, together with an executed Certificate of Authentication so as to avoid a proceeding for contempt.

      Thank you for your attention and anticipated cooperation. Should you have any questions or concerns, please do not hesitate to contact me.

                      Very truly yours,

                      Sherri A. Affrunti

SAA/lk
cc:    John M. LaRosa, Esq.

LONDON ◆ NEW YORK ◆ LOS ANGELES ◆ SAN FRANCISCO ◆ WASHINGTON, D.C. ◆ PHILADELPHIA ◆ PITTSBURGH ◆ OAKLAND ◆ PRINCETON

FALLS CHURCH ◆ WILMINGTON ◆ NEWARK ◆ MIDLANDS, U.K. ◆ CENTURY CITY ◆ RICHMOND ◆ HARRISBURG ◆ LEESBURG ◆ WESTLAKE VILLAGE

r e e d s m i t h . c o m

Steven J. Picco ◆ Office Administrative Partner ◆ A Limited Liability Partnership formed in the State of Delaware

PRCLIB-314472 v4-SAAFFRUN
November 3, 2006 3:24 PM

EXHIBIT H

# John M. LaRosa, Esquire

| | |
|---|---|
| **From:** | "John M. LaRosa, Esquire" <JLR@LaRosaLaw.com> |
| **To:** | "Wilson, Stephanie Esq." <swilson@reedsmith.com> |
| **Cc:** | "Neuberger, Esq. Thomas S." <TSN@NeubergerLaw.com> |
| **Sent:** | Thursday, November 09, 2006 12:07 PM |
| **Subject:** | Blozis v. Mellon: Continuation of Deposition |

Stephanie:

In response to your letter of November 1, 2006, my client is available for the conclusion of her deposition by telephone on the following dates: Saturday, December 2nd or in the morning of Saturday, December 9th.

As you know from the first full day of deposition in this case and Plaintiff's documentary discovery responses, Plaintiff is currently employed full-time by Orion Bank in North Naples, Florida. She has no more vacation time with Orion for the year. Also, she is scheduled to work on Saturday, December 16th. Furthermore, Orion is not allowing any personnel to take time off after December 15th. Therefore, she is only available on the aforementioned dates by phone.

Please let me know which date you wish to continue and conclude her deposition, and confirm that you are amenable to conducting the remainder of the deposition by phone. Otherwise, we will seek a protective order from the Court.

Very truly yours,

John M. LaRosa

••••••••••••••••••••••••••••••••••••••••••••

Law Office of John M. LaRosa
Two East 7th Street, Suite 302
Wilmington, Delaware 19801-3707
(302) 888-1290
(302) 655-9329 (fax)
www.LaRosaLaw.com (website)

****CONFIDENTIALITY NOTICE****

This E-Mail message and any documents accompanying this E-Mail transmission contain information from the Law Office of John M. LaRosa which is "Privileged and confidential attorney-client communication and/or work product of counsel." If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution and/or the taking of or refraining from taking of any action in reliance on the contents of this E-Mail information is strictly prohibited and may result in legal action being instituted against you. Please reply to the sender advising of the error in transmission and delete the message and any accompanying documents from your system immediately. Thank you.

**EXHIBIT I**

## John M. LaRosa, Esquire

| | |
|---|---|
| **From:** | "Wilson, Stephanie" <SWilson@ReedSmith.com> |
| **To:** | "John M. LaRosa, Esquire" <JLR@LaRosaLaw.com> |
| **Cc:** | "Neuberger, Esq. Thomas S." <TSN@NeubergerLaw.com>; "Affrunti, Sherri A." <SAffrunti@ReedSmith.com> |
| **Sent:** | Friday, November 10, 2006 3:19 PM |
| **Subject:** | RE: Blozis v. Mellon: Continuation of Deposition |

John,
Thank you for getting bk to me. We will not consent to a telephone deposition. Ms. Blozis is required to make herself available in Delaware, the place where she commenced her lawsuit. You have not provided any good cause basis for your request and have made your request even more onerous by providing only two dates on Saturday in December, one of them being a half day that Ms. Blozis is available. You note that her new employer is not allowing any time off after December 15, but you have not provided any dates in November. Because of the nature of Ms. Blozis's testimony, we cannot consent to a telephone deposition and, as a compromise, request that you make Ms. Blozis available in person at your office on December 2. Please advise us concerning your position as we will seek to compel her in person deposition.

Very truly yours,
Stephanie Wilson

---

**From:** John M. LaRosa, Esquire [mailto:JLR@LaRosaLaw.com]
**Sent:** Thursday, November 09, 2006 12:08 PM
**To:** Wilson, Stephanie
**Cc:** Neuberger, Esq. Thomas S.
**Subject:** Blozis v. Mellon: Continuation of Deposition

Stephanie:

In response to your letter of November 1, 2006, my client is available for the conclusion of her deposition by telephone on the following dates: Saturday, December 2nd or in the morning of Saturday, December 9th.

As you know from the first full day of deposition in this case and Plaintiff's documentary discovery responses, Plaintiff is currently employed full-time by Orion Bank in North Naples, Florida. She has no more vacation time with Orion for the year. Also, she is scheduled to work on Saturday, December 16th. Furthermore, Orion is not allowing any personnel to take time off after December 15th. Therefore, she is only available on the aforementioned dates by phone.

Please let me know which date you wish to continue and conclude her deposition, and confirm that you are amenable to conducting the remainder of the deposition by phone. Otherwise, we will seek a protective order from the Court.

Very truly yours,

John M. LaRosa

••••••••••••••••••••••••••••••••••••••••••••••••
Law Office of John M. LaRosa
Two East 7th Street, Suite 302
Wilmington, Delaware 19801-3707

11/14/2006

(302) 888-1290
(302) 655-9329 (fax)
www.LaRosaLaw.com (website)

****CONFIDENTIALITY NOTICE****

This E-Mail message and any documents accompanying this E-Mail transmission contain information from the
Law Office of John M. LaRosa which is "Privileged and confidential attorney-client communication and/or work
product of counsel." If you are not the intended recipient, you are hereby notified that any disclosure, copying,
distribution and/or the taking of or refraining from taking of any action in reliance on the contents of this E-Mail
information is strictly prohibited and may result in legal action being instituted against you. Please reply to the
sender advising of the error in transmission and delete the message and any accompanying documents from your
system immediately.  Thank you.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LINDA J. BLOZIS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 05-891 SLR |
| | : | |
| | : | |
| MELLON TRUST OF DELAWARE, | : | |
| NATIONAL ASSOCIATION, a | : | |
| Pennsylvania Corporation; MELLON | : | |
| BANK, NATIONAL ASSOCIATION | : | |
| (formerly, MELLON BANK (DE) | : | |
| NATIONAL ASSOCIATION), a | : | |
| Pennsylvania Corporation; and | : | |
| MELLON FINANCIAL | : | |
| CORPORATION, a Pennsylvania | : | |
| Corporation, | : | |
| | : | |
| Defendants. | : | |

## ORDER

**AND NOW,** the Court having considered the Plaintiff's Motion For Protective Order

Unde Rule 26(c) filed by Plaintiff on November 16, 2006. **IT IS HEREBY ORDERED** this

_____ day of _____, 2006. that Defendant shall complete Plaintiff's deposition on

December 2, 2006, by telephone.

_____
**Chief Judge, United States District Court**

## CERTIFICATE OF SERVICE

I, John M. LaRosa, being a member of the Bar of this Court, do hereby certify that on

November 16. 2006, I caused two (2) copies of **PLAINTIFF'S MOTION FOR**

**PROTECTIVE ORDER UNDER RULE 26(c)** to be sent via CM/ECF to the following:

> Thad Bracegirdle, Esquire
> Reed Smith LLP
> 1201 Market Street-Suite 1500
> Wilmington, DE 19801
>
> John C. Unkovic. Esquire
> Reed Smith LLP
> 435 Sixth Avenue
> Pittsburgh, PA 15219
>
> Sherri Affrunti, Esquire
> Stephanie Wilson, Esquire
> Reed Smith LLP
> 136 Main Street
> Princeton, NJ 08540

> _/s/ John M. LaRosa_____
> **JOHN M. LaROSA, ESQ.**

cc:    Thomas S. Neuberger. Esquire (via hand delivery)
       Ms. Linda J. Blozis (via U.S. mail)

Attorney Files/John's Files/Client Files/Blozis/Pleadings/Motions and Briefing/Motion for Protective Order

i