# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| LINDA J. BLOZIS | : CIVIL ACTION NO. 05-891 (SLR) |
| Plaintiff, | : |
| vs. | : |
| MELLON TRUST OF DELAWARE, NATIONAL ASSOCIATION; MELLON BANK, NATIONAL ASSOCIATION; MELLON FINANCIAL CORPORATION, | : : : |
| Defendants. | : |

## DEFENDANTS' ANSWERING BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER

**REED SMITH LLP**

Thad J. Bracegirdle, Esq. (No. 3691)
1201 Market Street
Suite 1500
Wilmington, Delaware 19801
Telephone: (302)778-7500
Facsimile: (302) 778-7575
E-mail: tbracegirdle@reedsmith.com

and

Stephanie Wilson, Esq. (SW 5582)
136 Main Street, Suite 250
Princeton, N.J. 08540
Telephone: (609) 987-0050
Facsimile: (609) 951-0824
E-mail: swilson@reedsmith.com

Attorneys for Defendants, Mellon Trust
of Delaware National Association,
Mellon Bank, National Association
And Mellon Financial Corporation

Dated: November 21, 2006

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................1

NATURE AND STAGE OF THE PROCEEDING ...................................................2

SUMMARY OF ARGUMENT ................................................................................3

STATEMENT OF FACTS........................................................................................4

ARGUMENT .............................................................................................................5

      I.      THIS COURT SHOULD DENY PLAINTIFF'S APPLICATION FOR
            A PROTECTIVE ORDER SEEKING TO LIMIT DEFENDANTS
            TO A TELEPHONE DEPOSITION ON SATURDAY DECEMBER
            2, 2006................................................................................................5

CONCLUSION .........................................................................................................8

i

## TABLE OF AUTHORITIES

**Cases**

Clem v. Allied Van Lines International Corporation, 102 F.R.D. 938 (S.D.N.Y. 1984) ............... 7

Dorothy Barrett Estate, 1994 WL 274004 (Del. Ch. 1994) ........................................................... 6

McGinley v. Barratta, Civ. A. No. 06-510, 2006 WL 2346301
(E.D. Pa. Aug. 11, 2006)............................................................................................................ 6, 7

Sampathachar v. Federal Kemper Life Assurance Co., Civ. A. No.
03-5905, 2004 WL 2743589 (E.D. Pa. Nov. 24, 2004) .............................................................. 6, 7

United States v. Rock Springs Vista Development, 185 F.R.D. 603, 604-605
(D. Nev. 1999), aff'd, 8 Fed. Appx. 837 (9th Cir. 2001)............................................................ 6, 7

**PRELIMINARY STATEMENT**

This action arises from Plaintiff's allegations that her employment was terminated by the three corporate defendants in violation of the Age Discrimination in Employment Act ("ADEA") as amended, gender discrimination and retaliation for complaining about protected activity in violation of Title VII of the Civil Rights Act of 1964 as amended ("Title VII"), and the Delaware anti discrimination statutes.  In support of her claims, Plaintiff's Complaint contains ninety-eight paragraphs of allegations exclusive of approximately three pages outlining her prayer for relief.  As the Court is aware, Defendants had anticipated that they would require more than seven (7) hours to complete Plaintiff's deposition because of her extensive allegations in which she alleged, among other things, that younger and/or male counterparts received unlawful preferential treatment.

Plaintiff opposed Defendants' request for additional time and a telephone conference was held before the Court to address this issue and Plaintiff's refusal to sign medical authorizations that Defendants had served.  In connection with the deposition issue, the Court did not limit Plaintiff's deposition to seven (7) hours and, instead, advised the parties to return to the Court if Defendants needed additional time and the parties could not agree between themselves.  Defendants, at the conclusion of Plaintiff's deposition on July 26, 2006 stated that more time was needed.  Plaintiff objected for a number of specious reasons, although it now appears that Plaintiff is abandoning her wholesale argument that she will not appear at all and seeks a Protective Order: (1) restricting Defendants to one additional day of deposition on Saturday, December 2, 2006; (2) restricting the Saturday deposition to a telephone deposition; and (3) seeking attorneys' fees and costs.  In an effort to accommodate Plaintiff, Defendants agreed to depose Plaintiff on Saturday, December 2, 2006, but did not agree to a telephone deposition.

On November 16, 2006, Defendants made an e-mail request for emergency relief to the Court concerning this issue. Instead of responding in the space allowed in the Court's form, on November 17, 2006, Plaintiff filed the present Motion for a Protective Order and asked that the Motion inclusive of exhibits be incorporated by reference as her response to Defendants' e-mail request. On November 17, Defendants respectfully asked the Court for time -- until November 21 -- to respond to Plaintiff's Motion. On November 20, the Court granted Defendants' request and advised Defendants that they could respond by November 28, if preferred. Because Defendants wish the Court to respectfully issue an Order prior to December 2, they are responding by November 21.

Plaintiff's Motion must be denied because it does not demonstrate the degree of hardship required under case law to support her position for refusing to appear in person for a deposition and does not rebut Defendants' argument that they are entitled to an in person deposition because of Plaintiff's controversial testimony. Accordingly, Plaintiff's Motion for a Protective Order limiting Defendants to a telephone deposition on Saturday, December 2, 2006 should be denied.

## NATURE AND STAGE OF THE PROCEEDING

Plaintiff, Linda J. Blozis filed the Complaint in this action on or about December 27, 2005. In her Complaint, Plaintiff alleges age and sex discrimination under the ADEA and Title VII and retaliation as well as age and sex discrimination under the Delaware statutes. Plaintiff names three corporate defendants. Defendants have served paper discovery on Plaintiff and have received the majority of Plaintiff's medical files from her healthcare providers through subpoenas. Defendants have served Plaintiff's two Florida employers inclusive of her present

2

Florida employer by subpoenas and have received documents. Plaintiff was deposed on July 26, 2006 and her deposition was not completed on that day.

Plaintiff had not served any paper discovery on Defendants until November 16, 2006 and has not noticed any defense witnesses for depositions. Fact discovery is scheduled to end on December 29, 2006.

## SUMMARY OF ARGUMENT

1. Plaintiff has failed to demonstrate the required degree of hardship required under the applicable law to support her argument for refusing to appear for an in person deposition.

2. Plaintiff has failed to explain why it would be unduly burdensome or expensive for her to attend a deposition in Delaware on Saturday, December 2, 2006. Her counsel's blanket assertion in support of her position is wholly insufficient to support her request for a protective order.

3. Because Plaintiff has not made any significant showing why her deposition should not take place in Delaware, there is no reason to depart from the well-established rule that Plaintiff is required to make herself available for examination in the District in which she brought suit. Having selected Delaware as the forum, she cannot be heard to complain about having to appear there for a deposition.

4. Telephone depositions are disfavored for obtaining controversial testimony. Here, Plaintiff's testimony is controversial. As established caselaw confirms, except where all facts are stipulated, and only the resolution of a legal issue is required to end the case – which is not true here – the testimony of a plaintiff is considered controversial and telephone depositions are disfavored.

5.    As Defendants demonstrate below, Plaintiff's request for a Protective Order lacks

factual and legal support.  Accordingly, Defendants respectfully request that the Court deny

Plaintiff's Motion in its entirety and order Plaintiff to appear for an in person deposition in

Delaware on December 2, 2006.

**STATEMENT OF FACTS**

Plaintiff commenced this discrimination action on or about December 27, 2005 by

filing a ninety-eight paragraph Complaint and naming three corporate defendants.  After serving

document and interrogatory requests, Defendants commenced, but did not complete Plaintiff's

deposition on July 26, 2006.

Prior to deposing Plaintiff, Defendants sought emergency relief from the Court on

two discovery matters: (1) Plaintiff's counsel refused to agree that Defendants could depose

Plaintiff for more than seven (7) hours and (2) Plaintiff had refused to sign the necessary medical

authorizations for release of her medical files directly to Defendants.  Plaintiff had taken the

position that she would obtain the files and then serve them upon Defendants, a method that

Defendants found objectionable.  The Court ordered Plaintiff to execute the necessary medical

authorizations for Defendants to receive the files directly from the providers and stated that

counsel should return to the Court if they could not work out the issue of additional time for

Plaintiff's deposition.

Since Plaintiff's July 26 deposition, Defendants have been diligently seeking the

medical providers' records.  Sixteen subpoenas have been served and all but one provider has

now responded.  Defendants were waiting to obtain the majority of the medical records before

noticing Plaintiff's deposition for a second day.  Plaintiff's argument that she made herself

4

available in October and Defendants improperly refused her offer is a red herring.  According to

Plaintiff's own Motion, on Wednesday, October 4, 2006, Plaintiff's counsel notified Defendants

that Plaintiff would be available for her deposition on October 9, 2006 or October 10, 2006.

Although in Plaintiff's Motion she states she was attending a family wedding in Delaware and

must have had significant prior notice of the family wedding, Plaintiff only gave Defendants two

business days notice of her availability.  As Defendants advised Plaintiff's counsel, Defendants

could not depose Plaintiff because of the short notice and they had not received a significant

number of the medical files from Plaintiff's health providers since Defendants had just recently

received Plaintiff's signed authorizations.  (**See** Exhibit E to Plaintiff's Motion).  To date,

Defendants have all but one medical file and anticipate requiring one additional day of

deposition testimony.

## ARGUMENT

I.        **THIS COURT SHOULD DENY PLAINTIFF'S APPLICATION FOR A
          PROTECTIVE ORDER SEEKING TO LIMIT DEFENDANTS TO A
          TELEPHONE DEPOSITION ON SATURDAY DECEMBER 2, 2006**

          In addressing motions for protective orders, this jurisdiction follows the well-

established principle that Plaintiff is required to make herself available for examination in the

district in which she has brought suit.  Since she has selected the forum, she cannot be heard to

complain about having to appear in Delaware for a deposition.  Dorothy Barrett Estate, 1994 WL

274004 (Del. Ch. 1994).  As the courts make clear "a protective order will only be granted if a

plaintiff is physically and financially unable to come to the forum or to do so would cause

unusual and serious hardship."  Id.  Here, Plaintiff has made no such showing and her Motion

must be denied.  United States v. Rock Springs Vista Development, 185 F.R.D. 603, 604-605 (D.

Nev. 1999), aff'd, 8 Fed. Appx. 837 (9th Cir. 2001) (burden is on plaintiff to show good cause for varying from rule that plaintiff has to appear in the forum where she brought suit for her deposition).

Instead of appearing in person for her deposition, Plaintiff has limited Defendants' opportunity to take her deposition to one full day on Saturday, December 2, 2006 or in the morning of December 9, 2006. Not only is this an onerous undertaking, Plaintiff has attempted further to limit Defendants' ability to conduct proper discovery by stating she will appear only by telephone. However, a telephone deposition is an inappropriate vehicle because Plaintiff will be giving controversial testimony. Courts have held consistently that telephone depositions are inappropriate where such testimony will be given. McGinley v. Barratta, Civ. A. No. 06-510, 2006 WL 2346301 (E.D. Pa. Aug. 11, 2006); Sampathachar v. Federal Kemper Life Assurance Co., Civ. A. No. 03-5905, 2004 WL 2743589 (E.D. Pa. Nov. 24, 2004).

Although Plaintiff argues without any support whatsoever that this is a "routine age discrimination/discharge case and that there is nothing unusual about the nature of Plaintiff's testimony that necessitates Defendants deposing her again in person", see Paragraph 22 of Plaintiff's Motion, neither Plaintiff's description of the case or the case law supports Plaintiff's conclusory statement. Courts have stated that testimony is controversial "except where all facts are stipulated, and only the resolution of a legal issue is required to end the case." McGinley, 2006 WL 2346301, at *1-2. Moreover, the courts have recognized the importance of observing the impact of questions on the deponent or the witness' nonverbal responses. Id; Federal Kemper, 2004 WL 2743589, at *2; Clem v. Allied Van Lines International Corporation, 102 F.R.D. 938 (S.D.N.Y. 1984). To argue, as Plaintiff does, that Defendants should be precluded

6

from observing plaintiff and adequately preparing their case on the grounds that they have observed her once before, when new questions will be asked, strains credibility.

Beyond Plaintiff's counsel's own self-serving and conclusory allegations, she has not shown why it would be an inconvenience and expense to her any greater than it would be in the majority of cases which follows the general rule that plaintiffs have to make themselves available in the forum where they have commenced their lawsuit. Rock Springs, 185 F.R.D. 603 (conclusory statement by counsel of plaintiff's hardship was insufficient to support plaintiff's motion). She has not made any representation regarding her financial situation, other than to allege that she has no accrued vacation time and her employer will not let employees off from work after mid December. This is insufficient to meet her burden for a protective order. Clem, 102 F.R.D. 938 (protective order denied where plaintiff did not detail her financial position so that Court could properly assess the prohibitiveness of the deposition). However, Defendants are not seeking to depose Plaintiff on her working time and have agreed to depose her on the one full day she says she is available -- Saturday, December 2, 2006. As such, Plaintiff's argument of financial burden and inconvenience is thoroughly unpersuasive and Plaintiff's Motion should be denied. Rock Springs, 185 F.R.D. 603 (plaintiff cannot invoke mere fact of inconvenience or expense as legitimate reason to refuse to appear for in person deposition).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion for a Protective Order in its entirety and order that Plaintiff appear in person for her deposition on December 2, 2006. Defendants respectfully request their attorneys' fees and costs in connection with their application

Reed Smith LLP

By:     /s/ Thad J. Bracegirdle
        Thad J. Bracegirdle, Esq. (No. 3691)
        1201 Market Street
        Suite 1500
        Wilmington, Delaware 19801
        Telephone: (302) 778-7500
        Facsimile: (302) 778-7575
        E-mail: tbracegirdle@reedsmith.com

            and

        Stephanie Wilson, Esq. (SW 5582)
        136 Main Street, Suite 250
        Princeton, N.J. 08540
        Telephone: (609) 987-0050
        Facsimile: (609) 951-0824
        E-mail: swilson@reedsmith.com

        Attorneys for Defendants, Mellon Trust
        of Delaware National Association,
        Mellon Bank, National Association
        And Mellon Financial Corporation

Dated:  November 21, 2006

8