## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LINDA J. BLOZIS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 05-891 SLR |
| | : | |
| | : | |
| MELLON TRUST OF DELAWARE, | : | |
| NATIONAL ASSOCIATION, a | : | |
| Pennsylvania Corporation; MELLON | : | |
| BANK, NATIONAL ASSOCIATION | : | |
| (formerly, MELLON BANK (DE) | : | |
| NATIONAL ASSOCIATION), a | : | |
| Pennsylvania Corporation; and | : | |
| MELLON FINANCIAL | : | |
| CORPORATION, a Pennsylvania | : | |
| Corporation, | : | |
| | : | |
| Defendants. | : | |

### PLAINTIFF'S REPLY BRIEF
### IN SUPPORT OF HER MOTION FOR PROTECTIVE ORDER UNDER RULE 26(c)

THE NEUBERGER FIRM, P.A.
THOMAS S. NEUBERGER, ESQ.
Delaware Bar No. 243
Two East Seventh Street, Suite 302
Wilmington, Delaware 19801
(302) 655-0582
TSN@NeubergerLaw.com

LAW OFFICE OF JOHN M. LaROSA
JOHN M. LaROSA, ESQ.
Delaware Bar No. 4275
Two East 7th Street, Suite 302
Wilmington, Delaware 19801-3707
(302) 888-1290
JLR@LaRosaLaw.com

Dated: November 27, 2006            Attorneys for Plaintiff Linda J. Blozis

## TABLE OF CONTENTS

**Page Number**

TABLE OF CITATIONS ...................................................................................ii

NATURE AND STAGE OF THE PROCEEDINGS ..................................................1

SUMMARY OF ARGUMENT ..........................................................................1

STATEMENT OF FACTS ................................................................................2

ARGUMENT ..............................................................................................3

I.    THE COURT SHOULD ISSUE A PROTECTIVE ORDER FOR DEFENDANTS TO
      COMPLETE PLAINTIFF'S DEPOSITION BY TELEPHONE. .....................................3

      A.    Plaintiff Had No Realistic Choice of Forum and Should Not Be Punished by
            Being Required to Again Fly to Delaware to Conclude the Deposition. ................3

      B.    Defendants Cannot Demonstrate Good Cause Why The
            Deposition Should Not Be Concluded by Telephone. ............................................4

      C.    Requiring Plaintiff to Again Fly to Delaware Would
            Cause an Unusual and Serious Hardship on Her. ..................................................5

      D.    Defendants Can Cure Any Prejudice It Claims From a Telephone Deposition. .....6

CONCLUSION ............................................................................................7

## <u>TABLE OF CITATIONS</u>

<u>Page Number(s)</u>

<u>Cases</u>

Cacciavillano v. Ruscello, Inc., 1996 WL 745291 (E.D. Pa. 1996) ................................................6

Ellis Air Lines v. Bellanca Aircraft Corp., 17 F.R.D. 395 (D. Del. 1955) .................................3, 4

Kovalsky v. Avis Rent-A-Car, Inc., 48 F.R.D. 453 (D. Puerto Rico 1969) ...................................4

In re Barrett Estate, 1994 WL 274004, at *1 (Del. Ch. 1994) .................................................3, 4, 5

Loughin v. Occidental Chem. Corp., 234 F.R.D. 75 (E.D. Pa. 2005) ....................................4, 5, 6

<u>Constitutions, Statutes and Rules</u>

Federal Rule 30(b)(7) .......................................................................................................................4

## NATURE AND STAGE OF THE PROCEEDINGS

This is an age and sex discrimination in employment case. Defendants terminated Plaintiff's employment on July 14, 2003. After she relocated to Florida, Plaintiff filed this action on December 27, 2005. Defendants commenced Plaintiff's deposition on July 26, 2006, but did not complete it at that time. Discovery is scheduled to end on December 29, 2006.

## SUMMARY OF ARGUMENT

1.      Because the Florida-resident-Plaintiff had no realistic choice of forum in this employment discrimination case other than Delaware where she was formerly employed and discharged by Defendants, she should not be punished by being forced to again fly back to Delaware for the conclusion of her deposition which Defendant did not complete after an entire first day.

2.      Defendants cannot demonstrate good cause why the deposition should not be concluded by telephone. Defendants' desire to observe Plaintiff's demeanor does not amount to good cause.

3.      Requiring Plaintiff to fly to Delaware now for a second day of examination will cause undue hardship on her. Plaintiff's vacation days with her current employer are now exhausted. Moreover. Defendants have not offered to pay for her to again fly from Florida to Delaware for the deposition it was unable to conclude in July.

4.      Finally. any prejudice claimed by defendants in failing to observe the deponents' demeanor can be cured by defendants in one of several ways. The three corporate Defendants can provide videoconferencing or pay for its counsel to fly to Florida to conclude its deposition by telephone without any prejudice to Defendants.

1

## STATEMENT OF FACTS

Plaintiff already has traveled once from her home in Naples. Florida to Wilmington. Delaware for the entire day of her deposition. The first day of the deposition began at 10:05 a.m., adjourned at 7:00 p.m., with approximately 1 hour and 17 minutes in breaks. See Ex. C at 1, 214-15, 239 (indicating on page 214, that 1 hour and 12 minutes in breaks had been taken before a final brief recess was taken at 6 p.m.).[1] Despite more than 7.5 hours of examination. Defendant did not complete its examination of Plaintiff on issues of liability. Nor did it even begin to question Plaintiff on issues of damages or mitigation. Id. at 214-15. Accordingly, more than two months later on October 4, 2006, Plaintiff, who had to use non-refundable, prepaid air travel and accrued vacation time from her current employer to attend a family wedding in Delaware, offered to again produce herself for the conclusion of her deposition in October in Wilmington. See E-mail from J. LaRosa to S. Affrunti of 10/4/06 (Exhibit D). At that time. Defendant declined to continue the deposition in October. See E-mail from S. Affrunti to J. LaRosa of 10/4/06 at ¶ 2 (Exhibit E). More importantly, Plaintiff's two weeks of annual accrued vacation time with her current employer is exhausted. Furthermore, her employer is prohibiting all employees from taking time off after December 15th. See E-mail from J. LaRosa to S. Wilson of 11/9/06 (Exhibit H).

Accordingly, Plaintiff has agreed to make herself available for a deposition by telephone on Saturday, December 2, 2006. Id. The parties have agreed to the date of December 2, 2006, on which to continue the deposition. See E-mail from S. Wilson to J. LaRosa of

---

[1] All references to Exhibits in this Reply refer to the Exhibits attached to Plaintiff's original Motion for Protective Order Under Rule 26(c). See D.I. 25.

11/10/06 (Exhibit I). However, Defendant refuses to complete the deposition by telephone. Id.

## ARGUMENT

**I.     THE COURT SHOULD ISSUE A PROTECTIVE ORDER FOR DEFENDANTS TO COMPLETE PLAINTIFF'S DEPOSITION BY TELEPHONE.**

The Court should issue a protective order for Defendants to complete Plaintiff's deposition by telephone because the Florida-resident-Plaintiff had no realistic choice of forum in this employment discrimination case other than Delaware where she was formerly employed and discharged by Defendants. Moreover, Defendants cannot demonstrate good cause why the deposition should not be concluded by telephone. Also, requiring Plaintiff to fly to Delaware now for a second day of examination will cause undue hardship on her. Finally, any prejudice claimed by defendants in failing to observe the deponents' demeanor can be cured by defendants in one of several ways.

As a general rule, "a plaintiff may expect to be deposed at the place where the suit was filed." In re Barrett Estate, 1994 WL 274004, at *1 (Del. Ch. 1994). However, "a court has considerable discretion in determining where a deposition of a plaintiff should be held if it is objected that it would be a hardship or unreasonably burdensome for the plaintiff to appear for the deposition in the district where suit was filed." Id. (citing Ellis Air Lines v. Bellanca Aircraft Corp., 17 F.R.D. 395 (D. Del. 1955)). Thus, there are four applicable exceptions to this general rule where the court will not require the plaintiff to physically appear in the forum for deposition and instead will issue a protective order.

**A.     Plaintiff Had No Realistic Choice of Forum and Should Not Be Punished by Being Required to Again Fly to Delaware to Conclude the Deposition.**

The first "reason for entering a protective order is that the plaintiff had no realistic choice

3

of forum, and therefore should not be punished, in effect, for filing in the only possible jurisdiction." In re Barrett Estate, 1994 WL 274004, at *1 (Del. Ch. 1994)(citing Kovalsky v. Avis Rent-A-Car, Inc., 48 F.R.D. 453 (D. Puerto Rico 1969)(holding that plaintiff living in New Jersey had no choice of forum other than Puerto Rico and that it would be unreasonable to require her to travel there for her deposition). In essence, "[t]he general principle that the plaintiff must come to the forum [s]he has chosen loses force if [s]he had no choice of forum to begin with." In re Barrett Estate, 1994 WL 274004, at *1 (Del. Ch. 1994). Here, Plaintiff had no realistic choice of forum in her employment discrimination case other than the State in which she was employed and ultimately discharged. Defendants do not contest jurisdiction or venue. Therefore, she should not be punished for filing in the only possible jurisdiction by being required to again fly back from Florida to Delaware for a second day of deposition.

**B.    Defendants Cannot Demonstrate Good Cause Why The Deposition Should Not Be Concluded by Telephone.**

Defendants cannot demonstrate good cause why the deposition should not be concluded by telephone, and any prejudice claimed by defendants in failing to observe the deponents' demeanor can be cured by defendants in one of several ways. Under Federal Rule 30(b)(7), "the court may upon motion order that a deposition be taken by telephone or other remote electronic means." Loughin v. Occidental Chem. Corp., 234 F.R.D. 75, 76 (E.D. Pa. 2005). "The burden is on the party opposing the deposition to establish why it should not be conducted by telephone." Id. Here, Defendants argue that counsel would be unable to observe the Plaintiff if the deposition is concluded by telephone. However, defendants' "desire to observe the deponent['s] demeanor during the deposition . . . without more, does not amount to good cause." Id. at 77.

4

Because "[t]elephonic depositions inherently lack face-to-face questioning. . . . to deny a request to conduct a telephonic deposition solely because of the opponent's inability to observe the witness would be tantamount to repealing Fed.R.Civ.P. 30(b)(7)." Id. Therefore, Defendants' argument that it could not observe the Plaintiff is an insufficient reason for requiring her to appear in person in Delaware for the conclusion of her deposition.

C.     **Requiring Plaintiff to Again Fly to Delaware Would Cause an Unusual and Serious Hardship on Her.**

Also, the general rule "is not adhered to if the plaintiff can show good cause for not being required to come to the district where the action is pending." In re Barrett Estate, 1994 WL 274004, at *1 (Del. Ch. 1994). For this reason, "a protective order will be granted if the plaintiff is physically and financially unable to come to the forum or if to do so would cause unusual and serious hardship to the plaintiff." Id. Thus, where "examination at the designated place will cause undue hardship, the court makes an order in the alternative, providing that the examination be held at some other place or that the party seeking the examination pay travel expenses for the deponent to the place he has chosen or that the deposition be taken [by another method such as] on written interrogatories rather than orally, thus leaving the choice of method to the party who wishes the examination." Id. at *1.

Here, Plaintiff already appeared once in Delaware for an entire day of deposition. When Defendant did not complete the deposition in July, Plaintiff offered to make herself available to conclude the deposition in October. However, Defendant did not proceed at that time. Now, Plaintiff's remaining vacation days are exhausted with her current employer. Moreover, Defendants have not offered to pay for her to again fly from Florida to Delaware for the

5

deposition it was unable to conclude in July. Thus, to now require Plaintiff to again fly back from Florida to Delaware at her expense would cause an unusual and serious hardship on her. Furthermore, Defendants can remedy this by choosing another method of examination to conclude the deposition, such as by written interrogatories or by telephone.

### D.    Defendants Can Cure Any Prejudice It Claims From a Telephone Deposition.

Finally, Defendants can cure any prejudice it claims from a telephone deposition. "[D]efendants can cure any prejudice they claim from failing to observe the deponents' demeanor by traveling . . . to participate in the deposition[] in person." Id. (allowing defense counsel to travel from Pennsylvania to California and New York to attend depositions in person). See also Cacciavillano v. Ruscello, Inc., 1996 WL 745291, at *2-3 (E.D. Pa. 1996)(giving defendants option to pay expenses of plaintiff and plaintiff's counsel for traveling to Arizona for live deposition or allowing party taking the deposition to do so by videoconferencing). In Loughlin, because the defendants did not satisfy their burden of demonstrating good cause why the depositions should not be conducted by telephone and because any prejudice they claimed could be easily cured, telephone depositions were permitted.

Here too, Defendants have not demonstrated good cause why Plaintiff's deposition must be concluded in person. Its mere assertion of inability to observe the Plaintiff is insufficient. To deny a telephone deposition on that ground would be tantamount to repealing Fed.R.Civ.P. 30(b)(7). Furthermore, the three corporate Defendants can cure any prejudice they claim by providing videoconferencing or by paying for its counsel to fly to Florida to conclude its deposition by telephone without any prejudice to Defendants.

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that its Motion for a

Protective Order be granted and that Defendants' request for emergency relief be denied.

**THE NEUBERGER FIRM, P.A.**
**THOMAS S. NEUBERGER, ESQ.**
Delaware Bar No. 243
Two East Seventh Street, Suite 302
Wilmington, Delaware 19801
(302) 655-0582
TSN@NeubergerLaw.com

**LAW OFFICE OF JOHN M. LaROSA**

/s/ John M. LaRosa
**JOHN M. LaROSA, ESQ.**
Delaware Bar No. 4275
Two East 7th Street, Suite 302
Wilmington, Delaware 19801-3707
(302) 888-1290
JLR@LaRosaLaw.com

Dated: November 27, 2006                Attorneys for Plaintiff Linda J. Blozis

7

Westlaw.

Not Reported in F.Supp.

Not Reported in F.Supp., 1996 WL 745291 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.)**

**H**
Briefs and Other Related Documents
Cacciavillano v. Ruscello, Inc.E.D.Pa.,1996.Only
the Westlaw citation is currently available.
United States District Court, E.D. Pennsylvania.
ANNE MARIE CACCIAVILLANO, PLAINTIFF,
v.
RUSCELLO, INC., t/a LUIGI'S Restorante Italiano,
Amed Abdelmonesif, Individually and as President
and Chief Executive Officer, Ruscello, Inc., a/k/a
Emed Abdelmnisis, Defendants.
No. CIV. A. 95-5754.

Dec. 23, 1996.

*MEMORANDUM AND ORDER*
HUYETT, J.
**\*1** Plaintiff Anne Marie Cacciavillano ("Plaintiff")
has filed a Motion for a Protective Order and a
Motion for a Videotaped Trial Deposition.

By Order of December 17, 1996, this Court denied
a Motion for Protective Order ("original motion")
filed by plaintiff, Anne Marie Cacciavillano ("
Plaintiff") without prejudice for failing to comply
with the good faith requirement of Fed.R.Civ.P.
26(c). The December 17, 1996 Order stated that
Plaintiff could refile the motion after making a good
faith effort to resolve the dispute.

Although Plaintiff did not refile a complete Motion,
Plaintiff has filed a certification of good faith effort
and an affidavit attempting to address the Court's
concern that "Plaintiff's blanket assertion of
intimidation is not sufficient to justify prevention of
Defendant Amed Abdelmonesif from attending the
deposition." (Dec. 17, 1996 Order p. 3). Thus the
Court will assume that the submission supplements
and renews Plaintiff's original motion. The Court
will consider Defendants' response to Plaintiff's
original motion and Defendant does not need to file
further response. The issues have been briefed in
full. The only point that Plaintiff's supplement

successfully adds to Plaintiff's original motion is the
affidavit of good faith effort.

Plaintiff, in her original motion and supplement,
offers three reasons why a protective order should
be granted (1) a deposition in Arizona would be
unduly burdensome in time and expense; (2)
another witness, Eric Tranter, is available only on
December 20, 1996 and January 2, 1997. Counsel
for Plaintiff cannot attend on December 20, 1996 so
January 2, 1997 is the only date available for Eric
Tranter's deposition; and (3) Plaintiff believes that
if a face-to-face deposition of the witness-attended
by Defendant Amed Abdelmonesif-occurs,
Abdelmonesif will attempt to intimidate or
influence the witness.

(1) *Plaintiff's claim that a deposition in Arizona*
*would be unduly burdensome in time and expense:*
In its December 17, 1996 Order, the Court noted:
Both parties wish to depose the witness. Plaintiff
has not explained why it would be unduly
burdensome or expensive to attend the deposition in
Arizona, but not to use teleconferencing equipment.
The Court also notes that Plaintiff had noticed a
deposition of the same witness to occur in Arizona,
and by Order of October 24, 1996, Defendants were
granted a protective order, suggesting that the costs
of attending a deposition in Arizona are not unduly
burdensome for Plaintiff.

Plaintiff has failed to address this issue in her
supplement. However, the defendants are insisting
on taking the deposition face-to-face at this time,
and it is Plaintiff who objects to this out-of-state
deposition and is willing to provide and use an
alternate means of deposing the witness. Thus, if
the defendants insist on taking the deposition in
Arizona, they must pay the expenses to Plaintiff and
Plaintiff's counsel of attending a deposition in
Arizona.

**\*2** (2) *Plaintiff's claim that Attending a Deposition*
*on January 2, 1997 would prevent her from*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.

Not Reported in F.Supp., 1996 WL 745291 (E.D.Pa.)
(Cite as: Not Reported in F.Supp.)

*deposing Eric Tranter on the same day.* In its
December 17, 1996 Order the Court noted:
Plaintiff has failed to show why December 2, 1996
is the only day that Eric Tranter's deposition can be
taken. Plaintiff states that she is unavailable on
December 20, 1996, the only other date Eric
Tranter is available, but does not state why.
Additionally, Plaintiff does not explain why no
other attorney from Plaintiff's office can attend one
of the depositions while she is at the other.

Plaintiff has not addressed this in her supplemental
affidavit and the Court does not accept this as a
justification for granting the protective order.

(3)  *Plaintiff's claim that Defendant Amed
Abdelmonesif will attempt to intimidate or influence
the witness at a face-to-face deposition.* The
supplemental affidavit of Plaintiff's counsel states
that she "learned" that a Ms. Blau told Jennifer
Keyes that after the first trial, defendant Amed
Abdelmonesif went to a restaurant where Ms. Blau
works, left her a "huge" tip, and stated "[t]hanks for
not testifying against me." Plaintiff's attorney
stated that she "later learned" that "Ms. Blau told
Ms. Keyes" that it was after she had lunch at Luigi's
and spoke to Amed Abdelmonesif that Ms. Blau
had decided not to testify.

Counsel for Plaintiff states that she "believe[s]" the
witness in Arizona "received compensation for not
testifying in this case" and that "Mr. Abdelmonesif
will persuade [her], or attempt to persuade [her], to
testify favorably to him in his case, or to withhold
truthful testimony favorable to Anne Marie
Cacciavillano." Counsel for Plaintiff bases this
belief on what she has "learned" Ms. Blau told Ms.
Keyes about Ms. Blau's experiences with defendant
Abdelmonesif.

Counsel for Plaintiff has not provided grounds to
prevent defendant Abdelmonesif from being present
at a live deposition. Courts have excluded a party
from a deposition in extraordinary circumstances.
Wright, Miller & Marcus, Federal Practice and
Procedure § 2041 (1994). Plaintiff has failed to
offer anything more than facts which exist in most
civil litigation. Often witnesses do not wish to be
helpful in a trial. Plaintiff states that Mr.

Abdelmonesif gave a large tip and thanked Ms.
Blau for not testifying. This is not sufficient to
prevent Mr. Abdelmonesif from attending Ms.
DiFrancesco's deposition. However, the Court will
limit the contact that the parties may have with the
witness. No party, party's counsel or party's agents
will be permitted to have contact with the witness
Gina    DiFrancesco-before    or    after    the
deposition-until the trial is completed with one
exception. Each party, through its counsel will be
permitted to write the witness one letter stating the
subject of the deposition and any other necessary
information counsel needs to impart.

II. Plaintiff's motion for a videotaped trial deposition

*3 Plaintiff has moved for the Court to order a
videotaped trial deposition by telephonic and
stenographic recording of the witness. Federal Rule
of Civil Procedure 30(b)(7) authorizes depositions
by remote electronic means. "[S]uch permission
should be granted unless an objecting party will
likely be prejudiced or the method employed ·
would not reasonably ensure accuracy and
trustworthiness." " *Fireman's Fund Ins. Co. v.
Zoufaly,* 1994 WL 583173, No. 93 CV 1890
(S.D.N.Y.1994) (citing *Rehau v. Colortech, Inc.,*
145 F.R.D. 444, 446 (W.D.Mich.1993)). Thus,
authorization of an electronic deposition does not
depend upon a showing of hardship by the
applicant. *Id.*

Plaintiff states that the witness will "appear on
videoconference and [be] deposed telephonically,
so that all persons can see and hear one another, and
will   be   stenographically   recorded,   at   a
videoconference facility in Phoenix, Arizona, near
the witness' place of residence." Plaintiff states
that the technology available today will allow for
interactive      video-conferencing,      videotape,
telephonic testimony, and stenographic recording ..."
Plaintiff has represented to the Court that counsel
will be able to view the witness as she testifies,
while at the same time, the witness is being
videotaped for the jury. Defendants respond that
this deposition would be by "extraordinary and
awkward means" and that it is unreliable and
confusing. The stenographic transcription should
adequately protect the reliability of the proceedings.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                    Page 3

Not Reported in F.Supp., 1996 WL 745291 (E.D.Pa.)
(Cite as: Not Reported in F.Supp.)

and the fact that the technology is new does not necessarily mean that it is confusing. As Judge Newcomer noted in *Davis v. Sedco Forex*, Civ. A. No. 86-2611 (E.D.Pa.1986) 1986 WL 13301, "[t]he Rules of Civil Procedure favor the use of our technological benefits in order to promote flexibility, simplify the pretrial and trial procedure and reduce expense to parties." The Court assumes that the videotaped deposition would be in lieu of a live deposition. Thus, Plaintiff will be permitted to conduct a videotaped deposition if Defendant elects not to pay Plaintiff's and Plaintiff's counsels expenses for traveling to Arizona.

An appropriate order follows.

### ORDER

It is ORDERED that Plaintiff's Motion for a Protective Order is GRANTED IN PART and Plaintiff's motion for the Court to order a videotaped trial deposition by telephonic and stenographic recording of the witness is GRANTED IN PART:

A. By Monday, December 23, 1996 at 5:00 p.m., Defendants shall elect whether (1) to pay for the expenses of Plaintiff and Plaintiff's counsel for travelling to Arizona for the deposition of Gina DiFrancesco on January 2, 1997 or (2) whether to attend the videotaped deposition scheduled by Plaintiff on December 27, 1996.

B. No party, party's counsel or party's agents shall have contact with the witness Gina DiFrancesco-before or after the deposition is taken-until the second trial is completed with one exception. Each party, through its counsel may write the witness one letter stating the subject of the deposition and any other necessary information counsel needs to impart.

*4 C. Plaintiff may take the videotaped deposition on December 27, 1996 if Defendants opt not to pay for her and her counsel's costs to travel to Arizona.

D. As there is no reason to have oral argument on a simple discovery motion, Defendants' request for

oral argument on the videotaped deposition is DENIED.

IT IS SO ORDERED.

E.D.Pa.,1996.
Cacciavillano v. Ruscello, Inc.
Not Reported in F.Supp., 1996 WL 745291 (E.D.Pa.)

Briefs and Other Related Documents (Back to top)

• 2:95cv05754 (Docket) (Sep. 12, 1995)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in A.2d. 1994 WL 274004 (Del.Ch.)
(Cite as: Not Reported in A.2d)

**H**
Barrett Estate.Del.Ch..1994.Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.
Court of Chancery of Delaware.
Re Dorothy BARRETT ESTATE
No. RW-76.

June 1. 1994.

Gilbert F. Shelsby. Jr.. Mason, Ketterman & Morgan. Wilmington.
James D. Griffin, Griffin & Hackett. P.A.. Georgetown.
RICHARD KIGER. Master in Chancery.
*1 As a follow-up on our telephone discussion of last week regarding the locus of a deposition of a party bringing an action in Sussex County. Delaware, the case I mentioned to you in the course of that discussion is *Schreiber v. Carney*, Del.Ch.. C.A. No. 6202, Hartnett. V.C. (Dec. 3. 1982). While *Schreiber* discusses the place of deposition of corporate defendants. it does not go into the same subject for plaintiffs. and so to the extent that I cited it for such matters my recollection of it was at fault.

In reconsidering the subject today. I have not found any help in either the Rules of this Court or the Civil Rules for Superior Court. The most useful short treatment of the subject I have found is in *Kostek v. 477 Corporation*, Cn.Super.. 316 A.2d 423 (1974). Judge Rubinow's statement in *Kostek* that "There are no reported Connecticut cases that considers this question" applies equally well to the Delaware cases. reported or unreported. so far as I can find. Without repeating it here. the lengthy quotation in *Kostek*, at page 424, from a note a Note at 74 Harvard Law Review 940 (1961), makes the point very well that ordinarily a plaintiff may expect to be deposed at the place where the suit was filed.

In support of this proposition, *Kostek* cites *Anthony*

*v. RKO Radio Pictures, Inc., S.D.N.Y.. 8 F.R.D. 422 (1948). Anthony* has been cited. so far as I can tell. only once in this jurisdiction. In *Ellis Air Lines v. Bellanca Aircraft Corporation*, D.Del.. 17 F.R.D. 395 (1955). Judge Rodney noted that a court has considerable discretion in determining where a deposition of a plaintiff should be held if it is objected that it would be a hardship or unreasonably burdensome for the plaintiff to appear for the deposition in the district where suit was filed. In the case before the District Court. an officer of the plaintiff would have had to travel from Alaska to Delaware. although there was reason to believe that the deposition would be quite short and that the witness in question would not be called to appear at the trial.

Another reason for entering a protective order is that the plaintiff had no realistic choice of forum, and therefore should not be punished. in effect, for filing in the only possible jurisdiction. *See Kovalsky v. Avis Rent-A-Car, Inc.,* D.Puerto Rico, 48 F.R.D. 453 (1969), holding that the plaintiff. who lived in New Jersey, had no choice of forum other than Puerto Rico. and that it would be unreasonable to require her to travel there for her deposition.

In an essay on discovery. Professor Wright states that
As a normal rule plaintiff will be required to make himself available for examination in the district in which he has brought suit. Since he has selected the forum, he will not be heard to complain about having to appear there for a deposition. But this is at best a general rule. and is not adhered to if the plaintiff can show good cause for not being required to come to the district where the action is pending. Thus a protective order will be granted if the plaintiff is physically and financially unable to come to the forum or if to do so would cause unusual and serious hardship to the plaintiff. The general principle that the plaintiff must come to the forum he has chosen loses force if he had no choice

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                          Page 2

Not Reported in A.2d, 1994 WL 274004 (Del.Ch.)
**(Cite as: Not Reported in A.2d)**

of forum to begin with. Commonly where a sufficient showing is made that examination at the designated place will cause undue hardship, the court makes an order in the alternative, providing that the examination be held at some other place or that the party seeking the examination pay travel expenses for the deponent to the place he has chosen or that the deposition be taken on written interrogatories rather than orally, thus leaving the choice of method to the party who wishes the examination.

**\*2** (Footnotes omitted.) Wright, *Discovery,* 35 F.R.D. 39, 59 (1963).

In the present case, I think it is beyond dispute that there was no alternative choice of forum. Mrs. Barrett died a domiciliary of Delaware and her estate had to be probated here, and so Delaware was the only forum in which to bring a number of charges in connection with the estate and matters predating Mrs. Barrett's death. Having said that, the hardship to the challengers, the plaintiffs, if you will, is minimal. They are not travelling from New Jersey to Puerto Rico, or from Alaska to Delaware. Their journey is from somewhere in the State of Maryland to Georgetown, Delaware. This may be inconvenient for them, but so would it be inconvenient for Mr. Griffin and his client to travel to Baltimore. There being no compelling reason to depart from the principle that a party who brings suit in a jurisdiction may be compelled to appear for a deposition there, I continue to hold the view that the depositions of the plaintiffs should be conducted in Sussex County, the parties not having been able to agree upon another site for the depositions. This is consistent with the general comments I made in the teleconference. Consequently, the plaintiffs shall make themselves available for depositions in Sussex County.

IT IS SO ORDERED.

Del.Ch.,1994.
Barrett Estate
Not Reported in A.2d, 1994 WL 274004 (Del.Ch.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

<u>**CERTIFICATE OF SERVICE**</u>

I, John M. LaRosa, being a member of the Bar of this Court, do hereby certify that on

November 27, 2006, I caused two (2) copies of **PLAINTIFF'S REPLY BRIEF IN SUPPORT**

**OF HER MOTION FOR PROTECTIVE ORDER UNDER RULE 26(c)** to be sent via

CM/ECF to the following:

> Thad Bracegirdle, Esquire
> Reed Smith LLP
> 1201 Market Street-Suite 1500
> Wilmington, DE 19801
>
> John C. Unkovic, Esquire
> Reed Smith LLP
> 435 Sixth Avenue
> Pittsburgh, PA 15219
>
> Sherri Affrunti, Esquire
> Stephanie Wilson, Esquire
> Reed Smith LLP
> 136 Main Street
> Princeton, NJ 08540

> /s/ John M. LaRosa
> **JOHN M. LaROSA, ESQ.**

cc:    Thomas S. Neuberger, Esquire (via hand delivery)
       Ms. Linda J. Blozis (via U.S. mail)

Attorney Files/John's Files/Client Files/Blozis/Pleadings/Motions and Briefing/Reply for Motion for Protective Order