IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LINDA J. BLOZIS,<br><br>      Plaintiff,<br><br>v.<br><br>MELLON TRUST OF DELAWARE, NATIONAL ASSOCIATION, a Pennsylvania corporation; MELLON BANK, NATIONAL ASSOCIATION, (formerly MELLON BANK (DE) NATIONAL ASSOCIATION), a Pennsylvania corporation: and MELLON FINANCIAL CORPORATION, a Pennsylvania corporation,<br><br>      Defendants. | :<br>:<br>:<br>:<br>:    C.A. NO. 05-891 SLR<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**PLAINTIFF'S ANSWERING BRIEF
IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

 

THE NEUBERGER FIRM, P.A.
THOMAS S. NEUBERGER, ESQ. (#243)
STEPHEN J. NEUBERGER, ESQ. (#4440)
Two East Seventh Street, Suite 302
Wilmington, Delaware 19801
(302) 655-0582
TSN@NeubergerLaw.com
SJN@NeubergerLaw.com

LAW OFFICE OF JOHN M. LaROSA
JOHN M. LaROSA, ESQ. (#4275)
Two East 7th Street, Suite 302
Wilmington, Delaware 19801-3707
(302) 888-1290
JLR@LaRosaLaw.com

Dated: March 12, 2007                    Attorneys for Plaintiff

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................. v

NATURE AND STAGE OF THE PROCEEDINGS ....................................................... 1

SUMMARY OF ARGUMENT ........................................................................................ 2

STATEMENT OF FACTS ............................................................................................... 3

    I.  Parties. .................................................................................................................. 3

    II.  Plaintiff's Good and Excellent Performance Record. ......................................... 4

        A.  Excellent Performance Under Linda Squier and
            Martha Fetters Until September of 1998. ................................................. 4

        B.  Good Performance Under Becker:
            September of 1998 to December of 2002. ................................................ 4

            1.  Covering for Becker: 2001-2002. ..................................................... 5

    III.  Gilmore Actively Manages Plaintiff: 2003. ..................................................... 5

    IV.  Demonstrated Antagonism: Gilmore Curses the "Survivor". ......................... 6

        A.  Code Words By the Decisionmaker. ....................................................... 6

    V.  Plaintiff's Protected Activity:
        Filing an Age Discrimination Complaint Against Gilmore. ............................. 8

        A.  Gilmore's Awareness of Protected Activity. ........................................... 8

    VI.  Adverse Actions Following Protected Activity. .............................................. 8

        A.  "Final" Written Warning. ......................................................................... 8

        B.  More and More Criticism. ........................................................................ 9

        C.  The Discharge. .......................................................................................... 9

    VII.  Gilmore Then Hires a Younger Replacement Who
         Did Not Pull Her Own Weight. ...................................................................... 10

STANDARD OF REVIEW ............................................................................................ 10

ARGUMENT ..................................................................................................................11

I.   PLAINTIFF HAS ESTABLISHED A
     PRIMA FACIE CASE OF ADEA RETALIATION. ................................................11

     A. Plaintiff Engaged in Protected Activity. ..............................................................12

     B. Plaintiff Was Subject To Adverse Employment Action
        Subsequent To The Protected Activity. ................................................................12

     C. A Causal Link Is Easily Proven. ...........................................................................12

        1. Knowledge of Protected Conduct. ...................................................................13

        2. Unduly Suggestive Temporal Proximity. .........................................................13

        3. Demonstrated Antagonism. ..............................................................................13

        4. Violation of Rules, Policies, or Procedures. ....................................................14

        5. Falsehoods and Other Pretextual Reasons. ......................................................14

        6. The Evidence as a Whole. ................................................................................15

II.  PLAINTIFF ALSO HAS PROVEN A PRIMA FACIE CASE
     THAT SHE WAS DISCHARGED BECAUSE OF HER AGE. ................................15

     A. Step 1: A Prima Facie Case Has Been Proven. ....................................................15

        1. Plaintiff Was Qualified for Her Job of Over 13 Years. ...................................16

        2. Substantially Younger Replacement. ...............................................................17

III. UNDER A PRETEXT THEORY, PLAINTIFF HAS SUFFICIENT
     EVIDENCE OF PRETEXT TO GO TO THE JURY UNDER
     PRONGS 1 AND 2 OF FUENTES v. PERSKIE, 32 F.3d 759 (3d Cir. 1994). ..........18

     A. Step 2: Defendants' Burden. .................................................................................18

     B. Step 3: Plaintiff's Ultimate Burden. .....................................................................18

        1. Prong 2 - The Weight of the Evidence. ...........................................................21

           a. The Weight of the Evidence Demonstrates
              Retaliation is the Reason Plaintiff Was Discharged. ..................21

           b. The Weight of the Evidence Also Demonstrates Age
              Discrimination is the Reason Plaintiff Was Discharged. ............21

(1). The Double Standard for the 57 Year
Old Plaintiff and Her 23 Year Old Peer. ......................22

(a). Gilmore Praised the Younger Dunlop
But Ignored Plaintiff's Work. ...........................22

(b). Gilmore Singled Plaintiff Out, Violated Mellon
Policies, and Refused to Allow Teammates to
Assist Her, but Applied a Different Standard to
Younger Employees. ............................................23

(c). Plaintiff Was Singled Out and
Denied a Bonus. ...................................23

(d). Plaintiff Was Singled Out and
Denied Vacation. .................................24

(2). Discriminatory Motive. ..................................................26

(a). Older Employees Eliminated. ............................26

(b). Younger Employees Hired. ................................27

(3). Code Words By the Decisionmaker. ..............................28

2. Prong 1 - The Weaknesses, Implausibilities, Inconsistencies,
Incoherencies, or Contradictions in Defendants' Case. ............................29

a. Inconsistencies and Contradictions. ............................................29

(1). Defendants' Contradictory Statements About
When Gilmore Decided to Issue the "Final"
Written Warning. ............................................................29

(2). An Initial Written Warning is
Separate from a Performance Review. ......................30

b. Weaknesses, Incoherencies, and Implausibilities. .........................31

(1). Plaintiff's Job Responsibilities Changed Many
Years Before the Performance Criticisms. ....................31

(2). Plaintiff's Failure to Complete Projects in a
Timely Manner Due to Excessive Workload. ................32

|  |  |  |
|---|---|---|
|  | (3). Lack of Ownership of Projects Due to Managers Dumping Their Duties Onto Her. | 32 |
|  | (4). Insufficient Product Knowledge Due to Lack of Training. | 33 |
| IV. | THE SHAM AFFIDAVIT DOCTRINE APPLIES TO DEFENDANTS' CONTRADICTORY POST-DEPOSITION DECLARATIONS. | 33 |
| V. | DEFENDANTS ALSO DISCRIMINATED AGAINST PLAINTIFF IN THE TERMS AND CONDITIONS OF HER EMPLOYMENT BECAUSE OF HER AGE. | 35 |
|  | A. Defendants Took Adverse Action Against Plaintiff. | 35 |
| VI. | DEFENDANTS ALSO DISCRIMINATED AGAINST PLAINTIFF IN THE TERMS AND CONDITIONS OF HER EMPLOYMENT BECAUSE OF HER SEX. | 36 |
| CONCLUSION |  | 38 |

## TABLE OF AUTHORITIES

**Page**

**Cases**

Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995) ...................................................... 28

Abramson v. William Paterson College of N.J., 260 F.3d 265 (3d Cir. 2001) ..................... 28

Adkins v. Rumsfeld, 389 F.Supp.2d 579 (D.Del. 2005) ...................................................... 13

Albright v. City of Phila., 399 F.Supp.2d 575 (E.D.Pa. 2005) ............................................ 28

Aman v. Cort Furniture Rental Corp., 85 F.3d 1074 (3d Cir. 1996) ................................... 28

Andrews v. City of Phila., 895 F.2d 1469 (3d Cir. 1990) .................................................... 15

Baer v. Chase, 392 F.3d 609 (3d Cir. 2004) ........................................................................ 34

Boyle v. County of Allegheny, Pa., 139 F.3d 386 (3d Cir. 1998) ....................................... 10

Bray v. Marriott Hotels, 110 F.3d 986 (3d Cir. 1997) ................................................... 14, 19

Brennan v. Norton, 350 F.3d 399 (3d Cir. 2003) ................................................................. 22

Burlington Northern and Santa Fe Ry. Co. v. White, -- U.S. --, 126 S.Ct. 2405 (2006) ...... 12

Burns v. Board of County Com'rs of Jackson County, 330 F.3d 1275 (10th Cir. 2003) ..... 34

Cain v. Green Tweed & Co., Inc., 832 A.2d 737 (Del. 2003) ............................................. 34

Castaneda v. Partida, 430 U.S. 482 (1977) ......................................................................... 30

Collins v. State of Ill., 830 F.2d 692 (7th Cir. 1987) ........................................................... 36

Cox v. Louisiana, 379 U.S. 536 (1965) ............................................................................... 37

Creasy v. Novelty, Inc., 2005 WL 2787022 (M.D.Pa. Oct. 26, 2005) ................................. 28

Dilenno v. Goodwill Indus. of Mid-Eastern Pa., 162 F.3d 235 (3d Cir. 1998) ................... 35

Durham Life Insur. Co. v. Evans, 166 F.3d 139 (3d Cir. 1999) .......................................... 36

EEOC v. Wyeth Pharm., 2004 WL 503417 (E.D.Pa. Mar. 11, 2004) .................................. 12

Ezold v. Wolf, Block, Schorr and Solis-Cohen, 983 F.2d 509 (3d Cir. 1992) ..................... 15

Farrell v. Planters Lifesavers Co., 206 F.3d 271 (3d Cir. 2000)..................................12, 14

Fasold v. Justice. 409 F.3d 178 (3d Cir. 2005) ..........................................................13

Fuentes v. Perskie, 32 F.3d 759 (3d Cir. 1994) ..................................................18, 19, 20

Furnco Constr. Corp. v. Waters, 438 U.S. 567 (1978) .............................................16, 21

Glanzman v. Metropolitan Mgt. Corp., 391 F.3d 506 (3d Cir. 2004) ...............................11

Greenway v. International Paper Co., 144 F.R.D. 322 (W.D.La. 1992)...........................34

Hartwell v. Lifetime Doors, Inc., 2006 WL 381685 (E.D.Pa. Feb. 16, 2006) ...................28

Hill v. City of Scranton, 411 F.3d 118 (3d Cir. 2005) .......................................11, 34, 37

Hugh v. Butler County Family YMCA, 418 F.3d 265 (3d Cir. 2005)..............................17

Iadimarco v. Runyon, 190 F.3d 151 (3d Cir. 1999)......................................................15

Jalil v. Avdel Corp., 873 F.2d 701 (3d Cir. 1989).............................................12, 13, 17

Jones v. School Dist. of Phila., 198 F.3d 403 (3d Cir. 1999)....................................18, 36

Kachmar v. Sungard Data Sys., Inc., 109 F.3d 173 (3d Cir. 1997)..................................13

Keenan v. City of Phila., 983 F.2d 459 (3d Cir. 1992)..................................................13

Keller v. Oriz Credit Alliance, Inc., 130 F.3d 1101 (3d Cir. 1997)(en banc)....................10

Kessler v. Westchester County Dep't of Soc. Serv., 461 F.3d 199 (2d Cir. 2006) .............12

King v. Preferred Tech. Group, 166 F.3d 887 (7th Cir. 1999).........................................19

Krouse v. American Sterilizer Co, 126 F.3d 494 (3d Cir. 1997).....................................13

Kunda v. Muhlenberg College, 621 F.2d 532 (3d Cir. 1980).........................................14

Martin v. Merrell Dow Pharm., Inc., 851 F.2d 703 (3d Cir. 1988)..................................34

Marzano v. Computer Sci. Corp. Inc., 91 F.3d 497 (3d Cir. 1996)..................................15

Matczak v. Frankford Candy and Chocolate Co., 136 F.3d 933 (3d Cir. 1997)............15, 17

McDonnell Douglas v. Green, 411 U.S. 792 (1973).....................................................15

McQueeney v. Wilmington Trust Co., 779 F.2d 916 (3d Cir. 1985)................................21

Mroczek v. Bethlehem Steel Corp., 126 F.Supp.2d 379 (E.D. Pa. 2001) .........................12

O'Connor v. Consolidated Coin Caterers Corp., 517 U.S. 308 (1996)..................15, 17

Reeves v. Sanderson Plumbing Prod., Inc., 530 U.S. 133 (2000)..............................20, 34

Resident Advisory Bd. v. Rizzo, 564 F.2d 126 (3d Cir. 1977)......................14

Ridley v. Costco Wholesale Corp., 2007 WL 328852 (3d Cir. Feb. 5, 2007) ..............11

Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d. Cir. 1997) .......................35

Robinson v. SEPTA, 982 F.2d 892 (3d Cir. 1993)......................13

Rodriguez v. Board of Ed., 620 F.2d 362 (2d Cir. 1980)......................36

Saint Mary's Honor Ctr. v. Hicks, 509 U.S. 502 (1993)...................... 20

San Filippo v. Bongiovanni, 30 F.3d 424 (3d Cir. 1994) ......................30

Sempier v. Johnson & Higgins, 45 F.3d 724 (3d Cir. 1995) ......................15, 16, 17

Simpson v. Kay Jewelers, Div. of Sterling, Inc., 142 F.3d 639 (3d Cir. 1998) ..............15

Sheridan v. E.I. DuPont de Nemours and Co.,
  100 F.3d 1061 (3d Cir. 1996)(en banc) ......................10, 11, 14, 15, 16, 18, 19, 20, 21, 29

Showalter v. University of Pittsburgh Med. Ctr.,190 F.3d 231 (3d Cir. 1999) ..............10

Springer v. Henry, 435 F.3d 268 (3d Cir. 2006)......................11

Starceski v. Westinghouse Elec. Corp., 54 F.3d 1089 (3d Cir. 1995) ......................28

Stewart v. Rutgers, the State Univ., 120 F.3d 426 (3d Cir. 1997) ......................14

Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248 (1981) ......................15

Torre v. Casio, Inc., 42 F.3d 825 (3d Cir. 1994) ......................35, 36

U.S. v. Giampa, 758 F.2d 928 (3d Cir. 1985) ......................10, 11

U.S. v. Rockwell, 781 F.2d 985 (3d Cir. 1986) ......................11

Van T. Junkins and Assoc., Inc. v. U.S. Indus., Inc., 736 F.2d 656 (11th Cir. 1984) ......................34

Village of Arlington Heights v. Metropolitan Hous. Dev. Corp., 429 U.S. 252 (1977) ......................14

Watson v. Fort Worth Bank and Trust, 487 U.S. 977 (1988) ......................15

Whitaker v. Trans Union Corp., 2004 WL 1982527 (D.Kan. Sept. 3, 2004) ......................34

Woodson v. Scott Paper Co., 109 F.3d 913 (3d Cir. 1997) ......................13

**Constitutions, Statutes, and Rules**
29 U.S.C. § 623(d) (2000) ...........................................................................................12

Fed.R.Civ.P. 56(c) .......................................................................................................10

## **NATURE AND STAGE OF THE PROCEEDINGS**

This is a case of retaliation, age and sex discrimination under the Age Discrimination in Employment Act ("ADEA") and Title VII, in which Defendants' Team Leader Brendan Gilmore retaliated against 57 year old Plaintiff Linda Blozis. He issued her a "final" performance warning just two weeks after she complained to Human Resources that, because of her age, he had cursed and yelled at her and claimed that her younger peers were capable of more work than her. After her May 1, 2003, age discrimination complaint, Gilmore issued the final warning on May 14th, and ultimately terminated her two months later on July 14th, allegedly for performance reasons despite the fact that she had received satisfactory evaluations for most of her thirteen year career and had no disciplinary action prior to the "final" warning.

Plaintiff filed this action on December 27, 2005. After discovery, the principal witnesses include:

1. Brendan Gilmore, Plaintiff's Team Leader, who was responsible for Defendants' entire Delaware Office and every team member but who took a more active role in managing Plaintiff in 2003. Becker at 15, 54, Landis at 74; B759, 808, 847;

2. Maria Dunlop, Plaintiff's younger peer, who testified that Gilmore did not like Plaintiff and was harder on her than he was on Dunlop. Dunlop at 39, 76; B538, 575;

3. Rosemary Thomas, the Human Resources' representative to whom Plaintiff complained of age discrimination by Gilmore. Thomas at 74; B654;

4. Bill Becker, a Portfolio Officer on Gilmore's Team and Plaintiff's direct supervisor from September of 1998 through 2002, who admittedly stressed her out with an increased workload but who never recommended that she be fired during his more than four years as her boss. Becker at 58, 104, Thomas at 14, 54; B594, 634, 851, 897; and

5. Gregg Landis, a Portfolio Officer and Plaintiff's direct supervisor in 2003, who reported to Gilmore and delivered Gilmore's Final Written Warning to Plaintiff but who was surprised when Defendants ultimately fired her. Thomas at 14, 54, Dunlop at 72-73, 75; B571-72, 574, 594, 634.

Defendants moved for summary judgment. This is Plaintiff's Answering Brief and Appendix.