UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LINDA J. BLOZIS, | : CIVIL ACTION NO. 05-891 (SLR) |
| Plaintiff, | |
| vs. | |
| MELLON TRUST OF DELAWARE, NATIONAL ASSOCIATION; MELLON BANK, NATIONAL ASSOCIATION; MELLON FINANCIAL CORPORATION, | |
| Defendants. | |

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S IRRELEVANT EVIDENCE OF ALLEGED CURSING AND ALLEGED RUDENESS

Defendants Mellon Trust of Delaware, N.A., Mellon Bank, N.A., and Mellon Financial Corporation ("Defendants") submit this memorandum of law in support of their motion to preclude Plaintiff Linda J. Blozis ("Plaintiff") from submitting evidence of alleged instances of rudeness and cursing by manager Brendan Gilmore pursuant to Fed. R. Evid. 401, 402 and 403.

### ARGUMENT

Defendants anticipate that Plaintiff will attempt to present testimony that Mr. Gilmore used a vulgarity and "took the Lord's name in vain" in an April 30, 2003 meeting in which he was reprimanding her for not completing an assignment on time. Defendants also anticipate that Plaintiff will offer testimony that Mr. Gilmore "would be more jovial with the younger people than he would be with older members of the team," and was "aloof, distant, and borderline rude to the older workers." *See* Plaintiff's Answering Brief in Opposition to Motion for Summary Judgment, D.I. 47 at 13.

The alleged vulgarity has no tendency to prove age or sex discrimination and is unfairly prejudicial. The Court should exclude it. The Court should also exclude Plaintiff's testimony concerning alleged "aloofness" toward older employees because allowing such evidence will necessarily require close examination of all such alleged incidents, which simply is not possible in the limited time the Court has to try this case.

A. **ALLEGED CURSING SHOULD BE EXCLUDED**

It is not disputed that Mr. Gilmore was quite angry in the April 30, 2003 meeting he had with Plaintiff to discuss her admitted failure to complete an assignment, preparation of bound books for an important presentation, prior to her leaving on a vacation. That Mr. Gilmore may have "cursed," however, has no relevance to the issue in this case: whether Plaintiff's discharge was motivated by her age or sex. In fact, Plaintiff conceded in her deposition that Mr. Gilmore used the same profanity in the presence of all members of his team and did not single her out. Plaintiff testified as follows:

> Q. Have you heard Mr. Gilmore use profanity before?
>
> A. Regrettably, yes.
>
> Q. And where had you heard him?
>
> A. As I recall, it may have been behind the closed doors when Bill Becker was the investment officer and Brendan would be with him, with Martha Fetters when she was an investment officer and perhaps at team meetings, unfortunately.
>
> Q. During team meetings that he would be holding with the rest of his team?
>
> A. Yes.

(Blozis Dep. at 90) (Annexed hereto as Exhibit "A").

Moreover, evidence of such cursing will prejudice the jury against Mellon and confuse the jury, which may get the (incorrect) impression that such cursing is unlawful. The courts have warned that discrimination laws should not be converted into a "general civility code" and that they are sometimes mistaken as such. *See also Faragher v. Boca Raton*, 524 U.S. 775, 788, 118 S. Ct. 2275, 141 L. Ed. 2d 662 (1998) (noting that the standard for judging hostility under Title VII must be sufficiently demanding so that the statute does not become "a general civility code").

In light of the non-existent probative value of Mr. Gilmore's alleged cursing in the meeting, and the substantial probability that its admission will prejudice and confuse the jury, the Court should preclude Plaintiff from testifying to it.

**B.   EVIDENCE OF ALLEGED "ALOOFNESS" SHOULD BE EXCLUDED**

Plaintiff's anticipated testimony that Mr. Gilmore was "aloof" and "rude" to "older employees" but "jovial" around "younger" employees, should be excluded.

Courts have recognized that testimony of this sort constitutes "'speculation and subjective opinions [which] are not competent evidence.'" *Boyer v. Johnson Matthey, Inc.*, 2005 U.S. Dist. LEXIS 171, at *55-56 (E.D. Pa. Jan. 7, 2005) (testimony that a supervisor "used to hard on the blacks. That's all there is to it" was "not competent evidence") (quoting *Hay v. GMAC Morg. Corp.*, 2003 U.S. Dist. LEXIS 16552, at *25 (E.D. Pa. Sept. 15, 2003)).

The evidence is also inadmissible for the same reasons the Court should preclude alleged evidence of discrimination against other "older" employees: the issue in this case is whether *Plaintiff* was discriminated against, not whether any other person was discriminated against or subjected to "rudeness" or "aloofness." Courts regularly exclude evidence of specific incidents in which decisionmakers supposedly discriminated against other employees aside from the

Plaintiff because such evidence would embroil the courts in mini-trials over those other incidents.[1]

Proving the truth or falsity of the vague accusations, that, as a general matter, Mr. Gilmore was "aloof" from unnamed "older" employees, but "jovial" around the "younger" employees, would be far more burdensome and distracting than any "mini-trial" about an alleged instance of alleged discrimination against other employees. Proving whether Mr. Gilmore, as a general matter, was "aloof" and "rude" to "older" employees but not "younger" ones would literally require an examination of Mr. Gilmore's conduct on every day of his employment during Plaintiff's tenure and his interaction with every person he met each of those days, since every one of them can be classified as either "older" or "younger." It would be unfair for Plaintiff to be permitted to make this vague accusation against Mr. Gilmore without allowing Mellon the opportunity to specifically rebut it. Accordingly, the Court should preclude Plaintiff from offering such evidence.

---

[1] *See, e.g., Moorhouse v. Boeing Co.*, 501 F. Supp. 390 (E.D.Pa. 1980), *aff'd*, 639 F.2d 774 (3d Cir. 1980) ("even the strongest jury instructions could not have dulled the impact of a parade of witnesses, each recounting his contention that defendant had laid him off because of his age").

## CONCLUSION

In conclusion, the Court should exclude Plaintiff's anticipated evidence of alleged cursing in the April 30, 2003 meeting under Fed. R. Evid. 401 and 403. The Court should also exclude any testimony suggesting that, as a general matter, Mr. Gilmore was "aloof" from or "rude" to "older" employees, but "jovial" around younger ones under Fed. R. Evid. 401 and 403.

Respectfully submitted,

REED SMITH LLP

By: *[signature]*
Thad Bracegirdle (No. 3691)
1201 Market Street, Suite 1500
Wilmington, DE 19801
(302) 778-7500

John C. Unkovic (admitted *pro hac vice*)
435 Sixth Avenue
Pittsburgh, PA 15219

Stephanie Wilson (admitted *pro hac vice*)
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, New Jersey 08540
(609)-987-0050

Attorneys for Defendants, Mellon Trust of Delaware National Association, Mellon Bank, National Association, and Mellon Financial Corporation.

Dated: May 22, 2007

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **LINDA J. BLOZIS** | : | |
| **Plaintiff,** | : | **CIVIL ACTION NO. 05-891 (SLR)** |
| **vs.** | : | |
| **MELLON TRUST OF DELAWARE, NATIONAL ASSOCIATION; MELLON BANK, NATIONAL ASSOCIATION; MELLON FINANCIAL CORPORATION** | : | **CERTIFICATE OF SERVICE** |
| **Defendant.** | : | |

I, Thad J. Bracegirdle, being a member of the Bar of this Court, do hereby certify that on May 22, 2007, I caused a true and correct copy of **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S IRRELEVANT EVIDENCE OF ALLEGED CURSING AND ALLEGED RUDENESS** to be served by electronic filing with the Court upon the following counsel of record:

John M. LaRosa, Esq.
Delaware Bar No. 4275
Two East 7th Street, Suite 302
Wilmington, DE 19801-3707
Attorneys for Plaintiff

And

Thomas S. Neuberger, Esquire
Delaware Bar No. 243
Two East Seventh Street, Suite 302
Wilmington, DE 19801
Attorneys for Plaintiff

s/Thad J. Bracegirdle
Thad J. Bracegirdle (No. 3691)