UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LINDA J. BLOZIS, | : CIVIL ACTION NO. 05-891 (SLR) |
| Plaintiff, | : |
| vs. | : |
| MELLON TRUST OF DELAWARE, NATIONAL ASSOCIATION; MELLON BANK, NATIONAL ASSOCIATION; MELLON FINANCIAL CORPORATION, | : |
| Defendants. | : |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION IN LIMINE TO EXCLUDE PLAINTIFFS' EVIDENCE OF
EMOTIONAL DISTRESS DAMAGES WITH RESPECT TO HER ADEA CASE**

Defendants Mellon Trust of Delaware, N.A., Mellon Bank, N.A., and Mellon Financial Corporation ("Defendants") submit this memorandum of law in support of their motion to preclude Plaintiff Linda Blozis ("Blozis") from submitting evidence of alleged emotional distress in the event the Court grants summary judgment on her Title VII and Delaware state law claims but allows Plaintiff's claims under the Age Discrimination in Employment Act, 29 U.S.C. § 621-630 ("ADEA") to go to trial. Emotional distress damages are unavailable in ADEA cases and, accordingly, in the event only Plaintiff's ADEA claim goes to trial, it would be inappropriate for evidence of emotional distress to be presented to the jury.

**ARGUMENT**

**EMOTIONAL DISTRESS DAMAGES ARE UNAVAILABLE UNDER
THE ADEA IN BOTH DISCRIMINATION AND RETALIATION CASES**

Emotional distress damages are unavailable to a Plaintiff asserting a claim for retaliation that the Plaintiff claims is motivated by activity protected under the ADEA. *See Goico v. The*

*Boeing Company*, 347 F. Supp. 2d 986, 997 (D. Kan. 2004).  While the Seventh Circuit has asserted otherwise, notably, in *Travis v. Gary Comm. Mental Health Ctr.*, 921 F.2d 108 (7th Cir. 1990), that decision is unpersausive and the Court should decline to follow it.

It is well recognized as a general principle that plaintiffs are not entitled to recovery for emotional distress in ADEA actions. *See Haskell v Kaman Corp.*, 743 F.2d 113 (2d Cir 1984). The enforcement provisions of the ADEA, which were patterned after the Fair Labor Standards Act, state in part that the ADEA shall be enforced in accordance with the provisions of the FLSA, including 29 U.S.C. § 216 (b). *See* 29 U.S.C. § 626(b). The ADEA further states that any violation of the ADEA shall be deemed a violation of the FLSA and that amounts owing to a person as a result of a violation of the ADEA shall be deemed unpaid wages or overtime compensation under the FLSA. The ADEA provides that in an action under the ADEA the court has jurisdiction to grant **"such legal and equitable relief as may be appropriate** to effectuate the purposes of this chapter, including without limitation judgments compelling employment, reinstatement or promotion, or enforcing the liability for amounts deemed to be unpaid wages or unpaid overtime under this section ..." *Id.* (emphasis added).

"Although this authorization to grant 'such legal ... relief as may be appropriate' could have been broadly interpreted to include tort-type damages for mental anguish and punitive damages, an overwhelming majority of courts ... have long held that such is not the case." *Goico*, 347 F. Supp. 2d at 995 (collecting cases). Moreover, "the courts have similarly held that the FLSA's enforcement provisions, which are incorporated by reference in the ADEA, do not permit a plaintiff to recover mental distress or punitive damages of this type." *Id.* (citing *Goldstein v. Manhattan Industries, Inc.*, 758 F.2d 1435, 1446 (11th Cir. 1985)). Additionally, the United States Supreme Court, in a case dealing with the tax consequences of an ADEA

settlement, rejected the plaintiff's argument that his settlement was not taxable because it was received "on account of personal injuries." *Commissioner of Internal Revenue v. Schleier*, 515 U.S. 323, 326 (1995). The Court explained that "the ADEA provides no compensation for any of the other traditional harms associated with personal injury. Monetary remedies under the ADEA are limited to back wages, which are clearly of an 'economic character,' and liquidated damages, which we have already noted serve no compensatory function." *Id.* at 336.

Notwithstanding this backdrop of strong pronouncements stating that compensatory and punitive damages are unavailable under the ADEA, the Seventh Circuit held that a 1977 amendment to 29 U.S.C. § 216(b), adding language essentially identical to the "appropriate legal relief" provision of the ADEA, changed the FLSA to permit a plaintiff to recover emotional distress damages and punitive damages.[1] *See Travis*, 921 F.2d at 112. The Seventh Circuit reasoned as follows:

> Appropriate legal relief includes damages. Congress could limit these damages, but the 1977 amendment does away with the old limitations without establishing new ones. Compensation for emotional distress, and punitive damages, are appropriate for intentional torts such as retaliatory discharge.

*Id.* The Seventh Circuit cited no legal authority for this statement and failed to discuss any case law interpreting nearly identical ADEA language.

Not surprisingly, in *Goico, supra*, the District of Kansas found *Travis* unpersuasive and held that a plaintiff bringing a retaliation claim under the ADEA was not entitled to emotional distress or punitive damages:

---

[1] The 1977 amendment to 29 U.S.C. § 216(b) provided in part that "Any employer who violates the provisions of section [215(a)(3), i.e. the FLSA anti-retaliation provision] shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section [215(a)(3)], including without limitation employment, reinstatement or promotion and the payment of wages lost and an additional amount as liquidated damages."

> It is not clear at all to this court that the 1977 FLSA amendment was intended to permit recovery of consequential and punitive damages on retaliation claims. In fact, when the amendment is examined in light of the parallel ADEA provisions and the items enumerated in both statutes, the more reasonable interpretation would appear to be that Congress understood the limited remedies available under the ADEA retaliation provision and intended to adopt the same standard for FLSA retaliation claims. Viewed in context, the amendment does not support the view that Congress intended to single out retaliation claims under the FLSA (or ADEA) for potentially far greater recovery than it allowed with respect to virtually all other types of employment discrimination claims.
>
> In sum, the court finds that the Travis exception for retaliation claims is not well-founded, and is not a persuasive basis for abandoning the long-standing rule that damages for mental distress and punitive damages are not available on claims under the ADEA.

*Goico*, 347 F. Supp. 2d at 996-97 (citations omitted).

## **CONCLUSION**

In sum, a plaintiff alleging retaliation under the ADEA is not entitled to emotional distress or punitive damages. Accordingly, the Court should enter an order precluding Plaintiff from offering any evidence of emotional distress in the event the Court dismisses Plaintiff's Title VII and state law claims and permits only Plaintiff's ADEA claims to go to trial.

Respectfully submitted,

REED SMITH LLP

By: /s/ Thad J. Bracegirdle
    Thad J. Bracegirdle (No. 3691)
    1201 Market Street, Suite 1500
    Wilmington, DE 19801
    (302) 778-7500

    Paul P. Rooney (No. 3317)
    599 Lexington Avenue, 28th Floor
    New York, NY 10022

    John C. Unkovic (admitted *pro hac vice*)
    435 Sixth Avenue
    Pittsburgh, PA 15219

    Stephanie Wilson (admitted *pro hac vice*)
    Princeton Forrestal Village
    136 Main Street, Suite 250
    Princeton, New Jersey 08540
    (609)-987-0050

Attorneys for Defendants, Mellon Trust of Delaware National Association, Mellon Bank, National Association, and Mellon Financial Corporation.

Dated: May 22, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LINDA J. BLOZIS | : |
| | : CIVIL ACTION NO. 05-891 (SLR) |
| Plaintiff, | : |
| | : |
| vs. | : |
| | : |
| MELLON TRUST OF DELAWARE, | : CERTIFICATE OF SERVICE |
| NATIONAL ASSOCIATION; MELLON | : |
| BANK, NATIONAL ASSOCIATION; | : |
| MELLON FINANCIAL | : |
| CORPORATION | : |
| | : |
| Defendant. | : |

I, Thad J. Bracegirdle, being a member of the Bar of this Court, do hereby certify that on May 22, 2007, I caused a true and correct copy of **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE PLAINTIFFS' EVIDENCE OF EMOTIONAL DISTRESS DAMAGES WITH RESPECT TO HER ADEA CASE** to be served by electronic filing with the Court upon the following counsel of record:

John M. LaRosa, Esq.
Delaware Bar No. 4275
Two East 7th Street, Suite 302
Wilmington, DE 19801-3707
Attorneys for Plaintiff

And

Thomas S. Neuberger, Esquire
Delaware Bar No. 243
Two East Seventh Street, Suite 302
Wilmington, DE 19801
Attorneys for Plaintiff

s/Thad J. Bracegirdle
Thad J. Bracegirdle (No. 3691)