UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LINDA J. BLOZIS, | : CIVIL ACTION NO. 05-891 (SLR) |
| Plaintiff, | : |
| vs. | : |
| MELLON TRUST OF DELAWARE, NATIONAL ASSOCIATION; MELLON BANK, NATIONAL ASSOCIATION; MELLON FINANCIAL CORPORATION, | : |
| Defendants. | : |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION
IN LIMINE TO EXCLUDE EVIDENCE CONCERNING
ALLEGED INTERACTIONS WITH FEMALE EMPLOYEES**

Defendants Mellon Trust of Delaware, N.A., Mellon Bank, N.A., and Mellon Financial Corporation ("Defendants") anticipate that Plaintiff Linda Blozis ("Blozis") will attempt to introduce evidence that Brendan Gilmore "flirted" with an attractive young woman in the office, made comments about Maria Dulop's attire (specifically her boots), and "looked at" Dunlop in a way that made Dunlop uncomfortable. None of this evidence is relevant in any way to Plaintiff's sexual harassment or sex discrimination claims and it would be unfairly prejudicial to admit it. Accordingly, the Court should exclude this evidence under Fed. R. Evid. 401, 402 and 403. Moreover, as Plaintiff cannot recall what was said to the woman with whom Gilmore allegedly "flirted," there is no basis to admit Plaintiff's testimony as to the supposed "flirting" under Fed. R. Evid. 602.

**SUMMARY OF EVIDENCE TO BE EXCLUDED**

In an attempt to bolster her sex discrimination claims, Blozis will likely seek to admit evidence that Gilmore made "inappropriate" comments to Dunlop, a then-23 year-old employee

in the Mellon Trust's Delaware office and made "unprofessional" comments to another woman employee. Plaintiff, however, cannot recall, in either case, what the supposed comments were. At her deposition, Plaintiff testified as follows:

> Q. While you were employed at Mellon, did you ever hear Brendan Gilmore make a comment about Maria Dunlop's boots?
>
> A. Specifically, I can't recollect. But there were comments and asides that Gilmore made about other employees at the time, that I worked at the Greenville office.
>
> Q. But specifically as it related to Maria [Dunlop], did you ever hear Mr. Gilmore make any comments about her boots or her attire?
>
> A. Her attire, sometimes, yes.
>
> Q. What did you hear?
>
> A. Exact and specifically, I don't recollect at this time. But some comments that I thought might be inappropriate.
>
> Q. Like what?
>
> A. Perhaps – my recollection is that perhaps, how an outfit looks or possibly fits somebody.
>
> Q. When you say somebody, meaning Maria?
>
> A. Maria, and I am also recalling when, a specific incident, instance when we shared space with the retail folks, before they became Citizens [Bank employees], there was a sales gal who was married, and who was an attractive single mother, a responsible worker, and others in that office – because at the time Maria wasn't even on board yet – he, Gilmore, would come into the office and stop by her desk and say things and comments to her that appeared to be unprofessional.
>
> Q. Like what?
>
> A. The exact words I don't recall. But I can tell you that Miss Cindy Wilson was an employee of Mellon at the time, myself, I'm trying to think of -- Joan Rowe, who worked for Holding Companies, he just seemed to talk in an inappropriate manner to her, his tone of voice, an obvious, I think we used the term gushing or flirting. And this young lady tried to conduct herself in a

professional manner and get on with her work, and then he would move on to speak to the supervising officer, which I think was Landis or Becker at that time.

See Blozis Dep. at 258-60 (Annexed hereto as Exhibit "A").

Plaintiff will also likely try to admit Dunlop' similarly vague testimony about the same issue. At her deposition, Dunlop testifed as follows:

> Q. Did you ever have any problems with Brendan Gilmore not being nice to you?
>
> A. Again, I don't remember specifics, but he – he's not a friendly person. He makes comments that aren't appropriate. His attitude, his demeanor, his ...
>
> Q. So during the time you worked there, Brendan Gilmore made inappropriate comments?
>
> MS. WILSON: Objection to form.
>
> A. I can remember one specific comment he made about knee-high boots I wore to work once.
>
> Q. What did he say?
>
> A. He just made a comment about them. And just the way he looked at me I don't feel was appropriate.
>
> Q. Do you remember what he said?
>
> A. I don't remember specifically, no.

See Dunlop Dep. at 32-33 (Annexed hereto as Exhibit "B").

## ARGUMENT

## POINT I:

### PLAINTIFF'S VAGUE ALLEGATIONS OF "INAPPROPRIATE" COMMENTS BY GILMORE SHOULD BE EXCLUDED AS INCOMPETENT AND IRRELEVANT

The gist of Plaintiff's testimony and Dunlop's is that Gilmore made "inappropriate" comments about Dunlop's boots, but they cannot remember what they were. Such testimony is inadmissible. Fed. R. Evid. 602.

As for Dunlop's testimony that "just the way he looked at me I don't feel was appropriate," it too lacks any probative value with respect to the issues in this case, to wit, whether Defendants discharged Plaintiff because of her sex. Dunlop's opinion about what is or is not "appropriate" in the way a man looks at her has no relevance to this case. The Plaintiff's objective in offering the testimony seems to be to suggest Gilmore took a romantic interest in Dunlop, who is over 30 years younger than him, and to convince the jury that this supposed interest makes Gilmore a bad person. The evidence should be excluded under Fed. R. Evid. 401, 402 and 403.

Moreover, delving into the circumstances of this "incident," if it can even be termed such, and whether it even amounts an act of discrimination will consume a great of the Court's time and have very slight probative value. *See McCluney v. Jos. Schlitz Brewing Co.*, 728 F.2d 924, 929 (7th Cir. 1984) (affirming district court's exclusion of evidence of alleged discrimination against other women).

Finally, Plaintiff's testimony that Gilmore "flirted" with a young attractive woman, who worked in the office but whose name escapes her, is likewise irrelevant. It is not unlawful to flirt with co-workers. There is no indication that the supposed flirting was unwelcome in any way. In short, even if true, the fact that Gilmore "flirted" with a co-worker has no tendency to prove or

disprove that Defendants discharged Plaintiff for discriminatory reasons. Once again, the point of the evidence seems to be to suggest that Gilmore's supposed romantic interest in younger women makes him a bad person and to prejudice the jury against him on that basis. The evidence should be excluded under Fed. R.Evid. 401-403.

## CONCLUSION

In summary, the Court should enter an order excluding Plaintiff's anticipated evidence concerning: (a) supposed comments about Ms. Dunlop's boots; (b) the way Mr. Gilmore supposedly looked at Dunlop on the occasion she wore said boots; and (c) any testimony of Mr. Gilmore supposedly "flirting" with co-workers.

Respectfully submitted,

REED SMITH LLP

By: /s/ Thad J. Bracegirdle
    Thad J. Bracegirdle (No. 3691)
    1201 Market Street, Suite 1500
    Wilmington, DE 19801
    (302) 778-7500

    Paul P. Rooney (No. 3317)
    599 Lexington Avenue, 28th Floor
    New York, NY 10022

    John C. Unkovic (admitted *pro hac vice*)
    435 Sixth Avenue
    Pittsburgh, PA 15219

    Stephanie Wilson (admitted *pro hac vice*)
    Princeton Forrestal Village
    136 Main Street, Suite 250
    Princeton, New Jersey 08540
    (609)-987-0050

    Attorneys for Defendants, Mellon Trust of Delaware National Association, Mellon Bank, National Association, and Mellon Financial Corporation

Dated: May 22, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LINDA J. BLOZIS | : |
|       Plaintiff, | : CIVIL ACTION NO. 05-891 (SLR) |
| vs. | : |
| MELLON TRUST OF DELAWARE, NATIONAL ASSOCIATION; MELLON BANK, NATIONAL ASSOCIATION; MELLON FINANCIAL CORPORATION | : CERTIFICATE OF SERVICE |
|       Defendant. | : |

I, Thad J. Bracegirdle, being a member of the Bar of this Court, do hereby certify that on May 22, 2007, I caused a true and correct copy of **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE CONCERNING ALLEGED INTERACTIONS WITH FEMALE EMPLOYEES** to be served by electronic filing with the Court upon the following counsel of record:

John M. LaRosa, Esq.
Delaware Bar No. 4275
Two East 7th Street, Suite 302
Wilmington, DE 19801-3707
Attorneys for Plaintiff

And

Thomas S. Neuberger, Esquire
Delaware Bar No. 243
Two East Seventh Street, Suite 302
Wilmington, DE 19801
Attorneys for Plaintiff

                                                s/Thad J. Bracegirdle
                                                Thad J. Bracegirdle (No. 3691)