## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **LINDA J. BLOZIS,** | : | CIVIL ACTION NO. 05-891 (SLR) |
| | : | |
| **Plaintiff,** | : | |
| **vs.** | : | |
| | : | |
| **MELLON TRUST OF DELAWARE,** | : | |
| **NATIONAL ASSOCIATION; MELLON** | : | |
| **BANK, NATIONAL ASSOCIATION;** | : | |
| **MELLON FINANCIAL** | : | |
| **CORPORATION,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
### MOTION IN LIMINE TO EXCLUDE PLAINTIFFS'
### EVIDENCE CONCERNING ALLEGED FRONT PAY DAMAGES

Defendants Mellon Trust of Delaware, N.A., Mellon Bank, N.A., and Mellon Financial

Corporation ("Defendants") anticipate that Plaintiff will attempt to introduce evidence that she is

entitled to front pay and evidence concerning the amount of front pay she seeks. The Court

should preclude Plaintiff from presenting to the jury any such evidence because under both Title

VII and the ADEA, the amount of any front pay award is for the Court, not the jury, to decide.

### ARGUMENT

### POINT I:

### PLAINTIFF'S FRONT PAY EVIDENCE SHOULD BE EXCLUDED
### FROM THE JURY'S CONSIDERATION IN PLAINTIFF'S TITLE VII CASE

It is well settled that both the entitlement to, and the amount of, front pay are equitable

issues to be decided by the judge in a Title VII case. *Pals v. Schepel Buick & GMC Truck, Inc.*,

220 F.3d 495, 500 (7th Cir. 2000). Accordingly, Plaintiff should not be permitted to present

evidence concerning future lost wages to the jury on her Title VII claim.

The 1991 amendments to the Civil Rights Act of 1964 added § 1981a(c) to Title 42.

Section 1981a(c) provides: "If a complaining party seeks compensatory or punitive damages

under this section – (1) any party may demand a trial by jury; and (2) the court should shall not

inform the jury of the limitations described in subsection (b)(3) of this section." Section

1981a(c) contains no reference to back pay or front pay.   In light of this amendment, in *Pals*,

*supra*, the Seventh Circuit held that "[b]ack pay and front pay are equitable remedies under [42

U.S.C.] § 706(g)(1) [authorizing 'any other equitable relief'] and therefore matters for the judge

even after [the amendment adding] § 1981a(c), as the only published decisions on point

conclude." *Pals*, 220 F.3d at 500 (citing *EEOC v. W & O, Inc.*, 213 F.3d 600, 619 (11th Cir.

2000) and *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 432 n. 19 (5th Cir. 1998)).

In short, the Court, not the jury, should determine whether or not Plaintiff is entitled to

front pay and the amount thereof in the event Plaintiff prevails on her Title VII claim.

Accordingly, Plaintiffs' evidence concerning alleged entitlement to front pay, and the amount

thereof, should not be presented to the jury, but rather, only to the Court and only if Plaintiff

wins a verdict against Defendants.

## POINT II:

### PLAINTIFF'S FRONT PAY EVIDENCE SHOULD BE EXCLUDED FROM THE JURY'S CONSIDERATION IN PLAINTIFF'S ADEA CASE

The Court should also exclude from consideration any front pay evidence in Plaintiff's

ADEA case because, notwithstanding the Third Circuit's dated dictum to the contrary, the

amount of front pay in an ADEA case is for the Court, not the jury, to decide.

Without any reasoning, discussion, or citation of authority, the Third Circuit stated in

dictum, in an ADEA case, that "[o]f course, the amount of damages available as front pay is a

jury question." *Maxfield v. Sinclair Int'l*, 766 F.2d 788,796 (3d Cir. 1985).

Since then, the Second, Fourth, Seventh, Eighth and Tenth Circuits have held that "both the determination of whether front pay is appropriate and the determination of how much front pay to award, are questions for the district court's equitable discretion, and thus, the issue of the amount of front pay should not be submitted to the jury." *Newhouse v. McCormick & Co.*, 110 F.3d 635 (8th Cir. 1997) (citing *Fortino v. Quasar Co.*, 950 F.2d 389, 398 (7th Cir. 1991); *Denison v. Swaco Geolograph Co.*, 941 F.2d 1416, 1426 (10th Cir. 1991); *Duke v. Uniroyal, Inc.*, 928 F.2d 1413, 1424 (4th Cir. 1991); *Dominic v. Consolidated Edison Co. of N.Y., Inc.*, 822 F.2d 1249, 1257 (2d Cir. 1987)).

In *Dominic*, the Second Circuit explained that, in the ADEA, Congress intended "to limit jury trials to factual issues underlying claims for legal relief" and that

> [t]here is much overlap between the facts relevant to whether an award of front pay is appropriate and those relevant to the size of the award. For example, both questions turn on the ease with which the employee will be able to find other employment. To divide the fact-finding responsibilities in such circumstances would be anomalous and would risk inconsistent decisions . . . . [For example], a judge might find front pay appropriate, but the jury might award only a nominal sum based on its belief that the employee could secure immediate employment.

*Id.* at 1257.

## CONCLUSION

In summary, on Plaintiff's Title VII claim, plaintiffs' front pay evidence should not be presented to the jury because the Court, not the jury, will decide the front pay issue. Moreover, notwithstanding the Third Circuit's conclusory dictum, which is supported by no legal citation or reasoning, the Court, not the jury, should decide the amount of front pay, if any, to which Plaintiff is entitled on her ADEA claim. The Court should, therefore, exclude from the jury's consideration any front pay evidence with respect to Plaintiff's ADEA claim as well.

- 3 -

Respectfully submitted,

REED SMITH LLP

By:/s/ Thad J. Bracegirdle        
    Thad J. Bracegirdle (No. 3691)
    1201 Market Street, Suite 1500
    Wilmington, DE 19801
    (302) 778-7500

    Paul P. Rooney (No. 3317)
    599 Lexington Avenue, 28th Floor
    New York, NY 10022

    John C. Unkovic (admitted *pro hac vice*)
    435 Sixth Avenue
    Pittsburgh, PA 15219

    Stephanie Wilson (admitted *pro hac vice*)
    Princeton Forrestal Village
    136 Main Street, Suite 250
    Princeton, New Jersey 08540
    (609)-987-0050

Attorneys for Defendants, Mellon Trust of Delaware National Association, Mellon Bank, National Association, and Mellon Financial Corporation.

Dated: May 22, 2007

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

LINDA J. BLOZIS                          :

        Plaintiff,                :     CIVIL ACTION NO. 05-891 (SLR)

        vs.                       :

MELLON TRUST OF DELAWARE,                 :     CERTIFICATE OF SERVICE
NATIONAL ASSOCIATION; MELLON              :
BANK, NATIONAL ASSOCIATION;               :
MELLON FINANCIAL                          :
CORPORATION                               :
                                          :
        Defendant.                :

I, Thad J. Bracegirdle, being a member of the Bar of this Court, do hereby certify that on May 22, 2007, I caused a true and correct copy of **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE PLAINTIFFS' EVIDENCE OF CONCERNING ALLEGED FRONT PAY DAMAGES** to be served by electronic filing with the Court upon the following counsel of record:

John M. LaRosa, Esq.
Delaware Bar No. 4275
Two East 7th Street, Suite 302
Wilmington, DE 19801-3707
Attorneys for Plaintiff

And

Thomas S. Neuberger, Esquire
Delaware Bar No. 243
Two East Seventh Street, Suite 302
Wilmington, DE 19801
Attorneys for Plaintiff

                s/Thad J. Bracegirdle
                Thad J. Bracegirdle (No. 3691)