UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LINDA J. BLOZIS, | : CIVIL ACTION NO. 05-891 (SLR) |
| Plaintiff, | : |
| vs. | : |
| MELLON TRUST OF DELAWARE, NATIONAL ASSOCIATION; MELLON BANK, NATIONAL ASSOCIATION; MELLON FINANCIAL CORPORATION, | : |
| Defendants. | : |

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S INCOMPETENT TESTIMONY AS TO MALE CO-WORKER'S PERFORMANCE

Defendants Mellon Trust of Delaware, N.A. Mellon Bank, N.A., and Mellon Financial Corporation ("Defendants") submit this memorandum of law in support of their motion to exclude Plaintiff from submitting into evidence her anticipated incompetent testimony concerning allegations that her male co-worker, Dan Merlino ("Merlino") was "not as busy" as her or other female co-workers. Plaintiff's proposed testimony, based upon her observation of the male co-worker on a few occasions, is incompetent on under Fed. R. Evid. 602 and irrelevant under Fed. R. Evid. 401 and 402. Accordingly, the Court should exclude it.

### SUMMARY OF EVIDENCE TO BE EXCLUDED

Since no male portfolio administrators have ever been assigned to the Delaware office, prior to or during Plaintiff's employment, Plaintiff can point to no comparable male employee in Delaware in her effort to show alleged disparate treatment on the basis of sex.

In straining to find a male comparator, Plaintiff alleges that Merlino, a male portfolio manager in the *Philadelphia* office, was not as busy as the female portfolio administrators and that he would defer to female administrators. Blozis' deposition testimony on this subject is the following:

>    Q. Can you provide me with instances where you feel that Gilmore either by word or conduct was discriminating against you on the basis of gender?
>
>    A. To the best of my recollection, when I might be in the Philadelphia offices and working alongside a teammate for whatever purpose on an account I noticed that Dan Merlino would not seem to be as busy as women might have been.
>
>                              * * * *
>
>    Q. So when you say that you visited the Philadelphia office and Dan didn't seem to be as busy as the rest of the women, why did you take that to be gender related?
>
>    A. Because I recollect there were instances in which Marion and Cindy would intimate to me that we have these tasks to complete and Dan did not have comparable tasks. He was not giving comparable tasks in a comparable work position.
>
>    Q. And who would be in charge of giving Dan tasks?
>
>    A. It would be Brendan Gilmore.
>
>    Q. Did you know what task that Dan was being given to do?
>
>    A. There were specific job duties list that the portfolio administrators were responsible for and sometimes we might have to work in conjunction with one another or ask questions. It seems sometimes when I would call Dan he wouldn't have the answers. He would defer to me or Marion or Cindy or one of the women.
>
>    Q. And you took from there, from his deferment to the females that he didn't have the same work, the comparable work that you had to do?
>
>    A. I took from there that he should have that answer as part of his job and he didn't have it.
>
>                              * * * *

> Q. Did you ever have any conversations with Brendan Gilmore or Becker that Dan wasn't pulling his weights?
>
> A. You asked about the two of them.
>
> Q. Well, with either one of them did you ever have any conversations that Dan wasn't pulling his weight?
>
> A. I don't recall specifically at this time, no.
>
> Q. Do you know whether Kathleen or Marion or Cindy ever complained to Brendan or, and I'll use his last name, Becker, Bill Becker that Dan wasn't pulling his weight?
>
> A. I have no way of knowing that at this time.
>
> Q. Do you know whether Brendan or Bill had any knowledge that Dan wasn't pulling his weight?
>
> A. Do I have any knowledge? I don't know for sure that they would at this time.

(Blozis Dep. at 133-137) (Attached as Exhibit "A").

## ARGUMENT

### POINT I:

### THE COURT SHOULD EXCLUDE BLOZIS' TESTIMONY BECAUSE IT IS INCOMPETENT AND IRRELEVANT TO THIS CASE

In summary, Blozis testified that "it seems sometimes when I would call Dan he wouldn't have the answers," that she concluded from this that Mr. Merlino "wasn't pulling his weight," but that she never said anything to Gilmore or Becker about it and, as far as she knows, no one else did either. This testimony should be excluded under Fed. R. Evid. 602, 401, and 402.

Only competent testimony based upon personal knowledge is admissible under Fed. R. Evid. 602, which provides that, "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Blozis' testimony that it "seems sometimes" Mr. Merlino did not possess information that she

thought he should possess indicates that she *lacks* personal knowledge of any such facts. Accordingly, her testimony should be excluded on this point.

Moreover, Blozis' perception of, or beliefs about, the adequacy of another employee's performance are irrelevant. It is well established in this Circuit that in discrimination actions, a plaintiff's "view of his performance is not at issue; what matters is the perception of the decision maker. The fact that an employee disagrees with an employer's evaluation of him does not prove pretext." *Billet v. Cigna Corp.*, 940 F.2d 812, 825 (3d Cir. 1991) (citations omitted). *Accord Ezold v. Wolf, Block, Schorr and Solis-Cohen*, 983 F.2d 509, 527 (3d Cir. 1992) (holding employers have the prerogative to choose what selection criterion they use). Similarly, a plaintiff's effort to compare her qualifications to those of other employees is legally insufficient to cast doubt on an employer's legitimate, articulated reason for its employment decision. *Healy v. New York Life Ins. Co.*, 860 F.2d 1209, 1220 (3d Cir. 1988).

Federal courts across the country share these views. *E.g., Beall v. Abbott Laboratories*, 130 F.3d 614, 620 (4th Cir. 1997) ("'It is the perception of the decision maker which is relevant' not the self-assessment of the plaintiff"); *Holifield v. Reno*, 115 F.3d 1555, 1565 (11th Cir. 1997) ("an employee's assertions of his own good performance are insufficient to defeat" employer's justification for the employment action.); *Smith v. Flax*, 618 F.2d 1062, 1067 (4th Cir. 1980) (holding plaintiff's "perception of himself . . . is not relevant. It is the perception of the decision maker which is relevant."; also finding performance assessment of plaintiff by other non-decisionmakers irrelevant); *Conkwright v. Westinghouse Elec. Corp.*, 933 F.2d 231, 235 (4th Cir. 1991) (affirming exclusions of co-workers' and middle manager's opinions that plaintiff did a good job, that he did not "deserve" his ratings or did not "deserve" to be laid off because such opinions are irrelevant); *Hill v. Spiegel, Inc.*, 708 F.2d 233, 237 (6th Cir.

1983) (reversible error to admit testimony based on comments of employee who had no involvement in the decision to discharge the plaintiff); *Armstrong v. United Airlines, Inc.*, 883 F. Supp. 1172, 1178 (N.D. Ill. 1995) ("The perceptions of other employees are not relevant to whether Plaintiff performed his duties satisfactorily to meet United's expectations because the relevant expectation is the expectation of the employer. . . . Furthermore, Plaintiff's statements regarding his own view of his performance are also irrelevant.") (citing numerous cases); *Hoover v. Armco, Inc.*, 691 F. Supp. 184, 185-86 (W.D. Mo. 1988) (holding testimony of non-supervisory employee regarding plaintiff's performance not relevant to plaintiff's age discrimination claim), aff'd., 915 F.2d 355 (8th Cir. 1990); *Wolfe v. B&O R.R.*, 608 F. Supp. 244, 257 (D. Md. 1985) (holding plaintiff's own perception of his competency not to be considered and testimony of a person who was not another person's supervisor and was not in a position to judge plaintiff's competence could not be considered), *aff'd w/o op.*, 796 F.2d 476 (4th Cir. 1986); *Rosengarten v. J.C. Penney Co., Inc.*, 605 F. Supp. 154, 157 (E.D.N.Y. 1985) ("It is the perception of the decision-maker, and not that of the plaintiff himself, which is relevant."); *Weidman v. Western Electric Co.*, 527 F. Supp. 263, 268 n.9 (M.D.N.C. 1981) ("Neither of these witnesses had supervised the plaintiff, nor were they responsible for determining who should be terminated. Their opinions, therefore, were not relevant.").

In summary, just as employees' opinions of their own performance are inadmissible because they lack any probative value, employees' opinions of the performance of co-workers whom they do not supervise are also irrelevant. This is particularly so when, as here, Plaintiff and Merlineo did not perform the same jobs. Merlino was a portfolio manager, and Plaintiff was a portfolio administrator. Accordingly, Plaintiff is not in any position to comment upon what Merlino should or should not have known. Moreover, since the duties of the two positions are

different any "deference" Merlino may have shown reflects on his knowledge of the portfolio administrators' duties, not his knowledge of his own duties. Thus, Plaintiff's opinion of Merlino's performance is irrelevant and should be excluded from evidence in this case.

Moreover, Plaintiff's admission that neither she, nor, as far as she knows, anyone else, reported Plaintiff's belief that Merlino did not know information he needed to do his job to Gilmore, who supervised Merlino and Blozis, deprives Blozis' testimony of any possible relevance to this case. Without any evidence that Gilmore knew of Merlino's alleged lack of knowledge, Blozis cannot under any circumstances demonstrate that Gilmore treated her and Merlino more favorably than he treated her.

## CONCLUSION

On the basis of the foregoing, the Court should enter an order precluding Plaintiff from offering Plaintiff's testimony of her opinion concerning the performance and job knowledge of Dan Merlino into evidence pursuant to Fed. R. Evid. 401, 402, and 602.

Respectfully submitted,

REED SMITH LLP

By: /s/ Thad J. Bracegirdle
    Thad J. Bracegirdle (No. 3691)
    1201 Market Street, Suite 1500
    Wilmington, DE 19801
    (302) 778-7500

    Paul P. Rooney (No. 3317)
    599 Lexington Avenue, 28th Floor
    New York, NY 10022

    John C. Unkovic (admitted *pro hac vice*)
    435 Sixth Avenue
    Pittsburgh, PA 15219

    Stephanie Wilson (admitted *pro hac vice*)
    Princeton Forrestal Village
    136 Main Street, Suite 250
    Princeton, New Jersey 08540
    (609)-987-0050

Attorneys for Defendants, Mellon Trust of Delaware National Association, Mellon Bank, National Association, and Mellon Financial Corporation.

Dated: May 22, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LINDA J. BLOZIS<br><br>Plaintiff,<br><br>vs.<br><br>MELLON TRUST OF DELAWARE, NATIONAL ASSOCIATION; MELLON BANK, NATIONAL ASSOCIATION; MELLON FINANCIAL CORPORATION<br><br>Defendant. | : CIVIL ACTION NO. 05-891 (SLR)<br>:<br>:<br>:<br>:<br>: **CERTIFICATE OF SERVICE**<br>:<br>:<br>:<br>:<br>:<br>: |

I, Thad J. Bracegirdle, being a member of the Bar of this Court, do hereby certify that on May 22, 2007, I caused a true and correct copy of **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S INCOMPETENT TESTIMONY AS TO MALE CO-WORKER'S PERFORMANCE** to be served by electronic filing with the Court upon the following counsel of record:

John M. LaRosa, Esq.
Delaware Bar No. 4275
Two East 7th Street, Suite 302
Wilmington, DE 19801-3707
Attorneys for Plaintiff

And

Thomas S. Neuberger, Esquire
Delaware Bar No. 243
Two East Seventh Street, Suite 302
Wilmington, DE 19801
Attorneys for Plaintiff

                                                      s/Thad J. Bracegirdle
                                                      Thad J. Bracegirdle (No. 3691)