UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LINDA J. BLOZIS | : CIVIL ACTION NO. 05-891 (SLR) |
| Plaintiff, | : |
| vs. | : |
| MELLON TRUST OF DELAWARE, NATIONAL ASSOCIATION; MELLON BANK, NATIONAL ASSOCIATION; MELLON FINANCIAL CORPORATION, | : |
| Defendants. | : |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE CONCERNING TERMINATIONS OF OTHER EMPLOYEES

Defendants, Mellon Trust of Delaware, National Association; Mellon Bank, National Association; and Mellon Financial Corporation (collectively, the "Defendants"), through counsel, submit this Memorandum in Support of their Motion in Limine to exclude evidence Plaintiff intends to submit concerning the terminations of other employees from their employment with defendants.

**I.   STATEMENT OF THE NATURE OF THE MATTER BEFORE THE COURT**

Plaintiff Linda J. Blozis ("Plaintiff"), filed this action against Defendants alleging, among other things, that her employment had been terminated in violation of the Age Discrimination in Employment Act, 29 U.S.C. §621, *et. seq.* ("ADEA").

**II.   STATEMENT OF FACTS**

Defendants incorporate by reference the Statement of Facts contained in the Pretrial order.

### III. ARGUMENT

A. **Plaintiff Should Be Precluded From Introducing Evidence Relating to Allegations Of Age Discrimination Against Other Employees**

Plaintiff is attempting to introduce evidence relating to alleged discrimination against other Mellon employees. Specifically, Plaintiff refers to the incidents surrounding the departure of previous Mellon employees, Kathleen Agne ("Agne"), Robert Bell ("Bell"), Martha Fetters ("Fetters"), Linda Squier ("Squier") and Frances Smith ("Smith"), none of whom ever filed an administrative charge of discrimination or lawsuit alleging age discrimination and who left Mellon at different times. This proffered evidence should be excluded as it is irrelevant to the issue of whether Mellon terminated Plaintiff's employment because of her age in violation of the Age Discrimination in Employment Act ("ADEA"). Plaintiff has no evidence, direct or indirect, of discriminatory treatment of these employees.

The basis for Plaintiff's argument is that she believes that Brendan Gilmore ("Gilmore") (currently age 61) was responsible for the termination of employees in their 40's and 50's. These allegedly discriminatory terminations are not recent, but in fact, happened years prior to Plaintiff's termination. Plaintiff does not know the details behind her colleagues' departures, but it is her opinion that age was the motivating factor.

If evidence regarding the other employees is admitted, it would unnecessarily result in multiple trials on irrelevant claims, unfairly prejudice defendants and result in a waste of the Court's time. Accordingly, Plaintiff should be precluded from offering evidence in any form that relates to any alleged discrimination against other employees, including, but not limited to, witness testimony, deposition passages, affidavits, written or typed notes and EEOC documents.

1. <u>The Evidence Is Not Relevant</u>

"Evidence which is not relevant is not admissible." Rule 402, Federal Rules of Evidence. Rule 401 of the Federal Rules of Evidence defines relevant evidence as "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probably or less probable than it would be without the evidence." "The basic concept is that an item of proof is relevant if it tends to prove or disprove any material issue of fact in a case. If the item of proof does not tend to prove or disprove the factual issue, then it is irrelevant and inadmissible..." *Weinstein's Federal Evidence*, Vol. 2, §401.02[1].

In order to prevail, Plaintiff must prove by a preponderance of the evidence that age was a determining factor in the decision to terminate her employment. The proposed evidence regarding other employees over age 40 leaving the employ of Defendant has no bearing on Plaintiff's claim. Plaintiff merely refers to Agne, Bell, Fetters, Squier and Smith as the older workers who were "forced" out.[1] (Blozis Dep. at 120-121)[2] Each employee's departure, however, involves its own distinct facts. As Plaintiff acknowledged, Smith was never even on Gilmore's Team. (Blozis Dep. at 121-122). Each employee Plaintiff uses as an example of "discrimination" had a different level of experience and performance, and all left the company for different reasons. The "evidence" simply does not show any discriminatory actions by the Defendant, let alone a pattern of discriminatory bias by the Defendant.

---

[1] As discussed *infra*, this evidence should be precluded, as it is either hearsay evidence in violation of Rule 801(c), Federal Rule of Evidence, or else, is merely based upon Plaintiff's speculation, in violation of Rule 602, Federal Rule of Evidence.

[2] Relevant pages of Plaintiff's deposition are attached as Exhibit "A", pages from Gilmore's deposition are attached as Exhibit "B," pages from William Becker's deposition are attached as Exhibit "C," and pages of Rosemary Thomas' deposition are attached as Exhibit "D."

Since the proposed evidence goes to facts which are not of consequence in this case, and none of it tends to prove or disprove Plaintiff's claim that Defendants discriminated against *her* by terminating her employment, the evidence is irrelevant and should be excluded.

2.  The Court Should Exclude The Evidence Because It Is Hearsay

Under the Federal Rules of Evidence, hearsay is inadmissible unless it falls within one of the hearsay exceptions. Fed. R. Evid. Rule 802. "Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Rule 801(c), Federal Rules of Evidence. "The hearsay rule seeks to eliminate the danger that evidence will lack reliability because faults in the perception, memory, or narration of the declarant will not be exposed. *Weinstein's*, §802.02[3]. The trier of fact will have more difficulty evaluating the credibility of a statement without observing the declarant recounting the event under oath and subject to cross-examination. Id.

The evidence Plaintiff seeks to admit is replete with inadmissible hearsay. Specifically, Plaintiff attempts to categorize Bell's resignation as further evidence of discrimination. Plaintiff incorrectly assumes that Gilmore was inappropriately putting too much pressure on Bell to perform, despite a dearth of evidence to that effect. (Blozis Dep. at 30). In fact, Plaintiff's entire theory in regard to Bell rests merely upon Plaintiff's belief that she saw that Bell had more work on his desk than others on the occasions that she came to the Philadelphia office and that Fetters and Squier told her that Gilmore forced out Bell. (Blozis Dep. at 37, 41-42).

Neither Squier nor Fetters have been identified by Plaintiff as a potential witness at trial. Plaintiff, however, clearly cites to these statements allegedly made by Squier and Fetters for the "truth of the matter asserted." Such hearsay evidence is inadmissible and should be excluded.

### 3. The Court Should Exclude The Evidence Because It Is Not Based on Personal Knowledge

Plaintiff contends that Agne, Bell, Fetters, Squier and Smith were all terminated due to their age, but Plaintiff has no personal knowledge regarding the circumstances regarding their termination. All of here knowledge is derived from hearsay. Moreover, none of these individuals are identified by Plaintiff as potential witnesses at trial.

"A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602.

Plaintiff's proposed evidence regarding her belief that these employees were terminated for discriminatory reasons is pure speculation. Blozis has absolutely no personal knowledge on which to base these assertions and therefore any evidence relating to them should be excluded. As an example, Plaintiff merely "surmises" that Agne was terminated because of her age, despite records indicating that Agne was terminated for performance. (Blozis Dep. at 114). Plaintiff, however, never performed any evaluation of Agne's work and Agne never said specifically that her termination was because of her age. (Blozis Dep. at 115-116).

As to Squier, Plaintiff testified that she witnessed Gilmore making "unprofessional, critical criticisms" of how Squier conducted her work, which were "not always" accurate. Plaintiff, however, cannot recall when she witnessed such criticisms. Moreover, Plaintiff is not qualified to make any statements pertaining to the veracity of any alleged criticisms of Squier's work, as she never performed a performance evaluation of Squier. (Blozis Dep. at 44, 49-51, 52). Like Bell, Plaintiff testified that Squier never told her that she felt that Gilmore treated her unprofessionally because of her age. Id. at 49-51.

In stark contrast to Plaintiff's bald speculation and suppositions, the record evidence establishes that Agne's employment was terminated for performance reasons, (Gilmore Dep. at

20:2-17; Becker Dep. at 10:22-11:9); Bell resigned because of health-related reasons (Thomas Dep. at 49:14-24; Becker Dep. at 49:23-50:15); Squier resigned (Thomas Dep. at 49:2-3; Gilmore Dep. 24:3-11); and Fetters resigned (Thomas Dep. 48:14-22; Gilmore Dep. at 22:24-23:12). The speculative evidence Plaintiff seeks to utilize is inadmissible.

    4.    Any Probative Value of The Evidence is Outweighed By The Danger of Unfair Prejudice, Confusion and Waste of Time

Rule 403 of the Federal Rules of Evidence provides that relevant evidence may be excluded under certain circumstances. "[E]vidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R.Evid. 403. "Rule 403 recognizes that relevance alone does not ensure admissibility. A cost/benefit analysis must often be employed. Relevant evidence may be excluded if its probative value is not worth the problems that its admission may cause. The issue is whether the search for truth will be helped or hindered by the interjection of distracting, confusing, or emotionally charged evidence." *Weinstein's*, §403.02[1] [a].

Any probative value the evidence regarding other employees' departures may have is extremely weak. The weak probative value of the evidence is easily outweighed by the obvious dangers of unfair prejudice, confusion of the issues, misleading the jury and waste of time.

Courts routinely exclude evidence of other employees' claims of harassment and/or discrimination where such evidence would result, as here, in the trial of extraneous claims. In Moorhouse v. Boeing Co., 501 F. Supp. 390 (E.D.Pa. 1980), aff'd, 639 F.2d 774 (3d Cir. 1980), the court excluded the testimony of fellow laid-off employees in a Title VII discrimination case relying on Rules 401, 402 and 403. The Plaintiff in Moorhouse sought to elicit information from other terminated employees regarding the circumstances surrounding their respective

terminations, their claims of discrimination and their perception regarding adverse treatment. The <u>Moorhouse</u> court discussed at length the reasons for excluding the testimony of other employees:

> Had the court permitted each of the proposed witnesses to testify about the circumstances surrounding his own layoff, each, in essence, would have presented a *prima facie* case of age discrimination. Defendants would then have been placed in the position of either presenting the justification for each witnesses' layoff, or of allowing the testimony to stand unrebutted. This latter alternative, of course, would have had an obvious prejudicial impact on the jury's consideration of Moorhouse's case. To have pursued the former option, defendants would have been force, in effect, to try all six cases together with the attendant confusion and prejudice inherent in that situation.

<u>Id</u>. at 393. The court went on to note that, "even the strongest jury instructions could not have dulled the impact of a parade of witnesses, each recounting his contention that defendant had laid him off because of his age." <u>Id</u>. at 393, note 4. After quoting Rule 403, the court held:

> In the Court's view, each of the factors set forth in the Rule, danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and needless presentation of cumulative evidence would have resulted had each…testified about his layoff.

<u>Id</u>. at 393. <u>See also</u> <u>Haskell v. Kaman Corp.</u>, 743 F.2d 113 (2d Cir. 1984) (adopting the reasoning of <u>Moorehouse</u> in an age discrimination context); <u>McCluney v. Jos. Schlitz Brewing Co.</u>, 728 F.2d 924, 929 (7th Cir. 1984) (trial court correctly excluded evidence regarding alleged discrimination against other women. If allowed, it "would have consumed a great deal of the district court's time and had very slight probative value."); <u>Taylor v. Cummins Atlantic, Inc.</u>, 852 F. Supp. 1279, 1284 n.4 (D.S.C. 1994), *aff'd*, 48 F.3d 1217 (4th Cir. 1995), <u>cert. denied</u>, 516 U.S. 864 (1995) (even if co-workers' affidavits that defendant discriminated against them were probative of discrimination generally by defendant, they were not probative on the issue of whether defendant discriminated against plaintiff); <u>Kinan v. City of Brockton</u>, 876 F.2d 1029, 1034-35 (1st Cir. 1989) (evidence of two previous civil rights actions filed against the same

police officer properly excluded on the basis that even if relevant, introduction would result in trying the other two cases before the jury, and the merits of the other cases would become "inextricably intertwined" with the case at bar, resulting in jury confusion, waste of time and unfair prejudice.)

Blozis is not even seeking to have the former employees testify as to the circumstances surrounding their departure from Defendants' employ. This drastically increases the danger of unfair prejudice, confusion of the issues, misleading the jury and wasting the Court's time. Essentially, Plaintiff seeks to establish *prima facie* cases of discrimination *on behalf* of these other employees, where said employees never alleged discrimination of their own volition. This would in turn require the Defendants to, in effect, defend themselves from multiple claims of discrimination that were *never actually brought by the allegedly aggrieved parties*. Alternatively, Defendants could allow the testimony to stand unrebutted, which as the court in Moorehouse recognizes, would obviously have a prejudicial impact on the jury's consideration of the Defendants' case.

The extensive additional testimony Defendants would be required to offer to rebut and explain why each employee left Defendants' employ would result in an unnecessary waste of the Court's time. In effect, it would be a trial of their never before asserted claims. Likewise, there is a significant risk that the merits of the other employees' never-alleged claims would become entangled with Plaintiff's actual claims, resulting in confusion and unfair prejudice. At issue is whether Blozis was unlawfully terminated. Unsupported claims that others were discriminated against should be necessarily excluded.

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that this Court preclude Plaintiff from introducing exhibits or offering evidence regarding the circumstances surrounding departures of Agne, Bell, Fetters, Squier and Smith from Defendant's employ.

Respectfully submitted,

REED SMITH LLP

By: /s/ Thad J. Bracegirdle
    Thad J. Bracegirdle (No. 3691)
    1201 Market Street, Suite 1500
    Wilmington, DE 19801
    (302) 778-7500

    Paul P. Rooney (No. 3317)
    599 Lexington Avenue, 28th Floor
    New York, NY 10022

    John C. Unkovic (admitted *pro hac vice*)
    435 Sixth Avenue
    Pittsburgh, PA 15219

    Stephanie Wilson (admitted *pro hac vice*)
    Princeton Forrestal Village
    136 Main Street, Suite 250
    Princeton, New Jersey 08540
    (609)-987-0050

Attorneys for Defendants, Mellon Trust of Delaware National Association, Mellon Bank, National Association, and Mellon Financial Corporation.

Dated: May 22, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LINDA J. BLOZIS : | |
| : | CIVIL ACTION NO. 05-891 (SLR) |
| Plaintiff, : | |
| : | |
| vs. : | |
| : | |
| MELLON TRUST OF DELAWARE, : | CERTIFICATE OF SERVICE |
| NATIONAL ASSOCIATION; MELLON : | |
| BANK, NATIONAL ASSOCIATION; : | |
| MELLON FINANCIAL : | |
| CORPORATION : | |
| : | |
| Defendant. : | |

I, Thad J. Bracegirdle, being a member of the Bar of this Court, do hereby certify that on May 22, 2007, I caused a true and correct copy of **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE CONCERNING TERMINATIONS OF OTHER EMPLOYEES** to be served by electronic filing with the Court upon the following counsel:

John M. LaRosa, Esq.
Delaware Bar No. 4275
Two East 7th Street, Suite 302
Wilmington, DE 19801-3707
Attorneys for Plaintiff

Thomas S. Neuberger, Esquire
Delaware Bar No. 243
Two East Seventh Street, Suite 302
Wilmington, DE 19801
Attorneys for Plaintiff

s/Thad J. Bracegirdle
Thad J. Bracegirdle (No. 3691)