UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **LINDA J. BLOZIS,** | : CIVIL ACTION NO. 05-891 (SLR) |
| **Plaintiff,** | |
| vs. | |
| **MELLON TRUST OF DELAWARE, NATIONAL ASSOCIATION; MELLON BANK, NATIONAL ASSOCIATION; MELLON FINANCIAL CORPORATION,** | |
| **Defendants.** | |

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE TO PRECLUDE PLAINTIFF'S EXPERT WITNESS FROM TESTIFYING ON THE GROUNDS THAT PLAINTIFF'S EXPERT'S OPINION IS BASED ON UNREALISTIC ASSUMPTIONS, AND PLAINTIFF HAS FAILED TO PROVIDE MANDATORY DISCLOSURES AND RELEVANT DISCOVERY

Defendants Mellon Trust of Delaware, N.A. Mellon Bank, N.A., and Mellon Financial Corporation ("Defendants") submit this memorandum of law in support of their motion to preclude Plaintiff's expert economist, Thomas C. Borzilleri, Ph. D. ("Dr. Borzilleri") from testifying at trial on the grounds that: (a) Dr. Borzilleri's report is based on unrealistic assumptions; (b) Plaintiff has failed to provide mandatory disclosures, and (c) Plaintiffs has failed to provide relevant discovery required under Fed. R.Civ. P. Rule 26 and to seasonably supplement his report as required under Rule 26.

### SUMMARY OF FACTS

Defendants deposed Dr. Borzilleri on April 5, 2007. At the deposition it became evidence that Dr. Borzilleri's expert report was based upon incorrect and outdated information. In a letter dated April 25, 2007, Defendants requested that Plaintiff "provide us with a supplemental economist expert report that, among other things, adjusts Dr. Borzilleri's

calculation of Ms. Blozis' alleged damages, Please provide the revised report by May 4, 2007." *See* Letter from Stephanie Wilson, Esq. to John M. LaRosa, Esq. dated 4/25/07 (Annexed hereto as Exhibit "A").

In a letter dated April 26, 2007, Defendants requested that Plaintiff's counsel provide:

- Any and all prior expert reports that Dr. Bozilleri provided to or on behalf of your firm or Mr. Neuberger's firm.

- Any and all copies of deposition transcripts or trial transcripts of Dr. Bozilleri's testimony in connection with his retention as an expert on behalf of your firm or for Mr. Neuberger's firm.

- A copy of the retention letter between your firm and Dr. Bozilleri.

- A copy of any speeches or handouts or documents that Dr. Bozilleri presented to the Maryland Trial Lawyers Association.

- A copy of your letter dated January 3, 2007 to Dr. Bozilleri as testified to by Dr. Bozilleri on page 27 of his April 5, 2007 transcript.

Letter from Stephanie Wilson, Esq. to John M. LaRosa, Esq., dated 4/26/07 at 1 (annexed hereto as Exhibit "B").

In that same letter, Defendants requested that Plaintiff "provide all updated compensation information for Ms. Blozis to date including 2007, but not limited to, earnings to date, 401K contributions, bonuses and salary increases." The second request was based upon the fact that Dr. Borzilleri's testimony and report did not take into account the fact that Plaintiff had received a promotion and a raise at her current job in 2007.

After receiving no response, on May 16, 2007, Defendants' counsel again wrote to Plaintiff's counsel stating that "Defendants requested that Plaintiff supplement her expert's report and produce other documents related to expert discovery and her damages and we have not received them. Electronic Mail Message from Stephanie Wilson, Esq. to John M. LaRosa, Esq. dated 5/16/07 (annexed hereto as Exhibit "C").

To date, Plaintiffs have yet to supplement their expert report or provide the requested documents.

A.   **PLAINTIFF'S EXPERT MAY NOT TESTIFY BECAUSE HIS REPORT CONTAINED UNREALISTIC ASSUMPTIONS**

As the proponent of the expert testimony, the Plaintiff bears the burden of showing that (1) her expert is qualified to render the opinions at issue; and (2) the opinion is sufficiently reliable to assist the jury in resolving the disputed issue of causation. *Schmerling v. Danek Medical, Inc.*, 1999 WL 712591 at * 7 (E.D. Pa. 1999); *In re Breast Implant Litig.*, 11 F. Supp.2d 1217, 1228-29 (D. Colo. 1998). As Judge Farnan explained recently:

> The trial court has broad discretion to admit or exclude evidence under the Federal Rules of Evidence. *Gumbs v. Int'l Harvester, Inc.*, 718 F.2d 88, 97 (3d Cir. 1983); *see* Weinstein's *Federal Evidence* § 702.02. However, expert testimony cannot be submitted to the jury unless it is accompanied by a sufficient factual foundation. *Benjamin v. Peter's Farm Condo. Owners Ass'n*, 820 F.2d 640, 642 (3d Cir. 1987). Although mathematical exactness is not required, testimony of post-injury earning capacity must be based upon the proper factual foundation. *Id.* at 643; Fed. R. Evid. 702. Moreover, an expert's testimony should be excluded as speculative if it is based on unrealistic assumptions regarding the plaintiff's future employment prospects, including his wage rate and ability to maintain full-time work in seasonal or other part-time industries. *Boucher v. U.S. Suzuki Motor Corp.*, 73 F.3d 18, 21-22 (2d Cir. 1996); *see also Gumbs*, 718 F.2d at 98.

*McMillan v. Weeks Marine, Inc.*, 2007 U.S. Dist. LEXIS 20833, at *12-13 (D. Del. Mar. 27, 2007).

In this case, according to Dr. Borzilleri himself, his report contains incorrect assumptions and information that it would be necessary to correct or update prior to trial in order to render a useful expert opinion. Dr. Borzilleri admitted in his deposition on April 5, 2007 that his report, dated, January 29, 2007, is out of date and contains incorrect information:

> Q.   Okay. Doctor, turning your attention to page one of your report, the last paragraph on page one. Primarily I'm concerned with the third

> sentence where you're talking about her present employment with Orion Bank. Do you see where I am?
>
> A.   Yes.
>
> Q.   "She has been employed by Orion Bank since January 24, 2005, and she now is earning $24,000 per year." Do you see that?
>
> A.   Yes, ma'am.
>
> Q.   Did you receive any information that Ms. Blozis' salary has increased?
>
> A.   Yes, indirectly.
>
> Q.   When you say indirectly?
>
> A.   I looked at the report that had been prepared by your – the defense economist and there is a line in that that says she's currently making $32,000 a year. That was certainly unknown to me at the time I did the calculation. If that's true, the numbers should be adjusted for that change.
>
> Q.   Have you made adjustments to your report?
>
> A.   No.
>
> Q.   And are you going to?
>
> **A.   Prior to trial for sure. I don't know when we go to trial, but I would certainly want to use current information if she's making 33, or 35, or 40, whatever it might be.**

(Borzilleri Dep. at 42-43) (Annexed hereto as Ex. "D") (emphasis added).

In short, Dr. Borzilleri admitted that the crucial numbers he used in his report (including the amount of the Plaintiff's current salary) are wrong – off, in fact, by 25 percent. Dr. Borzilleri said that he would make adjustments to his report "prior to trial for sure." *Id.* Despite two requests from Defendants to Plaintiff's counsel, Dr. Borzilleri never did so.

Moreover, Dr. Borzilleri admitted that he knew nothing about Plaintiff's promotion at her current employer, which took place on January 8, 2006, or any other increases she received prior

to her raise to $32,000. He also failed to take into account her new employer's 401(k) savings plan. (Borzilleri Dep. at 44). Thus, the opinions Dr. Borzilleri presented in his expert report cannot be admitted into evidence because they are based upon "unrealistic assumptions." *See Weeks, supra*, at *12-13.

### B. PLAINTIFF'S FAILURE TO SUPPLEMENT DR. BOEZILLERI'S REPORT WITH CORRECT INFORMATION MERITS EXCLUSION OF DR. BORZILLERI'S TESTIMONY

Plaintiff had ample opportunity to timely correct and supplement Dr. Borzilleri's report using the correct assumptions about Plaintiff's earnings since her termination and her expected future earnings. Plaintiff's failure to do so merits the exclusion of Dr. Borzilleri's testimony.

Under Fed. R. Civ. P. 26(e)(1):

> A party is under a duty to supplement at appropriate intervals its disclosures under subdivision (a) if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing with respect to testimony of an expert from who a report is required under subdivision (a)(2)(B) the duty extends both to information contained in the report and to information provided through a deposition of the expect, and any additions or other changes to this information shall be disclosed by the time the party's disclosures under Rule 26(a)(3) are due.

Thus, under Rule 26(e)(1)(a), Plaintiff was obligated to supplement Dr. Borzilleri's report with the correct information "by the time the party's disclosures under Rule 26(a)(3) are due." Rule 26(a)(3) provides that all pretrial disclosures "[u]nless otherwise directed by the Court . . . must be made at least 30 days before trial." Fed. R. Civ. P. 26(a)(3). As the Court did not "otherwise direct" a date for the supplementation of Plaintiff's expert report under Rule 26(e)(1)(a), Plaintiff was obligated to update and correct her expert report to take into account the correct information discussed above no later than May 19, 2007 (thirty days before trial). Despite two requests,

Plantiff did not do so. *See* Exhibits "A" and "B" hereto. Accordingly, Dr. Borzilleri should be barred from testifying in this case.

### C.   PLAINTIFF'S FAILURE TO PROVIDE ALL INFORMATION DR. BORZILLERI CONSIDERED IN CONNECTION WITH PREPARING HIS OPINION MERITS PRECLUSION OF DR. BORZILLERI'S TESTIMONY

The Court should exclude Dr. Borzilleri's opinion because of Plaintiff's failure to produce "the data or other information considered by the witness in forming the opinions" expressed in the expert report as required by Fed. R. Civ. P. 26(a)(2)(B). Specifically, Plainiff failed to disclose a letter he had received from Plaintiff's counsel that he used in preparing his report.

At his deposition, Dr. Borzilleri testified as follows:

> Q.   In addition to what's stated in the report, you had stated on page one that you also reviewed information that was provided to you by counsel?
>
> A.   Yes, ma'am.
>
> Q.   What information was that?
>
> A.   I received a letter from Mr. LaRosa dated January 3rd of 2007 that contained a lot of basic information that I relied on to do the calculations.

(Borzilleri Dep. at 26-27) (Exhibit "D" hereto). Plaintiff never produced this January 3, 2007 letter. Plaintiff was supposed to produce it automatically as part of the mandatory expert disclosure under Rule 26(a)(2)(B). Moreover, despite two additional requests, Plaintiff has still not produced it.

This Court recently held that a party must disclose "all information and documents considered by" a party's expert witness. *See Dyson Technology Ltd. v. Maytag Corp.*, 2007 U.S. Dist. LEXIS 15364, at *12-14 (D. Del. Mar. 6, 2007 (Sleet, J.). In so ruling, the Court relied

upon ample authority from both this and other districts. *Id.* at n. 4 (citing *Synthes Spine Co. v. Walden*, 232 F.R.D. 460, 463-64 (E.D. Pa. 2005) (noting that the "overwhelming majority of courts addressing this issue [the scope of disclosure required by an expert witness] have adopted a pro-discovery position, concluding that, pursuant to Rule 26(a)(2)(B), a party must disclose all information provided to its testifying expert for consideration in the expert's report, including information otherwise protected by the attorney-client privilege or the work product privilege" and citing cases); *CP Kelco U.S. Inc. v. Pharmacia Corp.*, 213 F.R.D. 176, 178-79 (D. Del. 2003) (Jordan, J.) (ordering production of documents considered by testifying expert, even though the documents were claimed as privileged, because "[i]t would be manifestly unfair to allow a party to use the privilege to shield information which it had deliberately chosen to use offensively . . . when it used the allegedly privileged documents to arm its expert for testimony"); *Vitalo v. Cabot Corp.*, 212 F.R.D. 478, 479 (E.D. Pa. 2002) (same).

Thus, in failing to disclose the January 3, 2007 letter from Plaintiff's counsel to Dr. Borzilleri, Plaintiff violated the mandatory disclosure requirements in Rule 26(a)(2). With limited exceptions, a party that fails to make required disclosures under Rule 26(a)(1) forfeits the use the witnesses or documents at issue. Fed. R. Civ. P. 37(c)(1) states, in pertinent part:

> A party that without substantial justification fails to disclose information required by Rule 26(a) . . . shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions.

Fed. R. Civ. P. 37(c)(1). "Rule 37 is written in mandatory terms, and is designed to provide a strong inducement for disclosure of Rule 26(a) material." *Newman v. GHS Osteopathic, Inc.*, 60 F.3d 153, 156 (3d Cir. 1995) (quotation marks and citation omitted); *see also* 8A Wright, Miller & Marcus, *Federal Practice and Procedure: Civil 2d* § 2289.1 at 704 (1994).

The Court should exclude Dr. Borzilleri's testimony considering that Defendants twice requested the information in writing and Plaintiff declined to provide it. Accordingly, for this additional independent reason, the Court should preclude Dr. Borzilleri's testimony.

### D.   PLAINTIFF'S FAILURE TO PRODUCE OTHER DISCOVERY MATERIALS PROVIDES AN ADDITIONAL BASIS FOR EXCLUDING DR. BORZILLERI'S TESTIMONY

An additional and independent basis for excluding Dr. Borzilleri's testimony is Plaintiff's failure to provide the discovery requested concerning Dr. Borzilleri after his deposition. Specifically, Plaintiff failed to provide: (a) prior expert reports provided to Plaintiff's counsel's firm; (b) deposition transcripts or trial transcripts of Dr. Bozilleri's testimony in connection with his retention as an expert on behalf of Plaintiff's counsel in other cases; (c) a copy of the retention letter between Plaintiff's counsel and Dr. Bozilleri; and (d) documents that Dr. Bozilleri presented to the Maryland Trial Lawyers Association. All of this information is highly relevant to Dr. Borzileri's testimony and obviously Plaintiff should have disclosed it.

The leading case in this jurisdiction on Rule 37(b)(2)(B) exclusion sanctions is *Ware v. Rodale Press, Inc.*, 322 F.3d 218 (3rd Cir. 2003). The *Ware* court referred to factors that should be taken into account when considering the imposition of such sanctions, as set forth in *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863 (3d Cir. 1984): (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Id.*, at 868.

In this case, Defendants are being prejudiced by being deprived of the opportunity to examine this important information in advance of the pretrial conference and trial, repeated requests for the information have been ignored, and Plaintiff has no grounds not to provide the requested materials. Accordingly, exclusion of Dr. Borzilleri's testimony would be appropriate, particularly if Plaintiff persists in withholding the requested information.

## CONCLUSION

Based on the foregoing, the Court should enter an order pursuant to Fed. R. Evid. 702 and Fed. R. Civ. P. 26(a)(2) precluding Dr. Borzilleri from testifying on the grounds that: (a) Dr. Borzilleri's proposed testimony as set forth in his expert report contained incorrect assumptions about Plaintiff's earning after her termination and her earnings in the future; (b) Plaintiff failed to seasonably supplement Dr. Borzilleri's report with the correct information; and (c) Plaintiff failed to disclose all information and documents considered by Dr. Borzilleri in preparing his report, i.e., the January 3, 2007 letter from Plaintiff's counsel setting forth the information he was to consider in preparing his report.

Furthermore the Court should preclude Dr. Borzilleri's testimony as a sanction for Plaintiff's failure to provide the information requested in discovery under Fed. R. Civ. P. 37(c)(1).

<div style="margin-left: 40%;">

Respectfully submitted,

REED SMITH LLP

By: /s/ Thad J. Bracegirdle
    Thad J. Bracegirdle (No. 3691)
    1201 Market Street, Suite 1500
    Wilmington, DE 19801
    (302) 778-7500

    Paul P. Rooney (No. 3317)
    599 Lexington Avenue, 28th Floor
    New York, NY 10022

    John C. Unkovic (admitted *pro hac vice*)
    435 Sixth Avenue
    Pittsburgh, PA 15219

    Stephanie Wilson (admitted *pro hac vice*)
    Princeton Forrestal Village
    136 Main Street, Suite 250
    Princeton, New Jersey 08540
    (609)-987-0050

Attorneys for Defendants, Mellon Trust of Delaware National Association, Mellon Bank, National Association, and Mellon Financial Corporation.

</div>

Dated: May 22, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LINDA J. BLOZIS | : |
| | : CIVIL ACTION NO. 05-891 (SLR) |
| Plaintiff, | : |
| | : |
| vs. | : |
| | : |
| MELLON TRUST OF DELAWARE, | : **CERTIFICATE OF SERVICE** |
| NATIONAL ASSOCIATION; MELLON | : |
| BANK, NATIONAL ASSOCIATION; | : |
| MELLON FINANCIAL | : |
| CORPORATION | : |
| | : |
| Defendant. | : |

I, Thad J. Bracegirdle, being a member of the Bar of this Court, do hereby certify that on May 22, 2007, I caused a true and correct copy of **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE TO PRECLUDE PLAINTIFF'S EXPERT WITNESS FROM TESTIFYING ON THE GROUNDS THAT PLAINTIFF'S EXPERT'S OPINION IS BASED ON UNREALISTIC ASSUMPTIONS, AND PLAINTIFF FAILED TO PROVIDE MANDATORY DISCLOSURES AND RELEVANT DISCOVERY** to be served by electronic filing with the Court upon the following counsel:

John M. LaRosa, Esq.
Delaware Bar No. 4275
Two East 7th Street, Suite 302
Wilmington, DE 19801-3707
Attorneys for Plaintiff

Thomas S. Neuberger, Esquire
Delaware Bar No. 243
Two East Seventh Street, Suite 302
Wilmington, DE 19801
Attorneys for Plaintiff

                                                         s/Thad J. Bracegirdle
                                                         Thad J. Bracegirdle (No. 3691)