# EXHIBIT A



# ReedSmith

Stephanie Wilson
Direct Phone: 609.520.6031
Email: SWilson@reedsmith.com

Reed Smith LLP
Princeton Forrestal Village
136 Main Street - Suite 250
Princeton, NJ 08540-7839
609.987.0050
Fax 609.951.0824

April 25, 2007

<u>Via Facsimile and Regular Mail</u>
John M. LaRosa, Esq.
Law Offices of John M. LaRosa
Two East Seventh Street, Suite 302
Wilmington, DE 19801

Re:   <u>Linda J. Blozis v. Mellon Trust of Delaware, National Association, et al</u>

Dear John:

Please provide us with a supplemental economist expert report that, among other things, adjusts Dr. Borzilleri's calculation of Ms. Blozis' alleged damages. Please provide the revised report by May 4, 2007.

Very truly yours,

Stephanie Wilson

SW:mf
Enclosure

cc:   John Unkovic, Esq.
      Paul Rooney, Esq.

NEW YORK ♦ LONDON ♦ LOS ANGELES ♦ PARIS ♦ SAN FRANCISCO ♦ WASHINGTON, D.C. ♦ PHILADELPHIA ♦ PITTSBURGH ♦ OAKLAND
MUNICH ♦ PRINCETON ♦ NORTHERN VIRGINIA ♦ WILMINGTON ♦ NEWARK ♦ BIRMINGHAM, U.K. ♦ CENTURY CITY ♦ RICHMOND
reedsmith.com

PRCLIB-444597.1-SWILSON 4/25/07 3:05 PM

# EXHIBIT B

Case 1:05-cv-00891-SLR    Document 65-2    Filed 05/22/2007    Page 3 of 15

# ReedSmith

**Stephanie Wilson**
Direct Phone: 609.520.6031
Email: SWilson@reedsmith.com

Reed Smith LLP
Princeton Forrestal Village
136 Main Street - Suite 250
Princeton, NJ 08540-7839
609.987.0050
Fax 609.951.0824

April 26, 2007

<u>Via Facsimile and Regular Mail</u>
John M. LaRosa, Esq.
Law Offices of John M. LaRosa
Two East Seventh Street, Suite 302
Wilmington, DE 19801

    Re:   <u>Linda J. Blozis v. Mellon Trust of Delaware, National Association, et al</u>

Dear John:

During Dr. Bozilleri's April 5, 2007 deposition, I requested the following documents:

- Any and all prior expert reports that Dr. Bozilleri provided to or on behalf of your firm or Mr. Neuberger's firm.

- Any and all copies of deposition transcripts or trial transcripts of Dr. Bozilleri's testimony in connection with his retention as an expert on behalf of your firm or for Mr. Neuberger's firm.

- A copy of the retention letter between your firm and Dr. Bozilleri.

- A copy of any speeches or handouts or documents that Dr. Bozilleri presented to the Maryland Trial Lawyers Association.

- A copy of your letter dated January 3, 2007 to Dr. Bozilleri as testified to by Dr. Bozilleri on page 27 of his April 5, 2007 transcript.

Additionally, please provide, all updated compensation information for Ms. Blozis to date including 2007, but not limited to, earnings to date, 401K contributions, bonuses and salary increases.

                                            Very truly yours,

                                            Stephanie Wilson

SW:mf
Enclosure

NEW YORK ♦ LONDON ♦ LOS ANGELES ♦ PARIS ♦ SAN FRANCISCO ♦ WASHINGTON, D.C. ♦ PHILADELPHIA ♦ PITTSBURGH ♦ OAKLAND
MUNICH ♦ PRINCETON ♦ NORTHERN VIRGINIA ♦ WILMINGTON ♦ NEWARK ♦ BIRMINGHAM, U.K. ♦ CENTURY CITY ♦ RICHMOND
reedsmith.com

PRCLIB-444715.1-SWILSON 4/26/07 4:15 PM

# EXHIBIT C

**Rooney, Paul P.**

---

**From:** Wilson, Stephanie
**Sent:** Wednesday, May 16, 2007 12:40 PM
**To:** 'John M. LaRosa, Esquire'
**Cc:** Neuberger, Esq. Thomas S.; Neuberger, Esq., Stephen; Rooney, Paul P.
**Subject:** RE: Blozis v. Mellon: Pre-trial Exchanges

Hello John, I note that you haven't provided Plaintiff's version of the pretrial yet and the jury materials are due tomorrow. I also note that Defendants requested that Plaintiff supplement her expert's report and produce other documents related to expert discovery and her damages and we have not received them. Very truly yours, Stephanie


**Stephanie Wilson**
609-520-6031
swilson@reedsmith.com

**Reed Smith** LLP

136 Main Street
Suite 250
Princeton, NJ 08540
609-520-6031
Fax 609-951-0824

*This e-mail is confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. To do so could violate state and Federal privacy laws. Thank you for your cooperation. Please contact Stephanie Wilson at 609-520-6031 or e-mail swilson@reedsmith.com if you need assistance.*

---

**From:** John M. LaRosa, Esquire [mailto:JLR@LaRosaLaw.com]
**Sent:** Wednesday, April 11, 2007 10:57 AM
**To:** Wilson, Stephanie
**Cc:** Neuberger, Esq. Thomas S.; Neuberger, Esq., Stephen
**Subject:** Blozis v. Mellon: Pre-trial Exchanges

Stephanie:

The following will confirm our telephone conversation this morning. In preparation for the Pretrial Conference in the above captioned matter scheduled for June 5, 2007, and the Joint Pre-trial Order and Jury Materials (Jury Instructions, Special Verdict, and Voir Dire) to be submitted by May 31st,

Plaintiff will submit to Defendants drafts of the

P1) Pretrial Order including witnesses and exhibits on May 11th and

P2) Jury Materials (Jury Instructions, Special Verdict, and Voir Dire) on May 17th;

Defendants will submit to Plaintiff drafts of the

05/22/2007

D1)  Pretrial Order including witnesses and exhibits on May 21st and

D2) Jury Materials (Jury Instructions, Special Verdict, and Voir Dire) on May 24th; and

The parties will confer by telephone regarding the

J1) Joint Pretrial Order on May 25th @ 4 p.m. and

J2) Joint Jury Materials (Jury Instructions, Special Verdict, and Voir Dire) on May 29th @ 5 p.m.

Very truly yours,

John M. LaRosa

*********************************************
Law Office of John M. LaRosa
Two East 7th Street, Suite 302
Wilmington, Delaware 19801-3707
(302) 888-1290
(302) 655-9329 (fax)
www.LaRosaLaw.com (website)

05/22/2007

# EXHIBIT D

Case 1:05-cv-00891-SLR   Document 65-2   Filed 05/22/2007   Page 9 of 15

LINDA BLOZIS v. MELLON TRUST, et al.        April 5, 2007        THOMAS C. BORZILLERI, Ph.D.

Page 1

1           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF DELAWARE
2    _____

3    LINDA J. BLOZIS,              x
                                   :
4           Plaintiff,             :
        vs.                        : Civil Action
5                                  : Number: 05-991-SLR
     MELLON TRUST OF DELAWARE,     :
6    NATIONAL ASSOCIATION, a       :
     Pennsylvania corporation;     :
7    MELLON BANK, NATIONAL         :
     ASSOCIATION (formerly Mellon  :
8    Bank (DE) National            :
     Association), a Pennsylvania  :
9    corporation; and MELLON       :
     FINANCIAL CORPORATION, a      :
10   Pennsylvania corporation,     :
                                   :
11          Defendants.            x

12   _____

13                          Thursday, April 5, 2007

14                          Washington, D.C.

15   DEPOSITION OF:

16          THOMAS C. BORZILLERI, PH.D.,

17   a witness, was called for examination by counsel for

18   the defendants, pursuant to Notice and agreement of

19   the parties as to time and date, beginning at

20   approximately 10:08 o'clock, a.m., taken at the law

21   offices of Reed Smith, Esquires, 1301 K Street, N.W.,

22   East Tower, 11th Floor, Washington, D.C., before

Case 1:05-cv-00891-SLR   Document 65-2   Filed 05/22/2007   Page 10 of 15

LINDA BLOZIS v. MELLON TRUST, et al.        April 5, 2007        THOMAS C. BORZILLERI, Ph.D.

Page 26

1    concerning Ms. Blozis' loses.

2        Q      Okay.  And the final page on that has a
3    January 30th, 2007, date that was an addendum?

4        A      Yes, ma'am.

5        Q      So, the January 29th report and the
6    January 30th '07 addendum, does that constitute your
7    complete statement of your opinions concerning Ms.
8    Blozis' loses?

9        A      Yes, it does.

10       Q      Now in terms of writing your report, you
11   have listed various information in it that you relied
12   upon.  For example, on page eight there looks to be a
13   reference list?

14       A      Yes.

15       Q      And on the following pages where there
16   are charts, there are other things that are
17   referenced on the charts and how you came up with
18   your calculations?

19              For example, there is PBGC is referenced.
20   Things of that nature.  In addition to what's
21   identified in the report, you had stated on page one
22   that you also reviewed information that was provided

Case 1:05-cv-00891-SLR    Document 65-2    Filed 05/22/2007    Page 11 of 15

LINDA BLOZIS v. MELLON TRUST, et al.    April 5, 2007    THOMAS C. BORZILLERI, Ph.D.

Page 27

1    to you by counsel?

2        A    Yes, ma'am.

3        Q    What information was that?

4        A    I received a letter from Mr. LaRosa dated
5    January 3rd of 2007 that contained a lot of basic
6    information that I relied on to do the calculations.

7            I received a copy of her resume. I
8    received a letter from Mellon Bank. Actually it's
9    the other side that I paid more attention to which
10   was her W-2s for 2001. A copy of the Mellon Bank
11   retirement plan. A pay stub from Mellon Bank for
12   July of 2003, and her tax returns. 2001 through
13   2005.

14           A letter dated September 15th, 2005, to
15   the EEOC I guess where they were outlining what they
16   thought their damages were. A W-2 for 2002. A W-2
17   for 2005 and 2004.

18           A copy of the record that was done by
19   your experts, the Center for Forensic Economics
20   Studies, and then an e-mail I got from Mr. LaRosa
21   instructing me what to do with respect to the 401K
22   plan benefits that she had.

Case 1:05-cv-00891-SLR   Document 65-2   Filed 05/22/2007   Page 12 of 15

LINDA BLOZIS v. MELLON TRUST, et al.        April 5, 2007        THOMAS C. BORZILLERI, Ph.D.

Page 28

1            Three percent with Mellon, and she has

2    neither with the current employer and she has no

3    pension with the current employer to factor in

4    mitigation.  And that's it.

5        Q    Any deposition transcripts?

6        A    No, ma'am.

7        Q    Doctor, I want to turn your attention to

8    page one of your report.  And I want to ask you some

9    questions on worklife expectancy.

10       A    Yes.

11       Q    With respect to the work left expectancy

12   component of your report, what sources did you review

13   in connection with that?

14       A    Well, the key source is footnoted at the

15   bottom of the report.  These are two studies that

16   have been done by Millimet.  One Estimating Worklife

17   Expectancy; an Econometric Approach.

18            And the other is Marriage, Children, and

19   Worklife Expectancy also by Millimet and other

20   authors.  Those are the two items that I rely on for

21   worklife expectancy in all my cases now.

22       Q    Why is that when you say those were the

Case 1:05-cv-00891-SLR   Document 65-2   Filed 05/22/2007   Page 13 of 15

LINDA BLOZIS v. MELLON TRUST, et al.          April 5, 2007          THOMAS C. BORZILLERI, Ph.D.

Page 42

1    present value part of the calculation.

2        Q       Okay. And is that your number 65.5 after
3    everything is said and done so to speak?

4        A       That is correct. It adds four-tenths of
5    a year to it by taking out the survival probability
6    adjustment.

7        Q       Okay. Doctor, turning your attention to
8    page one of your report, the last paragraph on page
9    one. Primarily I'm concerned with the third sentence
10   where you're talking about her present employment
11   with Orion Bank. Do you see where I am?

12       A       Yes.

13       Q       She has been employed by Orion Bank since
14   January 24, 2005, and she now is earnings $24,000 per
15   year. Do you see that?

16       A       Yes, ma'am.

17       Q       Did you receive any information that Ms.
18   Blozis' salary has increased?

19       A       Yes, indirectly.

20       Q       When you say indirectly?

21       A       I looked at the report that had been
22   prepared by your -- the defense economist and there

Page 43

1  is a line in that that says she's currently making
2  $32,000 a year.  That was certainly unknown to me at
3  the time I did the calculation.  If that's true, the
4  numbers should be adjusted for that change.
5      Q      Have you made any adjustments to your
6  report?
7      A      No.
8      Q      And are you going to?
9      A      Prior to trial for sure.  I don't know
10 when we go to trial, but I would certainly want to
11 use current information if she's making 33, or 35, or
12 40, whatever it might be.
13     Q      Yes, whatever it my be.  I guess June is
14 the trial date.
15     A      Okay.
16     Q      In connection with Blozis' employment
17 with Orion, were you aware that she had I guess prior
18 to getting bumped up to 32K had gotten some increases
19 in salary before then?
20     A      Well, again only by looking at the
21 defense report.  They stated in their report -- Yes.
22 They state here on page two on January 30, 2005, she

Case 1:05-cv-00891-SLR    Document 65-2    Filed 05/22/2007    Page 15 of 15

LINDA BLOZIS v. MELLON TRUST, et al.        April 5, 2007        THOMAS C. BORZILLERI, Ph.D.

Page 44

1    started at Orion.  Earned 24,070.  She accepted a
2    promotion on January 8 of 2006 and is now earning
3    $32,000 per year.  That's all I know about it.
4        Q        Okay.  So in terms of other increases
5    before receiving the 32K, you don't have any
6    information as to that?
7        A        I do not.
8        Q        What about bonus payments?
9        A        Know nothing about that either.
10       Q        With respect to 401K at Orion, does Orion
11   have a 401K plan?
12       A        I believe they have a 401K plan, but that
13   she could not afford to participate in it.  I was
14   instructed by the plaintiff's attorney to ignore the
15   potential because her income was too low.
16       Q        When you say that it was too low, meaning
17   she felt -- Ms. Blozis felt that her income was too
18   low to put aside something in the 401K?
19       A        I don't know the level of match, if there
20   is a match.  The basic story is at 24 thousand a year
21   she didn't have sufficient income to be putting it
22   into a 401K.  That's what I was told by plaintiff's