UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LINDA J. BLOZIS<br><br>      Plaintiff,<br>vs.<br><br>MELLON TRUST OF DELAWARE, NATIONAL ASSOCIATION; MELLON BANK, NATIONAL ASSOCIATION; MELLON FINANCIAL CORPORATION,<br><br>      Defendants. | : CIVIL ACTION NO. 05-891 (SLR)<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE
TO EXCLUDE EVIDENCE CONCERNING SALE OF PLAINTIFF'S HOME**

Defendants, Mellon Trust of Delaware, National Association, Mellon Bank, National Association, and Mellon Financial Corporation (collectively, the "Defendants"), through counsel, submit this Memorandum in Support of their Motion in Limine to exclude testimony and documentary evidence Plaintiff intends to submit in support of the assertion that the termination of her employment "forced" her to sell her residentce and that, as a result of the alleged forced sale, she sustained monetary damages. The Court should preclude introduction of this evidence because: (a) as a lay person, Plaintiff is not qualified to testify that she suffered any monetary loss as a result of the sale of her house; (b) any losses Plaintiff suffered as a result of the sale of her home have no logical relationship to the loss of her employment; and (c) consequential damages are unavailable for Plaintiff's claim under the Age Discrimination in Employment Act., 29 U.S.C. § 621-630 ("ADEA").

## **ARGUMENT**

## **POINT I:**

### **PLAINTIFF'S TESTIMONY IS NOT COMPETENT TO ESTABLISH ANY MONETARY LOSS ARISING FROM THE SALE OF HER HOME**

As a lay person with no background in economics, no knowledge of techniques for appraising real estate, and no knowledge of the market conditions and prices of homes comparable to her own from 2004 to the present, Plaintiff is not competent to testify that she suffered *any* loss as a result of selling her home after the termination of her employment.

The analysis required to determine if Plaintiff lost any money as a result of the sale of her home is complex and beyond a layperson's knowledge. First of all, one needs to determine the fair market price of Plaintiff's home at the time she sold it to determine if she suffered a loss at all. Plaintiff has presented no evidence in discovery as to the fair market price of her house at the time she sold it, and she is not competent to testify to what the fair market price was. In short, for all Plaintiff knows, she benefited tremendously from selling her house at the time she did. *See Courtney v. Safelite Glass Corp.*, 811 F. supp. 1466, 1475 (D. Kan. 1992) (reversing damage award to plaintiff arising from alleged loss resulting from sale of house where, due to the absence of evidence of the fair market value of the plaintiff's home plaintiff had "simply presented no evidence from which a reasonable juror could determine whether or not, or to what extent, the plaintiff was damaged in connection with the house sale").

Second, if Plaintiff contends that she could have sold the house for more if she had remained employed by Defendants until a later date, such as the present, to prove damages she would have to determine: (a) the fair market price at the time she sold and whether she received more or less than that amount; and (b) the fair market price of the same home at the date she would have sold had she remained employed; and (c) the likelihood that plaintiff would have

been able to sell the house for that hypothetical fair market price. Again, Plaintiff lacks any knowledge of these facts and is not competent to testify to them because she lacks the relevant expertise. *See* Fed. R. Evid. 701.

Under Fed. R. Evid. 701, "If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." According to the Advisory Committee Notes on Rule 701, "the distinction between lay testimony and expert witness testimony is that lay testimony 'results from a process familiar in everyday life' while expert testimony 'results from a process which can be mastered only by specialists in the field.'" *See Advisory Committee Notes*, 2000 Amendments (quoting *State v. Brown*, 836 S.W.2d 530, 549 (Tenn. 1992) (lay witness could testify that a substance appeared to be blood but only an expert could testify that bruising around the eyes indicated skull trauma)).

The determination of: (a) the fair market price of a piece of real estate at a particular moment in the past; (b) the fair market price at a hypothetical moment in the future, and (c) the likelihood of the real estate being sold at, above, or below, that fair market price at a given time is not "a process familiar in everyday life." It requires expert knowledge real estate appraisal, economics, and probability, all of which laypersons, including Plaintiff, lack. Accordingly, any testimony of Plaintiff intended to show that she suffered a financial loss as a result of the sale of her home is incompetent and should be precluded under Fed. R. Evid. 602 and 701.

## POINT II:

## PLAINTIFF'S ALLEGED LOSSES FROM THE SALE OF HER HOME BEAR NO LOGICAL RELATIONSHIP TO THE LOSS OF HER EMPLOYMENT

The Court should also bar Plaintiff's proffered evidence of alleged losses resulting from the sale of her home on the common sense ground that they simply have nothing to do with her loss of her employment.

That was the conclusion the United States Court of Appeals for the Fifth Circuit reached in upholding a jury verdict in favor of a plaintiff claiming wrongful discharge but which included no award for the $10,000.00 he claimed to have lost on the sale of his house. *Purcell v. Seguin State Bank & Tr. Co.*, 999 F.2d 950, 961 (5th Cir. 1993). The Court simply held that "the loss [plaintiff] incurred on the sale of his house bears no reasonable relationship to his departure from the bank." *Id.* The Court should follow *Purcell* and reach the same conclusion here.

## POINT III:

## CONSEQUENTIAL DAMAGES ARE UNAVAILABLE UNDER THE ADEA

In the event the Court grants summary judgment to Defendants on Plaintiff's Title VII claims and Delaware state law claims, but allows Plaintiff's ADEA claims to go to trial, Plaintiff's claims for the alleged losses arising from the sale of her house should be barred on the grounds that consequential damages are unavailable under the ADEA.

In granting a defendant's motion in limine to exclude evidence that a plaintiff in an ADEA case suffered consequential damages in the form of "closing costs from selling [a] personal residence," the United States District Court for the Northern District of Illinois held that "[w]hile Plaintiff's argument has some appeal, awards for ordinary consequential damages beyond lost wages are improper under the ADEA." *Miller v. Farley Fluid Power Corp.*, 1997 U.S. Dist. LEXIS 19006, at *10-11 (N.D. Ill. Nov. 24, 1997). Similarly, the United States

District Court for the Northern District of Georgia dismissed that portion of an ADEA plaintiff's complaint that sought consequential damages allegedly arising from the sale of his home, moving expenses, additional interest on a new mortgage, and additional commuting expenses, on the grounds that "the consequential damages [plaintiff] seeks may not be awarded under the [ADEA]. It was not the purpose of the [ADEA] to allow recovery of general damages." *Lyons v. Allendale Mut. Ins. Co.*, 484 F. Supp. 1343, 1344 (N.D. Ga. 1980).

Accordingly, in the event Plaintiff is left with only an ADEA claim after the Court decides Defendants' motion for summary judgment, the Court should bar any evidence that Plaintiff suffered a financial loss as a result of the alleged "forced sale" of her residence.

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that this Court preclude Plaintiff from introducing exhibits or offering evidence regarding alleged financial losses Plaintiff claims to have incurred as a result of the sale of her home.

Respectfully submitted,

REED SMITH LLP

By: /s/ Thad J. Bracegirdle
    Thad J. Bracegirdle (No. 3691)
    1201 Market Street, Suite 1500
    Wilmington, DE 19801
    (302) 778-7500

    Paul P. Rooney (No. 3317)
    599 Lexington Avenue, 28th Floor
    New York, NY 10022

    John C. Unkovic (admitted *pro hac vice*)
    435 Sixth Avenue
    Pittsburgh, PA 15219

    Stephanie Wilson (admitted *pro hac vice*)
    Princeton Forrestal Village
    136 Main Street, Suite 250
    Princeton, New Jersey 08540
    (609)-987-0050

Attorneys for Defendants, Mellon Trust of Delaware National Association, Mellon Bank, National Association, and Mellon Financial Corporation.

Dated: May 22, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LINDA J. BLOZIS<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MELLON TRUST OF DELAWARE, NATIONAL ASSOCIATION; MELLON BANK, NATIONAL ASSOCIATION; MELLON FINANCIAL CORPORATION<br><br>　　　　Defendant. | : CIVIL ACTION NO. 05-891 (SLR)<br>:<br>:<br>:<br>: **CERTIFICATE OF SERVICE**<br>:<br>: |

I, Thad J. Bracegirdle, being a member of the Bar of this Court, do hereby certify that on May 22, 2007, I caused a true and correct copy of **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE CONCERNING SALE OF PLAINTIFF'S HOME** to be served by electronic filing with the Court upon the following counsel:

John M. LaRosa, Esq.
Delaware Bar No. 4275
Two East 7th Street, Suite 302
Wilmington, DE 19801-3707
Attorneys for Plaintiff

Thomas S. Neuberger, Esquire
Delaware Bar No. 243
Two East Seventh Street, Suite 302
Wilmington, DE 19801
Attorneys for Plaintiff

　　　　　　　　s/Thad J. Bracegirdle
　　　　　　　　Thad J. Bracegirdle (No. 3691)