IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LINDA J. BLOZIS, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 05-891 SLR |
| | : | |
| v. | : | |
| | : | |
| MELLON TRUST OF DELAWARE, | : | |
| NATIONAL ASSOCIATION; MELLON | : | |
| BANK, NATIONAL ASSOCIATION; | : | |
| and MELLON FINANCIAL | : | |
| CORPORATION, | : | |
| | : | |
| Defendants. | : | |

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION IN LIMINE TO
PRECLUDE PLAINTIFF'S EXPERT WITNESS FROM TESTIFYING

Plaintiff, through her undersigned counsel, hereby requests that Defendants' Motion in Limine to Preclude Plaintiff's Expert Witness from Testifying be denied. In support of this request, Plaintiff avers the following:

1. Plaintiff's economic report is not based on "unrealistic" assumptions.

2. Plaintiff provided her expert report on January 30, 2007, in accordance with the Court's Scheduling Order.

3. Plaintiff provided a supplement to the report on February 5, 2007.

4. The report and supplement are based on Plaintiff's current tax and W-2 information through 2006.

5. Plaintiff continues to fulfill her continuing duty to mitigate her damages.

6. As a result, Plaintiff received a promotion and pay raise in 2007.

7. That information is not reflected in her current tax and W-2 information.

8. Because that information is not reflected in Plaintiff's current tax and W-2 information, it is not reflected in her original expert report.

9. Also, Plaintiff has provided all mandatory disclosures under Rule 26(a)(2)(B).

10. Rule 26(a)(2)(B) requires a party to disclose an expert witness's "written report prepared and signed by the witness . . . contain[ing] a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years." Fed. R. Civ.Pro. 26(a)(2)(B).

11. Plaintiff has provided all of these things to Defendants.

12. This rule does not require Plaintiff to produce her retainer letter to the expert.

13. Plaintiff does not intend to use the retainer letter to its expert as evidence at trial.

14. There has been no harm or prejudice to Defendants.

15. Finally, Plaintiff has provided all relevant discovery.

16. Defense counsel requested all prior expert reports that Dr. Borzilleri provided to or on behalf of Plaintiff's counsel's firms; copies of deposition transcripts or trial exhibits of Dr. Borzilleri's testimony in connection with his retention as an expert on behalf of Plaintiff's counsel's firms; a copy of the retention letter between Plaintiff's counsel's firm and Dr. Borzilleri; and a copy of any speeches or handouts or documents that Dr. Borzilleri presented to the Maryland Trial Lawyers Association ("Defendants' request").

17. Defendants' request seeks information that does not appear reasonably calculated to lead to the discovery of admissible evidence.

18. Defendants' request seeks discovery of agreements with strangers to this action which may be subject to non-disclosure and cannot be produced without agreement of a stranger.

19. Defendants' request poses an undue burden on Plaintiff and is overbroad and seeks consultation with experts.

20. Defendants' request also exceeds the requirements of Rule 26 of the Federal Rules of Civil Procedure and Local Delaware District Court Civil Rule 16.4(d)(6).

21. Plaintiff has complied with the requirements of Rule 26 of the Federal Rules of Civil Procedure and Local Delaware District Court Civil Rule 16.4(d)(6) and the Court's Scheduling Order regarding expert discovery.

**WHEREFORE**, for all of the foregoing reasons, Plaintiff respectfully requests that Defendants' Motion in Limine to Preclude Plaintiff's Expert Witness from Testifying be denied.

>**THE NEUBERGER FIRM, P.A.**
>**THOMAS S. NEUBERGER, ESQ.**
>Delaware Bar No. 243
>**STEPHEN J. NEUBERGER, ESQ.**
>Delaware Bar No. 4440
>Two East Seventh Street, Suite 302
>Wilmington, Delaware 19801
>(302) 655-0582
>TSN@NeubergerLaw.com
>SJN@NeubergerLaw.com

                                        **LAW OFFICE OF JOHN M. LaROSA**
                                        /s/ John M. LaRosa
                                        **JOHN M. LaROSA, ESQ.**
                                        Delaware Bar No. 4275
                                        Two East 7th Street, Suite 302
                                        Wilmington, Delaware 19801-3707
                                        (302) 888-1290
                                        JLR@LaRosaLaw.com

Dated: May 29, 2007                        Attorneys for Plaintiff Linda J. Blozis

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LINDA J. BLOZIS, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 05-891 SLR |
| | : | |
| v. | : | |
| | : | |
| MELLON TRUST OF DELAWARE, | : | |
| NATIONAL ASSOCIATION; MELLON | : | |
| BANK, NATIONAL ASSOCIATION; | : | |
| and MELLON FINANCIAL | : | |
| CORPORATION, | : | |
| | : | |
| Defendants. | : | |

## ORDER

Upon consideration of Defendants' Motion in Limine to Preclude Plaintiff's Expert Witness from Testifying and Plaintiff's Response thereto, it is this _____ day of _____, 2007, Ordered as follows:

1. Defendants' Motion is DENIED.

2. Plaintiff's Expert Witness may testify at the trial of this matter.

_____
ROBINSON, C.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LINDA J. BLOZIS,  :  <br>  :  <br> Plaintiff, : <br>  :  <br> v. : <br>  :  <br> MELLON TRUST OF DELAWARE, : <br> NATIONAL ASSOCIATION; MELLON : <br> BANK, NATIONAL ASSOCIATION; : <br> and MELLON FINANCIAL : <br> CORPORATION, : <br>  :  <br> Defendants. : | CIVIL ACTION NO. 05-891 SLR |

## CERTIFICATE OF SERVICE

I, John M. LaRosa, being a member of the Bar of this Court, do hereby certify that on May 29, 2007, I caused two (2) copies of each of the following documents to be sent via CM/ECF and electronic mail to the following:

1. Plaintiff's Memorandum in Opposition to Defendants' Motion in Limine To Exclude Her Evidence of Front Pay Damages;

2. Plaintiff's Memorandum in Opposition to Defendants' Motion in Limine to Preclude Plaintiff's Expert Witness from Testifying;

3. Plaintiff's Memorandum in Opposition to Defendants' Motion to Exclude Plaintiff's Evidence of Emotional Distress Damages;

4. Plaintiff's Memorandum in Opposition to Defendants' Motion in Limine to Exclude Evidence Concerning Terminations of Other Employees;

5. Plaintiff's Memorandum in Opposition to Defendants' Motion in Limine to Exclude Evidence of Brendan Gilmore's Cursing and Rudeness;

6. Plaintiff's Memorandum in Opposition to Defendants' Motion in Limine to Exclude Plaintiff's Testimony as to Male Co-Worker's Performance;

7. Plaintiff's Memorandum in Opposition to Defendants' Motion in Limine to Exclude Evidence Concerning Brendan Gilmore's Interactions With Female Employees; and

8. Plaintiff's Memorandum in Opposition to Defendants' Motion in Limine to Exclude Evidence Concerning Sale of Plaintiff's Home.

Thad J. Bracegirdle, Esquire
Reed Smith LLP
1201 Market Street-Suite 1500
Wilmington, DE 19801

Stephanie Wilson, Esquire
Reed Smith LLP
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, NJ 08540

Paul P. Rooney, Esquire
Reed Smith LLP
599 Lexington Avenue, 28th Floor
New York, NY 10022

John C. Unkovic, Esquire
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA 15219


/s/ John M. LaRosa
**JOHN M. LaROSA, ESQ. (#4275)**

cc: Thomas S. Neuberger, Esquire
Stephen J. Neuberger, Esquire
Ms. Linda J. Blozis

Attorney Files/John's Files/Client Files/Blozis/Pleadings/Response to Motion in Limine to Precl Expert Witness