## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

LINDA J. BLOZIS,             :
                          :
          Plaintiff,         :       **CIVIL ACTION NO.** 05-891 SLR
                          :
    v.                   :
                          :
**MELLON TRUST OF DELAWARE,**  :
**NATIONAL ASSOCIATION; MELLON** :
**BANK, NATIONAL ASSOCIATION;**  :
**and MELLON FINANCIAL**        :
**CORPORATION,**              :
                          :
         Defendants.        :

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
### DEFENDANTS' MOTION IN LIMINE
### TO EXCLUDE EVIDENCE OF EMOTIONAL DISTRESS DAMAGES

Plaintiff, through her undersigned counsel, hereby requests that Defendants' Motion in Limine to Exclude her Evidence of Emotional Distress Damages With Respect to Her ADEA Case be denied. In support of this request, Plaintiff avers the following:

1.     On December 27, 2005, Plaintiff filed a four count Complaint alleging under federal and state law discriminatory discharge based on 1) age and 2) based on retaliation for filing an age discrimination complaint with human resources and discrimination in the terms and conditions of employment based on 3) age and 4) sex. See Ex. A: Complaint at Counts I-IV.

2.     Plaintiff seeks, inter alia, a judgment against all Defendants, jointly and severally, for compensatory damages for emotional distress under Title VII and 19 Del. C. § 715(1)c. See Ex. A: Complaint at Wherefore Cl. ¶ (d).

3.     Plaintiff does not dispute that these damages are not available under the ADEA.

4.     Plaintiff does not seek these damages with respect to her ADEA claims.

5.    However, these damages are available under Title VII and 19 <u>Del. C.</u> § 715(1)c.

6.    Plaintiff seeks these damages only with respect to her claims under Title VII and 19

<u>Del. C.</u> § 715(1)c.

7.    The Court has not dismissed Plaintiff's claims under Title VII and 19 <u>Del. C.</u> §

715(1)c.

**WHEREFORE**, for all of the foregoing reasons, Plaintiff respectfully requests that

Defendants' Motion in Limine to Exclude Her Evidence of Emotional Distress Damages be denied.

<div style="margin-left: 40%">

**THE NEUBERGER FIRM, P.A.**
**THOMAS S. NEUBERGER, ESQ.**
**STEPHEN J. NEUBERGER, ESQ.**
Delaware Bar No. 243
Two East Seventh Street, Suite 302
Wilmington, Delaware 19801
(302) 655-0582
TSN@NeubergerLaw.com
SJN@NeubergerLaw.com

**LAW OFFICE OF JOHN M. LaROSA**
<u>/s/ John M. LaRosa</u>
**JOHN M. LaROSA, ESQ.**
Delaware Bar No. 4275
Two East 7th Street, Suite 302
Wilmington, Delaware 19801-3707
(302) 888-1290
JLR@LaRosaLaw.com

</div>

Dated: May 29, 2007                    Attorneys for Plaintiff Linda J. Blozis

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LINDA J. BLOZIS,                :

         Plaintiff,            :   CIVIL ACTION NO.

        v.              :

MELLON TRUST OF DELAWARE, NATIONAL    :   0 5 - 8 9 1 -
ASSOCIATION, a Pennsylvania corporation;    :
MELLON BANK, NATIONAL ASSOCIATION,   :
(formerly MELLON BANK (DE) NATIONAL    :
ASSOCIATION), a Pennsylvania corporation; and   :
MELLON FINANCIAL CORPORATION, a    :
Pennsylvania corporation,         :   TRIAL BY JURY DEMANDED
                          :
        Defendants.        :

## COMPLAINT

1.     This is a civil action arising from age and sex discrimination and retaliation

which seeks compensatory, punitive, and statutory liquidated damages and injunctive relief for

the negative evaluation, discipline, and discharge of a then 57 year old woman employed by

Defendants for over thirteen years.

### I. JURISDICTION AND VENUE

2.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and

1343; 42 U.S.C. § 1981a; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §

2000e et seq. ("Title VII"); and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et

seq. ("ADEA").



DEPOSITION
EXHIBIT
Blozis 1
7-26-06 KF

65.    The reason for the difference in treatment between Plaintiff and male employees is discrimination because of sex.

66.    The actions of the Defendants were deliberately, intentionally, willfully, purposefully, and knowingly done in violation of federally protected rights. Defendants either knew or showed a negligent or reckless disregard for the matter of whether their conduct violated federal rights. Their actions were outrageous and taken with evil or improper motive, in bad faith, out of personal animus, or motivated by bias and without any reasonable grounds to support them. Their actions were wanton and malicious or taken with reckless indifference to federally protected rights.

## V. CLAIMS

### COUNT I
### (DISCHARGE - CIRCUMSTANTIAL EVIDENCE
### ADEA and 19 DEL. C. § 711(a)(1) - AGE)

67.    Plaintiff repeats and realleges ¶¶ 1 - 66 set out above.

68.    Plaintiff was qualified to do the job of Portfolio Administrator. Plaintiff suffered an adverse action when Defendants discharged her.

69.    The reason Defendants discharged Plaintiff was her age.

70.    Plaintiff was replaced by a less qualified younger employee.

71.    Plaintiff's replacement was sufficiently younger than Plaintiff.

72.    The sole, motivating or determinative reason for the discharge of Plaintiff was her age.

12

73.    Any stated legitimate non-discriminatory reason offered by the Defendants for their actions is a pretext for intentional discrimination based on age.  Any reason offered by the Defendants is unworthy of credence because Plaintiff can demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the proffered legitimate reasons that a reasonable fact finder can rationally find them unworthy of credence and hence infer that the Defendants did not act for the asserted non-discriminatory reason.

74.    Alternatively, Plaintiff can demonstrate pretext because the natural probative force of the evidence demonstrates discrimination.

75.    Defendants cannot meet their burden of proving that they would have made the same decision to discharge Plaintiff regardless of age bias.

76.    Plaintiff's statutory right to be free of age discrimination has been denied under the ADEA and 19 Del. C. § 711(a)(1) because she was discharged or otherwise discriminated against on the basis of her age.

### COUNT II (TERMS AND CONDITIONS - ADEA and 19 DEL. C. § 711(a)(1) - AGE)

77.    Plaintiff repeats and realleges paragraphs 1 - 76 set out above.

78.    Because of her age, Plaintiff suffered intentional discrimination which was severe or pervasive, regular and continuous.  This detrimentally affected her, and it would do so for a reasonable person of the same age in her position.

13

79.    The totality of the circumstances proves the existence of a hostile or abusive working environment severe enough to affect the psychological stability of an older worker.

80.    The acts identified herein were severe and pervasive, regular and continuous, and they created an intimidating, hostile, or offensive work environment.

81.    Under all the circumstances, Plaintiff has been illegally discriminated against in terms and conditions of employment, and otherwise harassed, by a discriminatory, hostile, and abusive work environment which was created, approved, and tolerated by management because of age.

82.    Plaintiffs' statutory right to be free of discrimination because of age has been denied under the ADEA and 19 Del. C. § 711(a)(1).

## COUNT III (TERMS AND CONDITIONS - TITLE VII and 19 DEL. C. § 711(a)(1) - SEX)

83.    Plaintiff repeats and realleges paragraphs 1 - 82 set out above.

84.    Because of her sex, Plaintiff suffered intentional discrimination which was severe or pervasive, regular and continuous. This detrimentally affected her, and it would do so for a reasonable person of the same sex in her position.

85.    The totality of the circumstances proves the existence of a hostile or abusive working environment severe enough to affect the psychological stability of a woman.

86.    The acts identified herein were severe and pervasive, regular and continuous, and they created an intimidating, hostile, or offensive work environment.

14

87.    Because of sex, Plaintiff suffered intentional discrimination which was severe or pervasive, regular, and continuous. This detrimentally affected her, and it would do so for a reasonable person of the same sex in her position. The totality of the circumstances proves the existence of a hostile or abusive working environment severe enough to affect the psychological stability of a female.

88.    Under all the circumstances, Plaintiff has been illegally discriminated against in terms and conditions of employment, and otherwise harassed, by a discriminatory, hostile, and abusive work environment which was created, approved, and tolerated by management because of sex.

89.    Plaintiffs' statutory right to be free of discrimination because of sex has been denied under Title VII and 19 Del. C. § 711(a)(1).

## COUNT IV
### (DISCHARGE IN RETALIATION FOR OPPOSING ILLEGAL PRACTICES ADEA and 19 DEL. C. § 711(f))

90.    Plaintiff repeats and realleges ¶¶ 1 - 89 set out above.

91.    Plaintiff opposed practices made illegal by the ADEA.

92.    Defendant retaliated against her for her opposition and terminated her employment.

93.    There is a causal connection between Plaintiff's opposition and Defendants' retaliation.

94.    Any non-retaliatory reason given by the Defendants is a pretext for retaliation.

15

95.    Any stated legitimate non-retaliatory reason offered by the Defendants for their actions is a pretext for retaliation and intentional discrimination based on age. Any reason offered by the Defendants is unworthy of credence because Plaintiff can demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the proffered legitimate reasons that a reasonable fact finder can rationally find them unworthy of credence and hence infer that the Defendants did not act for the asserted non-retaliatory reason.

96.    Alternatively, Plaintiff can demonstrate pretext because the natural probative force of all direct and circumstantial evidence establishes that it is more likely than not that a motivating or determinative cause of the adverse employment action was Plaintiff's age.

97.    Plaintiff's rights were violated under ADEA, because she was discharged or otherwise discriminated against in retaliation for opposing illegal practices and on the basis of her age.

98.    Plaintiffs' statutory right to be free of retaliation and age discrimination has been denied under the ADEA and 19 Del. C. § 711(f).

**WHEREFORE,** Plaintiff prays that the Court:

(a)    Enter judgment against all Defendants, jointly and severally.

(b)    Enter a declaratory judgment declaring the acts of the Defendants to be a violation of Plaintiff's statutory rights.

16

(c)      Under the ADEA, Title VII, and 19 <u>Del. C.</u> § 715(1)c, enter a judgment against all

Defendants, jointly and severally, for compensatory damages, including lost wages, earnings,

incentives, and bonuses; lost or reduced 401(k) plan benefits, lost health, dental, vision, long

term disability, accidental death and dismemberment, and life insurance coverage; and other

benefits; decreased employment and earning opportunities; losses incurred as a result of being

forced to sell her house; and other pecuniary losses.

(d)      Under Title VII and 19 <u>Del. C.</u> § 715(1)c, enter a judgment against all Defendants,

jointly and severally, for compensatory damages for emotional distress, humiliation,

embarrassment, and injury to reputation.

(e)      Under the ADEA, enter a judgment against all Defendants, jointly and severally,

for statutory liquidated damages.

(f)      Under Title VII and 19 <u>Del. C.</u> § 715(1)c, enter a judgment gainst all Defendants,

jointly and severally, for punitive damages.

(g)      Issue a mandatory injunction directing the Defendants to reinstate Plaintiff

to the position of Portfolio Administrator or an equivalent position.

(h)      Alternatively, issue a mandatory injunction requiring the Defendants to place

Plaintiff in the next appropriate vacancy to which she normally would have progressed and been

entitled but for the illegal discrimination and retaliation against her.

(i)      Award front pay until Plaintiff can be reinstated or placed in a comparable or

appropriate position.

17

(j)    Issue a permanent injunction requiring the Defendants to:

    (i)    Notify everyone who learned of Defendants' treatment of Plaintiff that

their conduct was illegal,

    (ii)    Expunge Plaintiff's personnel files of any derogatory information relating

to this matter,

(k)    Award Plaintiff costs, interest, and attorneys' fees for this suit.

(l)    Require such other and further relief as the Court deems just and proper under the

circumstances.

        **THE NEUBERGER FIRM, P.A.**
        **THOMAS S. NEUBERGER, ESQUIRE (#243)**
        **STEPHEN J. NEUBERGER, ESQUIRE (#4440)**
        Two East Seventh Street, Suite 302
        Wilmington, Delaware 19801
        (302) 655-0582
        TSN@NeubergerLaw.com
        SJN@NeubergerLaw.com

        **LAW OFFICE OF JOHN M. LaROSA**

        *John M. LaRosa*

        **JOHN M. LaROSA, ESQUIRE (#4275)**
        Two East 7th Street, Suite 302
        Wilmington, Delaware 19801-3707
        (302) 888-1290
        JLR@LaRosaLaw.com

Dated: December 27, 2005        Attorneys for Plaintiff Linda J. Blozis

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

LINDA J. BLOZIS,                           :
                                           :
                Plaintiff,                 :        **CIVIL ACTION NO.** 05-891 SLR
                                           :
        v.                                 :
                                           :
MELLON TRUST OF DELAWARE,                  :
NATIONAL ASSOCIATION; MELLON :
BANK, NATIONAL ASSOCIATION;                :
and MELLON FINANCIAL                       :
CORPORATION.                               :
                                           :
                Defendants.                :

## ORDER

Upon consideration of Defendants' Motion in Limine to Exclude Evidence of Plaintiff's

Emotional Distress Damages, and Plaintiff's Response thereto, it is this _____ day of

_____, 2007, Ordered as follows:

1.      Defendants' Motion is DENIED.

2.      Plaintiff may present to the jury evidence of her emotional distress damages.


                                 _____
                                 **ROBINSON, C.J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LINDA J. BLOZIS,     :
          :
    Plaintiff,     :  **CIVIL ACTION NO.** 05-891 SLR
          :
  v.         :
          :
**MELLON TRUST OF DELAWARE,** :
**NATIONAL ASSOCIATION; MELLON** :
**BANK, NATIONAL ASSOCIATION;** :
and **MELLON FINANCIAL**   :
**CORPORATION,**      :
          :
    Defendants.    :

## CERTIFICATE OF SERVICE

   I, John M. LaRosa, being a member of the Bar of this Court, do hereby certify that on

May 29, 2007, I caused two (2) copies of each of the following documents to be sent via

CM/ECF and electronic mail to the following:

1.  Plaintiff's Memorandum in Opposition to Defendants' Motion in Limine To
   Exclude Her Evidence of Front Pay Damages;

2.  Plaintiff's Memorandum in Opposition to Defendants' Motion in Limine to
   Preclude Plaintiff's Expert Witness from Testifying;

3.  Plaintiff's Memorandum in Opposition to Defendants' Motion to Exclude
   Plaintiff's Evidence of Emotional Distress Damages;

4.  Plaintiff's Memorandum in Opposition to Defendants' Motion in Limine to
   Exclude Evidence Concerning Terminations of Other Employees;

5.  Plaintiff's Memorandum in Opposition to Defendants' Motion in Limine to
   Exclude Evidence of Brendan Gilmore's Cursing and Rudeness;

6.  Plaintiff's Memorandum in Opposition to Defendants' Motion in Limine to
   Exclude Plaintiff's Testimony as to Male Co-Worker's Performance;

7.  Plaintiff's Memorandum in Opposition to Defendants' Motion in Limine to Exclude Evidence Concerning Brendan Gilmore's Interactions With Female Employees; and

8.  Plaintiff's Memorandum in Opposition to Defendants' Motion in Limine to Exclude Evidence Concerning Sale of Plaintiff's Home.

Thad J. Bracegirdle. Esquire
Reed Smith LLP
1201 Market Street-Suite 1500
Wilmington. DE 19801

Stephanie Wilson, Esquire
Reed Smith LLP
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, NJ 08540

Paul P. Rooney. Esquire
Reed Smith LLP
599 Lexington Avenue. 28th Floor
New York. NY 10022

John C. Unkovic, Esquire
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA 15219

/s/ John M. LaRosa
**JOHN M. LaROSA, ESQ. (#4275)**

cc:  Thomas S. Neuberger, Esquire
Stephen J. Neuberger, Esquire
Ms. Linda J. Blozis

Attorney Files/John's Files/Client Files/Blozis/Pleadings/Response to Motion in Limine to Excl ED Dmgs