IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LINDA J. BLOZIS, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 05-891 SLR |
| | : | |
| v. | : | |
| | : | |
| MELLON TRUST OF DELAWARE, | : | |
| NATIONAL ASSOCIATION; MELLON | : | |
| BANK, NATIONAL ASSOCIATION; | : | |
| and MELLON FINANCIAL | : | |
| CORPORATION, | : | |
| | : | |
| Defendants. | : | |

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE CONCERNING BRENDAN GILMORE'S TERMINATIONS OF OTHER OLDER EMPLOYEES

Plaintiff, through her undersigned counsel, hereby requests that Defendants' Motion in Limine to Exclude Evidence concerning Brendan Gilmore's Terminations of Other similarly situated older Employees be denied. In support of this request, Plaintiff avers the following:

### FACTS

The deposition record revealed that Plaintiff's Team Leader "Brendan Gilmore wanted to eliminate older members of [his] team and replace them with younger people." Pl. at 36, 120; B86, 170.[1] Gilmore pressured Robert Bell, a Senior Trust Officer over age 60, by giving him an overwhelming book of business and forced him to resign in the early 2000's. Pl. at 30, 31, 33-34, 37, 113, Becker at 50; B80, 81, 83-84, 87, 163, 843. As team leader, Gilmore assigned case loads to the individual trust officers, and Plaintiff saw the work on Bell's desk and how much

---

[1] Citations refer to Appendix to Plaintiff's Answering Brief in Opposition to Defendants' Motion for Summary Judgment. D.I. 48.

more he was given versus other officers. Pl. at 41, 43; B91, 93. Administrative Officer Linda Squier also stated that Bell was "overloaded with work." Pl. at 45; B95. Bell "had been there a long time." Becker at 50; B843.

Gilmore also pressured both Vice President Martha Fetters and Assistant Vice President and Administrative Officer Linda Squier to resign when they were both over age 40. Pl. at 37, 44, 113, Gilmore at 23, 24, Becker at 15; B87, 94, 163, 444-45, 808. Tellingly, Fetters reported to Gilmore and resigned within six months of Gilmore coming to the region. Gilmore at 23, Becker at 48, Thomas at 48; B444, 628, 841.

Administrative Officer Linda Squier also worked for Gilmore. Thomas at 49; B629. Though her rapport with the trust clients was professional, Gilmore gave Squier "unwarranted[]" and "unprofessional critical criticisms of how [she] conducted her work" during her last year and a half at Mellon in the late 1990's. Pl. at 44, 45, 50, Becker at 15; B94, 95, 100, 808. In late 1999, she eventually resigned in her 40's, after more than fifteen years of service to Defendant. Gilmore at 24, Thomas at 49; B445, 629.

In 2000 or 2001, Gilmore discharged portfolio administrator Kathleen Agne, then over age 40. Becker at 11, Pl. at 113; B94, 95, 100, 808.[2] Agne was overburdened and instructed not to share her work with Plaintiff just as she later was instructed not to share her work with Dunlop. Pl. at 114-15; B164-65. After some 18-20 years with the company, Defendants suddenly "were becoming more and more displeased with her performance." Pl. at 263; B313. After Agne was fired, there were no Portfolio Administrators in Delaware older than Plaintiff.

---

[2] The stated reason, which parallels a criticism against Plaintiff, was that Agne was not timely completing work. Becker at 11; B804.

2

Thomas at 50; B630.

Then in 1998, Gilmore hired Bill Becker at age *32*, to replace the older Fetters as ***senior*** trust officer in Delaware. Gilmore at 23, 29. Becker at 49, 52. Thomas as 51, Pl. at 138; B188, 444, 450, 631. In 1999, Gilmore transferred Gregg Landis, then also age 32, from Vice President Robert Chappelear's Team in Philadelphia to his own Delaware Team. Landis at 34-35; B719-720. Gilmore also hired Dan Merlino, a portfolio assistant, salary grade 6 in his 30's. Gilmore at 29, Becker at 52, Thomas as 51; B450, 845.

Though others applied and were interviewed, Gilmore hired then 23 year old Maria Dunlop to replace the older Agne in July of 2002. Becker at 12, 51, 52, Thomas at 51, Pl. at 23, 141, Gilmore at 22, 29; B73, 191, 442-43, 514, 624, 626, 631, 805, 844, 845. By Gilmore's own admission, "clearly Maria was younger than [Plaintiff]." Gilmore at 74; B495. When looking at her and Plaintiff, he "could easily tell that one was significantly younger than the other." Gilmore at 74-75; B495-96.

To his now younger subordinates at team meetings, Gilmore said the Delaware team was not going to be like it was under Bell, Squier, or Fetters. Pl. at 48; B98. He also told his team not to follow the examples of employees that were let go or resigned. Pl. at 48; B98. Plaintiff was now the oldest portfolio administrator on Gilmore's team. Dunlop at 16-17; B515-16. None of Gilmore's portfolio administrators were older than Plaintiff. Thomas at 50; B630. In 2003, Gilmore hired then 34 year old Laura Shannon to replace Plaintiff. Gilmore at 68, Becker at 103-104. Dunlop at 14, Thomas at 90-91; B489, 573, 670-71, 896-97. Clearly, "Brendan Gilmore wanted to . . . replace [his older team members] with younger people." Pl. at 36, 120; B86, 170.

3

## ARGUMENT

The aforementioned record evidence of Brendan Gilmore's elimination of older employees and replacement of them with younger hires is relevant to and admissible in our pretext case of age discriminatory discharge. "Evidence of an employer's conduct towards other employees has long been held relevant and admissible to show that an employer's proffered justification is pretext." Ansell v. Green Acres Contracting Co., Inc. 347 F. 3d 515, 521 (3d Cir. 2003)(citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 804 (1973)(stating that evidence that employees of another race were treated differently from the plaintiff under comparable circumstances is "[e]specially relevant" to whether employer's proffered explanation is pretextual); Becker v. ARCO Chemical Co., 207 F.3d 176, 194 n.8 (3d Cir. 2000)(citing cases holding that, "as a general rule, evidence of a defendant's prior discriminatory treatment of a plaintiff or other employees is relevant and admissible under the Federal Rules of Evidence to establish whether a defendant's employment action against an employee was motivated by invidious discrimination"). A plaintiff alleging employment discrimination may challenge the employer's proffered explanation by showing "that the employer treated other, similarly situated persons out of his protected class more favorably, or that the employer has discriminated against other members of his protected class or other protected categories of persons." Fuentes v. Perskie, 32 F.3d 759, 765 (3d Cir. 1994); Ansell v. Green Acres Contracting Co., Inc. 347 F. 3d 515, 521 (3d Cir. 2003); accord Abrams v. Lightolier Inc., 50 F.3d 1204, 1214-15 (3d Cir. 1995)(holding that "evidence as to [a supervisor's] attitude toward other older employees and the manner in which he treated them" was relevant to whether supervisor "harbored a discriminatory attitude against older workers, and if credited, that evidence made the existence of an improper

motive for the discharge decision more probable."). "Thus, other acts are admissible under Rule 404(b) in the employment discrimination context for the proper purpose of establishing or negating discriminatory intent." Ansell v. Green Acres Contracting Co., Inc. 347 F. 3d 515, 521 (3d Cir. 2003)(citing Coletti v. Cudd Pressure Control, 165 F.3d 767, 776-77 (10th Cir. 1999); Heyne v. Caruso, 69 F.3d 1475, 1479-1480 (9th Cir. 1995)).

Here, evidence of Brendan Gilmore's conduct in firing older employees and hiring younger replacements for them is admissible to show that the employer's proffered justification for discharging Plaintiff is pretext. Thus, Plaintiff may challenge Defendants' proffered explanation of performance by showing that Gilmore treated other, similarly situated persons outside of her protected class (under age 40) more favorably, or that the employer has discriminated against other members of her protected class (age 40 or older) or other protected categories of persons. Evidence as to her supervisor Gilmore's attitude toward other older employees and the manner in which he treated them is relevant to whether he harbored a discriminatory attitude against older workers, and if credited, that evidence makes the existence of an improper motive for the discharge decision more probable. Thus, Gilmore's other acts of firing older employees and replacing them with younger employees are admissible under Rule 404(b) in the employment discrimination context for the proper purpose of establishing his discriminatory intent in firing Plaintiff. Therefore, such evidence is admissible.

**WHEREFORE**, for all of the foregoing reasons, Plaintiff respectfully requests that Defendants' Motion in Limine to Exclude Evidence Concerning Terminations of Other Employees be denied.

                                                    **THE NEUBERGER FIRM, P.A.**
                                                    **THOMAS S. NEUBERGER, ESQ.**
                                                    **STEPHEN J. NEUBERGER, ESQ.**
Delaware Bar No. 243
Two East Seventh Street, Suite 302
Wilmington, Delaware 19801
(302) 655-0582
TSN@NeubergerLaw.com
SJN@NeubergerLaw.com

**LAW OFFICE OF JOHN M. LaROSA**
/s/ John M. LaRosa
**JOHN M. LaROSA, ESQ.**
Delaware Bar No. 4275
Two East 7th Street, Suite 302
Wilmington, Delaware 19801-3707
(302) 888-1290
JLR@LaRosaLaw.com

Dated: May 29, 2007                                      Attorneys for Plaintiff Linda J. Blozis

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LINDA J. BLOZIS, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 05-891 SLR |
| | : | |
| v. | : | |
| | : | |
| MELLON TRUST OF DELAWARE, | : | |
| NATIONAL ASSOCIATION; MELLON | : | |
| BANK, NATIONAL ASSOCIATION; | : | |
| and MELLON FINANCIAL | : | |
| CORPORATION, | : | |
| | : | |
| Defendants. | : | |

## ORDER

Upon consideration of Defendants' Motion in Limine to Exclude Evidence Concerning Terminations of Other Employees and Plaintiff's Response thereto, it is this _____ day of _____, 2007, Ordered as follows:

1.   Defendants' Motion is DENIED.

2.   Plaintiff may present to the jury evidence of Brendan Gilmore's terminations of other employees.

_____
ROBINSON, C.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LINDA J. BLOZIS, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 05-891 SLR |
| | : | |
| v. | : | |
| | : | |
| MELLON TRUST OF DELAWARE, | : | |
| NATIONAL ASSOCIATION; MELLON | : | |
| BANK, NATIONAL ASSOCIATION; | : | |
| and MELLON FINANCIAL | : | |
| CORPORATION, | : | |
| | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, John M. LaRosa, being a member of the Bar of this Court, do hereby certify that on May 29, 2007, I caused two (2) copies of each of the following documents to be sent via CM/ECF and electronic mail to the following:

1. Plaintiff's Memorandum in Opposition to Defendants' Motion in Limine To Exclude Her Evidence of Front Pay Damages;

2. Plaintiff's Memorandum in Opposition to Defendants' Motion in Limine to Preclude Plaintiff's Expert Witness from Testifying;

3. Plaintiff's Memorandum in Opposition to Defendants' Motion to Exclude Plaintiff's Evidence of Emotional Distress Damages;

4. Plaintiff's Memorandum in Opposition to Defendants' Motion in Limine to Exclude Evidence Concerning Terminations of Other Employees;

5. Plaintiff's Memorandum in Opposition to Defendants' Motion in Limine to Exclude Evidence of Brendan Gilmore's Cursing and Rudeness;

6. Plaintiff's Memorandum in Opposition to Defendants' Motion in Limine to Exclude Plaintiff's Testimony as to Male Co-Worker's Performance;

7. Plaintiff's Memorandum in Opposition to Defendants' Motion in Limine to Exclude Evidence Concerning Brendan Gilmore's Interactions With Female Employees; and

8. Plaintiff's Memorandum in Opposition to Defendants' Motion in Limine to Exclude Evidence Concerning Sale of Plaintiff's Home.

        Thad J. Bracegirdle, Esquire
        Reed Smith LLP
        1201 Market Street-Suite 1500
        Wilmington, DE 19801

        Stephanie Wilson, Esquire
        Reed Smith LLP
        Princeton Forrestal Village
        136 Main Street, Suite 250
        Princeton, NJ 08540

        Paul P. Rooney, Esquire
        Reed Smith LLP
        599 Lexington Avenue, 28th Floor
        New York, NY 10022

        John C. Unkovic, Esquire
        Reed Smith LLP
        435 Sixth Avenue
        Pittsburgh, PA 15219

        /s/ John M. LaRosa
        **JOHN M. LaROSA, ESQ. (#4275)**

cc: Thomas S. Neuberger, Esquire
    Stephen J. Neuberger, Esquire
    Ms. Linda J. Blozis