IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LINDA J. BLOZIS, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 05-891 SLR |
| | : | |
| v. | : | |
| | : | |
| MELLON TRUST OF DELAWARE, | : | |
| NATIONAL ASSOCIATION; MELLON | : | |
| BANK, NATIONAL ASSOCIATION; | : | |
| and MELLON FINANCIAL | : | |
| CORPORATION, | : | |
| | : | |
| Defendants. | : | |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE CONCERNING SALE OF PLAINTIFF'S HOME

Plaintiff, through her undersigned counsel, hereby requests that Defendants' Motion in Limine to Exclude Evidence Concerning Sale of Plaintiff's Home be denied. In support of this request, Plaintiff avers the following:

1. Under the Delaware Discrimination in Employment Act, Plaintiff's available remedies include "the payment of compensatory damages, including but not limited to *general* and special damages, [and] punitive damages when appropriate, not to exceed the damage awards allowable under Title VII of the Civil Rights Act of 1964, as amended[.]" 19 Del. C. § 715(1)c (emphasis added).

2. Here, Plaintiff's general damages include the loss she sustained on the sale of her home as a result of Defendants' termination of her employment.

3. Such damages are available under the Delaware statute.

4. In addition, a federal court has allowed a discharged employee to present

evidence to the jury of damages for loss on the sale of a home. See Courtney v. Safelite Glass Corp., 811 F.Supp. 1466, 1474-75 (D.Kan. 1992)(discussing a jury award of $15,000).

5. This is because "[w]hen an employer breaches an employment contract by terminating an employee, that person's relocation expenses incurred in order to obtain comparable employment may reasonably be considered to have arisen, in the usual course of things, from the breach." Courtney v. Safelite Glass Corp., 811 F.Supp. 1466, 1474-75 (D.Kan. 1992)(ADEA and Kansas Age Discrimination in Employment Act).

6. In Courtney, the district court recognized that the measure of damages "is not the difference between the original price of the house and the price at which it was sold. It is, rather, the difference between the condition the plaintiff would have been in absent the breach and his condition after the breach, that is, the difference between the market price and the sale price." Id. at 1475.

7. In Courtney, the trial court granted remittitur on the jury award of $15,000 only because plaintiff failed to meet his burden of proof on any damages from the sale of his house which resulted from the breach of the implied employment contract. Unlike the case here, that plaintiff "produced evidence that in order to move to Arizona and accept comparable employment with [a new employer,] his house was sold for a loss of $15,000 from the original purchase price. However, the plaintiff did not present evidence of what would have happened if [defendant employer] had not breached the implied contract." Id. at 1475. Here, Plaintiff can present evidence of what would have happened if she had remained employed by Defendants and not been forced to sell her home to survive.

8.   Moreover, in <u>Courtney</u>, the defendant "presented evidence that its corporate headquarters moved from Wichita, Kansas to Columbus, Ohio after the plaintiff left the company[, and t]he plaintiff did not show whether or not he would have had to relocate with the corporate staff to Columbus if he had stayed with [defendant]." <u>Id.</u>  Here, Defendants did not relocate from their Delaware office where Plaintiff worked.  Rather, it was Plaintiff who eventually had to relocate to Florida to obtain comparable employment after an unsuccessful job search in Delaware.  So Plaintiff will not be in a position to have to speculate as to what would have happened if she remained employed by Defendants.  She would not have had any reason to sell her home to survive.

9.   Also, in <u>Courtney</u>, no evidence was presented "on the house's fair market value at the time of the sale or at any other time subsequent." <u>Id.</u>  Here, Plaintiff can produce evidence of her home's fair market value at the time she sold it.  Furthermore, such evidence is "not based scientific, technical, or other specialized knowledge within the scope of Rule 702." F.R.E. 701.  Therefore, it can be presented by Plaintiff as a lay witness without an expert.

**WHEREFORE**, for all of the foregoing reasons, Plaintiff respectfully requests that Defendants' Motion in Limine to Exclude Evidence Concerning Sale of Plaintiff's Home be denied.

**THE NEUBERGER FIRM, P.A.**
**THOMAS S. NEUBERGER, ESQ.**
**STEPHEN J. NEUBERGER, ESQ.**
Delaware Bar No. 243
Two East Seventh Street, Suite 302
Wilmington, Delaware 19801
(302) 655-0582
TSN@NeubergerLaw.com
SJN@NeubergerLaw.com

                                              **LAW OFFICE OF JOHN M. LaROSA**
                                              /s/ John M. LaRosa
                                              **JOHN M. LaROSA, ESQ.**
                                              Delaware Bar No. 4275
                                              Two East 7th Street, Suite 302
                                              Wilmington, Delaware 19801-3707
                                              (302) 888-1290
                                              JLR@LaRosaLaw.com

Dated: May 29, 2007                          Attorneys for Plaintiff Linda J. Blozis

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LINDA J. BLOZIS, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 05-891 SLR |
| | : | |
| v. | : | |
| | : | |
| MELLON TRUST OF DELAWARE, | : | |
| NATIONAL ASSOCIATION; MELLON | : | |
| BANK, NATIONAL ASSOCIATION; | : | |
| and MELLON FINANCIAL | : | |
| CORPORATION, | : | |
| | : | |
| Defendants. | : | |

## ORDER

Upon consideration of Defendants' Motion in Limine to Exclude Evidence Concerning Sale of Plaintiff's Home and Plaintiff's Response thereto, it is this _____ day of _____, 2007, Ordered as follows:

1. Defendants' Motion is DENIED.

2. Plaintiff may present to the jury evidence of sale of her home.

_____
ROBINSON, C.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LINDA J. BLOZIS, | : | |
| Plaintiff, | : | CIVIL ACTION NO. 05-891 SLR |
| v. | : | |
| MELLON TRUST OF DELAWARE, NATIONAL ASSOCIATION; MELLON BANK, NATIONAL ASSOCIATION; and MELLON FINANCIAL CORPORATION, | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, John M. LaRosa, being a member of the Bar of this Court, do hereby certify that on May 29, 2007, I caused two (2) copies of each of the following documents to be sent via CM/ECF and electronic mail to the following:

1. Plaintiff's Memorandum in Opposition to Defendants' Motion in Limine To Exclude Her Evidence of Front Pay Damages;

2. Plaintiff's Memorandum in Opposition to Defendants' Motion in Limine to Preclude Plaintiff's Expert Witness from Testifying;

3. Plaintiff's Memorandum in Opposition to Defendants' Motion to Exclude Plaintiff's Evidence of Emotional Distress Damages;

4. Plaintiff's Memorandum in Opposition to Defendants' Motion in Limine to Exclude Evidence Concerning Terminations of Other Employees;

5. Plaintiff's Memorandum in Opposition to Defendants' Motion in Limine to Exclude Evidence of Cursing by and Rudeness of Brendan Gilmore;

6. Plaintiff's Memorandum in Opposition to Defendants' Motion in Limine to Exclude Plaintiff's Testimony as to Male Co-Worker's Performance;

7. Plaintiff's Memorandum in Opposition to Defendants' Motion in Limine to Exclude Evidence Concerning Brendan Gilmore's Interactions With Female Employees; and

8. Plaintiff's Memorandum in Opposition to Defendants' Motion in Limine to Exclude Evidence Concerning Sale of Plaintiff's Home.

Thad J. Bracegirdle, Esquire
Reed Smith LLP
1201 Market Street-Suite 1500
Wilmington, DE 19801

Stephanie Wilson, Esquire
Reed Smith LLP
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, NJ 08540

Paul P. Rooney, Esquire
Reed Smith LLP
599 Lexington Avenue, 28th Floor
New York, NY 10022

John C. Unkovic, Esquire
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA 15219

/s/ John M. LaRosa
**JOHN M. LaROSA, ESQ. (#4275)**

cc:  Thomas S. Neuberger, Esquire
     Stephen J. Neuberger, Esquire
     Ms. Linda J. Blozis

Attorney Files/John's Files/Client Files/Blozis/Pleadings/Response to Motion in Limine to Excl Sale of Home