IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LINDA J. BLOZIS, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 05-891 SLR |
| | : | |
| v. | : | |
| | : | |
| MELLON TRUST OF DELAWARE, | : | |
| NATIONAL ASSOCIATION; MELLON | : | |
| BANK, NATIONAL ASSOCIATION; | : | |
| and MELLON FINANCIAL | : | |
| CORPORATION, | : | |
| | : | |
| Defendants. | : | |

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION IN LIMINE
TO EXCLUDE EVIDENCE CONCERNING
BRENDAN GILMORE'S INTERACTIONS WITH FEMALE EMPLOYEES

Plaintiff, through her undersigned counsel, hereby requests that Defendants' Motion in Limine to Exclude Evidence Concerning Brendan Gilmore's Interactions with Female Employees be denied. In support of this request, Plaintiff avers the following:

FACTS

On December 27, 2005, Plaintiff filed a four count Complaint alleging, inter alia, sex discrimination in the terms and conditions of her employment under federal and state law. See Complaint at Count III; B14-15.[1] In support of this claim, Plaintiff seeks to introduce evidence that her manager Brendan Gilmore did not treat Plaintiff and other similarly situated women in the office as well as he treated their male peers. Dunlop at 33; B532.

Proof of Gilmore's bias against women is his treatment of other females. Specifically,

---

[1] Citations refer to Appendix to Plaintiff's Answering Brief in Opposition to Defendants' Motion for Summary Judgment. D.I. 48.

Gilmore would stop by the desk of an attractive but professional, single mother in Mellon's retail sales and say unprofessional things to her of a sexual nature in an inappropriate manner of gushing and flirting. Pl. at 258, 259, 260; B308, 309, 310. Then after he hired the 23 year old female Maria Dunlop, Gilmore made inappropriate comments about Dunlop's attire. Pl. at 257-58, Gilmore at 22, 29, Dunlop at 4: B307-08, 443, 450, 503. On one occasion in 2002 or 2003, Dunlop wore knee-high boots to work. Dunlop at 33, 58; B532, 557. While she was standing next to the printer, Gilmore looked her up and down from head to toe. Dunlop at 58; B557. He looked at her in a way that inappropriate. Dunlop at 33, 35; B532, 534. The way he looked at her from head to toe made her uncomfortable. Dunlop at 59, 60: B557, 558. He then made an inappropriate comment to her about the boots. Dunlop at 33, 58; B532, 557. She looked at him, and he walked away. Dunlop at 58, 60: B557, 559. She then went over to Plaintiff's desk and said, "Can you believe the comment[?]" Dunlop at 58; B557.

## ARGUMENT

Gilmore's vulgar and sexist attitude towards women "is relevant and probative of [a defendant's] general attitude of disrespect towards his female employees, and his sexual objectification of them." Heyne v. Caruso, 69 F.3d 1475, 1480 (9th Cir. 1995) (emphasis added). This evidence is admissible "because of the discriminatory nature of the prior conduct, which in turn tend[s] to show the employer's state of mind or attitude towards members of the protected class .... [T]he inference of the employer's discriminatory attitude [comes] from the nature of the prior acts themselves." Becker v. ARCO Chemical Co., 207 F.3d 176, 194 n.8 (3d Cir. 2000). Thus, "[b]y its very nature," plaintiff's category of proffered evidence demonstrates Gilmore's

"discriminatory attitude" towards female employees. Id.[2] Such evidence "leads not only to a ready logical inference of bias, but also to a rational presumption that [Gilmore] acted on it when he made the challenged employment decision." Fakete v. Aetna, Inc., 308 F.3d 335, 338 (3d Cir. 2002).

A.  **Why This Evidence is Relevant.** "[E]vidence of an employer's sexual harassment of female employees other than the plaintiff and evidence of the employer's disparaging remarks about women in general [are] relevant to a discriminatory discharge claim which alleged that the plaintiff's discharge was motivated by the employer's general feelings of hostility towards women." Heyne v. Caruso, 69 F.3d 1475, 1480 (9th Cir. 1995)(emphasis added). "Evidence of sexually derogatory and sexist harassment makes disparate treatment claims more credible as well, since such discriminatory acts stem from similar motives." Hurley, 174 F.3d at 111 (emphasis added).

> Circumstantial proof of discrimination typically includes unflattering testimony about the employer's history and work practices - evidence which in other kinds of cases may well unfairly prejudice the jury against the defendant. In discrimination cases, however, such background evidence may be critical for jury's assessment of whether a given employer was more likely than not to have acted from an unlawful motive.

Glass v. PECO, 34 F.3d 188, 195 (3d Cir. 1994) (emphasis added); see Hurley, 174 F.3d at 110 (observing that in Glass, the Third Circuit held that "evidence of past harassment and . . . discrimination against others in the protected class is admissible"). As the Third Circuit has explained -

The intent to discriminate on the basis of sex in cases involving sexual propositions and

---

[2] The Third Circuit has noted that a plaintiff need not have personal knowledge of the defendant's acts of harassment of other employees in the protected class. This is because such evidence "go[es] to the motive behind the harassment, which may help the jury interpret otherwise ambiguous acts, and to the employer's liability." Hurley v. Atlantic City Police Dept., 174 F.3d 95, 111 (3d Cir. 1999) (emphasis added).

innuendo is implicit, and thus <u>should be recognized as a matter of course</u>. Andrews v. City of Phila., 895 F.2d 1469, 1482 n.3 (3d Cir. 1990)(emphasis added).[3]

**B. The General Rule.** Regarding treatment of other women, "as a general rule, evidence of a defendant's prior discriminatory treatment of a plaintiff or other employees is relevant and admissible under the Federal Rules of Evidence to establish whether a defendant's employment action against an employee was motivated by invidious discrimination." Becker, 207 F.3d at 194 n.8. "A plaintiff alleging employment discrimination may challenge the employer's proffered explanation by showing . . . that the employer has discriminated against other members of his protected class or other protected categories of persons." Ansell v. Green Acres Contracting Co., Inc., 347 F.3d 515, 521 (3d Cir. 2003).

Evidence of sexual harassment of women "is also relevant to [claims of] intentional sex discrimination." Hurley, 174 F.3d at 111. "Evidence of harassment of other women and widespread sexism also is probative of whether one of the principal nondiscriminatory reasons asserted by an employer for its actions was in fact a pretext for discrimination." Id. at 110 (internal punctuation omitted). This type of evidence is "highly probative" id., because it helps establish "the employer's overall discriminatory attitude towards members of a protected class." Becker, 207 F.3d at 194 n.8.

**C. Admissible for Proper Purposes.** "Evidence of an employer's conduct towards other employees has long been held relevant and admissible to show that an employer's proffered justification is pretext." Ansell, 347 F.3d at 521; see Arlio v. Lively, 392 F.Supp.2d 317, 324

---

[3] Importantly however, "[t]o constitute impermissible discrimination, the offensive conduct is not necessarily required to include sexual overtones in every instance or that each incident be sufficiently severe to detrimentally affect a female employee. Intimidation and hostility towards women can obviously result from conduct other than explicit sexual advances." Andrews, 895 F.2d at 1485 (internal punctuation omitted).

(D.Conn. Sept. 28, 2005) (because "an employer's past discriminatory policy and practice may well illustrate that the employer's asserted reasons for disparate treatment are a pretext for intentional discrimination, this evidence should normally be freely admitted . . . .").

Additionally, such evidence is admissible "for the proper purpose of establishing . . . discriminatory intent." Id.; see Hurley, 174 F.3d at 111 (the "general atmosphere of sexism reflected by the challenged evidence is quite probative of whether decisionmakers . . . felt free to take sex into account when making employment decisions").

Here, Gilmore took sex into account when criticizing Plaintiff's performance and issuing her a Final Written Warning for performance. At the same time, Gilmore allowed a lack of teamwork and cooperation and tolerated male Portfolio Administrator Dan Merlino's ignorance of certain aspects of his job. Yet, Gilmore issued Plaintiff a "Final" Written Warning and ultimately discharged her for an alleged lack of performance. Therefore, Gilmore clearly adversely affected Plaintiff's status as an employee by his preferential and more lenient treatment of this similarly situated male employee. Gilmore's sexist treatment of other females described above is probative of whether he felt free to take sex into account when making employment decisions regarding Plaintiff. Therefore, such evidence is admissible.

**WHEREFORE**, for all of the foregoing reasons, Plaintiff respectfully requests that Defendants' Motion in Limine to Exclude Evidence Concerning Alleged Interactions with Female Employees be denied.

THE NEUBERGER FIRM, P.A.
**THOMAS S. NEUBERGER, ESQ.**
Delaware Bar No. 243
**STEPHEN J. NEUBERGER, ESQ.**
Delaware Bar No. 4440
Two East Seventh Street, Suite 302
Wilmington, Delaware 19801
(302) 655-0582
TSN@NeubergerLaw.com
SJN@NeubergerLaw.com

**LAW OFFICE OF JOHN M. LaROSA**
/s/ John M. LaRosa
**JOHN M. LaROSA, ESQ.**
Delaware Bar No. 4275
Two East 7th Street, Suite 302
Wilmington, Delaware 19801-3707
(302) 888-1290
JLR@LaRosaLaw.com

Dated: May 29, 2007

Attorneys for Plaintiff Linda J. Blozis

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LINDA J. BLOZIS, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 05-891 SLR |
| | : | |
| v. | : | |
| | : | |
| MELLON TRUST OF DELAWARE, | : | |
| NATIONAL ASSOCIATION; MELLON | : | |
| BANK, NATIONAL ASSOCIATION; | : | |
| and MELLON FINANCIAL | : | |
| CORPORATION, | : | |
| | : | |
| Defendants. | : | |

## ORDER

Upon consideration of Defendants' Motion in Limine to Exclude Evidence Concerning Breandan Gilmore's Interactions with Female Employees and Plaintiff's Response thereto, it is this \_\_\_\_ day of _____, 2007, Ordered as follows:

1. Defendants' Motion is DENIED.

2. Plaintiff may present to the jury evidence of Brendan Gilmore's interactions with other female employees.

                                                    _____
                                                    **ROBINSON, C.J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LINDA J. BLOZIS, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 05-891 SLR |
| | : | |
| v. | : | |
| | : | |
| MELLON TRUST OF DELAWARE, | : | |
| NATIONAL ASSOCIATION; MELLON | : | |
| BANK, NATIONAL ASSOCIATION; | : | |
| and MELLON FINANCIAL | : | |
| CORPORATION, | : | |
| | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, John M. LaRosa, being a member of the Bar of this Court, do hereby certify that on May 29, 2007, I caused two (2) copies of each of the following documents to be sent via CM/ECF and electronic mail to the following:

1. Plaintiff's Memorandum in Opposition to Defendants' Motion in Limine To Exclude Her Evidence of Front Pay Damages;

2. Plaintiff's Memorandum in Opposition to Defendants' Motion in Limine to Preclude Plaintiff's Expert Witness from Testifying;

3. Plaintiff's Memorandum in Opposition to Defendants' Motion to Exclude Plaintiff's Evidence of Emotional Distress Damages;

4. Plaintiff's Memorandum in Opposition to Defendants' Motion in Limine to Exclude Evidence Concerning Terminations of Other Employees;

5. Plaintiff's Memorandum in Opposition to Defendants' Motion in Limine to Exclude Evidence of Brendan Gilmore's Cursing and Rudeness;

6. Plaintiff's Memorandum in Opposition to Defendants' Motion in Limine to Exclude Plaintiff's Testimony as to Male Co-Worker's Performance;

7. Plaintiff's Memorandum in Opposition to Defendants' Motion in Limine to Exclude Evidence Concerning Brendan Gilmore's Interactions With Female Employees; and

8. Plaintiff's Memorandum in Opposition to Defendants' Motion in Limine to Exclude Evidence Concerning Sale of Plaintiff's Home.

>Thad J. Bracegirdle, Esquire
>Reed Smith LLP
>1201 Market Street-Suite 1500
>Wilmington, DE 19801
>
>Stephanie Wilson, Esquire
>Reed Smith LLP
>Princeton Forrestal Village
>136 Main Street, Suite 250
>Princeton, NJ 08540
>
>Paul P. Rooney, Esquire
>Reed Smith LLP
>599 Lexington Avenue, 28th Floor
>New York, NY 10022
>
>John C. Unkovic, Esquire
>Reed Smith LLP
>435 Sixth Avenue
>Pittsburgh, PA 15219
>
>/s/ John M. LaRosa
>**JOHN M. LaROSA, ESQ. (#4275)**

cc: Thomas S. Neuberger, Esquire
Stephen J. Neuberger, Esquire
Ms. Linda J. Blozis

Attorney Files/John's Files/Client Files/Blozis/Pleadings/Response to Motion in Limine to Excl Female Interactions