IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LINDA J. BLOZIS, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 05-891 SLR |
| | : | |
| v. | : | |
| | : | |
| MELLON TRUST OF DELAWARE, | : | |
| NATIONAL ASSOCIATION; MELLON | : | |
| BANK, NATIONAL ASSOCIATION; | : | |
| and MELLON FINANCIAL | : | |
| CORPORATION, | : | |
| | : | |
| Defendants. | : | |

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S TESTIMONY
AS TO MALE CO-WORKER'S PERFORMANCE

Plaintiff, through her undersigned counsel, hereby requests that Defendants' Motion in Limine to Exclude Plaintiff's Testimony as to Male Co-worker's Performance be denied. In support of this request, Plaintiff avers the following:

ARGUMENT

I. **Plaintiff and Dan Merlino Were Similarly Situated.**

Plaintiff and Dan Merlino were similarly situated employees. The deposition record revealed that Team Leader Brendan Gilmore managed Defendants' offices in Delaware, Philadelphia, and Washington, D.C. beginning in early 1998. Gilmore at 8; B429.[1] In 1998, Gilmore hired Dan Merlino, a male portfolio assistant, salary grade 6 in his 30's. Gilmore at 29, Becker at 52, Thomas as 51; B450, 845. Then once Bill Becker was re-assigned in 2003,

---

[1] Citations refer to Appendix to Plaintiff's Answering Brief in Opposition to Defendants' Motion for Summary Judgment. D.I. 48.

Gilmore took a more active role in Delaware where he filled Becker's old job on an interim basis and had a more close supervisor role over Plaintiff. Gilmore at 44. Landis at 74; B465, 759. Plaintiff reported to Brendan Gilmore, and he took a more active role in managing her in 2003. Thomas at 13-14; B593-94. Plaintiff was employed by Defendants as a portfolio administrator in its Private Wealth Management Department. Gilmore at 11, Thomas at 23; B432, 603.[2] Like Merlino, Plaintiff was a salary grade 6. Gilmore at 26; B447. Thus, during 2001-2002, Defendants' portfolio administrators included Plaintiff and Dan Merlino. Pl. at 22, 134; B72, 184.

Despite Defendants' unsubstantiated allegations in its Motion regarding the lack of a similarly situated male comparator for Plaintiff and Dan Merlino's alleged status as a portfolio *manager*, the deposition record revealed that both Merlino and Plaintiff were Portfolio Administrators at salary grade 6. Both were on Brendan Gilmore's Team which encompassed offices in Delaware and Philadelphia.[3] Thus, Plaintiff and Merlino were similarly situated employees.

---

[2] Initially, her title was a trust secretary, then her title was changed to trust assistant in approximately 1994 and 1995, then her position evolved to trust specialist in 1997 or 1998, and then her title eventually was changed to portfolio administrator in 1998 or 1999. Pl. at 7, 8, 10, 14, Thomas at 23; B57, 58, 60, 64, 603.

[3] Though Defendants argue there is an absence of a male comparator in Delaware, this is irrelevant because Gilmore oversaw both Plaintiff and her Delaware office and Merlino and his Philadelphia office. Moreover, after Gilmore fired the older female Kathleen Agne, Portfolio administrators from the Philadelphia office, including Dan Merlino, should have been brought down to Delaware to help Plaintiff out. Pl. at 143-44; B193-94. But because Plaintiff was an older woman, Gilmore did not even consider giving her help. Pl. at 144; B194. In fact, during the entire time that Plaintiff worked there, Gilmore had no male portfolio administrators in the Delaware office. Gilmore at 73-74, Becker at 22, Thomas at 44, Dunlop at 14; B494-95, 513, 624, 815.

2

### II. Plaintiff Had Direct First Hand Knowledge of Merlino's Work.

Despite Defendants' allegation to the contrary, Plaintiff possesses first hand knowledge of Merlino's work. Like Plaintiff, Dan Merlino was a portfolio assistant, salary grade 6. Gilmore at 29. Thomas at 52; B450, 632. Thus, she has first hand knowledge of what Merlino's responsibilities and duties were because she held the same position and salary grade as him. Whenever Plaintiff was in the Philadelphia office, working alongside a teammate, she noticed that fellow portfolio assistant Dan Merlino was not as busy as she and the other female portfolio administrators. Kathleen Agne, Marion Marano, and Cindy Chambliss. Pl. at 133, 134; B183-84.

Though he was in a comparable position to them, Merlino was not given comparable tasks to female portfolio administrators Marion and Cindy. Pl. at 135; B185. Then when Plaintiff called to ask questions regarding specific job duties that the portfolio administrators were responsible for, Merlino would not have the answers that he should have had as part of his job and instead he would defer to Marion or Cindy even though he was very capable of getting the answers or being able to work as a team player. Pl. at 135, 136; B185, 186.

### III. The Relevance of the Similarly Situated Merlino's Lack of Performance.

Here, the lack of performance of the 30-something male portfolio administrator Merlino is circumstantial evidence of Gilmore's age and sex bias against the older female Plaintiff. Gilmore allowed Merlino's lack of teamwork and cooperation and tolerated Merlino's ignorance of certain aspects of his job. Yet, he issued Plaintiff a "Final" Written Warning and ultimately discharged her for an alleged lack of performance. Therefore, Gilmore clearly adversely affected Plaintiff's status as an employee by his preferential and more lenient treatment of this similarly situated younger, male employee.

Such "[e]vidence of an employer's conduct towards other employees has long been held relevant and admissible to show that an employer's proffered justification is pretext." Ansell v. Green Acres Contracting Co., Inc. 347 F. 3d 515, 521 (3d Cir. 2003)(citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 804 (1973)(stating that evidence that employees of another race were treated differently from the plaintiff under comparable circumstances is "[e]specially relevant" to whether employer's proffered explanation is pretextual). A plaintiff alleging employment discrimination may challenge the employer's proffered explanation by showing "that the employer treated other, similarly situated persons out of his protected class more favorably, or that the employer has discriminated against other members of his protected class or other protected categories of persons." Fuentes v. Perskie, 32 F.3d 759, 765 (3d Cir. 1994); Ansell v. Green Acres Contracting Co., Inc. 347 F. 3d 515, 521 (3d Cir. 2003); accord Abrams v. Lightolier Inc., 50 F.3d 1204, 1214-15 (3d Cir. 1995). Therefore, the evidence is admissible.

**WHEREFORE**, for all of the foregoing reasons, Plaintiff respectfully requests that Defendants' Motion in Limine to Exclude Plaintiff's Testimony as to Male Co-worker's Performance be denied.

                              **THE NEUBERGER FIRM, P.A.**
                              **THOMAS S. NEUBERGER, ESQ.**
                              Delaware Bar No. 243
                              **STEPHEN J. NEUBERGER, ESQ.**
                              Delaware Bar No. 4440
                              Two East Seventh Street, Suite 302
                              Wilmington, Delaware 19801
                              (302) 655-0582
                              TSN@NeubergerLaw.com
                              SJN@NeubergerLaw.com

                              **LAW OFFICE OF JOHN M. LaROSA**
                              /s/ John M. LaRosa
                              **JOHN M. LaROSA, ESQ.**
                              Delaware Bar No. 4275
                              Two East 7th Street, Suite 302
                              Wilmington, Delaware 19801-3707
                              (302) 888-1290
                              JLR@LaRosaLaw.com

Dated: May 29, 2007                     Attorneys for Plaintiff Linda J. Blozis

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LINDA J. BLOZIS, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 05-891 SLR |
| | : | |
| v. | : | |
| | : | |
| MELLON TRUST OF DELAWARE, | : | |
| NATIONAL ASSOCIATION; MELLON | : | |
| BANK, NATIONAL ASSOCIATION; | : | |
| and MELLON FINANCIAL | : | |
| CORPORATION, | : | |
| | : | |
| Defendants. | : | |

## ORDER

Upon consideration of Defendants' Motion in Limine to Exclude Plaintiff's Testimony as to Male Co-worker's Performance and Plaintiff's Response thereto, it is this _____ day of _____, 2007, Ordered as follows:

1. Defendants' Motion is DENIED.

2. Plaintiff may present to the jury her testimony as to Dan Merlino's performance.

_____
ROBINSON, C.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LINDA J. BLOZIS, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 05-891 SLR |
| | : | |
| v. | : | |
| | : | |
| MELLON TRUST OF DELAWARE, | : | |
| NATIONAL ASSOCIATION; MELLON | : | |
| BANK, NATIONAL ASSOCIATION; | : | |
| and MELLON FINANCIAL | : | |
| CORPORATION, | : | |
| | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, John M. LaRosa, being a member of the Bar of this Court, do hereby certify that on May 29, 2007, I caused two (2) copies of each of the following documents to be sent via CM/ECF and electronic mail to the following:

1. Plaintiff's Memorandum in Opposition to Defendants' Motion in Limine To Exclude Her Evidence of Front Pay Damages;

2. Plaintiff's Memorandum in Opposition to Defendants' Motion in Limine to Preclude Plaintiff's Expert Witness from Testifying;

3. Plaintiff's Memorandum in Opposition to Defendants' Motion to Exclude Plaintiff's Evidence of Emotional Distress Damages;

4. Plaintiff's Memorandum in Opposition to Defendants' Motion in Limine to Exclude Evidence Concerning Terminations of Other Employees;

5. Plaintiff's Memorandum in Opposition to Defendants' Motion in Limine to Exclude Evidence of Brendan Gilmore's Cursing and Rudeness;

6. Plaintiff's Memorandum in Opposition to Defendants' Motion in Limine to Exclude Plaintiff's Testimony as to Male Co-Worker's Performance;

7. Plaintiff's Memorandum in Opposition to Defendants' Motion in Limine to Exclude Evidence Concerning Brendan Gilmore's Interactions With Female Employees; and

8. Plaintiff's Memorandum in Opposition to Defendants' Motion in Limine to Exclude Evidence Concerning Sale of Plaintiff's Home.

    Thad J. Bracegirdle, Esquire
    Reed Smith LLP
    1201 Market Street-Suite 1500
    Wilmington, DE 19801

    Stephanie Wilson, Esquire
    Reed Smith LLP
    Princeton Forrestal Village
    136 Main Street, Suite 250
    Princeton, NJ 08540

    Paul P. Rooney, Esquire
    Reed Smith LLP
    599 Lexington Avenue, 28th Floor
    New York, NY 10022

    John C. Unkovic, Esquire
    Reed Smith LLP
    435 Sixth Avenue
    Pittsburgh, PA 15219

    /s/ John M. LaRosa
    **JOHN M. LaROSA, ESQ. (#4275)**

cc: Thomas S. Neuberger, Esquire
    Stephen J. Neuberger, Esquire
    Ms. Linda J. Blozis

Attorney Files/John's Files/Client Files/Blozis/Pleadings/Response to Motion in Limine to Excl Co-worker's Perf