IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LINDA J. BLOZIS, | : |
| | : |
| Plaintiff, | : CIVIL ACTION NO. 05-891 SLR |
| | : |
| v. | : |
| | : |
| MELLON TRUST OF DELAWARE, | : |
| NATIONAL ASSOCIATION; MELLON | : |
| BANK, NATIONAL ASSOCIATION; | : |
| and MELLON FINANCIAL | : |
| CORPORATION, | : |
| | : |
| Defendants. | : |

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF
BRENDAN GILMORE'S CURSING AND RUDENESS

Plaintiff, through her undersigned counsel, hereby requests that Defendants' Motion in Limine to Exclude Plaintiff's Testimony as to Male Co-worker's Performance be denied. In support of this request, Plaintiff avers the following:

FACTS

A.  Evidence that Gilmore Cursed Plaintiff.

The deposition record revealed that on April 30, 2003, Gilmore met with Plaintiff in his office. Pl. at 108; B158.[1] He was upset with her because there was no binding yet on a client presentation booklet to be completed before Plaintiff left for vacation on May 2, 2003. Pl. at 83, 85; B133, 135. Plaintiff explained that all pertinent information was assembled and all numbers required in the particular client's case were prepared, but it required an investment officer's review before

---

[1] Citations refer to Appendix to Plaintiff's Answering Brief in Opposition to Defendants' Motion for Summary Judgment. D.I. 48.

simply binding the booklet. Pl. at 84; B134. She further explained that the presenting officer, Gregg Landis, was unavailable until after Plaintiff left for vacation. Pl. at 97; B147.

In response, Gilmore became "very heated[]" and "very enraged[.]" Pl. at 151; B201. Though management could extend deadlines, Gilmore wanted the booklet bound regardless of whether Landis looked at it. Dunlop at 23, Pl. at 97; B147, 522. The tone of Gilmore's voice was loud enough to be heard by people outside the closed door. Pl. at 87; B137. He used "bullying" or "scare tactics" to "get [Plaintiff] into submission[.]" Pl. at 87, 151-52; B137, 201-202. Gilmore strongly criticized her work in a threatening and demeaning manner. Pl. at 87; B137. Plaintiff was stunned by his criticism of work that was formerly "very acceptable and gratefully appreciated" when she maintained the Delaware office on her own as a support member of the team. Pl. at 101; B151. He told her to bind it "or else[!]" Pl. at 84, Dunlop at 35; B134, 456.

In addition to criticizing her work on the booklet, Gilmore "used examples of other younger portfolio administrators in Philadelphia[,] saying that they were responsible for much more than [Plaintiff] was accomplishing." Pl. at 101, 126; B134, 456. He told her that younger portfolio administrators "were capable of doing more." Pl. at 102; B152. He told her those younger assistants were "producing a lot more and a lot faster." Thomas at 73, MEL/BLOZ 468; B653, 928. Plaintiff felt that some of these comments were based on age discrimination. Thomas at 72; B652.

Then in referencing her original team, Gilmore said that Plaintiff "was the survivor." Pl. at 112; B___. Plaintiff also took that as an age-related comment. Pl. at 112; B162. Plaintiff "suspected that Brendan [Gilmore] was systematically trying to intimidate [her] because [she] was the last remaining original and oldest member on the Delaware team." Pl. at 112; B162.

"[A]ny time that [Plaintiff] tried to offer a professional response to an accusation or a

comment or a criticism, he took the opportunity to intimidate or insult [her] further and culminat[ed] in [his] use of profanity." Pl. at 151, accord Gilmore at 50-51; B201, 471-72. He "t[ook] the Lord's name in vain by saying goddamn it and [used] the word s-h-i-t." Pl. at 89; B139. Even Gilmore admittedly used profanity at Plaintiff. Gilmore at 50-51; B471-72. He testified that he said, "What the hell is going on?" or "For Christ's sake, Linda . . .". Gilmore at 51; B472. Plaintiff was "very upset" and "very shocked by [his cursing]." Pl. at 89; B139.

**B.    Evidence that Gilmore Was Rude to Plaintiff and Other Older Workers.**

Gilmore "was attracted to the younger people in the office, and the middle-aged or little older employees . . . were ignored or tolerated in their work." Pl. at 261; B311. So prior to, during, and after these team meetings, Gilmore would be more jovial with the younger people than he would be with the older members of the team. Pl. at 129; B179. In stark contrast, he was aloof, distant, and borderline rude to the older workers. Pl. at 130; B180. With younger workers, he would have time to answer their questions and discuss whatever they brought up, but if older workers asked questions, he would be abrupt in his answers or not have time for them. Pl. at 131; B181.

## ARGUMENT

The facts that Gilmore cursed at Plaintiff and was rude to her and other older workers are undisputed in the discovery record and in Defendants' Motion in Limine. All of these facts are evidence of demonstrated antagonism by Brendan Gilmore toward Plaintiff (cursing) or Plaintiff and other older employees (rudeness). Such evidence of demonstrated antagonism is evidence of admissible to prove discriminatory intent. See, e.g. Robinson v. SEPTA, 982 F.2d 892, 895 (3d Cir. 1993)(intervening pattern of antagonism that included a "constant barrage of written and verbal warnings . . . , inaccurate point totalings, and disciplinary action, all of which occurred soon after

3

plaintiff's initial complaints and continued until his discharge[]"). See also Fasold v. Justice, 409 F.3d 178, 190 (3d Cir. 2005); Adkins v. Rumsfeld, 389 F.Supp.2d 579, 586 (D.Del. 2005). Here, Gilmore's demonstrated antagonism toward Plaintiff in the form of cursing and rudeness to her is admissible to prove his discriminatory intent.

**WHEREFORE**, for all of the foregoing reasons, Plaintiff respectfully requests that Defendants' Motion in Limine to Exclude Evidence of Brendan Gilmore's Cursing and Rudeness be denied.

    **THE NEUBERGER FIRM, P.A.**
    **THOMAS S. NEUBERGER, ESQ.**
    Delaware Bar No. 243
    **STEPHEN J. NEUBERGER, ESQ.**
    Delaware Bar No. 4440
    Two East Seventh Street, Suite 302
    Wilmington, Delaware 19801
    (302) 655-0582
    TSN@NeubergerLaw.com
    SJN@NeubergerLaw.com

    **LAW OFFICE OF JOHN M. LaROSA**
    /s/ John M. LaRosa
    **JOHN M. LaROSA, ESQ.**
    Delaware Bar No. 4275
    Two East 7th Street, Suite 302
    Wilmington, Delaware 19801-3707
    (302) 888-1290
    JLR@LaRosaLaw.com

Dated: May 29, 2007    Attorneys for Plaintiff Linda J. Blozis

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LINDA J. BLOZIS, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 05-891 SLR |
| | : | |
| v. | : | |
| | : | |
| MELLON TRUST OF DELAWARE, | : | |
| NATIONAL ASSOCIATION; MELLON | : | |
| BANK, NATIONAL ASSOCIATION; | : | |
| and MELLON FINANCIAL | : | |
| CORPORATION, | : | |
| | : | |
| Defendants. | : | |

## ORDER

Upon consideration of Defendants' Motion in Limine to Exclude Evidence of Brendan Gilmore's Cursing and Rudeness and Plaintiff's Response thereto, it is this _____ day of _____, 2007, Ordered as follows:

1. Defendants' Motion is DENIED.

2. Plaintiff may present to the jury evidence of Brendan Gilmore's cursing and rudeness.

_____
ROBINSON, C.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LINDA J. BLOZIS, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 05-891 SLR |
| | : | |
| v. | : | |
| | : | |
| MELLON TRUST OF DELAWARE, | : | |
| NATIONAL ASSOCIATION; MELLON | : | |
| BANK, NATIONAL ASSOCIATION; | : | |
| and MELLON FINANCIAL | : | |
| CORPORATION, | : | |
| | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, John M. LaRosa, being a member of the Bar of this Court, do hereby certify that on May 29, 2007, I caused two (2) copies of each of the following documents to be sent via CM/ECF and electronic mail to the following:

1. Plaintiff's Memorandum in Opposition to Defendants' Motion in Limine To Exclude Her Evidence of Front Pay Damages;

2. Plaintiff's Memorandum in Opposition to Defendants' Motion in Limine to Preclude Plaintiff's Expert Witness from Testifying;

3. Plaintiff's Memorandum in Opposition to Defendants' Motion to Exclude Plaintiff's Evidence of Emotional Distress Damages;

4. Plaintiff's Memorandum in Opposition to Defendants' Motion in Limine to Exclude Evidence Concerning Terminations of Other Employees;

5. Plaintiff's Memorandum in Opposition to Defendants' Motion in Limine to Exclude Evidence of Brendan Gilmore's Cursing and Rudeness;

6. Plaintiff's Memorandum in Opposition to Defendants' Motion in Limine to Exclude Plaintiff's Testimony as to Male Co-Worker's Performance;

7. Plaintiff's Memorandum in Opposition to Defendants' Motion in Limine to Exclude Evidence Concerning Brendan Gilmore's Interactions With Female Employees; and

8. Plaintiff's Memorandum in Opposition to Defendants' Motion in Limine to Exclude Evidence Concerning Sale of Plaintiff's Home.

        Thad J. Bracegirdle, Esquire
        Reed Smith LLP
        1201 Market Street-Suite 1500
        Wilmington, DE 19801

        Stephanie Wilson, Esquire
        Reed Smith LLP
        Princeton Forrestal Village
        136 Main Street, Suite 250
        Princeton, NJ 08540

        Paul P. Rooney, Esquire
        Reed Smith LLP
        599 Lexington Avenue, 28th Floor
        New York, NY 10022

        John C. Unkovic, Esquire
        Reed Smith LLP
        435 Sixth Avenue
        Pittsburgh, PA 15219

        /s/ John M. LaRosa
        **JOHN M. LaROSA, ESQ. (#4275)**

cc: Thomas S. Neuberger, Esquire
     Stephen J. Neuberger, Esquire
     Ms. Linda J. Blozis

Attorney Files/John's Files/Client Files/Blozis/Pleadings/Response to Motion in Limine to Excl Evidence of Cursing and Rudness