(4)   A statement of the issues of fact which any party contends remain to be litigated.

**Plaintiff's Statement:**

**PRETEXT CASE**

1. Was plaintiff qualified for her job of over thirteen years?

2. Was plaintiff's 34 year old replacement substantially younger than the 57 year old plaintiff?

3. Have the defendants articulated a legitimate non-discriminatory reason for their actions?

4. Do the facts support a prong 1 "credibility" case under the Fuentes case?

5. Are there weaknesses, inconsistencies, etc. in the employers' reasons such that they are unworthy of credence?

6. Do the facts support a prong 2 "weight of the evidence" retaliation case under the Fuentes case?

7. Does the specific sequence of events leading up to the challenged decision evidence retaliation?

8. Did Brendan Gilmore have knowledge of Plaintiff's protected conduct?

9. Did Brendan Gilmore demonstrate antagonism to plaintiff?

10. Is there unduly suggestive temporal proximity between plaintiff's protected conduct and defendants' decision to discharge her?

11. Was the progressive discipline policy violated?

12. Were there departures from the normal procedural sequence?

13. Do defendants' post-deposition affidavits contradict their earlier sworn deposition testimony?

14. If so, are such falsehoods circumstantial evidence of retaliation?

15. Do the facts support a prong 2 "weight of the evidence" age discrimination case under the Fuentes case?

16. Were younger employees who were similarly or comparably situated, such as Maria Dunlop, treated differently by Brendan Gilmore in the terms and conditions of their employment, including with regard to bonus, vacation, training, praise, and assistance?

17. Were other older workers treated disparately?

18. Was the elimination of various older employees on Brendan Gilmore's team evidence of an age discriminatory motive by him?

19. Was the hiring of various younger employees by Brendan Gilmore evidence of an age discriminatory motive by him?

20. Was Brendan Gilmore's references to Plaintiff as "the survivor" and to younger employees who "were capable of doing more" than plaintiff code words evidencing his age discriminatory intent?

21. Were male employees who were similarly or comparably situated, such as Dan Merlino, treated differently by Brendan Gilmore by not being required to perform as much work as plaintiff and her female peers nor being disciplined or discharged for such lack of performance?

22. Does the evidence as a whole demonstrate retaliation?

23. Does the evidence as a whole demonstrate age discrimination?

24. Does the evidence as a whole demonstrate sex discrimination?

## OTHER SUBSIDIARY FACTUAL ISSUES

25. What type of an employee was plaintiff?

26. What was plaintiff's work record?

27. Is there a distinct lack of performance criticism in plaintiff's personnel file from February 14, 1990 to May 19, 2003?

28. Did she receive bonuses and raises?

29. Did she receive commendations?

30. Are defendants joint employers?

## DAMAGES

31. Were the defendants' actions the proximate cause of any damages?

32. What is the total amount of lost wages, benefits and overtime lost through trial?

33. What does plaintiff's old job currently pay?

34. How would the pay for the above job increase over time?

35. At what age would plaintiff retire?

36. Is a willfulness award appropriate under the ADEA?

37. In its discretion, should the jury award liquidated damages?

38. What amount of liquidated damages is appropriate?

39. Is plaintiff entitled to damages for medical expenses she would not have had to pay had her employment and medical benefits not been terminated?

40. Was plaintiff's discharge the proximate cause of her selling her home?

41. Is plaintiff entitled to damages for the forced sale of her home?

42. Can the defendants prove a failure to mitigate damages?

Blozis/pretrial/(4) Pl. Disputed Facts