(5)    A statement of the issues of law which any party contends remain to be litigated, and a

citation of authorities relied upon by each party.

**Plaintiff's Statement:**

I.    **AS AN EQUITABLE REMEDY SHOULD THE COURT GRANT REINSTATEMENT OR AN APPROPRIATE AMOUNT OF FRONT PAY BASED UPON THE RECORD DEVELOPED AT TRIAL WHICH WILL GUIDE THE COURT'S EXERCISE OF ITS DISCRETION?**

II.    **FOR THE JURY THE PRIMA FACIE CASE AND ULTIMATE BURDEN OF EVIDENCE IN A PRETEXT CASE OF RETALIATION IS AS FOLLOWS.**

Plaintiff contends that she was illegally discharged in retaliation for filing with human

resources a complaint of age discrimination.  Plaintiff can prove a claim of retaliation in this case

by indirect evidence of discrimination.  In order for plaintiff to prevail on her claim against

defendants for retaliation based on indirect evidence, she will first prove each of the following

elements by a preponderance of the evidence:

1) she engaged in protected activities;

2) the employer took an adverse action after or contemporaneous with the employee's

protected activity; and

3) a causal link exists between the employee's protected activity and the employer's

adverse action.[1]

Plaintiff is not required to produce direct evidence that retaliation motivated defendants'

actions.  Intentional discrimination, if it exists, is seldom admitted, but it is a fact which may be

inferred from other facts.  Plaintiff also need not prove that retaliation was the sole or exclusive

motivation for the defendants' actions.  However, plaintiff must prove by a preponderance of the

_____

[1] Glanzman v. Metropolitan Mgt. Corp., 391 F.3d506, 508-09 (3d Cir. 2004)(ADEA) (citing Farrell v. Planters Lifesavers Co., 206 F.3d 271, 279 (3d Cir. 2000)); accord Jalil v. Avdel Corp., 873 F.2d 701, 708 (3d Cir. 1989).

evidence that retaliation played a role in the defendants' decision making process and that it was

a motivating or determinative factor in the outcome of that process. Retaliation is a motivating

or determining factor if plaintiff would not have been disciplined or discharged but for her

protected activity.

The verdict must be for defendants if any of the above elements have not been proven by

a preponderance of the evidence.

If plaintiff has proven facts that establish each of the essential elements of her case, then

the jury must consider whether defendants have presented any legitimate non-discriminatory

reasons for their actions. Defendants' burden is simply to state a legitimate non-discriminatory

reason. The jury should not find that defendants' action was unlawful just because it disagrees

with their stated reasons or because the challenged employment action seems harsh or

unreasonable.

However, the jury is entitled to infer, but need not infer, that retaliation was a motivating

or determining factor in defendants' actions if it finds that plaintiff has proven her initial case and

it disbelieves defendants' explanation for their actions. Some factors the jury can consider in

judging the evidence in this regard include the following:

(a) Whether there are weaknesses, implausibilities, inconsistencies, incoherencies, or

contradictions in the employer's proffered legitimate reasons such that the jury finds the reasons

unworthy of credence.

(b) The specific sequence of events leading up to the challenged decision.

( c)  Departures from the normal procedural sequence.

(d) Whether the factors usually considered important by the decisionmakers strongly

favor a decision contrary to the one reached.

(e) Treatment of other employees who are similarly or comparably situated.

(f) Demonstrated antagonism by managers.[2]

"The burden of establishing a prima facie case . . . is not onerous." Watson v. Fort Worth Bank and Trust, 487 U.S. 977, 986 (1988); Sheridan v. E.I. DuPont de Nemours and Co., 100 F.3d 1061, 1084 (3d Cir. 1996)(en banc); Marzano v. Computer Science Corp. Inc., 91 F.3d 497, 508 (3d Cir. 1996); Sempier v. Johnson & Higgins, 45 F.3d 724, 728 (3d Cir. 1995); Ezold v. Wolf, Block, Schorr and Solis-Cohen, 983 F.2d 509, 523 (3d Cir. 1992)(the prima facie case is "easily made out").

**III.    FOR THE JURY THE PRIMA FACIE CASE AND ULTIMATE BURDEN OF EVIDENCE IN A PRETEXT CASE OF AGE DISCRIMINATION IS AS FOLLOWS.**

Plaintiff also contends that she was illegally discharged because of her age. Plaintiff can prove a claim of age discrimination in this case by indirect evidence of discrimination. In order for plaintiff to prevail on her claim against defendants for age discrimination based on indirect evidence, she will first prove each of the following elements by a preponderance of the evidence:

1) she was 40 years of age or older;

2) she was discharged;

3) she was qualified for the job; and

4) she was replaced by a sufficiently younger person to create an inference of age discrimination.[3]

_____

[2] This is the standard jury instruction used in this district since the Sheridan decision. For example, see Hoffman v. State of Delaware, C.A. No. 97-666-JJF (April 26, 2000) section 2.5; McNaboe v. NVF Company, C.A. No. 97-558-SLR (February 12, 1999), pages 17-19. Moreover, this is consistent with the governing case law. Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir. 1994), Sheridan v. E.I. DuPont de Nemours & Co., 100 F.3d 1061, 1067 (3d Cir. 1996) (en banc); Keller v. Orix Credit Alliance Inc., 130 F.3d 1101, 1108 (3d Cir. 1997) (en banc).

[3] Showalter v. University of Pittsburgh, 190 F.3d 231, 234 (3d Cir. 1999).

Plaintiff is not required to produce direct evidence that her age motivated defendants' actions. Intentional discrimination, if it exists, is seldom admitted, but it is a fact which may be inferred from other facts. Plaintiff also need not prove that her age was the sole or exclusive motivation for the defendants' actions. However, plaintiff must prove by a preponderance of the evidence that age played a role in the defendants' decision making process and that it was a motivating or determinative factor in the outcome of that process. Age discrimination is a motivating or determining factor if plaintiff would not have been disciplined or discharged but for her age.

The verdict must be for defendants if any of the above elements have not been proven by a preponderance of the evidence.

If plaintiff has proven facts that establish each of the essential elements of her case, then the jury must consider whether defendants have presented any legitimate non-discriminatory reasons for their actions. Defendants' burden is simply to state a legitimate non-discriminatory reason. The jury should not find that defendants' action was unlawful just because it disagrees with their stated reasons or because the challenged employment action seems harsh or unreasonable.

However, the jury is entitled to infer, but need not infer, that age was a motivating or determining factor in defendants' actions if it finds that plaintiff has proven her initial case and it disbelieves defendants' explanation for their actions. Some factors the jury can consider in judging the evidence in this regard include the following:

(a) Whether there are weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons such that the jury finds the reasons unworthy of credence.

(b) The specific sequence of events leading up to the challenged decision.

(c)  Departures from the normal procedural sequence.

(d) Whether the factors usually considered important by the decisionmakers strongly

favor a decision contrary to the one reached.

(e) Treatment of other employees who are similarly or comparably situated.

(f) Demonstrated antagonism by managers.[4]

Again, "[t]he burden of establishing a prima facie case . . . is not onerous."  Watson v.

Fort Worth Bank and Trust, 487 U.S. 977, 986 (1988); Sheridan v. E.I. DuPont de Nemours and

Co., 100 F.3d 1061, 1084 (3d Cir. 1996)(en banc); Marzano v. Computer Science Corp. Inc., 91

F.3d 497, 508 (3d Cir. 1996); Sempier v. Johnson & Higgins, 45 F.3d 724, 728 (3d Cir. 1995);

Ezold v. Wolf, Block, Schorr and Solis-Cohen, 983 F.2d 509, 523 (3d Cir. 1992)(the prima facie

case is "easily made out").

**IV.   DID DEFENDANTS DISCRIMINATE AGAINST PLAINTIFF IN THE
TERMS AND CONDITIONS OF HER EMPLOYMENT BECAUSE OF HER AGE?**

**V.   DID DEFENDANTS DISCRIMINATE AGAINST PLAINTIFF IN THE TERMS
AND CONDITIONS OF HER EMPLOYMENT BECAUSE OF HER SEX?**

**VI.   SHOULD THE FOLLOWING OTHER RELIEF BE GRANTED?:**

(a)   Enter judgment against all Defendants, jointly and severally;

(b)   Enter a declaratory judgment declaring the acts of the Defendants to be a violation

of Plaintiff's statutory rights;

---

[4] Again, this is the standard jury instruction used in this district since the Sheridan decision.  For example, see Hoffman v. State of Delaware, C.A. No. 97-666-JJF (April 26, 2000) section 2.5; McNaboe v. NVF Company, C.A. No. 97-558-SLR (February 12, 1999), pages 17-19.  Moreover, this is consistent with the governing case law.  Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir. 1994), Sheridan v. E.I. DuPont de Nemours & Co., 100 F.3d 1061, 1067 (3d Cir. 1996) (en banc); Keller v. Orix Credit Alliance Inc., 130 F.3d 1101, 1108 (3d Cir. 1997) (en banc).

(c)      Under the ADEA, Title VII, and 19 Del. C. § 715(1)c, enter a judgment against all

Defendants, jointly and severally, for compensatory damages, including lost wages, earnings,

incentives, and bonuses; lost or reduced 401(k) plan benefits, lost health, dental, vision, long

term disability, accidental death and dismemberment, and life insurance coverage; and other

benefits; decreased employment and earning opportunities; losses incurred as a result of being

forced to sell her house; and other pecuniary losses;

(d)      Under Title VII and 19 Del. C. § 715(1)c, enter a judgment against all Defendants,

jointly and severally, for compensatory damages for emotional distress, humiliation,

embarrassment, and injury to reputation;

(e)      Under the ADEA, enter a judgment against all Defendants, jointly and severally,

for statutory liquidated damages;

(f)      Under Title VII and 19 Del. C. § 715(1)c, enter a judgment against all Defendants,

jointly and severally, for punitive damages;

(g)      Issue a mandatory injunction directing the Defendants to reinstate Plaintiff

to the position of Portfolio Administrator or an equivalent position;

(h)      Alternatively, issue a mandatory injunction requiring the Defendants to place

Plaintiff in the next appropriate vacancy to which she normally would have progressed and been

entitled but for the illegal discrimination and retaliation against her;

(i)      Award front pay until Plaintiff can be reinstated or placed in a comparable or

appropriate position;

        (j)       Issue a permanent injunction requiring the Defendants to:

        (I)       Notify everyone who learned of Defendants' treatment of Plaintiff that

their conduct was illegal and

        (ii)      Expunge Plaintiff's personnel files of any derogatory information relating

to this matter;

        (k)      Award Plaintiff costs, interest, and attorneys' fees for this suit; and

        (l)       Require such other and further relief as the Court deems just and proper under the

circumstances.

Blozis/pretrial/(5) statement of legal issues draft 1