**(5)**

**Defendants' Issues of Law**

(a)     Whether Plaintiff's claims under 19 Del. C. § 711 should be dismissed because Plaintiff has elected to sue under Title VII and the ADEA, thereby electing those remedies to the exclusion of those offered by § 711.  See Witcher v. Sodexho, Inc., 2007 U.S. Dist. LEXIS 21099, at *3 n.5 (D. Del. Mar. 26, 2007) ("Plaintiff, having elected to prosecute his age discrimination and retaliation claims under the ADEA, is barred from simultaneously seeking remedies provided by the DDEA"); Schlifke v. Trans World Entertainment Corp., 2007 U.S. Dist. LEXIS 21587, at 11 (D. Del. Mar. 27, 2007) ("a plaintiff who files claims under Title VII is precluded from concomitantly pursuing state law claims under the DDEA . . . Plaintiff, having elected to prosecute her sex discrimination claim under Title VII, is barred from simultaneously seeking remedies provided by the DDEA").

(b)     Whether Plaintiff is precluding from receiving both liquidated damages under the ADEA and punitive damages under Title VII on the grounds that a double recovery would result.  See Reynolds v. Octel Communications, Inc., 924 F. Supp. 743, 747 (N.D. Tex. 1995) (since plaintiff was already awarded punitive damages under Title VII, she could not also receive liquidated damages (which the court noted are punitive in nature) under the ADEA).

(c)     Whether Plaintiff is the "employee" of only Mellon Trust, and not of the other two named defendants herein.  NLRB v. Browning Ferris Indus. of Pa., Inc., 691 F. 2d 1117, 1122 (3d Cir. 1982); Marzano v. Computer Science Corp., Inc., 91 F.3d 497, 513 (3d Cir. 1996); Frank v. U.S. West, Inc., 3 F. 3d 1357 (10th Cir. 1993); Martin v. Safeguard Scientifics, Inc., 17 F. Supp. 2d 357, 362 (E.D. Pa. 1998); 42 U.S.C. §2000e(b).

(d)     Whether plaintiff ever pled an age or sex discrimination claim based upon alleged denial of training, bonuses, and vacation requests?  Plaintiff's complaint mentions these allegations but does state claim for relief on the grounds that each such action was a discrete act of discrimination.  Rather, her complaint alleges that she was subjected to a "hostile work environment" and seeks relief on that basis only.  See Complaint Counts II and III.  Only after it became manifest that Plaintiff's hostile work environment claims are meritless, did Plaintiff state that she seeks to bring claims for allegedly discrete acts of discrimination (as opposed to a claim for a hostile work environment). Plaintiff now says that she seeks relief because "Defendants discriminated against Plaintiff in the terms and conditions of her employment because of her age" on the grounds that "[h]er team leader gave Plaintiff's 23 year-old peer training, bonuses, and vacation requests."  Plaintiff should not be permitted to play fast and loose with the pleadings. Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512 (2002) (complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests").  Regardless, Plaintiff filed her EEOC charge on May 7, 2004 (298 days after her discharge on Monday, July 14, 2003) the statute of limitations bars any claims for discrete acts of discrimination that occurred prior to July 12, 2003 (a Saturday).  As it is manifest that all of these discrete acts are alleged to have occurred and come to Plaintiff's notice well before July 12, 2003, any such claims are time-barred in any event.  *See* below.

- 2 -

(e)     Whether Plaintiff's claims for discrete acts of discrimination such as, but not limited to, ((a) denial of bonuses; (b) vacation; and (c) training on the basis of act; and (d) being required to perform more work than a male employee are barred by the 300-day statute of limitations applicable to the filing of EEOC charges.  Since Plaintiff filed her EEOC charge on May 7, 2004 (298 days after her discharge on Monday, July 14, 2003) the statute of limitations bars any claims for discrete acts of discrimination that occurred prior to July 12, 2003 (which is, incidentally, a Saturday).  Accordingly, unless Plaintiff can prove that on Saturday, July 12, 2003, Sunday, July 13, 2003, or the day she was terminated, July 14, 2003, she: (a) was denied a bonus; (b) denied training; (c) denied a vacation because of her age; or (d) required to perform more work than a male employee, all of her claims for these discrete acts of discrimination are time-barred.  See Ledbetter *See Ledbetter v. The Goodyear Tire & Rubber Co., Inc.*, 2007 U.S. LEXIS 6295, at * 1 (May 29, 2007) (the time for filing a charge of employment discrimination with the Equal Employment Opportunity Commission (EEOC) begins when the discriminatory act occurs. We have explained that this rule applies to any "discrete act" of discrimination, including discrimination in "termination, failure to promote, denial of transfer, [and] refusal to hire") (quoting *National Railroad Passenger Corporation v. Morgan*, 536 U.S. 101, 114, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002).

(f)     Those issues addressed in Defendants' motions in limine