**Defendants' Exhibits**

| Exh. No. | Description | Bates Nos. | Plaintiff's Basis for Objection | Defendants' Response to Objection |
|---|---|---|---|---|
| DX-1. | Mellon Employee Handbook | Mel/Bloz 473-96 | No Objection. | |
| DX-2. | Mellon Corporate Policies & Procedures Manual concerning Equal Employment Opportunity | Mel/Bloz 497-499 | No Objection. | |
| DX-3. | Mellon Corporate Policies & Procedures Manual concerning Employee Complaint/Appeal Process | Mel/Bloz 500-503 | No Objection. | |
| DX-4. | Mellon Corporate Policies & Procedures Manual concerning Sexual and Other Discriminatory Harassment | Mel/Bloz 504-510 | Objection. Irrelevant. F.R.E. 402. | Plaintiff has pled age and sex harassment claims; subject to Defendants' summary judgment motion |
| DX-5. | Mellon Corporate Policies & Procedures Manual concerning Managing Performance and Conduct Through Corrective Action | Mel/Bloz 511-515 | No Objection. | |
| DX-6. | Mellon Corporate Policies & Procedures Manual concerning Corrective Action Process | Mel/Bloz 516-518 | Objection. Irrelevant. F.R.E. 402. The document is dated August 4, 2004, but Plaintiff's employment was terminated on July 14, 2003. | Defense witnesses will testify that the predecessor policy, in effect in 2002 and 2003, was substantially the same as the 2004 policy |
| DX-7. | Mellon Corporate Policies & Procedures Manual concerning Performance Management Process | Mel/Bloz 519-522 | No Objection. | |
| DX-8. | Job description for Portfolio Administrator | P3 | No Objection. | |

| | | | | |
|---|---|---|---|---|
| | | | | |
| DX-9. | Ms. Blozis current work sheet | P4 | Objection.  Irrelevant.  F.R.E. 402.  The document is dated March 30, 200*1*.  This is remote in time from the Plaintiff's July 14, 200*3* discharge and her alleged performance issues in 200*2*. | The document is relevant because it has some tendency to show the existence of what Plaintiff's job duties were and how they changed over time more probable. |
| DX-10. | Portfolio Assistant Position Responsibilities | P5 | No Objection. | |
| DX-11. | General/Miscellaneous Duties | P6 | No Objection. | |
| DX-12. | Blozis Employee Profile dated August 30, 2004 | Mel/Bloz 455 | No Objection. | |
| DX-13. | Email from Wm. Becker to Blozis dated Oct. 8, 2002 and Blozis' Oct. 9, 2002 response re "Projects." | Mel/Bloz 593, P856-57 | No Objection. | |
| DX-14. | Automated Investment Review Forms with handwritten notes of Wm. Becker dated Nov. 12, 2002 | A 114 | No Objection. | |
| DX-15. | Automated Investment Review Forms with handwritten notes of Wm. Becker dated Nov. 12, 2002 | A-115 | No Objection. | |

| | | | | |
|---|---|---|---|---|
| DX-16. | Security Risk of Holders form with handwritten notes of Wm. Becker dated Nov. 19, 2002 | A 116 | No Objection. | |
| DX-17. | Single Bond Buy Form with handwritten notes of Wm. Becker dated Dec. 2, 2002 | A 117 | No Objection. | |
| DX-18. | Asset Risk Profile Questionnaire dated Dec. 2, 2002 | Mel/Bloz 572 | No Objection. | |
| DX-19. | Asset Allocation Risk Profile Questionnaire | Mel/Bloz 573 | No Objection. | |
| DX-20. | Asset Allocation Risk Profile Questionnaire | Mel/Bloz 574 | No Objection. | |
| DX-21. | Asset Allocation Risk Profile Questionnaire | Mel/Bloz 575 | No Objection. | |
| DX-22. | Asset Allocation Risk Profile Questionnaire | Mel/Bloz 576 | No Objection. | |
| DX-23. | Asset Allocation Risk Profile Questionnaire | Mel/Bloz 577 | No Objection. | |

PRCLIB-447369.2-SWILSON 6/1/07 3:26 PM

| | | | | |
|---|---|---|---|---|
| | | | | |
| DX-24. | Asset Allocation Risk Profile Questionnaire | Mel/Bloz 578 | No Objection. | |
| DX-25. | Asset Allocation Risk Profile Questionnaire | Mel/Bloz 579 | No Objection. | |
| DX-26. | Asset Allocation Risk Profile Questionnaire | Mel/Bloz 583 | No Objection. | |
| DX-27. | Asset Allocation Risk Profile Questionnaire | Mel/Bloz 584 | No Objection. | |
| DX-28. | Email from Blozis to Waters dated November 19, 2002 | Mel/Bloz 592 | No Objection. | |
| DX-29. | Single Bond Buy Form | Mel/Bloz 595 | No Objection. | |

| | | | | |
|---|---|---|---|---|
| DX-30. | Email from Wm Becker to Linda Blozis re "Notification of Account Overdraft" | A 118-19 (Blozis 12) | No Objection. | |
| DX-31. | Single Equity Sell Sheets dated Dec. 30, 2002 | Mel/Bloz 580-81 | No Objection. | |
| DX-32. | Automated Investment Review System Forms | Mel/Bloz 588-591 | No Objection. | |
| DX-33. | Email between Blozis and Becker dated Nov. 19, 2002 | A-113 | Objection.  Probative value is outweighed by the needless presentation of cumulative evidence.  This exhibit is identical to DX-28.  F.R.E. 403. | Exhibit withdrawn as it is a duplicate of DX-28 |
| DX-34. | Summary of Assets form dated Dec. 2, 2002 with handwritten notes of Wm Becker | Mel/Bloz 594 | No Objection. | |
| DX-35. | Email from Wm. Becker to Rosemary Thomas dated Dec. 4, 2002 and response of | Mel/Bloz 682 | No Objection. | |

PRCLIB-447369.2-SWILSON 6/1/07 3:26 PM

| | | | |
|---|---|---|---|
| | Thomas. | | | |
| DX-36. | Email from Keith Patterson to Blozis dated Dec. 6, 2002 with handwritten notes of Wm. Becker | Mel/Bloz 596-97 | No Objection. | |
| DX-37. | Email from Stephen A. Mozur to Blozis re PWM rebalancing dated Dec. 6, 2002 | Mel/Bloz 585 | No Objection. | |
| DX-38. | Investment Review sheet dated Dec. 31, 2002 with notes of Gregg Landis attached | Mel/Bloz 603 | No Objection. | |
| DX-39. | Performance Management Form dated 2003 for evaluation of Blozis and Blozis rebuttal | Mel/Bloz 456-466 | No Objection. | |
| DX-40. | Email from Linda Blozis to William Becker re: Notification of Account Overdraft | Mel/Bloz 598 | Objection.  Probative value is outweighed by the needless presentation of cumulative evidence. This exhibit is identical to a previously identified exhibit in this list.  F.R.E. 403. | The document is admissible because it is logically relevant under Rule 401 and its probative value is not substantially outweighed by the danger of unfair prejudice and the evidence is corroborative of an issue central to the |

| | | | | |
|---|---|---|---|---|
| | | | | case.  However, if the document has been previously identified, without objection, Defendants will withdraw it. |
| DX-41. | Email from William Becker to Linda Blozis re: Notification of Account Overdraft | Mel/Bloz 599 | Objection.  Probative value is outweighed by the needless presentation of cumulative evidence.  This exhibit is identical to a previously identified exhibit in this list.  F.R.E. 403. | The document is admissible because it is logically relevant under Rule 401 and its probative value is not substantially outweighed by the danger of unfair prejudice and the evidence is corroborative of an issue central to the case.  However, if the document has been previously identified, without objection, Defendants will withdraw it. |
| DX-42. | MPAM Performance Results dated December 31, 2002 | Mel/Bloz 604 | No Objection. | |
| DX-43. | Combined investment review dated December 31, 2002 | Mel/Bloz 605 | No Objection. | |
| DX-44. | Single Equity Sell Form | Mel/Bloz 607 | Objection.  Probative value is outweighed by the needless presentation of | Withdrawn |

| | | | cumulative evidence. This exhibit is identical to DX-31. F.R.E. 403. | |
|---|---|---|---|---|
| DX-45. | Email from William Becker to Linda Blozis re: trade ticklers dated January 6, 2003 | Mel/Bloz 609 | No Objection. | |
| DX-46. | Holdings list dated January 6, 2003 | Mel/Bloz 610 | No Objection. | |
| DX-47. | Asset Allocation Risk Profile Questionnaire dated January 10, 2003 | Mel/Bloz 611 | No Objection. | |
| DX-48. | Letter dated April 30, 2003 | Mel/Bloz 613-614 | No Objection. | |
| DX-49. | Email from Gregg Landis to Bruce Holmquist | Mel/Bloz 623 | No Objection. | |
| DX-50. | Email from Linda Blozis to Gregg Landis dated March 21, 2003 | Mel/Bloz 634 | No Objection. | |

| | | | | |
|---|---|---|---|---|
| DX-51. | Series of emails the last one being from William Becker to Gregg Landis dated February 24,2003 | Mel/Bloz 646-647 | No Objection. | |
| DX-52. | Combined investment dated March 31, 2003 | Mel/Bloz 651 | No Objection. | |
| DX-53. | Email from Gregg Landis to Linda Blozis dated June 6, 2003 | Mel/Bloz 659-660 | Objection.  Irrelevant. F.R.E. 402.  The handwritten notes on this e-mail constitute after-acquired evidence that admittedly was discovered "after [Plaintiff] was fired[.]" Therefore, it could not have been a factor in the any alleged performance reason for Defendants' decision to discharge her. | Defendants have pled an after-acquired evidence affirmative defense in their answer; moreover, the original email is dated June 6, 2003, more than a month before her termination and shows that Plaintiff provided inaccurate information. |
| DX-54. | Email from Linda Blozis to Gregg Landis dated June 5, 2003 | Mel/Bloz 663 | No Objection. | |
| DX-55. | Email from Linda Blozis to Gregg Landis | Mel/Bloz 664-665 | No Objection. | |

PRCLIB-447369.2-SWILSON 6/1/07 3:26 PM

| | | | | |
|---|---|---|---|---|
| DX-56. | Boston Company Asset Management Form | Mel/Bloz 670 | No Objection. | |
| DX-57. | Boston Company Asset Management Form | Mel/Bloz 671 | Objection.  Probative value is outweighed by confusion of the issues.  F.R.E. 403.  The title of this exhibit is inaccurate because it is inconsistent with the language in the actual document.  The document does not appear to be a Boston Company Asset Management Form. | The name of the document should be The Dreyfus Corporation. Defendants are willing to re-title the document. Document is relevant and highlights performance issues. |
| DX-58. | Email from Gregg Landis to Rosemary; Thomas series of emails ending with email from Gregg Landis to Rosemary Thomas dated June 26, 2003. | Mel/Bloz 674-675 | No Objection. | |
| DX-59. | Document concerning stale priced assets report dated June 20, 2003 | Mel/Bloz 676-677 | No Objection. | |
| DX-60. | Handwritten notes by Gregg Landis day May 19, 2003 | Mel/Bloz 685 | Objection.  Lack of foundation; Hearsay. | Mr. Landis will testify that he made these notes |

| | | | F.R.E. 802. These are unsigned handwritten notes purported to be made by Gregg Landis through which Defendants attempt to introduce out-of-court statements of Plaintiff and Human Resources' Rosemary Thomas for the truth of the matter(s) asserted in Mr. Landis' notes. | during his meeting with Plaintiff in which Ms. Thomas was also present. Document is admissible under 801(d)(2)(A), 803(1), 804(b)(3) and 805 |
|---|---|---|---|---|
| DX-61. | Performance management form year end assessment 2001 | Mel/Bloz 717-726 | No Objection. | |
| DX-62. | Email from Linda Blozis to Gregg Landis dated March 13, 2003 | Mel/Bloz 762 | Objection. Probative value is outweighed by confusion of the issues needless presentation of cumulative evidence. F.R.E. 403. This document is identical to an exhibit previously identified in this list. | If this document has been previously identified and if there has been no objection by Plaintiff, Defendants will withdraw it. |
| DX-63. | Portfolio Administrator Position | Mel/Bloz 766 | Objection. Lack of foundation; Lack of cross-examination. This is an unsigned handwritten note on the bottom of a job | Plaintiff and/or Rosemary Thomas can testify concerning when the document was distributed; document is a business record; there is |

| | | | description. | no F.R.E. that specifically addresses the issue of cross-examination; however, Plaintiff will likely not be precluded from cross examining defense witnesses about the document |
|---|---|---|---|---|
| DX-64. | Email from Linda Blozis to Rosemary Thomas dated April 30, 2003 | P 30 | No Objection. | |
| DX-65. | Information questionnaire dated May 20, 2003 | P 214 | No Objection. | |
| DX-66. | Plaintiffs second supplemental response to Defendants first set of interrogatories no. 14 | | No Objection. | |
| DX-67. | Letter form First National Bank to Linda Blozis | Mel/Bloz 286-287 | No Objection. | |
| DX-68. | Letter from Orion Bank to Linda Blozis dated January 3, 2005 | P536-P538 | No Objection. | |

| | | | | |
|---|---|---|---|---|
| DX-69. | CV of Brian Sullivan | | Objection.  Probative value is substantially outweighed by the danger of unfair prejudice.  F.R.E. 403.  Defendants' economic expert's CV need not be presented to the jury.  He can testify at trial as to his education and experience. | Document is admissible as a business record.  Document is admissible under Rule 401 and is not unduly prejudicial. |
| DX-70. | Thomas Borzilleri's case list | Exhibit TB #3 | Objection.  Irrelevant; Probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues.  F.R.E. 402, 403.  Plaintiff's economic expert's list of other case in which he has testified may prejudice and/or confuse the jury, and it does not have any tendency to make the existence of any fact that is of consequence to the determination of this action more or less probable than it would be without this evidence.  Also, his case list is Exhibit TB #2 in his deposition. | Dr. Borzilleri's case list is TB #2 and is admissible under F.R.E. 401.  Defendants have a right to cross-examine him on the cases he has handled previously, to show bias, inconsistencies, etc.  This is contemplated by the F.R.Civ.P. which direct that expert's produce this information without the opposing party even requesting it. |

| DX-71. | Article from Journal of Forensic Economics entitled "On Using PBGC Methodology to Evaluate Defined Benefit Pensions in divorce cases served on Plaintiff on May 3, 2007 | | Objection. Lack of cross-examination, Irrelevant, Hearsay, and Probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and waste of time. F.R.E. 402, 403, and 802. Defendants produced this article after expert discovery ended and are attempting to introduce expert testimony of its author who was never identified as a defense witness in this case through an article. The article also has no tendency to make the existence of any fact of consequence in this ***employment*** | Defendants noticed Plaintiff's expert before the expert discovery end date. It was Plaintiff's expert who required an adjournment. Therefore, it is disingenuous at best, for Plaintiff to raise a timeliness issue. Moreover, Plaintiffs expert was asked at his deposition if any authors had agreed or disagreed with his published note and he did not know either way. Defendants on their own had to research the issue. The issue is use of the PBGC Methodology which he uses in his report to calculate damages. Defendants as well as Defendants' own expert should have an |
|---|---|---|---|---|

PRCLIB-447369.2-SWILSON 6/1/07 3:26 PM

| | | | | |
|---|---|---|---|---|
| | | | *__discrimination__* action more or less probable than it would be without the evidence because the article deals with *__divorce__* cases.  Defendants' properly identified economic expert witness can be called to rebut Plaintiff's expert witness testimony. | opportunity to refer to his article for purposes of critiquing Plaintiff's expert's methodology.  Article is admissible under F.R.E. 803(18) and 401. |
| DX-72. | Thomas C. Borzilleri's 1992 article | | Objection.  Irrelevant, Hearsay, and Probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues.  F.R.E. 402, 403, and 802.  This article written by Plaintiff's economic expert 15 years ago in *__1992__* is remote in time from and has no tendency to make the existence of any fact of consequence in this action regarding a termination of employment in *__2003__* more or less probable than it would be without the evidence. | Article is admissible under F.R.E. 401 and 803(18).  Plaintiff's expert relies on the PBGC methodology as part of his damages calculations.  Defendants should have the opportunity to challenge the use of this methodology. |

| | | | | |
|---|---|---|---|---|
| | | | | |
| DX-73. | State Individual Income Taxes | | Objection.  Lack of cross-examination, Irrelevant, Hearsay, and Probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and waste of time.  F.R.E. 402, 403, and 802.  Defendants produced this article after expert discovery ended  and are attempting to introduce expert testimony of its two authors who were never identified as defense witnesses in this case through an article.  The article also has no tendency to make the existence of any fact of consequence in this | This is a document (a chart) that was relied upon by Defendants' expert witness to show that there are no state income taxes in Florida, but that Delaware has them.  It is admissible under F.R.E. 401 and 803(18).  Again, Plaintiff's argument based on timeliness is disingenuous since it was her expert who requested the adjournment.  The Court may take judicial notice of these facts. |

| | | | action more or less probable than it would be without the evidence. Defendants' properly identified economic expert witness can be called to rebut Plaintiff's expert witness testimony. | |
|---|---|---|---|---|
| DX-74. | Email from Gregg Landis to Linda Blozis dated June 11, 2003 | Mel/Bloz 658 | Objection. Irrelevant and Probative value is substantially outweighed by the Danger of unfair prejudice and confusion of the issues. F.R.E. 402, 403. In this case, Defendants have never asserted that Plaintiff allegedly failed to protect client confidentiality as an alleged reason for her discharge. | Defendants have always asserted that Plaintiff was terminated for performance reasons. This document is an example of performance problems. Therefore; document is relevant under 401, is not unduly prejudicial and is corroborative of a central issue in this case. |
| DX-75. | Agenda for client meeting dated Jan. 31, 2003 | Mel/Bloz 608 | Objection. Lack of foundation; Lack of cross-examination. This is an unsigned handwritten note on the bottom of a document. | Gregg Landis will testify that Plaintiff draft the document and that errors were caught. He will testify that he wrote the note at the bottom of the document. Bill Becker will testify that he caught the errors and reprinted the agenda. |

PRCLIB-447369.2-SWILSON 6/1/07 3:26 PM

| DX-76. | Email change from Feb. 4, 2003 – Feb. 23, 2003 among Wm Becker, Gregg Landis, and Blozis | Mel/Bloz 648 | No Objection. | |
|---|---|---|---|---|
| DX-77. | Email from Blozis to Landis dated Mar. 18, 2003 | P 031 | No Objection. | |
| DX-78. | Letter from Blozis to client dated March 19, 2003 with handwritten notes of Gregg Landis | Mel/Bloz 637 | Objection.  Lack of foundation; Lack of cross-examination. This is an unsigned handwritten note on the bottom of a document. | Gregg Landis will testify that Plaintiff prepared the document and upon his review, he found errors. Mr. Landis will testify that it is his writing on the bottom of the document.  Plaintiff will be able to cross-examine Mr. Landis concerning the document. |
| DX-79. | Statement of Investment Policy | Mel/Bloz 640 | Objection.  Lack of foundation; Lack of cross-examination. This is an unsigned handwritten note on the bottom of a document. | Gregg Landis will testify that Plaintiff prepared the document and upon his review, he found errors. Mr. Landis will testify that it is his writing on the bottom of the document.  Plaintiff will be able to cross-examine Mr. Landis concerning the document. |

PRCLIB-447369.2-SWILSON 6/1/07 3:26 PM

| | | | | |
|---|---|---|---|---|
| DX-80. | Email from Blozis to Gregg Landis dated March 21, 2003 | Mel//Bloz 635 | Objection. Probative value is outweighed by the needless presentation of cumulative evidence. This exhibit is identical to DX-50. F.R.E. 403. | Withdrawn. |
| DX-81. | Handwritten notes of Gregg Landis dated March 31, 2003 with attached Asset Allocation Risk Profile questionnaires | Mel/Bloz 629-633 | No Objection. | |
| DX-82. | Investment review sheets with handwritten notes of Gregg Landis dated April 24, 2003 | Mel/Bloz 622 | No Objection. | |
| DX-83. | Handwritten notes dated April 29, 2003 of Gregg Landis discussing problems with investment review sheet | Mel/Bloz 616-17 | Objection. Lack of foundation; Lack of cross-examination. These are unsigned and undated handwritten notes on a document. | Gregg Landis will testify that Plaintiff prepared the document and upon his review, he found errors. Mr. Landis will testify that it is his writing on the bottom of the document. Plaintiff will be able to cross-examine Mr. Landis concerning the document. |
| DX-84. | Handwritten notes of Gregg Landis, undated | Mel/Bloz 636 | Objection. Lack of | Gregg Landis will testify |

| | | | | |
|---|---|---|---|---|
| | on "Statement of Investment Policy | | foundation; Lack of cross-examination. This is an unsigned handwritten note. | that Plaintiff prepared the document and upon his review, he found errors. Mr. Landis will testify that it is his writing on the bottom of the document. Plaintiff will be able to cross-examine Mr. Landis concerning the document. |
| DX-85. | Email from Gregg Landis to Linda Blozis dated April 24, 2003 discussing preparation of books with handwritten notes | Mel/Bloz 654 | Objection. Lack of foundation; Lack of cross-examination. This is an unsigned handwritten note on the bottom of a document. | Gregg Landis will testify that Plaintiff prepared the document and upon his review, he found errors. Mr. Landis will testify that it is his writing on the bottom of the document. Plaintiff will be able to cross-examine Mr. Landis concerning the document. |
| DX-86. | Email from Gregg Landis to Blozis dated April 21, 2003 concerning April 2003 Stale Price Report | Mel/Bloz 618 | Objection. Lack of foundation; Lack of cross-examination. This is an unsigned handwritten note on the bottom of a document. | Gregg Landis will testify that Plaintiff prepared the document and upon his review, he found errors. Mr. Landis will testify that it is his writing on the bottom of the document. Plaintiff will be able to cross-examine Mr. Landis concerning the document. |
| DX-87. | Document concerning Stale Priced Assets Report dated April 17, 2003 | Mel/Bloz 620-621 | Objection. Probative value is outweighed by the needless presentation of cumulative evidence. | If this exhibit has been previously identified and has not been objected to by Plaintiff, Defendants will withdraw it. |

| | | | This exhibit is identical to a previously identified exhibit in this list.  F.R.E. 403. | |
|---|---|---|---|---|
| DX-88. | Handwritten notes of Rosemary Thomas dated April 30, 2003 regarding meeting with Blozis | Mel/Bloz 683 | Objection.  Lack of foundation; Lack of cross-examination. This is an unsigned handwritten note. | Ms. Thomas will testify that she authored these notes contemporaneously with her discussion with Brendan Gilmore and as part of her human resources duties.  The notes also constitute a business record. |
| DX-89. | Handwritten notes of Rosemary Thomas dated May 1, 2003 | Mel/Bloz 468-69 | Objection.  Lack of foundation; Lack of cross-examination. This is an unsigned handwritten note. | Ms. Thomas will testify that she made these notes contemporaneously with her discussion with Plaintiff and are a part of her investigation of Plaintiff's complaint. The notes also constitute a business record. |
| DX-90. | Email from Gregg Landis to Rosemary Thomas dated May 7, 2003 re "Linda Blozis | Mel/Bloz 657 | No Objection. | |
| DX-91. | Email from Gregg Landis to Brendan Gilmore dated May 9, 2003 re "Linda Blozis" | Mel/Bloz 688 | No Objection. | |

| DX-92. | Email from Paul Kochis to Gregg Landis dated May 9, 2003 | Mel/Bloz 689-90 | No Objection. | |
|---|---|---|---|---|
| DX-93. | Handwritten notes of Gregg Landis dated May 13, 2003 on documents showing "Combined Equity Diversification for Individual" | Mel/Bloz 652 | No Objection. | |
| DX-94. | Investment Review dated May 14, 2003 with handwritten notes of Gregg Landis dated May 15, 2003 | Mel/Bloz 649 | No Objection. | |
| DX-95. | Handwritten notes dated May 12, 2003 of Gregg Landis regarding final written warning and meeting with Rosemary Thomas | Mel/Bloz 684 | No Objection. | |
| DX-96. | Email from Rosemary Thomas to Gregg Landis dated May 16, 2003 | B 931 (Mel/Bloz 687) | No Objection. | |
| DX-97. | Handwritten notes of May 19, 2003 between Gregg Landis and Blozis | Mel/Bloz 686 | Objection. Hearsay, Lack of foundation; Lack of cross-examination. F.R.E. 802. This is an unsigned handwritten note. | Gregg Landis will testify that he made these notes in connection with his meeting with Plaintiff. Document is admissible under F.R.E. 401 and 803(1), 803(3) |

PRCLIB-447369.2-SWILSON 6/1/07 3:26 PM

| | | | | |
|---|---|---|---|---|
| DX-98. | Final Written Warning for Performance dated May 19, 2003 | P042 | No Objection. | |
| DX-99. | Blozis' May 21, 2003 to do list | Mel/Bloz 672 | Objection.  Probative value is outweighed by the needless presentation of cumulative evidence.  F.R.E. 403.  This exhibit is identical to a previously identified exhibit in this list. | If Defendants have previously identified this document and if it has not been objected to by Plaintiff, Defendants will withdraw the document. |
| DX-100. | Email from Gregg Landis to Rosemary Thomas regarding "Linda Blozis Performance" concerning items not done from May 21, 2003 to do list | Mel/Bloz 678-680 | Objection.  Probative value is outweighed by the needless presentation of cumulative evidence.  F.R.E. 403.  This exhibit is identical to DX-58. | Withdrawn. |
| DX-101. | Email from Gregg Landis to Brendan Gilmore re termination of employment of Linda Blozis | Mel/Bloz 694 | No Objection. | |
| DX-102. | Memorandum from Rosemary Thomas to Thomas Galante requesting permission to discharge Blozis from her employment | Mel/Bloz 695 | Lack of foundation, Lack of cross-examination, and Hearsay.  F.R.E. 802.  This is an undated and unsigned timeline of | Ms. Thomas will testify that she drafted this document in her human resources capacity and as part of her business review of the issues with |

| | | | events which Defendants seek to introduce for the truth of the matters asserted in the anonymous, undated document. | Mr. Galante. Mr. Galante will testify that he reviewed this document in connection with the decision to terminate Plaintiff's employment. Document is admissible under F.R.E. 401; 803(6); 803(1); 803(3). |
|---|---|---|---|---|
| DX-103. | Handwritten notes of Gregg Landis dated July 14, 2003 regarding termination of Blozis | Mel/Bloz 692 | Lack of foundation, Lack of cross-examination, and Hearsay. F.R.E. 802. These are undated and unsigned handwritten notes which Defendants seek to introduce for the truth of the matters asserted therein. | Mr. Landis will testify that he drafted these notes contemporaneously with his meeting with Plaintiff. Document is admissible under F.R.E. 401, 803(1) and 803(3). |
| DX-104. | Documents contained on Appendix I of Defendants' Economic report, including Professional and Governmental publications | | Objection. Probative value is substantially outweighed by Considerations of Undue Delay, Waste of Time, and Needless Presentation of Cumulative Evidence. F.R.E. 403. This is over 700 pages of documents purported to be used by Defendants' economic experts in preparing its expert | Documents have been relied upon by Defendants' expert in preparing his expert report. Defendants have identified those documents as Defendants' expert may refer to them. |

| | | | report. Defendants have not identified which page(s) of this collection of documents it intends to introduce at trial. | |
| --- | --- | --- | --- | --- |
| DX-105. | Medical Records from the Endoscopy Center of Naples | Mel/Bloz 7-21 | Objection. Irrelevant; Probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues and consideration of waste of time. F.R.E. 402, 403. Plaintiff's medical records may prejudice and/or confuse the jury, and they do not have any tendency to make the existence of any fact that is of consequence to the determination of this action more or less probable than it would be without this evidence. Plaintiff has a claim for garden variety emotional distress under Title VII and State law for which she does not intend to introduce a medical expert witness. | Defendants should have the opportunity to cross-examine Plaintiff on other possible causes of her emotional distress. Documents are admissible under F.R.E. 401, is not substantially outweighed by the danger of unfair prejudice and is corroborative of a central issue in this case. |

| DX-106. | Medical Records from the Montgomery Eye Center | Mel/Bloz 25-30 | Objection.  Irrelevant; Probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues and consideration of waste of time.  F.R.E. 402, 403.  Plaintiff's medical records may prejudice and/or confuse the jury, and they do not have any tendency to make the existence of any fact that is of consequence to the determination of this action more or less probable than it would be without this evidence.  Plaintiff has a claim for garden variety emotional distress under Title VII and State law for which she does not intend to introduce a medical expert witness. | Defendants should have the opportunity to cross-examine Plaintiff on other possible causes of her emotional distress. Documents are admissible under F.R.E. 401, is not substantially outweighed by the danger of unfair prejudice and is corroborative of a central issue in this case. |
| DX-107. | Medical Records from Kenneth DeMarco | Mel/Bloz 32-92 | Objection.  Irrelevant; Probative value is substantially outweighed by the danger of unfair prejudice and | Defendants should have the opportunity to cross-examine Plaintiff on other possible causes of her emotional distress. Documents are |

PRCLIB-447369.2-SWILSON 6/1/07 3:26 PM

| | | | confusion of the issues and consideration of waste of time. F.R.E. 402, 403. Plaintiff's medical records may prejudice and/or confuse the jury, and they do not have any tendency to make the existence of any fact that is of consequence to the determination of this action more or less probable than it would be without this evidence. Plaintiff has a claim for garden variety emotional distress under Title VII and State law for which she does not intend to introduce a medical expert witness. | admissible under F.R.E. 401, is not substantially outweighed by the danger of unfair prejudice and is corroborative of a central issue in this case. |
|---|---|---|---|---|
| DX-108. | Medical Records from Kae Ferber, MD | Mel/Bloz 94-117 | Objection. Irrelevant; Probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues and consideration of waste of time. F.R.E. 402, 403. Plaintiff's medical records may prejudice and/or | Defendants should have the opportunity to cross-examine Plaintiff on other possible causes of her emotional distress. Documents are admissible under F.R.E. 401, is not substantially outweighed by the danger of unfair prejudice and is corroborative of a central |

PRCLIB-447369.2-SWILSON 6/1/07 3:26 PM

| | | | confute the jury, and they do not have any tendency to make the existence of any fact that is of consequence to the determination of this action more or less probable than it would be without this evidence. Plaintiff has a claim for garden variety emotional distress under Title VII and State law for which she does not intend to introduce a medical expert witness. | issue in this case. |
|---|---|---|---|---|
| DX-109. | Medical Records from H. Ross Harris | Mel/Bloz 309-310 | Objection. Irrelevant; Probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues and consideration of waste of time. F.R.E. 402, 403. Plaintiff's medical records may prejudice and/or confuse the jury, and they do not have any tendency to make the existence of any fact that is of consequence to the determination of this action more or less | Defendants should have the opportunity to cross-examine Plaintiff on other possible causes of her emotional distress. Documents are admissible under F.R.E. 401, is not substantially outweighed by the danger of unfair prejudice and is corroborative of a central issue in this case. |

PRCLIB-447369.2-SWILSON 6/1/07 3:26 PM

| | | | probable than it would be without this evidence.  Plaintiff has a claim for garden variety emotional distress under Title VII and State law for which she does not intend to introduce a medical expert witness. | |
|---|---|---|---|---|
| DX-110. | Pharmacy Records from Happy Harry's | Mel/Bloz 299-300 | Objection.  Irrelevant; Probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues and consideration of waste of time.  F.R.E. 402, 403.  Plaintiff's medical records may prejudice and/or confuse the jury, and they do not have any tendency to make the existence of any fact that is of consequence to the determination of this action more or less probable than it would be without this evidence.  Plaintiff has a claim for garden variety emotional distress under Title VII and State law for which | Defendants should have the opportunity to cross-examine Plaintiff on other possible causes of her emotional distress. Documents are admissible under F.R.E. 401, is not substantially outweighed by the danger of unfair prejudice and is corroborative of a central issue in this case. |

| | | | she does not intend to introduce a medical expert witness. | |
|---|---|---|---|---|
| DX-111. | Medical Records from Anchor Health Centers | Mel//Bloz 315-335, 382-392 | Objection.  Irrelevant; Probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues and consideration of waste of time.  F.R.E. 402, 403.  Plaintiff's medical records may prejudice and/or confuse the jury, and they do not have any tendency to make the existence of any fact that is of consequence to the determination of this action more or less probable than it would be without this evidence.  Plaintiff has a claim for garden variety emotional distress under Title VII and State law for which she does not intend to introduce a medical expert witness. | Defendants should have the opportunity to cross-examine Plaintiff on other possible causes of her emotional distress.  Documents are admissible under F.R.E. 401, is not substantially outweighed by the danger of unfair prejudice and is corroborative of a central issue in this case. |
| DX-112. | Medical Records from Ronaldo L. Domingo, MD | Mel/Bloz 337-374, | Objection.  Irrelevant; Probative value is | Defendants should have the opportunity to cross- |

PRCLIB-447369.2-SWILSON 6/1/07 3:26 PM

| | | 403-445 | substantially outweighed by the danger of unfair prejudice and confusion of the issues and consideration of waste of time. F.R.E. 402, 403. Plaintiff's medical records may prejudice and/or confuse the jury, and they do not have any tendency to make the existence of any fact that is of consequence to the determination of this action more or less probable than it would be without this evidence. Plaintiff has a claim for garden variety emotional distress under Title VII and State law for which she does not intend to introduce a medical expert witness. | examine Plaintiff on other possible causes of her emotional distress. Documents are admissible under F.R.E. 401, is not substantially outweighed by the danger of unfair prejudice and is corroborative of a central issue in this case. |
| --- | --- | --- | --- | --- |
| DX-113. | Medical Records of Fanny J. Berg, MD | Mel/Bloz 448 | Objection. Irrelevant; Probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues and consideration of waste of time. F.R.E. | Defendants should have the opportunity to cross-examine Plaintiff on other possible causes of her emotional distress. Documents are admissible under F.R.E. 401, is not substantially outweighed by the |

| | | | 402, 403. Plaintiff's medical records may prejudice and/or confuse the jury, and they do not have any tendency to make the existence of any fact that is of consequence to the determination of this action more or less probable than it would be without this evidence. Plaintiff has a claim for garden variety emotional distress under Title VII and State law for which she does not intend to introduce a medical expert witness. | danger of unfair prejudice and is corroborative of a central issue in this case. |
|---|---|---|---|---|
| DX-114. | Medical Records from Delaware Orthopaedic Center | Mel/Bloz 451-452 | Objection. Irrelevant; Probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues and consideration of waste of time. F.R.E. 402, 403. Plaintiff's medical records may prejudice and/or confuse the jury, and they do not have any tendency to make the existence of any fact that is of consequence | Defendants should have the opportunity to cross-examine Plaintiff on other possible causes of her emotional distress. Documents are admissible under F.R.E. 401, is not substantially outweighed by the danger of unfair prejudice and is corroborative of a central issue in this case. |

| | | | to the determination of this action more or less probable than it would be without this evidence.  Plaintiff has a claim for garden variety emotional distress under Title VII and State law for which she does not intend to introduce a medical expert witness. | |
|---|---|---|---|---|

Defendants reserve the right to use any of Plaintiff's exhibits that are admitted into evidence.

PRCLIB-447369.2-SWILSON 6/1/07 3:26 PM

**Defendants' Demonstrative Evidence 6(a)**

| Defendants' Exhibit No. | Description | Plaintiff's Basis for Objection | Defendants' Response to Objection |
|---|---|---|---|
| 1. | Timeline of Events | <u>See</u> Pl. Objection to Mel/Bloz 695 <u>supra</u>. Lack of foundation, Lack of cross-examination, and Hearsay. F.R.E. 802. This is an undated and unsigned timeline of events which Defendants seek to introduce for the truth of the matters asserted in the anonymous, undated document. | <u>See</u> Defendants' response to DX-102. However, independent of DX-102 Defendants have the right to make a timeline from any written or oral statement admitted into evidence. If the Court does not allow Defendants to develop a timeline, Defendants object to any similar demonstratives from Plaintiff. |
| 2. | Charts Showing the Composition of the Gilmore Team | Objection. Probative value is substantially outweighed by the danger of unfair prejudice to Plaintiff. F.R.E. 403. Previously during fact discovery, Plaintiff served Defendants with an Interrogatory asking them to "Identify by name, title, sex and date of birth all employees on Brendan Gilmore's Team in 2002 and/or 2003." Defendants failed to produce this information and instead responded, "Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome, seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence at trial. | Plaintiff never moved to compel this information, but has pursued her theory that the composition of Gilmore's team is indicative of age and sex discrimination. Defendants have the right to make a demonstrative based on oral and written statements, that are admitted into evidence. Moreover, Defendants should be able to show the number of individuals employed at the Delaware office. |

| | | | |
|---|---|---|---|
| | | Subject to and without waiver of the foregoing, Defendants answer as follows: <u>see</u> Defendants' answers and objections to Request No. 5." In Request No. 5, Defendants merely provided the following: "Plaintiff, Maria Dunlop (D/O/B 2/14/75), Kathy Agne (D/O/B 4/17/52), Laura Shannon (D/O/B 1/24/69)." <u>See</u> Def. Resp. to Int. Nos. 5 and 6 at pp. 4-5; PX3; B39-40. Having admitted that such information is not reasonably calculated to lead to the discovery of admissible evidence at trial and having refused to produce the information when expressly requested to do so in fact discovery, Defendants cannot now seek to introduce this information at trial. | |
| 3. | Charts concerning alleged damages | | |
| 4. | Charts concerning mitigation | | |
| 5. | Summary of Plaintiff's Performance issues | | |
| 6. | Chart of Plaintiff's tax information | | |
| 7. | Chart of average wage of positions for which Plaintiff applied | | |

PRCLIB-447369.2-SWILSON 6/1/07 3:26 PM

|  |  |  |  |
|---|---|---|---|
| 8. | Chart from current population survey |  |  |
| 9. | Chart of average wage positions |  |  |
| 10. | Chart from Occupational employment statistics |  |  |
| 11. | Any additional charts from any experts' reports |  |  |
| 12. | Blow-up of any admitted exhibit |  |  |
| 13. | Any other additional demonstratives |  |  |

Defendants reserve the right to use any of Plaintiff's Demonstrative Exhibits and/or to make objections thereto.

PRCLIB-447369.2-SWILSON 6/1/07 3:26 PM