**CHARGE TO THE JURY**

**LINDA J. BLOZIS**

**v.**

**MELLON TRUST OF DELAWARE,
NATIONAL ASSOCIATION; MELLON
BANK, NATIONAL ASSOCIATION
(formerly, MELLON BANK (DE)
NATIONAL ASSOCIATION), and MELLON
FINANCIAL CORPORATION**

**Civil Action No. 05-891 SLR**

ROBINSON, C.J.
JUNE 18, 2007

## TABLE OF CONTENTS

INSTRUCTION NO. 1.  [PLAINTIFF'S PROPOSED]
INTRODUCTION [PLAINTIFFS' PROPOSED] ............................................................. 1

INSTRUCTION NO. 1   [DEFENDANTS' PROPOSED]
GENERAL INTRODUCTION -- PROVINCE OF THE COURT AND JURY ................... 2

INSTRUCTION NO. 2   [PLAINTIFF'S' PROPOSED]
PROVINCE OF THE COURT AND JURY ....................................................................... 3

INSTRUCTION NO. 3   [PLAINTIFF'S PROPOSED]
THE PARTIES AND THEIR CONTENTIONS ............................................................... 4

INSTRUCTION NO. 4   [DEFENDANTS' PROPOSED]
ALL PERSONS EQUAL BEFORE THE LAW -- ORGANIZATIONS ............................. 5

INSTRUCTION NO. 5   [DEFENDANTS' PROPOSED]
STATUS OF DEFENDANT DOES NOT IMPLY LIABILITY ......................................... 6

INSTRUCTION NO. 6   [PLAINTIFF'S PROPOSED]
EVIDENCE           ........................................................................................................... 7

INSTRUCTION NO. 7   [DEFENDANTS' PROPOSED]
PREPONDERANCE OF THE EVIDENCE ..................................................................... 9

INSTRUCTION NO. 8   [PLAINTIFF'S PROPOSED]
DIRECT AND CIRCUMSTANTIAL EVIDENCE ......................................................... 10

INSTRUCTION NO. 8   [DEFENDANTS' PROPOSED]
EVIDENCE - DIRECT - INDIRECT OR CIRCUMSTANTIAL ...................................... 12

INSTRUCTION NO. 9   [DEFENDANTS' PROPOSED]
SPECULATION IS NOT CIRCUMSTANTIAL EVIDENCE ........................................ 13

INSTRUCTION NO. 10 [DEFENDANTS' PROPOSED]
QUESTIONS NOT EVIDENCE ..................................................................................... 14

INSTRUCTION NO. 11 [DEFENDANTS' PROPOSED]
COURT'S COMMENTS NOT EVIDENCE.................................................................... 15

INSTRUCTION NO. 12 [DEFENDANTS' PROPOSED]
LIMITED ADMISSION OF EVIDENCE - PURPOSE ................................................. 16

INSTRUCTION NO. 12 [PLAINTIFF'S PROPOSED]
OBJECTIONS - RULINGS ON EVIDENCE................................................................. 17

INSTRUCTION NO. 12 [DEFENDANTS' PROPOSED]
OBJECTIONS           ...................................................................................................... 18

- ii -

INSTRUCTION NO. 13 [PLAINTIFF'S PROPOSED]
CREDIBILITY OF WITNESSES ................................................................... 19

INSTRUCTION NO. 14 [DEFENDANT'S PROPOSED]
EVIDENCE IN THE CASE -- STIPULATIONS -- JUDICIAL NOTICE -- INFERENCES
PERMITTED          ............................................................................................ 21

INSTRUCTION NO. 15 [PLAINTIFF'S PROPOSED]
 NUMBER OF WITNESSES AND EVIDENCE ............................................... 22

INSTRUCTION NO. 16 [PLAINTIFF'S PROPOSED]
 EXPERT WITNESSES ............................................................................... 23

INSTRUCTION NO. 16 [DEFENDANTS' PROPOSED]
 EXPERT TESTIMONY ............................................................................... 24

INSTRUCTION NO. 17 [DEFENDANTS' PROPOSED]
WEIGHING CONFLICTING EXPERT TESTIMONY ..................................... 25

INSTRUCTION NO. 18 [PLAINTIFF'S PROPOSED]
DEPOSITION OF PRIOR TESTIMONY ....................................................... 26

[INSTRUCTION NO. 19 [PLAINTIFF'S PROPOSED]
EVIDENCE - CHARTS AND SUMMARIES .................................................. 27

INSTRUCTION NO. 19 [DEFENDANTS' PROPOSED]
CHARTS AND SUMMARIES ...................................................................... 28

INSTRUCTION NO. 20 [PLAINTIFF'S PROPOSED]
VERDICT BASED ON EVIDENCE .............................................................. 29

INSTRUCTION NO. 21 [DEFENDANTS' PROPOSED]
OPENING AND CLOSING STATEMENTS ................................................... 30

INSTRUCTION NO. 22 [DEFENDANTS' PROPOSED]
CREDIBILITY OF WITNESSES -- DISCREPANCIES IN TESTIMONY ....................... 31

INSTRUCTION NO. 23  PLAINTIFF AS WITNESS ....................................... 32

INSTRUCTION NO. 24 [DEFENDANTS' PROPOSED]
PLAINTIFF'S CLAIM THAT MELLON TRUST OF DELAWARE, NATIONAL
ASSOCIATION, MELLON BANK, N.A. AND MELLON FINANCIAL CORPORATION
ARE A SINGLE EMPLOYER ...................................................................... 33

INSTRUCTION NO. 25 [DEFENDANTS' PROPOSED]
PLAINTIFF'S SPECIFIC FEDERAL CAUSES OF ACTION .......................... 36

INSTRUCTION NO. 26 [DEFENDANTS' PROPOSED]
EMPLOYEE CAN ONLY SUE FOR UNLAWFUL CONDUCT ....................... 38

- iii -

INSTRUCTION NO. 27  [PLAINTIFF'S PROPOSED]
BURDEN OF PROOF    ............................................................................. 39

INSTRUCTION NO. 28  [PLAINTIFF'S PROPOSED]
PROTECTED ACTIVITY AND RETALIATION UNDER THE ADEA............................ 41

INSTRUCTION NO. 29  [PLAINTIFF'S PROPOSED]
ESSENTIAL ELEMENTS OF PLAINTIFF'S RETALIATION CLAIM -INDIRECT
EVIDENCE         ............................................................................. 42

INSTRUCTION NO. 30  [DEFENDANT'S PROPOSED]
ADEA RETALIATION - ELEMENTS............................................................... 45

INSTRUCTION NO. 31  [DEFENDANT'S PROPOSED]
RETALIATION: PROTECTED ACTIVITY........................................................ 47

INSTRUCTION NO. 32  [DEFENDANT'S PROPOSED]
RETALIATION:  CAUSAL CONNECTION ....................................................... 48

INSTRUCTION NO. 33  [DEFENDANT'S PROPOSED]
RETALIATION-CAUSAL CONNECTION ........................................................ 49

   A.      TEMPORAL PROXIMITY ALONE IS GENERALLY INSUFFICIENT ............. 49
   B.      ABSENCE OF TEMPORAL PROXIMITY CREATES MORE STRINGENT
   BURDEN ......................................................................................... 49

INSTRUCTION NO. 35  [DEFENDANT'S PROPOSED]
TIMING OF ANY COMPLAINT MADE ........................................................... 51

INSTRUCTION NO. 36  [DEFENDANT'S PROPOSED]
RETALIATION:  DEFENDANTS' EXPLANATION.......................................... 52

INSTRUCTION NO. 37  [DEFENDANT'S PROPOSED]
RETALIATION:  PRETEXT DEFINED............................................................ 53

INSTRUCTION NO. 38  [DEFENDANT'S PROPOSED]
RETALIATION:  DETERMINATIVE EFFECT ................................................. 54

INSTRUCTION NO. 39  [DEFENDANT'S PROPOSED]
BURDEN IS NOT ON THE DEFENDANTS ................................................... 55

INSTRUCTION NO. 40  [DEFENDANTS' PROPOSED]
SINCERE BELIEF OF RETALIATION NOT ENOUGH ................................... 56

INSTRUCTION NO. 41  [DEFENDANTS' PROPOSED]
THE AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA) .................... 57

INSTRUCTION NO. 42  [DEFENDANTS' PROPOSED]
DISCRIMINATION:  PLAINTIFF'S BURDEN TO PROVE PRETEXT............................ 59

INSTRUCTION NO. 43 [PLAINTIFF'S PROPOSED]
AGE DISCRIMINATORY DISCHARGE IN VIOLATION OF THE ADEA
(CIRCUMSTANTIAL EVIDENCE PARADIGM) ............................................................ 60

INSTRUCTION NO. 44 [DEFENDANTS' PROPOSED]
DISCRIMINATION:  DEFENDANTS' EXPLANATION.................................................... 61

INSTRUCTION NO. 45 [PLAINTIFF'S PROPOSED]
AGE DISCRIMINATION IN TERMS AND CONDITIONS OF EMPLOYMENT IN
VIOLATION OF THE ADEA (CIRCUMSTANTIAL EVIDENCE PARADIGM) ............... 64

INSTRUCTION NO. 46 [PLAINTIFF'S PROPOSED]
SEX DISCRIMINATION IN TERMS AND CONDITIONS OF EMPLOYMENT IN
VIOLATION OF TITLE VII (CIRCUMSTANTIAL EVIDENCE PARADIGM) .................. 67

INSTRUCTION NO. 47 [DEFENDANTS' PROPOSED]
TITLE VII – SEX DISCRIMINATION .............................................................................. 70

INSTRUCTION NO. 48 [DEFENDANT'S PROPOSED]
DISCRIMINATION:  DEFENDANTS' EXPLANATION.................................................... 71

INSTRUCTION NO. 49  DISCRIMINATION:  PLAINTIFF'S BURDEN TO PROVE
PRETEXT              ...................................................................................................... 72

INSTRUCTION NO. 50 [DEFENDANT'S PROPOSED]
DISCRIMINATION:  PRETEXT DEFINED .................................................................... 73

INSTRUCTION NO. 51 [DEFENDANTS' PROPOSAL]
SINCERE BELIEF OF DISCRIMINATION NOT ENOUGH .......................................... 74

INSTRUCTION NO. 52 [DEFENDANT'S PROPOSED]
NOT PROPER TO SECOND-GUESS EMPLOYER'S BUSINESS DECISIONS .......... 75

INSTRUCTION NO. 53 [DEFENDANTS' PROPOSED]
DISCRIMINATION GENERALLY -- NO RIGHT TO SPECIAL TREATMENT .............. 76

INSTRUCTION NO. 54 [PLAINTIFFS' PROPOSED]
INJURIES - CAUSATION............................................................................................. 77

INSTRUCTION NO. 55 [PLAINTIFFS' PROPOSED]
DAMAGES GENERALLY.............................................................................................. 78

INSTRUCTION NO. 57 [PLAINTIFF'S PROPOSED]
EFFECT OF INSTRUCTIONS AS TO DAMAGES........................................................ 80

INSTRUCTION NO. 57 [DEFENDANTS' PROPOSED]
EFFECT OF INSTRUCTION AS TO DAMAGES ......................................................... 81

INSTRUCTION NO. 58 [DEFENDANTS' PROPOSED]
SYMPATHY              ...................................................................................................... 82

INSTRUCTION NO. 59 [PLAINTIFFS' PROPOSED]
ECONOMIC DAMAGES - BACKPAY............................................................................ 83

INSTRUCTION NO. 60 [DEFENDANTS' PROPOSED]
BACK PAY           ....................................................................................................... 84

INSTRUCTION NO. 61 [PLAINTIFF'S PROPOSED]
LOST PENSION AND 401(K) BENEFITS ................................................................... 86

INSTRUCTION NO. 62 [PLAINTIFF'S PROPOSED]
MITIGATION OF DAMAGES ....................................................................................... 87

INSTRUCTION NO. 63 [DEFENDANTS' PROPOSED]
MITIGATION           ..................................................................................................... 89

INSTRUCTION NO. 64 [DEFENDANTS' PROPOSED]
COMPENSATORY DAMAGES .................................................................................... 90

INSTRUCTION NO. 65 [PLAINTIFF'S PROPOSED]
DAMAGES FOR MENTAL SUFFERING ..................................................................... 90

INSTRUCTION NO. 66 [PLAINTIFF'S PROPOSED]
DAMAGES FOR INJURY TO REPUTATION .............................................................. 93

INTERROGATORY NO. 67   [PLAINTIFFS' PROPOSED]
DAMAGES FOR HUMILIATION ................................................................................. 94

INSTRUCTION NO. 68 NO RIGHT TO RECOVER DAMAGES FOR EVERY HUMAN
WRONG           ............................................................................................................. 95

INTERROGATORY NO. 69   [PLAINTIFFS' PROPOSED]
WILLFULNESS UNDER THE ADEA ........................................................................... 96

INTERROGATORY NO. 70   [PLAINTIFFS' PROPOSED]
LIQUIDATED DAMAGES UNDER THE ADEA ............................................................ 97

INTERROGATORY NO. 71   [DEFENDANTS' PROPOSED]
LIQUIDATED DAMAGES UNDER THE ADEA ............................................................ 98

INTERROGATORY NO. 72   [PLAINTIFF'S PROPOSED]
PUNITIVE DAMAGES           ..................................................................................... 99

INTERROGATORY NO. 73   [DEFENDANTS' PROPOSED]
PUNITIVE DAMAGES           ................................................................................... 101

INSTRUCTION NO. 74 [DEFENDANTS' PROPOSED]
PUNITIVE DAMAGES -- CLEAR AND CONVINCING EVIDENCE ............................ 103

INSTRUCTION NO. 75 [DEFENDANTS' PROPOSED]
AMOUNT OF PUNITIVE DAMAGES ......................................................................... 104

INSTRUCTION NO. 76 [DEFENDANTS' PROPOSED]
LIMITATIONS ON PUNITIVE DAMAGE AWARDS ...................................................... 105

INSTRUCTION NO. 77 [DEFENDANTS' PROPOSED]
THE JURY SHALL NOT AWARD ATTORNEY'S FEES OR COSTS ......................... 106

INSTRUCTION NO. 78 [DEFENDANTS' PROPOSED]
ELECTION OF FOREPERSON -- INTERROGATORIES TO THE JURY .................. 107

INSTRUCTION NO. 79 [DEFENDANTS' PROPOSED]
INTERROGATORIES TO THE JURY FORM -- JURY'S RESPONSIBILITY.............. 108

INSTRUCTION NO. 80 [DEFENDANTS' PROPOSED]
COMMUNICATIONS BETWEEN COURT AND JURY DURING JURY'S
DELIBERATIONS        ........................................................................................... 109

INSTRUCTION NO. 81 [PLAINTIFFS' PROPOSED]
DELIBERATION AND VERDICT ................................................................................. 110

INSTRUCTION NO. 82 [PLAINTIFFS' PROPOSED]
DUTY TO DELIBERATE ............................................................................................. 111

INTERROGATORY NO. 83    [PLAINTIFFS' PROPOSED]
UNANIMOUS VERDICT        ...................................................................................... 113

INSTRUCTION NO. 84 [PLAINTIFFS' PROPOSED]
COURT HAS NO OPINION .......................................................................................... 114

**INSTRUCTION NO. 1.    [PLAINTIFF'S PROPOSED]**

<u>**INTRODUCTION**</u> **[PLAINTIFFS' PROPOSED]**

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every civil case.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

I will explain the positions of the parties and the law you will apply in this case.

Finally, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

Given          _____

Modified      _____

Refused       _____

1

**INSTRUCTION NO. 1   [DEFENDANTS' PROPOSED]**

**General Introduction -- Province of the Court and Jury**

MEMBERS OF THE JURY:

Now that you have heard the evidence and the arguments, it is my duty to give you the instructions of the Court on the law that you must apply to this case.

As jurors, it is your duty to follow the law as I state it to you, and to apply that law to the facts as you find them from the evidence in the case. Do not single out one instruction alone as stating the law, but consider my instructions as a whole. Also, do not be concerned with whether you agree or disagree with the law as I state it.

Nothing in these instructions is an indication that I have any opinion about the facts of the case, or what that opinion is. It is your job, not my job, to determine the facts.

You must perform your duties as jurors without bias or prejudice as to either party. The law does not permit sympathy, prejudice or public opinion to affect your decisions. The law requires, and both parties expect, that you will carefully and impartially consider all of the evidence, follow the law as I explain it to you, and reach a just verdict, regardless of the consequences.1

Given        _____

Modified     _____

Refused      _____

_____

1    Adapted from Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions, Vol. 3 § 71.01 (1987) (hereinafter "Federal Jury Practice and Instructions").

2

## INSTRUCTION NO. 2   [PLAINTIFF'S' PROPOSED]

## PROVINCE OF THE COURT AND JURY

Members of the Jury, in a case such as this, it is important that you bear in mind the distinction between your duties and my duties.  You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  You are the sole judges of the facts.  It is your judgment, and your judgment alone, to determine what the facts are, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, by a preponderance of the evidence, the defendants are liable.

Now, as far as my duty is concerned, I have the duty of advising you about the law that you should apply to the facts as you find them.  You are not to consider whether the principles I state to you are sound or whether they accord with your own views about policy.  You are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  You must accept them despite how you feel about their wisdom.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

Given        _____

Modified     _____

Refused      _____

3

**INSTRUCTION NO. 3 [PLAINTIFF'S PROPOSED]**

**THE PARTIES AND THEIR CONTENTIONS**

The parties in this case are the plaintiff, Linda J. Blozis, and the defendants, Mellon Trust of Delaware, National Association; Mellon Bank, National Association; and Mellon Financial Corporation.

Plaintiff contends she was issued a "final@ written warning and subsequently discharged from her job as Portfolio Administrator at the age of 57, in retaliation for filing with human resources an age discrimination complaint against her team leader and because of her age. Additionally, Plaintiff claims that she was discriminated against in the terms and conditions of her employment because of her age due to her team leaders preferential treatment of Plaintiffs 23 year old peer in granting her training, bonuses, and vacation requests. Finally, Plaintiff claims that she was discriminated against in the terms and conditions of her employment because of her sex due to her team leaders preferential treatment of his one, lone male portfolio administrator who was not required to perform as much work as Plaintiff or other female peers, nor disciplined or discharged for his performance problems.

The defendants deny all claims raised against them.

Given        _____

Modified     _____

Refused      _____

4

**INSTRUCTION NO. 4 [DEFENDANTS' PROPOSED]**

**All Persons Equal Before the Law -- Organizations**

Consider and decide this case as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations of life.  All persons, including corporations and companies, are equal before the law, and you must treat all parties as equals here.  Weigh and consider this case without regard to sympathy, prejudice or passion for or against any party.  In reaching your verdict, consider nothing other than the evidence presented to you at trial.[2]

Given          _____

Modified      _____

Refused       _____

_____

2       Adapted from Federal Jury Practice and Instructions, Vol. 3 § 71.04.

5

**INSTRUCTION NO. 5 [DEFENDANTS' PROPOSED]**

**Status of Defendant Does Not Imply Liability**

Simply suing a defendant does not mean that the defendant is liable. Anyone can file a lawsuit or a discrimination claim.  The fact that Plaintiff filed this lawsuit does not mean that Mellon did anything to Plaintiff that is prohibited by law.3

Given      _____

Modified      _____

Refused      _____

---

3      Adapted from Federal Jury Practice and Instructions, Vol. 3 § 71.10.

6

## INSTRUCTION NO. 6 [PLAINTIFF'S PROPOSED]
### EVIDENCE

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

By contrast, the question of a lawyer is not to be considered by you as evidence. It is the witnesses=answers that are evidence, not the questions. At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer=s question.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose - such as for the purpose of assessing a witness=s credibility - you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers=statements, it is your recollection which controls.

Exhibits which have been marked for identification may not be considered by you as evidence until and unless they have been received in evidence by the court.

To constitute evidence, exhibits must be received in evidence.

Exhibits marked for identification but not admitted are not evidence, nor

7

are materials brought forth only to refresh a witness's recollection.

Finally, statements which I may have made concerning the quality of the evidence do not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

Given        _____

Modified     _____

Refused      _____

## INSTRUCTION NO. 7 [DEFENDANTS' PROPOSED]

### Preponderance of the Evidence

The burden is on Plaintiff in this case to prove every essential element of her claims by a preponderance of the evidence. If Plaintiff fails to establish, by a preponderance of the evidence, any single element of any of her claims, you must find for Mellon as to that claim.

To "establish by a preponderance of the evidence" means to prove that something is more likely than not. Put another way, a preponderance of the evidence means evidence which, when considered and compared to other evidence, is more convincing, causing you to conclude that what is sought to be proved is more likely true than not true. This means that if the evidence favors the Defendant or, if it is evenly balanced, you must return a verdict in favor of Defendant.

To determine whether any fact in issue has been proven by a preponderance of the evidence, unless otherwise instructed, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.4

Given        _____

Modified     _____

Refused      _____

---

4        Adapted from Federal Jury Practice and Instructions, Vol. 3 § 72.01.

## INSTRUCTION NO. 8 [PLAINTIFF'S PROPOSED]

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Now, some of you may have heard the terms Adirect evidence@ and Acircumstantial evidence.@

Direct evidence is simply evidence like the testimony of an eyewitness who observed firsthand what occurred and which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, it would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. It is the inference of one fact from another fact that has been proved. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

You are instructed that circumstantial evidence, as I have just defined it, is no different in its effect from direct evidence. Both forms of evidence are equally valid and may form the basis for your determination.

It is your job to decide how much weight to give the direct and circumstantial evidence. You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

10

The law makes no distinction between the weight that you should give to either one.  Nor does it say that one is any better evidence than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

Given      _____

Modified      _____

Refused      _____

**INSTRUCTION NO. 8 [DEFENDANTS' PROPOSED]**

**Evidence - Direct - Indirect Or Circumstantial**

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case. One is direct evidence -- such as the testimony of an eye witness. The other is indirect or circumstantial evidence -- the proof of a chain of circumstances pointing to the existence or non-existence of certain facts.

As a general rule, the law makes no distinction between direct or circumstantial evidence, but simply requires that you find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.[5]

Given        _____

Modified    _____

Refused     _____

_____

5        Adapted from Federal Jury Practice and Instructions, Vol. 3 § 72.03.

## INSTRUCTION NO. 9 [DEFENDANTS' PROPOSED]

### Speculation Is Not Circumstantial Evidence

In her attempt to prove her claim, Plaintiff may use either direct or circumstantial evidence.  It is important for you to remember that even circumstantial evidence must consist of evidence in this case. Speculation is not circumstantial evidence.  A sincere belief is not circumstantial evidence.  Speculation, opinions and beliefs do not constitute evidence in this case.  Plaintiff must produce more than that. Whether direct or circumstantial, Plaintiff must produce specific, substantial evidence in support of her claim.  Plaintiff cannot rely on mere speculation as to the motives behind Defendant's actions.  If you find that, in trying to satisfy any of her burdens of proof as I am instructing you, Plaintiff relied on her speculation, on her opinion, or on her belief, instead of on factual evidence, than you must find that she failed to satisfy any such burden.[6]

Given        _____

Modified     _____

Refused      _____

_____

[6]    Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 255 91981); Tate v. Weyerhauser Co., 723 F.2d 598, 603, 605 (8th Cir. 1983); Wallis v. J.R. Simplot Co., 26 F.3d 885 (9th Cir. 1984).

### INSTRUCTION NO. 10 [DEFENDANTS' PROPOSED]

### Questions Not Evidence

A lawyer's questions, even when they contain a statement of fact are not evidence.   Only if the assertion was supported by evidence in the case may you consider it true.7

Given        _____

Modified     _____

Refused      _____

_____

7        Adapted from Federal Jury Practice and Instructions, § 71.12.

## INSTRUCTION NO. 11 [DEFENDANTS' PROPOSED]

### Court's Comments Not Evidence

As a judge, I am permitted to comment to you on the evidence in the case. My comments are only my opinion as to the facts and you may disregard them entirely, because you, as jurors, are the sole judges of the facts in this case.

If my questions, rulings, statements or actions during this trial had a tendency, in your minds, to indicate any inclination for or against Plaintiff or the Defendant, you must disregard such questions, rulings, statements and actions, and you must reach a decision in the case only from the evidence presented in accordance with my instruction to you on the governing law.8

Given        _____

Modified      _____

Refused      _____

_____

8      Adapted from Federal Jury Practice and Instructions, § 71.11.

15

## INSTRUCTION NO. 12 [DEFENDANTS' PROPOSED]

### Limited Admission of Evidence - Purpose

In certain instances, evidence may be admitted only for a specific purpose, and not generally for all purposes. Whenever evidence was admitted for a limited purpose, consider it only for that purpose, and no other purpose.9

Given        _____

Modified     _____

Refused      _____

_____

9    Adapted from <u>Federal Jury Practice and Instructions</u>, § 11.09.

16

**INSTRUCTION NO. 12 [PLAINTIFF'S PROPOSED]**

**OBJECTIONS - RULINGS ON EVIDENCE**

From time to time during the trial, I have been called upon to make rulings of law on objections or motions made by the lawyers. It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. You should not show prejudice against an attorney or his client because the attorney has made objections. You should not infer or conclude from any ruling or other comment I have made that I have any opinions on the merits of the case favoring one side or the other. And if I sustained an objection to a question that went unanswered by the witness, you should not draw any inferences or conclusions from the question itself.

Given        _____

Modified     _____

Refused      _____

## INSTRUCTION NO. 12 [DEFENDANTS' PROPOSED]

### Objections

It is the duty of the attorneys on each side of a case to object when the other side offers testimony of other evidence which may be inadmissible.

During the trial, there were objections to questions or to the introduction of evidence, and motions concerning applicable law.  Sometimes arguments on these objections occurred in your presence, and sometimes they occurred out of your presence.  I based all of my rulings upon such objections or motions solely upon the law as I interpreted and applied it.

Allowing the introduction of testimony or other evidence over an attorney's objection has nothing to do with my opinion of the weight or effect of such evidence, unless I say otherwise.  You are the sole judge of the credibility of all witnesses and the weight and effect of all evidence.

When I sustain an objection to a question addressed to a witness, you must disregard the question and the answer given to it entirely, and if not answered, you must not guess at what the witness would have said if permitted to answer.[10]

Given        _____

Modified     _____

Refused      _____

---

10      Adapted from Federal Jury Practice and Instructions, § 71.08.

18

## INSTRUCTION NO. 13 [PLAINTIFF'S PROPOSED]

## CREDIBILITY OF WITNESSES

As jurors and the triers of fact, it is your sole and exclusive responsibility to pass upon the credibility of the witnesses and the weight of the evidence.  By credibility, I mean the believability of every witness.   In performing this function, you should consider any bias or prejudice shown by the witness, their candor, that is, their straightforwardness, their degree of intelligence, their demeanor, what they may have to gain from this litigation, whether they were certain or uncertain about their testimony, whether the witness has on a prior occasion said something different from what the witness says now, the reason that witness gives, if the witness gives a reason, for the difference, any conscious, false statement made by the witness, the overall circumstances surrounding the testimony given by each witness in the context of this case as well as all other facts and circumstances that are in evidence which tend to affect the credibility of each witness.

Simply, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at another time the witness said or did something, or failed to say or do something that was different from the testimony he gave at the trial.

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth.  People may tend to forget some things or remember other things inaccurately.   If a witness has made a misstatement, you must consider whether it was simply an innocent lapse of memory or an intentional falsehood, and that may depend upon whether it concerns an important fact or an unimportant detail.

If you find that a person has knowingly and willfully given false testimony concerning a material fact in this case, about which the witness could not have been mistaken, then you may be justified in rejecting all the testimony of that person in any respect or give it such credibility as you may think it deserves.  Testimony that is obviously incredible may be disregarded completely.

This does not mean that if you find that a person has willfully given false testimony as to a material fact, you must reject all of that person's testimony, but rather that you may infer from that fact that the balance of the person's testimony, which is not corroborated by other evidence, may likewise be false, and therefore, is entitled to little or no weight.

If you find the testimony in conflict, then it is your duty to reconcile it, if you reasonably can.  If you cannot do this, then it becomes your duty to give regard to that portion of the testimony that, in your opinion, is most worth credit.  In so doing, you should consider the appearance of the witnesses as they testified before you, their fairness in giving their testimony, and you should consider any bias or interest that they may have in the outcome of this proceeding, and their opportunities of knowing or learning the facts about which they have testified.

Given          _____

Modified       _____

Refused        _____

20

## INSTRUCTION NO. 14 [DEFENDANT'S PROPOSED]

### Evidence in the Case -- Stipulations --
### Judicial Notice -- Inferences Permitted

Statements and arguments by the attorneys are not evidence. When, however, the attorneys on both sides stipulate or agree concerning the existence of a fact, unless I have otherwise instructed you, you must accept the stipulation, and regard that fact as true.

In addition, to the extent that I took judicial notice of facts or events that were obvious or beyond reasonable dispute, you must take my declaration of fact as evidence, and regard as true that fact or event.

Unless otherwise instructed, the evidence in the case always consists of the sworn testimony of the witnesses, regardless of which side called them; all exhibits received in evidence, regardless of which side produced them; all facts that may have been admitted or stipulated; and all facts and events that may have been judicially noticed.11

Given        _____

Modified     _____

Refused      _____

---

11    Adapted from Federal Jury Practice and Instructions, Vol. 3 § 71.08.

**INSTRUCTION NO. 15 [PLAINTIFF'S PROPOSED]**

**Number of Witnesses and Evidence**

One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue in this trial.  Nor does the law require any party to produce as exhibits all paper, documents, or objects mentioned in the evidence of the case.

Given        _____

Modified     _____

Refused      _____

22

## INSTRUCTION NO. 16 [PLAINTIFF'S PROPOSED]

### Expert Witnesses

There have been expert witnesses brought to testify before you.  Expert testimony is the testimony of persons who are skilled in some art, science, profession or business, which skill or knowledge is not common and which has come to such expert by reason of special study or experience in such art, science, profession or business. The value of such testimony depends on the learning and skill of the expert and varies with the circumstances of each case.  The jury should take into consideration the expert's means of knowledge and the reasons he or she has assigned for the opinions that he has given and give credence to his testimony as the jury may find the expert's qualifications sufficient and his reasons satisfactory.  If you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.  The testimony of an expert is to be considered like any other testimony and is to be tried by the same tests and should receive just as much weight and credit as the jury may deem it to be entitled in connection with all the evidence of the case.

Given        _____

Modified     _____

Refused      _____

23

## INSTRUCTION NO. 16 [DEFENDANTS' PROPOSED]

### Expert Testimony

A witness who has special knowledge, skill, experience, training or education in a particular science, profession or occupation may give his opinion as an expert as to any matter in which he is skilled.  In determining the weight to be given to his opinion, you should consider the qualifications and reliability of the expert and the reasons given for his opinion.  You are not bound by an expert's opinion merely because he is an expert; you may accept or reject it, as in the case of other witnesses. Give it the weight, if any, to which you deem it entitled.12

Given        _____

Modified     _____

Refused      _____

_____

12      Adapted from Federal Jury Practice and Instructions, § 72.07.

**INSTRUCTION NO. 17 [DEFENDANTS' PROPOSED]**

**Weighing Conflicting Expert Testimony**

In resolving any conflict that may exist in the testimony of expert witnesses, you are entitled to weigh the opinion of one expert against that of another. In doing this, you should consider the relative qualifications and reliability of the expert and other matters upon which his opinion was based.[13]

Given          _____

Modified     _____

Refused      _____

---

[13]    State v. Harris, 141 N.J. 525, 662 A.2d, 333, 354 (1995); Mort v. Besser Co., 287 N.J. Super. 423, 671 A.2d 189, 193 (A.D. 1996).

## INSTRUCTION NO. 18 [PLAINTIFF'S PROPOSED]

### Deposition of Prior Testimony

During the trial of this case, certain testimony was presented to you by way of deposition or prior testimony consisting of sworn recorded statements or answers to questions asked of a witness in advance of trial by one or more of the lawyers for the parties to the case.  The testimony of a witness may be presented in writing or on video when that witness cannot be present to testify in court or who is a party or was an employee or agent of a party when he or she testified under oath.

Such testimony is entitled to the same consideration and is to be judged as to credibility and weight and otherwise as if the witness had been present and had testified from the witness stand.

Given        _____

Modified      _____

Refused       _____

**[INSTRUCTION NO. 19 [PLAINTIFF'S PROPOSED]**

**EVIDENCE - CHARTS AND SUMMARIES**

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the records in the case. These charts or summaries are used for convenience. They are not, in and of themselves, evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Given        _____

Modified     _____

Refused      _____

## INSTRUCTION NO. 19 [DEFENDANTS' PROPOSED]

### Charts and Summaries

Voluminous writings, recordings or photographs which cannot conveniently be examined in court may have been presented in the form of charts and summaries. These charts and summaries can be considered by you like any other form of evidence to the extent that you find them accurate as shown by the evidence.14

Given        _____

Modified     _____

Refused      _____

_____

14    Adapted from Fed. R. Evid. 1006.

**INSTRUCTION NO. 20 [PLAINTIFF'S PROPOSED]**

**Verdict Based on Evidence**

I instruct you that your verdict must be based entirely and exclusively on the evidence in this case, and that you cannot be governed by passion, prejudice, or any motive whatever except a fair and impartial consideration of the evidence. Further, you must not allow sympathy which you might have or entertain for any of the parties to influence you in arriving at your decision. The Court does not charge you not to sympathize with the plaintiff or the defendant, because it is only natural and human to sympathize with persons involved in litigation. But the Court does charge you not to allow that sympathy to enter into the consideration of the case or to influence your verdict.


Given        _____

Modified     _____

Refused      _____

29

**INSTRUCTION NO. 21 [DEFENDANTS' PROPOSED]**

**Opening and Closing Statements**

You have heard the attorneys address you in both opening and closing statements. The attorneys pointed out to you what they believe the evidence has shown, what inferences they urged you to draw from the evidence, and what conclusions they urged you to reach as your verdict. What the attorneys said in summation, like what they said in their opening statements, or in their objections or motions during the trial, is not evidence. Closing statements are made to help you understand each side's arguments based on the evidence introduced. They are not facts by themselves. They become facts only if supported, in your view, by sufficient evidence in the case.15

Given        _____

Modified  _____

Refused   _____

_____

15      Adapted from Federal Jury Practice and Instructions, Vol. 3
        § 70.02.

**INSTRUCTION NO. 22 [DEFENDANTS' PROPOSED]**

**Credibility of Witnesses -- Discrepancies in Testimony**

As jurors, you are the sole judges of the credibility of the witnesses and the weight that their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence which contradicts the testimony given.

Carefully consider all of the testimony given, the circumstances under which each witness testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness's intelligence, motive, state of mind, and demeanor or manner while on the stand. Consider the witness's ability to observe the matters covered by his or her testimony, and whether he or she impresses you as having an accurate recollection of these matters. As to each witness, consider whether and to what extent the witness has something to gain or lose by his or her testimony and the extent to which, if at all, the testimony of each witness is either supported or contradicted by other evidence in the case.

After making your own judgment, give the testimony of each witness such weight, if any, as you think it deserves. Put simply, you may accept or reject the testimony of any witness in whole or in part.[16]

Given        _____

Modified    _____

Refused     _____

**INSTRUCTION NO. 23 [DEFENDANTS' PROPOSED]**

---

16        Adapted from Federal Jury Practice and Instructions, Vol. 3 § 73.01.

**Plaintiff As Witness**

The Plaintiff in this action, Plaintiff, has testified before you.  As the Plaintiff, she has a vested interest in the outcome of this case because she is trying to recover for damages which she believes she has suffered.  Keep this in mind, together with your observation of her as a witness in determining her credibility, the truthfulness of her testimony, and the weight, if any, you give to her testimony.17

Given        _____

Modified    _____

Refused     _____

_____

17    Adapted from Federal Jury Practice and Instructions, § 73.04.

## INSTRUCTION NO. 24 [DEFENDANTS' PROPOSED]

### Plaintiff's Claim That Mellon Trust of Delaware, National Association, Mellon Bank, N.A. and Mellon Financial Corporation Are a Single Employer

The Age Discrimination in Employment Act holds employers liable for violations of the Act. An entity is an "employer" under the ADEA if it is a "person engaged in industry affecting commerce who has twenty or more employees for each working day in the current or preceding calendar year."

Similarly, Title VII holds employers liable for violations of the Act. An entity is an "employer" under Title VII if it is "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar years."

Therefore, in order to be liable under the ADEA, an employer must have at least 20 employees during the relevant time period and in order for an employer to be liable under Title VII, it must have 15 employees during the relevant time period. Mellon Trust of Delaware did not employ 15 employees during the relevant time period. It employed less. Plaintiff can only have ADEA claims and a Title VII claim, if Mellon Bank, N.A., Mellon Financial Corporation, and Mellon Trust of Delaware are single employers, such that all of their employees are added together to reach the 15 employee minimum.

In order for Mellon Bank, N.A. and Mellon Financial Corporation to be liable in this case, Plaintiff must prove by a preponderance of the evidence that Mellon Bank, N.A. and Mellon Financial Corporation are her employers. If Mellon Bank, N.A. and Mellon Financial Corporation are not Plaintiff's employers, they cannot be held liable on any of Plaintiff's claims. Plaintiff must prove by a preponderance of the evidence that Mellon Bank, N.A. and Mellon Financial Corporation should be considered

33

her employers under a legal theory called, "single employer."  That is, Plaintiff must prove that Mellon Bank, N.A. and Mellon Financial Corporation should be considered a single employer with Mellon Trust of Delaware.  The relief sought by the Plaintiff is considered "extraordinary" relief by the law.  A single employer relationship will exist only if Plaintiff proves that the three separate entities – Mellon Trust of Delaware, National Association, Mellon Bank, N.A. and Mellon Financial Corporation - are actually part of a single integrated enterprise.  The mere existence of some relationship between the three companies will not necessarily make them a single employer for legal purposes.  Having the term "Mellon" in their names will not make them a single employer.  For example, a parent-subsidiary relationship, without anything more, would not mean that a single employer relationship existed.  In fact, there is a strong presumption that a parent company is not the employer of its subsidiary's employees.

In order to prove that Mellon Trust of Delaware, National Association, Mellon Bank, N.A. and Mellon Financial Corporation are actually a single employer, Plaintiff must prove by a preponderance of the evidence the existence of the following four factors: (1) functional integration of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership and financial controls. I will explain each of these factors in a minute.  Significantly, the mere fact that Plaintiff can prove the existence of one or more of these factors does not satisfy her burden of proof.  Rather, it is Plaintiff's burden to prove that, when viewing the totality of the circumstances, Mellon Trust of Delaware, National Association, Mellon Bank, N.A. and Mellon Financial Corporation must be considered a single employer.  When examining each of the four factors, please be mindful that such relief can only be found in extraordinary circumstances.

34

I will now provide you guidance in how to approach and make your determination as to each one of the four factors.

1.    "Functional Integration of Operations" - First, there is no exclusive list or single definition which applies in determining whether a functional integration of operations existed between Mellon Trust of Delaware, National Association, Mellon Bank, N.A. and Mellon Financial Corporation.  Some examples to consider are whether Mellon Trust of Delaware, National Association, Mellon Bank, N.A. and Mellon Financial Corporation were in the same line of business; sold products to the same customers; had common bank accounts; filed joint tax returns; had common officers; and exercised oversight over the production, marketing, pricing, advertising of the other's business.

2.    "Centrally Controlled Labor Relations" - Second, in order for Plaintiff to meet her burden by a preponderance of the evidence, Plaintiff must prove that Mellon Bank, N.A. and Mellon Financial Corporation controlled the day to day employment decisions of Mellon Trust of Delaware and had the ability to hire and fire Plaintiff.

3.    "Common Management" - Third, Plaintiff must prove by a preponderance of the evidence there was common management between Mellon Trust of Delaware, National Association, Mellon Bank, N.A. and Mellon Financial Corporation. Indeed one common manager does not satisfy this prong; rather Plaintiff must prove by the preponderance of the evidence that Mellon Trust of Delaware's and Mellon Bank, N.A.'s and Mellon Financial Corporation's management was so entwined that Mellon Trust of Delaware's management lacked autonomy over its own business decisions and day-to-day operations.  Without such proof, Plaintiff has failed to prove by a preponderance of the evidence that there was common management between Mellon Trust of Delaware, National Association, Mellon Bank, N.A. and Mellon Financial

Corporation.

4.    "Common Ownerships or Financial Control" - Fourth, Plaintiff must prove by a preponderance of the evidence that common ownership or financial control existed between Mellon Bank, N.A., Mellon Financial Corporation and Mellon Trust of Delaware.  In order to establish that common ownership existed, Plaintiff must prove by a preponderance of the evidence that Mellon Bank, N.A., Mellon Financial Corporation and Mellon Trust of Delaware, N.A. shared the same owners.

Now that you have been provided guidance on the single employer issue, you must weigh all of the evidence that has been presented and utilize the four factor test that has been provided to you in rendering a decision as to whether a single employer relationship existed between Mellon Trust of Delaware, Mellon Bank, N.A. and Mellon Financial Corporation.  Plaintiff must have proven her case by a preponderance of the evidence in light of the extraordinary relief which she has sought in making a determination that a single employer relationship existed between Mellon Trust of Delaware, Mellon Bank, N.A. and Mellon Financial Corporation.[18]

Given        _____

Modified    _____

Refused     _____

## INSTRUCTION NO. 25 [DEFENDANTS' PROPOSED]

### Plaintiff's Specific Federal Causes Of Action

---

18    NLRB v. Browning Ferris Indus. of Pa., Inc., 691 F. 2d 1117, 1122 (3d Cir. 1982); Marzano v. Computer Science Corp., Inc., 91 F.3d 497, 513 (3d Cir. 1996); Johnson v. Cook Composites & Polymers, Inc., No. 99-4916, 2000 WL 249251 (D.N.J. Mar. 3, 2000); New Jersey Dep't of Env. Prot. v. Ventron Corp., 94 N.J. 473 (1983); Frank v. U.S. West, Inc., 3 F. 3d 1357 (10th Cir. 1993); Martin v. Safeguard Scientifics, Inc., 17 F. Supp. 2d 357, 362 (E.D. Pa. 1998); Keenan v. Matchmaker Int'l, Inc., No. 98-0515, 1999 U.S. Dist. LEXIS 795 (S.D. Ala. Jan. 20, 1999); Federal Employment Jury Instructions, §§2:210 and 2:220; 42 U.S.C. §2000e(b).

In this case, Plaintiff has alleged three causes of action under federal law.

First, Plaintiff contends that Mellon discriminated against her on the basis of age.

Second, Plaintiff contends that Mellon discriminated against her on the basis of her sex.

Third, Plaintiff has alleged that, because she complained about alleged age discrimination, Mellon retaliated against her.


Given    _____

Modified  _____

Refused  _____

## INSTRUCTION NO. 26 [DEFENDANTS' PROPOSED]

### Employee Can Only Sue For Unlawful Conduct

You must understand that generally the law in Delaware is that, absent a contract, an employer may terminate an employee for good reason, bad reason, or no reason at all.[19]   The discrimination laws are not in place to assure good employer-employee relationships or even merit-based or logical employment decisions.  Rather, the law only protect an employee from discriminatory decisions that are in violation of the law.


Given          _____

Modified       _____

Refused        _____

_____

19    Murray v. Gencorp, Inc., 979 F. Supp. 1045, 1047 (E.D. Pa. 1997); Haynes v. Alumax Recycling Group, Inc., 51 FEP Cases 997 (D.C. N. Ill., July 24, 1989); Merrell v. Crothall American, Inc., 606 A.2d 96, 103 (Del. 1992) ("Nothing said here is to be construed as limiting an employer's freedom to terminate an at-will employment contract for its own legitimate business reasons, or even highly subjective, reasons").

## INSTRUCTION NO. 27 [PLAINTIFF'S PROPOSED]

### Burden of Proof

This is a civil case.  Plaintiff has the burden of proving every essential element of her claims and damages by what is called a preponderance of the evidence.  To establish something by a preponderance of the evidence means to prove that something is more likely true than not.  To find that a party has proven something by a preponderance of the evidence, you must conclude that that evidence, when considered and compared with the evidence opposed to it has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true.  It is not necessary for any party to prove any assertion beyond a reasonable doubt.

Those of you who are familiar with criminal cases will have heard the term proof beyond a reasonable doubt.  That burden does not apply in a civil case, and you should therefore put it out of your mind in considering whether or not plaintiff has met her burden of proof on various issues.

The preponderance of the evidence does not depend on the number of witnesses, but upon the weight of the testimony.  If the evidence as to a particular element or issue is evenly balanced, the party has not proved the element by a preponderance of the evidence and you must find against that party.  In determining whether any facts in issue has been proven by plaintiff, you may consider the testimony of all witnesses, regardless of who may have called them and all the exhibits received in evidence regardless of who may have produced them.

Since the plaintiff, in order to recover, must prove her case by a preponderance of the evidence, I instruct you that if you find the evidence in this case to be equally balanced so that the resolution of the liability issue is as reasonable or as

likely to be right under the defendants=version as under the plaintiffs version, then you must conclude that the plaintiff has failed to sustain her burden of proof and your decision must be resolved in favor of the defendants.

Given          _____

Modified       _____

Refused        _____

**INSTRUCTION NO. 28 [PLAINTIFF'S PROPOSED]**

**Protected Activity and Retaliation under the ADEA**

Plaintiff contends that defendants terminated her employment in retaliation for making an age discrimination complaint to defendants= human resources department.

Under the ADEA, it is unlawful for an employer to discharge or discriminate against any individual because such individual has engaged in any one of the following four protected activities:

1)  Made a charge in any investigation, proceeding, or litigation under the ADEA;

2)  Testified in any investigation, proceeding, or litigation under the ADEA;

3)  Assisted in any investigation, proceeding, or litigation under the ADEA; or

4)  Participated in any manner in any investigation, proceeding, or litigation under the ADEA.[20]

Given        _____

Modified    _____

Refused     _____

_____

[20]29 U.S.C. ▪ 623(d).

**INSTRUCTION NO. 29 [PLAINTIFF'S PROPOSED]**

**ESSENTIAL ELEMENTS OF PLAINTIFF'S
RETALIATION CLAIM -INDIRECT EVIDENCE**

A plaintiff may prove ADEA retaliation by indirect evidence. In order for plaintiff to prevail on her claims against defendants for retaliation based on indirect evidence, she must prove the following elements (called a "prima facie case") by a preponderance of the evidence:

First:      That she engaged in a protected activity under the ADEA;

Second:     That defendants took an adverse employment action after or contemporaneous with the employee=s protected activity; and

Third:      That there is a causal link between the employee=s protected activity and the employer's adverse employment action.[21]

A plaintiff is not required to produce direct evidence that her protected activity motivated defendants to discharge her. Intentional retaliation, if it exists, is seldom admitted, but is a fact which may be inferred from other acts. A plaintiff also need not prove that retaliation was the sole or exclusive motivation for defendants= discharge decision. However, a plaintiff must prove by a preponderance of the evidence that her protected activity played a role in the defendants=decision making process and that it was a motivating or determinative factor in the outcome of the process.

Your verdict must be for defendants if any of the above elements has not been proven by a preponderance of the evidence.

---

[21] <u>Glanzman v. Metropolitan Mgt. Corp.</u>, 391 F.3d 506, 508-09 (3d Cir. 2004).

If plaintiff has proven facts that establish each of the essential elements of her prima facie case, then you must consider whether defendants have presented any legitimate nondiscriminatory reasons for its decision to discharge her. Defendants= burden is simply to produce some evidence of a legitimate nondiscriminatory reason.

A legitimate nondiscriminatory reason is any reason unrelated to the plaintiff's activity. It is not against the law to terminate an employee who engaged in protected activity if the reason for termination is unrelated to the employee=s protected activity. Therefore, the fact that the plaintiff engaged in protected activity is not, in and of itself, evidence of retaliation.

If you find plaintiff has proven her prima facie case, and you disbelieve defendants= explanation for its decision, you are entitled to infer, but need not infer, that plaintiff's protected activity was a determinative or motivating factor in defendants= decision to discharge plaintiff.

Some factors you can consider in judging the evidence in this regard include the following:

1.  Unusually suggestive closeness in time between plaintiff=s protected activity and defendants= adverse employment actions.

2.  Any demonstrated antagonism toward plaintiff by management.

3.  The specific sequence of events leading up to the challenged decision.

4.  Treatment of other employees who are similarly or comparably situated.

5.  Departures from the normal procedural sequence.

6.  Any violation of policies and procedures regarding the ADEA.

7.  Any retaliatory motive by management.

43

8.    Whether the factors usually considered important by the decision makers strongly favor a decision contrary to the one reached.


9.    Whether there are weaknesses, implausibilities, inconsistencies, incoherencies,  or contradictions in the employer's proffered legitimate reasons such that you find the reasons unworthy of credence.

You should not, however, find that the defendants' action was unlawful just because you disagree with its stated reasons or because the challenged employment action seems harsh or unreasonable.


Given        _____

Modified      _____

Refused      _____

44

**INSTRUCTION NO. 30 [DEFENDANT'S PROPOSED]**

**ADEA Retaliation - Elements**

Plaintiff has also brought a claim for retaliation under the ADEA. To prevail on her claim of retaliation, Plaintiff must prove by a preponderance of the evidence all of the following elements:

(1)    that she engaged in activity protected by the ADEA;

(2)    that Mellon took an adverse employment action against her;

(3)    that there was a causal connection between the alleged protected activity and the alleged adverse action. In other words, she must prove that the decisionmaker responsible for the adverse employment action took that action because of the protected activity; and

(4)    that Mellon's stated legitimate business reasons for Plaintiff's termination were not the true reason but rather her termination was to retaliate intentionally against Plaintiff for making alleged complaint(s) of discrimination.

Plaintiff has to prove each and every one of these elements, and if she fails to prove any single one of them by a preponderance of the evidence, you must return a verdict in favor of the Defendant on Plaintiff's claim of retaliation.22

Given        _____

Modified     _____

Refused      _____

---

22   Barber v. CSX Distrib. Serv., 68 F.3d 694, 701-02 (3d Cir. 1995); Parrett v. Raytheon Co., 78 F.3d 597 (10th Cir. 1996); Miller v. CIGNA Corp., 47 F.3d 586, 592 (3d Cir. 1995); Quiroga v. Hasbro, Inc., 934 F.2d 497 (3d Cir.), cert. denied, 502 U.S. 940 (1991).

## INSTRUCTION NO. 31 [DEFENDANT'S PROPOSED]

### Retaliation: Protected Activity

The first element Plaintiff must prove by a preponderance of the evidence is that, before or at the time of her termination, she engaged in what is called "protected activity." In other words, Plaintiff must prove that she opposed, or made a complaint about, a practice that was unlawful under the ADEA or which she had a good faith reasonable belief was unlawful under the ADEA.23  Complaints about mere unfairness or conduct which does not violate the law do not rise to the level of "protected activity."

If you determine that Plaintiff's alleged complaint(s) were not complaint(s) about a practice that is unlawful under the ADEA, you must conclude that Plaintiff did not engage in "protected activity" and must find for the Defendant on Plaintiff's claim of retaliation.  In a similar vein, you must look at Plaintiff's alleged complaint and determine, based on the nature of the complaint, whether it constituted "protected activity."

Given        _____

Modified   _____

Refused    _____

---

23    Cooper-Nicholas v. City of Chester, Pa., 1997 WL 799443 (E.D. Pa. Dec. 30, 1997); Griffiths v. CIGNA Corp., 988 F.2d 457 (3d Cir.), cert. denied, 570 U.S. 865 (1993); Drinkwater v. Union Carbide Corp., 904 F.2d 853 (3d Cir. 1990); Barber v. CSX Distribution Serv., 68 F.3d 694, 701-02 (3d Cir. 1995).

## INSTRUCTION NO. 32 [DEFENDANT'S PROPOSED]

### Retaliation:  Causal Connection

The next element Plaintiff must prove by a preponderance of the evidence is that there was a causal connection, or a causal "link," between the "protected activity" in which she engaged and her placement on Final Written Warning and ultimate termination of employment.  In other words, Plaintiff must prove that Mellon discharged her to punish her for making a complaint of age discrimination.

It is important for you to understand that it is not unlawful for an employer to change the terms or conditions of an employee's employment, even if such a change is involuntary or undesirable from the employee's perspective.  The employer's actions are only unlawful if the employer took them because the employee complained about allegedly unlawful conduct.24  If Plaintiff does not prove such a causal connection or "link" between her complaint(s) and her discharge by a preponderance of the evidence, you must return a verdict in favor of Defendant on Plaintiff's retaliation claim.

In connection with Mr. Blozis' placement on final Written Warning, you must consider whether the decision to place Plaintiff on Final Written Warning occurred prior to her alleged protected activity such that no causal connection exists to create an inference of retaliation.

Given        _____

Modified   _____

Refused    _____

---

24    Jalil v. Avdel Corp., 873 F.2d 701 (3d Cir. 1989), cert. denied, 493 U.S. 1023; Woods v. Bentsen, 889 F. Supp. 179 (E.D. Pa. 1995).

48

## INSTRUCTION NO. 33 [DEFENDANT'S PROPOSED]

### Retaliation-Causal Connection

**A.    Temporal Proximity Alone Is Generally Insufficient**

This causal connection Plaintiff must prove is generally not established by the mere fact that an adverse employment decision occurs after a complaint of discrimination, even if the two are fairly close in time.25

**B.    Absence Of Temporal Proximity Creates More Stringent Burden**

Moreover, where time has passed between the protected activity and the adverse employment decision, no inference of retaliation is created.26

In the absence of the events occurring close enough in time, a plaintiff bears the more difficult burden of establishing that the employer engaged in a pattern of antagonism and retaliation, which culminated in the adverse employment decision; that is, there is sufficient evidence to show that despite the passage of time, the employer continually harbored a retaliatory motive.27    Thus, if you find that the timing here is remote, you must find for Mellon unless Plaintiff has proven by a preponderance of the evidence that Mellon actually engaged in a pattern of antagonism and retaliation toward her from the time of her complaint on May 1, 2004 through the time of her termination

---

25    Robinson v. City of Pittsburgh, 120 F.3d 1286, 1302 (3d Cir. 1997).

26    See, e.g., Johnson v. Souderton Area Sch. Dist., No. 95-1717 1997 WL 164264 (E.D. Pa. Apr. 1, 1997); Harley v. McCoach, 928 F. Supp. 533 (E.D. Pa. 1996); Woods v. Bentsen, 889 F. Supp. 179 (E.D. Pa. 1995).

27    See, e.g., Woodson v. Scott Paper Co., 109 F.3d 913 (3d Cir.), cert. denied, 118 S. Ct. 299 (1997); Robinson v. SEPTA, 982 F.2d 892 (3d Cir. 1993); Johnson v. Super Fresh, No. 97-2315, 1998 WL 372396, at *5 (E.D. Pa. May 29, 1998) aff'd, 178 F.3d 1279 (3d Cir. 1999) (TABLE, No. 98-1555).

on July 14, 2004.

Given          _____

Modified       _____

Refused        _____

**INSTRUCTION NO. 35 [DEFENDANT'S PROPOSED]**

**Timing of Any Complaint Made**

If you find that Mellon made the decision to place Plaintiff on Final Written Warning before she complained about conduct that she claims is unlawful under the ADEA, you must find in favor of the Defendant on her retaliation claim as it relates to placement on Final Written Warning.


Given          _____

Modified       _____

Refused        _____

51

## INSTRUCTION NO. 36 [DEFENDANT'S PROPOSED]

### Retaliation:  Defendants' Explanation

Under the law, to defeat Plaintiff's retaliation claim, Mellon does not have to prove that the reasons for its decision to terminate Plaintiff were good reasons or justifiable reasons, or that they are reasons with which you would agree.  Rather, Mellon is required to do nothing more in this trial than to state a legitimate, non-retaliatory reason for its termination decision.28   Mellon has given a legitimate, non-retaliatory business explanation for the decision to terminate Plaintiff's employment, which was her poor job performance.

You must accept those reasons as legitimate, non-discriminatory reasons. It is Plaintiff's burden to prove to you, by a preponderance of the evidence, that Mellon's reasons are false and were merely "pretext" for illegal and intentional retaliation against her.  If Plaintiff fails to meet that burden, your verdict must be for the Defendants.

Given         _____

Modified      _____

Refused       _____

---

28    Fuentes v. Perskie, 32 F.3d 759, 765 (3d Cir. 1994); Ezold v. Wolf, Block, Schorr & Solis-Cohen, 983 F.2d 509, 527 (3d Cir. 1992), cert. denied, 510 U.S. 826 (1993); St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993); Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-56 (1981).

## INSTRUCTION NO. 37 [DEFENDANT'S PROPOSED]

### Retaliation:  Pretext Defined

"Pretext" means that Plaintiff must prove that the reasons given by Mellon for Plaintiff's termination are false and are only a "cover-up" for retaliation.

Plaintiff must prove that there was pretext for retaliation and that she was discharged because she complained of age discrimination, not because of any other reason.  If you determine that some reason other than because she complained of age discrimination was the reason for Plaintiff's discharge, Plaintiff has failed to prove pretext.  It is Plaintiff's burden to produce specific evidence demonstrating that the reasons given by Mellon are unworthy of belief and that an intent to punish Plaintiff for allegedly complaining was the real reason.[29]  General or conclusory allegations about Mellon's reasons and speculation or guesswork about what Mellon reasons might have been, without specific supporting evidence, are insufficient to prove "pretext."  If you find that Plaintiff has failed to produce specific evidence that the reasons given by Mellon are false and are a "cover-up" for a retaliatory intent to punish, then you must return a verdict in favor of the Defendant's.

Given          _____

Modified    _____

Refused    _____

---

[29]    St. Mary's Honor Center v. Hicks, 509 U.S. 502, 511 (1993); Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-56 (1981).

**INSTRUCTION NO. 38 [DEFENDANT'S PROPOSED]**

**Retaliation:  Determinative Effect**

In order to find Mellon liable under the ADEA, you must find that retaliatory intent played a role in the employer's decisionmaking process and that Plaintiff's alleged complaint(s) had a determinative effect on Mellon's decision to terminate Plaintiff.30 This means that Plaintiff must prove that -- but for her complaint(s) of discrimination -- she would not have been terminated.  If you find that Plaintiff has not met her burden of showing the above, then you must return a verdict in favor of the Defendants.

Given    _____

Modified  _____

Refused   _____

_____

30    Woodson v. Scott Paper Co., 109 F.3d 913 (3d Cir. 1996), cert. denied, 118 S. Ct. 299 (1997).

## INSTRUCTION NO. 39 [DEFENDANT'S PROPOSED]

### Burden Is Not On The Defendants

It is important for you to understand that the burden is not on the Defendants to prove the absence of discrimination or retaliation; rather, the burden at all times is on Plaintiff to affirmatively prove by a preponderance of the evidence that she was retaliated against because she complained about age discrimination.[31]

Given        _____

Modified     _____

Refused      _____

---

[31]    Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981).

## INSTRUCTION NO. 40 [DEFENDANTS' PROPOSED]

### Sincere Belief of Retaliation Not Enough

Even if you believe that Plaintiff sincerely believes that Mellon retaliated against her that does not mean that the Defendants did discriminate or retaliate against her.  If Plaintiff proves only a sincere belief that Mellon retaliated against her, then you must return a verdict in favor of the Defendants.  Plaintiff must meet her burden of proof on each element of each of her claims based on factual evidence, not based on her personal beliefs or assumptions.[32]

Given        _____

Modified     _____

Refused      _____

_____

[32]    Quiroga v. Hasbro, Inc., 934 F.2d 497, 502 (3d Cir.), cert. denied, 502 U.S. 940 (1991).

56

## INSTRUCTION NO. 41 [DEFENDANTS' PROPOSED]

### The Age Discrimination In Employment Act (ADEA)

Plaintiff has brought an age discrimination claim under a federal statute -- the Age Discrimination in Employment Act (ADEA).  The ADEA is a federal law that prohibits employers from discriminating against employees because of their age. Persons must be at least age 40 to make a claim under this law.  Specifically, the Age Discrimination in Employment Act states:

It shall be unlawful for an employer -

(1)    to fail or refuse to hire or discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.33

Plaintiff has the burden of establishing a prima facie case of unlawful age discrimination under the ADEA.  This means that Plaintiff must show by a preponderance of the evidence that she satisfies the initial requirements for bringing a claim of intentional age discrimination in the first instance.

It is the Plaintiff's burden to establish by a preponderance of the evidence that:

1)    at the time she was discharged, she was a member of the protected age class;

2)    she was qualified for the position of Portfolio Administrator at the time she was discharged;

3)    she was terminated from her position; and

---

33    29 U.S.C. § 623(a)(1).

4)     another sufficiently younger worker was retained or hired.[34]

For purposes of your deliberations, I instruct you that the first, third and fourth elements of Plaintiff's prima facie case have been satisfied.

Given          _____

Modified       _____

Refused        _____

---

34     Armbruster v. Unisys Corp., 32 F.3d 768, 777-78 (3d Cir. 1994); O'Connor v. Consolidated Coin Caterers Corp., ___ U.S. ___, 116 S.Ct. 1307 (1996); Kapossy v. McGraw Hill, Inc., 921 F. Supp. 234, 241 (D.N.J. 1996).

## INSTRUCTION NO. 42 [DEFENDANTS' PROPOSED]

### Discrimination:  Plaintiff's Burden to Prove Pretext

Once Mellon has provided its legitimate non-discriminatory reasons for Plaintiff's termination, in order to prevail in this action, Plaintiff must prove that each of Mellon's reasons were a "pretext for intentional discrimination."  To determine this, you are really being asked to consider whether Mellon's decision to terminate Plaintiff was motivated by the reasons it has given.  The reasons given by Mellon cannot be considered a "pretext for unlawful age discrimination" unless Plaintiff proves to you by a preponderance of the evidence that the stated reasons were false or "fabricated."[35]

Given        _____

Modified   _____

Refused    _____

_____

35    St. Mary's Honor Center v. Hicks, 113 S.Ct. 2742, 2751-52 (1993); Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir. 1994); Ezold v. Wolf, Block, Schorr & Solis-Cohen, 983 F.2d 509, 546 (3d Cir. 1992), cert. denied, 114 S.Ct. 88 (1993); Barrow v. New Orleans Steamship Ass'n, 10 F.3d 292, 298 n.22 (5th Cir. 1994); MacFarland v. CoreStates Bank, N.A., Civ. A. No. 92-6985, 1994 WL 70005, at *7 (E.D. Pa. 1994).

## INSTRUCTION NO. 43 [PLAINTIFF'S PROPOSED]

## AGE DISCRIMINATORY DISCHARGE IN VIOLATION OF THE ADEA (CIRCUMSTANTIAL EVIDENCE PARADIGM)

Plaintiff also contends that defendants terminated her employment because of her age.

Under the circumstantial evidence paradigm, to prove that she was illegally discharged because of her age, plaintiff must prove the following elements by a preponderance of the evidence:

1) She was age 40 or older at the time her employment ended;

2) She was qualified for her job as Portfolio Administrator;

3) She was discharged; and

4) She was replaced by sufficiently younger employee(s).[36]

A plaintiff is not required to produce direct evidence that her age motivated defendants' actions. Plaintiff also need not prove that her age was the sole or exclusive motivation for defendants' actions. However, plaintiff must prove by a preponderance of the evidence that age played a role in defendants' decision making process and that it was a motivating or determinative factor in the outcome of that process. Age is a motivating or determining factor if plaintiff would not have been discharged but for her age. Your verdict must be for defendants if any of the above elements has not been proven by a preponderance of the evidence.

If plaintiff has proven facts that establish each of the essential elements of

---

[36] Showalter v. University of Pittsburgh Med. Ctr., 190 F.3d 231, 234 (3d Cir. 1999).

her case, then you must consider whether defendants have presented any legitimate nondiscriminatory reasons for its actions. Defendants' burden is simply to state a legitimate nondiscriminatory reason.

Defendants have a right to make business judgments. You should not find that defendants' actions were unlawful just because you disagree with their stated reasons or because the challenged employment actions seem harsh or unreasonable.

However, you are entitled to infer, but need not infer, that age was a motivating or determining factor in defendants' actions if you find that plaintiff has proven her initial case and you disbelieve defendants' explanation for its actions. Some factors you can consider in judging the evidence in this regard include the following:

(a)    Whether there are weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in defendants' proffered legitimate reasons such that you find the reasons unworthy of credence.

(b)    The specific sequence of events leading up to the challenged decision.

(c)    Departures from the normal procedural sequence.

(d)    Whether the factors usually considered important by the decision maker strongly favor a decision contrary to the one reached.

(e)    Treatment of other employees who are similarly or comparably situated.

Given    _____

Modified    _____

Refused    _____

**INSTRUCTION NO. 44 [DEFENDANTS' PROPOSED]**

**Discrimination:  Defendants' Explanation**

61

In deciding whether Plaintiff has met her burden of proving intentional discrimination on the basis of her age, you must again consider the reasons Mellon has given for her termination.  Under the law, Mellon does not have to prove that the reasons for its decision were justified, or that they were good reasons.  Nor is Mellon required to provide reasons you agree with because under the law, an employer has the right to make its own decisions concerning its employees based on any reason other than one prohibited by law, such as the age of an employee.37  Rather, Mellon is required to do nothing more in this trial than to state legitimate, non-discriminatory reasons for its employment decisions, which means any reasons other than Plaintiff's age.

Mellon has given legitimate, non-discriminatory business explanations for the decision to terminate Plaintiff's employment, which were her poor job performance. You must accept those reasons as legitimate, non-discriminatory reasons.  It is Plaintiff's burden to prove to you, by a preponderance of the evidence, that Mellon's reasons are false and were merely "pretext" for illegal and intentional age discrimination against her.

Given           _____

Modified        _____

---

37    Fuentes v. Perskie, 32 F.3d 759, 765 (3d Cir. 1994) ("To discredit the employer's proffered reason, . . . the plaintiff cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent, or competent.") (citations omitted); Ezold v. Wolf, Block, Schorr & Solis-Cohen, 983 F.2d 509, 527 (3d Cir. 1992) (plaintiff could not meet her burden of showing pretext by questioning employer's selection criteria; absent evidence of discrimination, employers may make business decisions and courts will not interfere with or second guess such decisions), cert. denied, 114 S.Ct. 88 (1993); Healy v. New York Life Ins. Co., 860 F.2d 1209, 1216 (3d Cir. 1988) ("[O]ur inquiry must concern pretext, and is not an independent assessment of how we might evaluate and treat a loyal employee.") (citation omitted), cert. denied, 490 U.S. 1098 (1989).

Refused    _____

## INSTRUCTION NO. 45 [PLAINTIFF'S PROPOSED]

## AGE DISCRIMINATION IN TERMS AND CONDITIONS OF EMPLOYMENT
## IN VIOLATION OF THE ADEA (CIRCUMSTANTIAL EVIDENCE PARADIGM)

Plaintiff also claims that she was discriminated against in the terms and conditions of her employment because of her age due to her team leader's preferential treatment of plaintiff's 23 year old peer in granting her training, bonuses, and vacation requests.

Under the ADEA, it also is unlawful for an employer to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's age.[38]

To prove that she was illegally discriminated against with respect to her compensation, terms, conditions, or privileges of employment, because of her age, plaintiff must prove the following elements by a preponderance of the evidence:

1) She was age 40 or older at the time her employment ended;

2) She was qualified for her job as Portfolio Administrator; and

3) She suffered an adverse employment action.[39]

---

[38]29 U.S.C. ▪ 623(a)(1).

[39]Chippolini v. Spencer Gifts, Inc., 814 F.2d 893, 897 (3d Cir. 1987).

64

To constitute an adverse employment action, defendants' conduct must be serious and tangible enough to alter the employee's compensation, terms, conditions, or privileges of employment or to deprive the employee of employment opportunities or otherwise adversely affect her status as an employee.[40]

Again, plaintiff is not required to produce direct evidence that her age motivated defendants' actions. Plaintiff also need not prove that her age was the sole or exclusive motivation for defendants' actions. However, plaintiff must prove by a preponderance of the evidence that age played a role in defendants' decision making process and that it was a motivating or determinative factor in the outcome of that process. Age is a motivating or determining factor if defendants would not have taken its adverse employment action but for plaintiff's age. Your verdict must be for defendants if any of the above elements has not been proven by a preponderance of the evidence.

If plaintiff has proven facts that establish each of the essential elements of her case, then you must consider whether defendants have presented any legitimate nondiscriminatory reasons for its actions. Defendants' burden is simply to state a legitimate nondiscriminatory reason.

Defendants have a right to make business judgments. You should not find that defendants' actions were unlawful just because you disagree with their stated reasons or because the challenged employment actions seem harsh or unreasonable.

However, you are entitled to infer, but need not infer, that age was a

---

[40]Robinson v. City of Pittsburgh, 120 F.3d 1286, 1297, 1300 (3d Cir. 1997).

motivating or determining factor in defendants' actions if you find that plaintiff has proven her initial case and you disbelieve defendants' explanation for its actions. Again, some factors you can consider in judging the evidence in this regard include the following:

(a)     Whether there are weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in defendants' proffered legitimate reasons such that you find the reasons unworthy of credence.

(b)     The specific sequence of events leading up to the challenged decision.

(c)     Departures from the normal procedural sequence.

(d)     Whether the factors usually considered important by the decision maker strongly favor a decision contrary to the one reached.

(e)     Treatment of other employees who are similarly or comparably situated.

Given          _____

Modified       _____

Refused        _____

## INSTRUCTION NO. 46 [PLAINTIFF'S PROPOSED]

## SEX DISCRIMINATION IN TERMS AND CONDITIONS OF EMPLOYMENT IN VIOLATION OF TITLE VII (CIRCUMSTANTIAL EVIDENCE PARADIGM)

Plaintiff also claims that she was discriminated against in the terms and conditions of her employment because of her sex due to her team leader's preferential treatment of his male portfolio administrator who allegedly was not required to perform as much work as plaintiff or other female peers, nor disciplined or discharged for his alleged performance problems.

Under Title VII, it is unlawful for an employer to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's sex.[41]

To prove that she was illegally discriminated against with respect to her compensation, terms, conditions, or privileges of employment, because of her sex, plaintiff must prove the following elements by a preponderance of the evidence:

1) She was female;

2) She was qualified for her job as Portfolio Administrator; and

3) She suffered an adverse employment action.

To constitute an adverse employment action, defendants' conduct must be serious and tangible enough to alter the employee's compensation, terms, conditions, or privileges of employment or to deprive the employee of employment opportunities or

---

[41]42 U.S.C. § 2000e-2(a)(1).

otherwise adversely affect her status as an employee.[42]

Plaintiff is not required to produce direct evidence that her sex motivated defendants' actions.  Plaintiff also need not prove that her sex was the sole or exclusive motivation for defendants' actions.  However, plaintiff must prove by a preponderance of the evidence that sex played a role in defendants' decision making process and that it was a motivating or determinative factor in the outcome of that process.  Sex is a motivating or determining factor if defendants would not have taken its adverse employment action but for plaintiff's sex.  Your verdict must be for defendants if any of the above elements has not been proven by a preponderance of the evidence.

If plaintiff has proven facts that establish each of the essential elements of her case, then you must consider whether defendants have presented any legitimate nondiscriminatory reasons for its actions.  Defendants' burden is simply to state a legitimate nondiscriminatory reason.

Defendants have a right to make business judgments.  You should not find that defendants' actions were unlawful just because you disagree with their stated reasons or because the challenged employment actions seem harsh or unreasonable.

However, you are entitled to infer, but need not infer, that sex was a motivating or determining factor in defendants' actions if you find that plaintiff has proven her initial case and you disbelieve defendants' explanation for its actions.  Again, some factors you can consider in judging the evidence in this regard include the following:

---

[42]Robinson v. City of Pittsburgh, 120 F.3d 1286, 1297, 1300 (3d Cir. 1997).

(a)    Whether there are weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in defendants' proffered legitimate reasons such that you find the reasons unworthy of credence.

(b)    The specific sequence of events leading up to the challenged decision.

(c)    Departures from the normal procedural sequence.

(d)    Whether the factors usually considered important by the decision maker strongly favor a decision contrary to the one reached.

(e)    Treatment of other employees who are similarly or comparably situated.[43]

Given        _____

Modified     _____

Refused      _____

---

[43] This is the standard jury instruction used in this district since the <u>Sheridan</u> decision. For example, see <u>Hoffman v. State of Delaware</u>, C.A. No. 97-666-JJF (April 26, 2000) section 2.5; <u>McNaboe v. NVF Company</u>, C.A. No. 97-558-SLR (February 12, 1999), pages 17-19. Moreover, this is consistent with the governing case law. <u>Fuentes v. Perskie</u>, 32 F.3d 759, 764 (3d Cir. 1994), <u>Sheridan v. E.I. DuPont de Nemours & Co.</u>, 100 F.3d 1061, 1067 (3d Cir. 1996) (en banc); <u>Keller v. Orix Credit Alliance Inc.</u>, 130 F.3d 1101, 1108 (3d Cir. 1997) (en banc).

## INSTRUCTION NO. 47 [DEFENDANTS' PROPOSED]

### Title VII – Sex Discrimination

To establish a prima facie case, Plaintiff must prove each of the following elements by a preponderance of the evidence:

1) she was a member of a protected group;

2) she was qualified for the position;

3) despite her qualifications, her employment was terminated; and

4) she was replaced by a member of the opposite sex or similarly-situated male Portfolio Administrators were not terminated.

Given          _____

Modified      _____

Refused      _____

McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), Federal Employment Jury Instructions § 1:305.

70

## INSTRUCTION NO. 48 [DEFENDANT'S PROPOSED]

### Discrimination:  Defendants' Explanation

Under the law, Mellon does not have to prove that the reasons for its decision to terminate Plaintiff were good reasons or justifiable reasons, or that they are reasons with which you would agree.  Rather, Mellon is required to do nothing more in this trial than to state a legitimate, non-discriminatory reason for its employment decision.  Under the law, Mellon has a relatively light burden.

Mellon has given legitimate, non-discriminatory business explanations for the decision to terminate Plaintiff's employment, which were her poor job performance. You must accept those reasons as legitimate, non-discriminatory reasons.   It is Plaintiff's burden to prove to you, by a preponderance of the evidence, that Mellon's reasons are false and were merely "pretext" for illegal and intentional discrimination against her.

If Plaintiff fails to meet that burden, your verdict must be for the Defendants.44

Given         _____

Modified      _____

Refused       _____

---

44    Fuentes v. Perskie, 32 F.3d 759, 765 (3d Cir. 1994); Ezold v, Wolf, Block, Schorr & Solis-Cohen, 983 F.2d 509, 527 (3d Cir. 1992), cert. denied, 510 U.S. 826 (1993); St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993); Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-56 (1981).

**INSTRUCTION NO. 49**

**Discrimination:  Plaintiff's Burden To Prove Pretext**

If you find that Mellon has given legitimate business explanations for terminating Plaintiff's employment, then Plaintiff has the burden of proving that the explanations given by Mellon were not the true reasons for her termination.45  Plaintiff must prove that Mellon terminated her because of her age or sex.  Unless you find that the stated reasons for the termination are pretext for intentional age or sex discrimination, you must return a verdict in favor of the Defendant on Plaintiff's age or sex discrimination claim.


Given        _____

Modified     _____

Refused      _____

_____
45    St. Mary's Honor Center v. Hicks, 509 U.S. 502, 511 (1993); Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 252-56 (1981).

**INSTRUCTION NO. 50 [DEFENDANT'S PROPOSED]**

**Discrimination:  Pretext Defined**

"Pretext" means that Plaintiff must prove that the reasons given by Mellon for Plaintiff's termination are false and are only a "cover-up" for age or sex discrimination.  Plaintiff must prove that there was a pretext for age or sex discrimination and that she was really discharged because of her age or sex not because of some other ill-advised or unreasonable factor, such as a personality conflict or unreasonably high but evenly applied standards of performance.46   It is Plaintiff's burden to offer specific evidence demonstrating that the reasons given by Mellon are unworthy of belief.   If Plaintiff has failed to prove that the reasons given by Mellon were only a "cover-up" for terminating her because of her age or sex, then you must return a verdict for Defendant as to Plaintiff's claim of age and sex discrimination.

Given        _____

Modified      _____

Refused      _____

---

46    Hatfield v. Columbia Federal Savings Bank, 66 FEP Cases 135 (Wash. Ct. App. Feb. 25, 1993); St. Mary's Honor Center v. Hicks, 509 U.S. 502, 511 (1993); Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 252-56 (1981).

## INSTRUCTION NO. 51 [DEFENDANTS' PROPOSAL]

## Sincere Belief of Discrimination Not Enough

Although Plaintiff may sincerely believe that Mellon discriminated against her, that does not mean that Mellon did discriminate against her.  If Plaintiff fails to prove that Mellon terminated her because of her sex or age, you must return a verdict for Defendant.[47]

Given          _____

Modified       _____

Refused        _____

---

[47]  Quiroga v. Hasbro, 934 F.2d 497, 502 (3d Cir. 1991), cert. denied, 112 S. Ct. 376 (1991); Branson v. Price River Coal Co., 853 F.2d 768, 771-72 (10th Cir. 1988).

**INSTRUCTION NO. 52 [DEFENDANT'S PROPOSED]**

**Not Proper to Second-Guess Employer's Business Decisions**

You must decide only whether Mellon terminated Plaintiff because of her age or sex. The issue is not whether Mellon's reasons for the employment actions were based on good cause or whether you think such actions were correct or fair.48 Likewise, you are not to judge or second guess whether Mellon's decisions were right or wrong from a business standpoint. Rather, you are to decide only whether Mellon's decisions being challenged in this case were made because Plaintiff' age or sex.

Given     _____

Modified  _____

Refused   _____

---

48    Seman v. Coplay Cement Co., 26 F.3d 429 (3d Cir. 1994); Billet v. Cigna, 940 F.2d 812, 817 (3d Cir. 1991); Healy v. New York Life Ins. Co., 860 F.2d 1209 (3d Cir. 1988), cert. denied, 490 U.S. 1098 (1989).

**INSTRUCTION NO. 53 [DEFENDANTS' PROPOSED]**

**Discrimination Generally -- No Right To Special Treatment**

You must also remember that the law does not require that an employer give special treatment to people who make claims that others have engaged in alleged improper conduct.[49]  The law requires only that employers do not make adverse employment decisions because an employee has complained of alleged improper conduct.  In other words, an employer is not required to favor an employee who brought allegations concerning improper conduct simply because she has made a complaint of that conduct.

Given         _____

Modified      _____

Refused       _____

---

[49]    Hazen Paper Co. v. Biggins, 507 U.S. 604 (1993).

**INSTRUCTION NO. 54 [PLAINTIFFS' PROPOSED]**

**INJURIES - CAUSATION**

If you determine that the defendants violated plaintiff's rights, they are only required to compensate her for those damages which she has proven by a preponderance of the evidence to have been a proximate result of defendants' actions.

Proximate cause is a cause that directly produces the harm, and but for which the harm would not have occurred. In other words, there must not only be a causal link, but a direct one, with no intervening causes. Thus, to award damages, the defendants' conduct must be the proximate cause of any damages you find plaintiff has suffered.

You may not compensate her for damages for which the defendants' conduct is *not* a cause. Therefore, you may not compensate her for the damages for any injuries she received from any other source.

Given        _____

Modified     _____

Refused      _____

77

**INSTRUCTION NO. 55 [PLAINTIFFS' PROPOSED]**

**DAMAGES GENERALLY**

I now discuss the award of damages in this case. I should say preliminarily that my instructions of damages are not to be intended as any indication by the Court as to whether damages should or should not be awarded in this case. You must first determine the liability on the part of defendants. If you determine that the defendants violated any rights of the plaintiff and that any such violation was also the proximate cause of damages to her, you must then consider the instructions that I am about to give you.

The object and purpose of an award of damages in a civil action is just, fair, and reasonable compensation for any harm and injury done in the past to Plaintiff and for any damages she may suffer in the future as a result of the alleged wrongs. Certain guiding principles of law with regard to these damages should be employed by you in arriving at the amount of any award you might find to be warranted.

One principle of law is that the damages to be recoverable must be proven with reasonable probability and not left to speculation. Damages are termed speculative when there is a mere possibility rather than a reasonable probability that an injury or loss will occur or will exist in the future.

You must not allow any sympathy you might have or entertain for any of the parties in this case to influence you. I do not charge you not to feel sympathy for the parties in this case, since it is only natural and human to sympathize with a person who has been injured. I do charge you not to allow that sympathy to enter into your consideration of the case and to influence your verdict.

78

If you determine based on the evidence and on the instructions which I have given you, that the defendants are liable to plaintiff, then you should award plaintiff such sums of money which will reasonably and fully compensate her for each of the following elements of damages:

1.    Such sum of money as will reasonably compensate her for lost salary, wages or backpay she has suffered through the present date.

2.    Such sum of money as will reasonably compensate her for all lost pensions suffered by her.

3.    Such sum of money as will reasonably compensate her for all lost 401(k) benefits suffered by her.

4.    Such sum of money as will reasonably compensate her for all her other actual monetary losses, including but not limited to medical bills and receipts suffered by   hr through the present date.

5.    Statutory liquidated damages in an amount between 0 and the sum of 1, 2, 3, and 4 above.

6.    Such sum of money as will reasonably compensate her for all mental suffering and emotional distress suffered by her.

7.    Such sum of money as will reasonably compensate her for any injury to reputation suffered by her.

8.    Such sum of money as will reasonably compensate her for all humiliation or embarrassment suffered by her.


Given        _____

Modified     _____

Refused      _____

**INSTRUCTION NO. 56 [PLAINTIFF'S PROPOSED]**

**EFFECT OF INSTRUCTIONS AS TO DAMAGES**

Again, the fact that I have instructed you about damages should not be considered as my suggesting which party is entitled to your verdict in this case. Instructions about the measure of damages are given for your guidance only if you find that any award of damages is appropriate.

The Court instructs you further that you should consider each claim separately in awarding damages, without regard to any other claim. It is within the Court's province to ensure that damages are recovered only once for each particular harm.

Given        _____

Modified    _____

Refused     _____

## INSTRUCTION NO. 57 [DEFENDANTS' PROPOSED]

### Effect of Instruction as to Damages

I will now instruct you on the issue of damages on Plaintiff's federal causes of action.  That I instruct you as to the proper measure of damages is no indication that you should or can rule in Plaintiff's favor or that Plaintiff is entitled to any damages at all.  It is for you to decide from the evidence presented and the rules of law given to you whether Plaintiff is entitled to recover anything from the Defendants. Instructions on damages are only for your guidance in the event you find in favor of Plaintiff on her claims.  In addition, even if you do find that Plaintiff has proven each and every element of her claims on liability, these instructions in no way mean that you should or are required to award Plaintiff any damages if you find no damages are warranted in this case.50

Given        _____

Modified     _____

Refused      _____

---

50      Adapted from Federal Jury Practice and Instructions, Vol. 3 § 74.02.

## INSTRUCTION NO. 58 [DEFENDANTS' PROPOSED]

## Sympathy

You must weigh and consider this case without regard to sympathy for either party; the mere fact that you might feel sympathetic to either party does not entitle that party to your verdict or to damages.51

Given        _____

Modified     _____

Refused      _____

---

51    Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57 (1986); Rogers v. E.E.O.C., 454 F.2d 234 (5th Cir. 1971), cert. denied, 406 U.S. 957 (1972); Henson v. City of Dundee, 682 F.2d 897 (11th Cir. 1982); Kazatsky v. King David Memorial Park, Inc., 515 Pa. 183, 190-91, 527 A.2d 988, 991-92 (1987).

**INSTRUCTION NO. 59 [PLAINTIFFS' PROPOSED]**

**ECONOMIC DAMAGES - BACKPAY**

In a case such as this, damages are also meant to put plaintiff either in the economic position she would have occupied if discrimination had not occurred. In determining such damages you may award to her any lost wages or lost overtime pay which she incurred. That means that you are to award her an amount equal to the pay and overtime that she would have received.

If you return a verdict for plaintiff with respect to her discharge claims, then you must first determine the amount of back pay and benefits plaintiff lost as a result of her discharge.

Lost back pay and benefits are the differences between the amount plaintiff would have earned between July 14, 2003 (the date of her discharge) and June 18, 2007 (the date of the trial) in wages and benefits if she had not been discharged by defendants and the amount she actually earned during this time period in wages and benefits. Therefore, you should deduct the wages and benefits plaintiff has received from other employment from the amount of earnings you determine that she would have received from defendants between July 14, 2003, and the date of the trial.

Given        _____

Modified    _____

Refused     _____

**INSTRUCTION NO. 60 [DEFENDANTS' PROPOSED]**

**Back Pay**

The laws that prohibit discrimination in employment permit a plaintiff to recover "back pay" or "lost wages" which she would have earned had she remained with her employer through the date of this trial. If you determine that the Defendant unlawfully discriminated on the basis of age, sex, or retaliated against Plaintiff in terminating her, then you must determine whether Plaintiff has also proven that her termination has caused her any damages and that she is entitled to back pay. It is Plaintiff's burden to prove to you that: (1) she actually lost "back pay"; and (2) the amount of the "back pay" she lost.

Back pay is an amount that reasonably compensates Plaintiff for any lost wages and benefits, taking into consideration any increases in salary that Plaintiff would have received had she remained employed at Mellon. Basically, you have the ability to make Plaintiff whole for any wages or other benefits that she proves she lost as a result of her termination.[52]

---

[52] Adapted from Model Employment Jury Instructions § 1.07[1]. See also Lorillard v. Pons, 434 U.S. 575 (1978).

The purpose of awarding back pay damages is strictly to compensate a party for actual losses, and not to punish the Defendants or to provide a windfall for the Plaintiff.

Given        _____

Modified     _____

Refused      _____

**INSTRUCTION NO. 61 [PLAINTIFF'S PROPOSED]**

**LOST PENSION AND 401(K) BENEFITS**

Plaintiff also claims that she lost pension and 401(k) benefits as a result of defendants' discharge of her.  In determining a benefits award, if any, you must determine how long Plaintiff would have continued to work for defendants if she had not been discharged on July 14, 2003, at the age of 57.  Once you have determined how many years plaintiff would have stayed with defendants from the date of this trial forward, you can then determine future lost benefits by determining the differences between the amount of benefits plaintiff would have received from defendants and the amount of benefits she could have expected to receive from other employment for the same period of time.

Given          _____

Modified       _____

Refused        _____

## INSTRUCTION NO. 62 [PLAINTIFF'S PROPOSED]

## MITIGATION OF DAMAGES

You are instructed that the plaintiff has a duty to "mitigate" her damages by exercising reasonable diligence to locate other suitable employment and maintain a suitable job once it is located. But it is the defendants' burden to proffer evidence that plaintiff failed to mitigate her damages by seeking substantially equivalent work. The defendants must convince you of this by a preponderance of the evidence.

Therefore, if you find by the preponderance of the evidence that the plaintiff failed to use reasonable diligence to seek out or take advantage of a substantially equivalent work opportunity that was reasonably available to her, you must reduce her damages by the amount that she reasonably could have avoided if she had sought out or taken advantage of such an opportunity. Substantially equivalent work is that work which affords virtually identical compensation, job responsibilities, and status as the position which plaintiff previously occupied.[53] Plaintiff is not required to go into another line of work, take a demotion or take a demeaning position.[54]

Reasonable diligence is demonstrated by a continuing commitment to be a member of the work force and by remaining ready, willing and available to accept work.[55] The reasonableness of a person should be evaluated in light of the individual

---

[53]Booker v. Taylor Milk Co., Inc., 64 F.3d 860, 866 (3d Cir 1995); Anastasio v. Schering Corp., 838 F.2d 701, 708 (3d Cir. 1988); Mertig v. Milliken of Delaware, Inc. 923 F.Supp. 636, 648 (D.Del. 1996).

[54]Booker v. Taylor Milk Co., Inc., 64 F.3d at 866.

[55]Id. at 865.

characteristics of that person and the job market.

Given          _____

Modified       _____

Refused        _____

## INSTRUCTION NO. 63 [DEFENDANTS' PROPOSED]

### Mitigation

When you are considering the issues of back pay, you must also carefully consider Defendants' evidence regarding Plaintiff's alleged failure to mitigate her damages. When Plaintiff is seeking damages of this kind, the law requires that she make every reasonable effort to minimize or reduce her damages by looking for a new job. This is called mitigation of damages.

If you determine that Plaintiff is entitled to damages, you must reduce these damages by (1) what Plaintiff earned; and (2) what Plaintiff would have earned if she had made a reasonable effort to find another job since the date of her termination.

If you determine that Plaintiff did not make reasonable efforts to obtain another similar job, you must decide whether any damages resulted from her failure to do so. You must not compensate Plaintiff for any portion of her damages that resulted from her failure to make reasonable efforts to reduce her damages by finding other employment. For instance, if you find that Plaintiff intentionally decided not to seek work, then you must not compensate her for money lost from her decision not to seek work.56

Given        _____

Modified    _____

Refused     _____

## INSTRUCTION NO. 64 [DEFENDANTS' PROPOSED]

---

56    Adapted from Model Employment Jury Instructions § 1.07[5].

89

**Compensatory Damages**

Plaintiff is also seeking an award of compensatory damages.  You may only award compensatory damages for Plaintiff's claim of sex discrimination under Title VII.  She is not entitled to compensatory damages for her age discrimination or age retaliation claims under the ADEA.  Compensatory damages include such things as emotional distress and pain and suffering.  They do not include loss of earnings such as back pay.  You may not award compensatory damages to Plaintiff unless she has proven by a preponderance of the evidence that she has suffered actual injury as the direct result of illegal actions by the Defendants.  Thus, you must not award compensatory damages for any physical or emotional injuries which preexisted any unlawful actions by the Defendants or which are unconnected with this case or with Defendants' alleged conduct.  And you may award only such amount as you find will fairly and adequately compensate for losses Plaintiff has actually suffered due to Defendants' conduct.[57]

Given	_____

Modified	_____

Refused	_____

**INSTRUCTION NO. 65 [PLAINTIFF'S PROPOSED]**

**DAMAGES FOR MENTAL SUFFERING**

---

[57]	Adapted from Gunby v. Pennsylvania Elec. Co., 840 F.2d 1108 (3d Cir. 1988), cert. denied, 492 U.S. 905 (1989).

Probably the most difficult element of damages to assess is emotional distress and mental suffering.  You are instructed that there is no set standard or yardstick to measure the monetary value of such suffering, but you must use your common experience and good judgment in arriving at a sum of money which would reasonably compensate either plaintiff for the emotional distress or mental suffering you find she has experienced in the past and which you find she will experience in the future, which was proximately caused by the defendants= actions.

While plaintiff carries the burden of proving her damages by a preponderance of the evidence, she is neither required nor permitted to claim and prove with mathematical precision exact sums of money representing her damages for such suffering.  It is required only that a plaintiff furnish evidence of sufficient facts and circumstances to permit you, the jury, to make a probable estimate of those damages.

In evaluating such an award, you should look to the evidence and consider the length of time of the suffering, whether it will continue into the future, and whether it was or will be continuous or intermittent.  You should consider the effect it has had on plaintiff=s life in the past.  Your award should be just and reasonable in light of the evidence and sufficiently reasonable to compensate her.

The law does not describe any definite standard by which to compensate an injured person for such injury, nor does it require that any witness should have expressed an opinion as to the amount of damages that would compensate for such injury.  Nor are the attorneys permitted to suggest figures to you.

Given          _____

Modified       _____

Refused        _____

**INSTRUCTION NO. 66 [PLAINTIFF'S PROPOSED]**

**DAMAGES FOR INJURY TO REPUTATION**

You also may award as an independent and separate element of damages such sum of money as is reasonable to compensate plaintiff for any injury to her reputation which she has proven by a preponderance of the evidence to have been proximately caused by the acts of the defendants.[58]   In determining whether plaintiff's reputation has been harmed, you may consider the reputation that she enjoyed before any wrongful act of the defendants as compared to the reputation that she enjoyed after any wrongful act and whether her reputation has actually been diminished.

Given    _____

Modified    _____

Refused    _____

---

[58]Memphis, Community School Dist. v. Stachura, 477 U.S. 299, 307 (1986).

## INTERROGATORY NO. 67 [PLAINTIFFS' PROPOSED]

## DAMAGES FOR HUMILIATION

The law also permits you to make such an award of money to plaintiff as will reasonably compensate her for such humiliation, or embarrassment which she has proven by a preponderance of the evidence to have been proximately caused by violation of her rights.  Humiliation can be inferred by the circumstances as well as established by the testimony in this case.[59]

Given          _____

Modified    _____

Refused      _____

---

[59]Seaton v. Sky Realty Co. Inc., 491 F.2d 634, 636-38 (7th Cir. 1974).

**INSTRUCTION NO. 68 [DEFENDANT'S PROPOSED]**

**No Right To Recover Damages For Every Human Wrong**

Under our legal system, someone may recover damages only if he or she suffers harm from an act which violates the law.  The law cannot and does not provide damages for conduct which does not violate the law even if this conduct may, in a moral or social sense, be considered wrong.  For instance, betrayal, brutal words, and heartless disregard of the feelings of others are often beyond remedy under our system of justice.  Therefore, you may not award damages for such things as hurt feelings, loss of self-esteem, or embarrassment, unless you find that a legal wrong actually caused those injuries.

Given _____

Modified _____

Refused _____

95

### INTERROGATORY NO. 69 [PLAINTIFFS' PROPOSED]

### WILLFULNESS UNDER THE ADEA

If you determine that defendants violated the Age Discrimination in Employment Act, then you must also consider whether it violated the Age Discrimination in Employment Act willfully. The word "willful" is considered synonymous with such words as "voluntary," "deliberate," and "intentional." The word "willful" is generally understood to refer to conduct that is not merely negligent. To establish that defendants willfully violated the Age Discrimination in Employment Act, plaintiff must prove by a preponderance of the evidence that defendants either knew or showed reckless disregard for whether its conduct was prohibited by the Age Discrimination in Employment Act.


Given        _____

Modified     _____

Refused      _____

96

## INTERROGATORY NO. 70 [PLAINTIFFS' PROPOSED]

## LIQUIDATED DAMAGES UNDER THE ADEA

If you find that defendants violated plaintiff's rights under the ADEA, then you may award her liquidated damages in an additional amount equal to the sum of damages you awarded her for back pay, future benefits, actual monetary losses, and interest.  Remember that in awarding damages, you must not speculate, guess, or conjecture. Neither can you award damages as punishment against defendants or because of sympathy toward the plaintiff.

Given        _____

Modified     _____

Refused      _____

**INTERROGATORY NO. 71 [DEFENDANTS' PROPOSED]**

**LIQUIDATED DAMAGES UNDER THE ADEA**

If you find that Defendants violated the ADEA willfully, you may award

Plaintiff liquidated damages in an amount equal to the amount of back pay she is

awarded.[60]

Given        _____

Modified     _____

Refused      _____

_____

60 *Bruno v. W.B. Saunders Co.*, 882 F.2d 760, 772 (3d Cir. 1989) (front pay not included in calculation of amount of liquidated damages).

## INTERROGATORY NO. 72 [PLAINTIFF'S PROPOSED]

## PUNITIVE DAMAGES

In certain situations, the law also permits, but does not require, a jury to award an injured person punitive damages in addition to compensatory damages. There is a two-fold purpose to punitive damages: it is intended to punish particularly reprehensible conduct by a wrongdoer, and it also serves as a warning to others not to engage in similar conduct.

You may award punitive damages if you find that plaintiff has proven, by a preponderance of the evidence, that the conduct of defendants, conduct which proximately caused the plaintiffs= injuries, was done recklessly, intentionally or maliciously.[61]

Punitive damages are purely discretionary with the jury. You may, but do not have to, award punitive damages, even though you may have found that a right of plaintiff has been violated. Punitive damages are not appropriate and can not be awarded when a defendant acts with the distinct belief that his action is lawful. You may not award punitive damages against the defendants if you find that the defendants were not aware that their actions might violate either plaintiffs= rights or if the defendants honestly believed that their actions that violated any rights of plaintiff were permissible.

There is no mathematical formula to apply in determining punitive damages. The amount of such damages, if any, is left to the sound judgment of the jury. In determining the amount of punitive damages, you should consider such things

---

[61]Smith v. Wade, 461 U.S. 30, 51, 56 (1983); Alexander v. Riga, 208 F.3d 419, 430-31 (3d Cir. 2000).

as the circumstances surrounding the particular defendants=actions, including the motives for those actions, the reprehensibility of the conduct, and the extent of the harm to plaintiff, the need for a warning to others about such conduct, and any other factors you as the conscience of the community deem appropriate.  Any award should not be disproportionate to the award of compensatory damages, but rather should bear some reasonable relationship to it.

If you do award punitive damages, you should fix the amount using calm discretion and sound reason.  You must not be influenced by sympathy for or dislike of any party in the case.

Given          _____

Modified       _____

Refused        _____

## INTERROGATORY NO. 73 [DEFENDANTS' PROPOSED]

### Punitive Damages

If you find in favor of Plaintiff and she has proven the special circumstances I will describe for you in a moment, you also may, but are not required to award her punitive damages. The purpose of punitive damages is to punish the defendant and to deter the defendant and others from committing similar acts in the future.

The law recognizes that punitive damages are an extraordinary remedy designed to punish and deter particularly egregious conduct. They are never awarded as a matter of right.

Punitive damages may be awarded only if you find that Mellon's conduct was malicious, or in reckless disregard of Plaintiff's rights to be protected from sex discrimination.

"Malicious" means conduct which is motivated by ill will, spite, or the specific purpose of injuring another. "Reckless disregard" of someone's rights means complete indifference to the person's federally protected right to be protected from conduct which violates Title VII. Thus, you may not award punitive damages against Defendants unless you also find that Defendants, as companies, acted against her with malicious intent or showed a reckless disregard for her rights.

However, you should keep in mind that just because a management employee takes an action against an employee does not necessarily make this the action of Defendants itself. In order to establish that the acts of Plaintiff's superiors were acts of a particular Defendant, for purposes of punitive damages, Plaintiff has to show that the Defendants authorized or approved the conduct and that the Defendants

were aware of the wrongful nature of the acts.

You are further instructed that punitive damages may not be awarded against Defendants if it is proved by a preponderance of the evidence that any wrongful conduct by an employee acting in a managerial capacity was contrary to Mellon's demonstrated good faith efforts to comply with the laws prohibiting discrimination. In determining whether Mellon made a good faith effort to comply with the laws prohibiting discrimination, you should consider, among other things, whether Mellon, in fact, adopted anti-discrimination policies and educated or trained its employees about the requirements of the laws prohibiting discrimination.62

I instruct you that you may not award punitive damages for Plaintiff's claims of age discrimination or retaliation under the ADEA.63

Given          _____

Modified       _____

Refused        _____

---

62    Kolstad v. American Dental Ass'n., 527 U.S. 526, 119 S. Ct. 2118, 144 L. Ed. 2d 494 (1999).

63    Dow v. Edwards and Kelcey, Inc., 1998 WL 531838, at 3 (E.D. Pa. 1998)(holding that punitive damages are not recoverable under the ADEA); see also Rossi v. Sun Refining & Marketing Corp., 1995 WL 12056, at 7-8 (E.D. Pa. 1995); Karr v. Township of Lower Merion, 582 F.Supp. 410, 412-13 (E.D. Pa. 1983); Boddorff v. Publicker Industries, Inc., 488 F.Supp. 1107, 1113-14 (E.D. Pa. 1980); Wagner v. Sperry Univac, Div. of Sperry Rand Corp., 458 F.Supp. 505, 517-18 (E.D. Pa. 1978); Platt v. Burroughs Corp., 424 F.Supp. 1329, 1336 (E.D. Pa. 1976).

## INSTRUCTION NO. 74 [DEFENDANTS' PROPOSED]

### Punitive Damages -- Clear and Convincing Evidence

To be awarded punitive damages, Plaintiff has to "jump 'a higher hurdle than merely proving the underlying unlawful discrimination.'"  She has the burden of proving that punitive damages should be awarded by clear and convincing evidence. Clear and convincing evidence is a more exacting standard than proof by a preponderance of the evidence.  Clear and convincing evidence leaves no doubt in your mind that the proposition at issue is highly probably.  To meet this standard, Plaintiff must establish her claim beyond any "substantial doubt."  If you find that Plaintiff has failed to establish her claim for punitive damages by clear and convincing evidence, then you must find in favor of Mellon and against Plaintiff.[64]

Given                                    _____

Modified                                 _____

Refused                                  _____

---

[64]  <u>Tincher v. Wal-Mart Stores</u>, 118 F.3d 1125, 1132-34 (7th Cir. 1997); <u>Emmel</u>, 95 F.3d at 636; <u>Pacific Mutual Life Ins. Co. v. Haslip</u>, 499 U.S. 1, 23 n. 11 (1991).

**INSTRUCTION NO. 75 [DEFENDANTS' PROPOSED]**

**Amount of Punitive Damages**

If you decide that punitive damages are appropriate, you must use common sense and reason in setting the amount. The amount should be enough to serve the purposes of punitive damages, but should not reflect bias, sympathy, passion or outrage against either party. You should, in fashioning any punitive damages award, consider how reprehensible defendants' conduct was, as compared with the relationship between the harm inflicted on plaintiff and the amount of compensatory damages you awarded. In fixing the amount, you may consider the following questions: How offensive was the conduct? What amount is needed to prevent repetition? And, does the amount have a reasonable relationship to the actual damages awarded.[65]

Given      _____

Modified   _____

Refused    _____

---

[65]    <u>Federal Jury Practice and Instructions</u>, Vol. 3, § 104.07.

## INSTRUCTION NO. 76 [DEFENDANTS' PROPOSED]

### Limitations On Punitive Damage Awards

Even if you make an award for punitive damages, any such award may not be excessive.  By that I mean that any award of punitive damages must be relative to the other damages awarded.   In making that determination, you must take into consideration:  (1) the degree of reprehensibility of Mellon's conduct, if any; (2) the disparity or difference between the actual or potential harm suffered by Plaintiff, if any, and the amount of the punitive damages award; and (3) the difference between the award and the civil or criminal penalties that could be imposed in comparable cases.66

Given          _____

Modified      _____

Refused      _____

---

66      State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 416, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003); BMW of North America, Inc. v. Gore, 517 U.S. 559, 575, 116 S. Ct. 1589 (1996); Lafate v. Chase Manhattan Bank, 123 F. Supp. 2d 773, 789 (D. Del. 2000).

## INSTRUCTION NO. 77 [DEFENDANTS' PROPOSED]

### The Jury Shall Not Award Attorney's Fees Or Costs

You are instructed that, if Plaintiff prevails on her claim, she may be entitled to an award of attorney's fees and costs over and above what you award as damages. It is the Court's duty to decide any award of attorney's fees and costs, and this should play no part in your calculation of any damages. 67

Given        _____

Modified     _____

Refused      _____

_____

67 42 U.S.C. § 1981a(b)(1); 29 U.S.C. §626(b).

106

**INSTRUCTION NO. 78 [DEFENDANTS' PROPOSED]**

**Election of Foreperson -- Interrogatories to the Jury**

Upon retiring to the jury room, you will select one person to act as your foreperson.  The foreperson will preside over your deliberations and will speak on your behalf here in Court.  A form of Interrogatories to the Jury has been prepared for your convenience.  You will take this form to the jury room.

You will note that each of the interrogatories or questions calls for a "Yes" or "No" answer.  The answer to each question must be the unanimous answer of the jury.  Your foreperson will write the unanimous answer of the jury in the space provided opposite each question.

When you are done, the foreperson will date and sign the Interrogatories to the Jury form, and you will then return with it to the courtroom.

Given        _____

Modified     _____

Refused      _____

Adapted from Federal Jury Practice and Instructions, Vol. 3 § 74.05.

**INSTRUCTION NO. 79 [DEFENDANTS' PROPOSED]**

**Interrogatories to the Jury Form -- Jury's Responsibility**

Nothing in these instructions and nothing in any Interrogatories to the Jury Form prepared for your convenience is meant to suggest or convey in any way or manner any suggestion as to what verdict I think you should reach.  The verdict is your sole and exclusive duty and responsibility.

Given _____

Modified _____

Refused _____

Adapted from Federal Jury Practice and Instructions, Vol. 3 § 74.07.

108

**INSTRUCTION NO. 80 [DEFENDANTS' PROPOSED]**

**Communications Between Court and Jury During Jury's Deliberations**

If, during your deliberations, it becomes necessary to communicate with me, send me a note by the deputy clerk, signed by your foreperson, or by one or more members of the jury. No juror should ever attempt to communicate with me by any means other than a signed writing, and I will never communicate with any juror other than in writing, or orally here in open Court.

The deputy clerk, as well as all other persons, are forbidden to communicate in any way or manner with any juror on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person -- not even to me -- how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

Given        _____

Modified     _____

Refused      _____

Adapted from Federal Jury Practice and Instructions, Vol. 3 § 74.08.

109

**INSTRUCTION NO. 81 [PLAINTIFFS' PROPOSED]**

**DELIBERATION AND VERDICT**

Let me conclude these proceedings by explaining some things about your deliberations in the jury room, and your possible verdicts. Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I will talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson, who by custom of this Court is juror No. 1.

One more thing about messages. Do not ever write down or tell anyone how you stand on your vote. For example, do not write down or tell anyone that you are split 6-2, or 4-4, or whatever your vote happens to be. That should stay a secret until you are finished.

Given        _____

Modified     _____

Refused      _____

110

**INSTRUCTION NO. 82 [PLAINTIFFS' PROPOSED]**

**DUTY TO DELIBERATE**

When you retire to the jury room you will be free to talk about the case. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

If any of you took notes, notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case. If you did take notes, you should rely upon your own memory of what was said and not be overly influenced by the notes of other jurors.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say, so you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the plaintiff has carried her burden of proof on all the elements of her case, as I have just described them.

111

Given          _____

Modified       _____

Refused        _____

**INTERROGATORY NO. 83 [PLAINTIFFS' PROPOSED]**

**UNANIMOUS VERDICT**

Your verdict must represent the considered judgment of each juror.  In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict.  Your verdict must be unanimous.

A form of verdict has been prepared for you.  You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill in, date, and sign the form.  You will then return to the courtroom and your foreperson will hand your verdict to the clerk.

It is proper to add the caution that nothing said in these instructions and nothing in the form of verdict is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find.  What the verdict shall be is the sole and exclusive duty and responsibility of the jury.


Given          _____

Modified     _____

Refused      _____

113

**INSTRUCTION NO. 84 [PLAINTIFFS' PROPOSED]**

**COURT HAS NO OPINION**

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You must decide the case yourselves based on the evidence presented.

Given        _____

Modified     _____

Refused      _____