**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| LINDA J. BLOZIS, | : CIVIL ACTION NO. 05-891 (SLR) |
| Plaintiff, | : |
| vs. | : |
| MELLON TRUST OF DELAWARE, NATIONAL ASSOCIATION; MELLON BANK, NATIONAL ASSOCIATION; MELLON FINANCIAL CORPORATION, | : |
| Defendants. | : |

## DEFENDANTS' AMENDED PROPOSED JURY INTERROGATORIES

**We, the jury, unanimously find as follows:**

### Single Employer Issue

1.  Has Plaintiff proven by the preponderance of the evidence that a functional integration of operations existed between Mellon Trust of Delaware, Mellon Bank, N.A., and Mellon Financial Corporation?

    _____ YES

    _____ NO

    Proceed to question #2.

2. Has Plaintiff proven by the preponderance of the evidence that Mellon Bank, N.A., and Mellon Financial Corporation centrally controlled the labor relations of Mellon Trust of Delaware?

    _____ YES

    _____ NO

    Proceed to question #3.

3. Has Plaintiff proven by the preponderance of the evidence that common management existed between Mellon Trust of Delaware and/or Mellon Bank, N.A. and Mellon Financial Corporation?

    _____ YES

    _____ NO

    Proceed to question #4.

4. Has Plaintiff proven by the preponderance of the evidence that a common ownership existed between Mellon Trust of Delaware and Mellon Bank, N.A. and Mellon Financial Corporation?

    _____ YES

    _____ NO

    Proceed to question #5.

5. Has Plaintiff proven by the preponderance of the evidence that Mellon Bank, N.A. or Mellon Financial Corporation financially controlled Mellon Trust of Delaware?

    _____ YES

    _____ NO

    Proceed to question #6.

6. Has Plaintiff proven by the preponderance of the evidence, in light your answers above, that a single employer relationship existed between Mellon Trust of Delaware and Mellon Bank, N.A., and Mellon Financial Corporation?

    _____ YES

    _____ NO

If you have found that a single employer exists, please proceed to Jury Verdict Form #1.[1]  If you have not found that a single employer exists, then you must find for Defendants and go no further.

---

[1]  Form #1 is attached.

# JURY VERDICT FORM #1

**I.    Age Discrimination in Employment Act (ADEA)**

      1.    Has Plaintiff proven by a preponderance of the evidence that she was qualified for the Portfolio Administrator position from which she was terminated?

      \_\_\_\_\_ Yes         \_\_\_\_\_ No

      If "yes", go onto the next question.  If "no", then you must find for the Defendants and go no further.

      2.    Has Plaintiff proven by a preponderance of the evidence that she was terminated from her position with Mellon?

      \_\_\_\_\_ Yes         \_\_\_\_\_ No

      If "yes", go onto the next question.  If "no", then you must find for the Defendants and go no further.

      3.    Has Plaintiff proven by a preponderance of the evidence that Laura Shannon, a Portfolio Administrator, was substantially younger than Plaintiff?

      \_\_\_\_\_ Yes         \_\_\_\_\_ No

      If "yes", go onto the next question.  If "no", then you must find for the Defendant and go no further.

      4.    Do you find that Mellon has articulated a legitimate, non-discriminatory reason for terminating Ms. Blozis?

      \_\_\_\_\_ Yes         \_\_\_\_\_ No

      If "yes", go onto the next question.  If "no", then go onto question 7.

-5-

      5.     Has Plaintiff proven by a preponderance of the evidence that Mellon's explanation for terminating her is really a pretext for age discrimination?

     \_\_\_\_\_ Yes     \_\_\_\_\_ No

If "yes", go onto the next question. If "no", then you must find for the Defendant and go no further.

      6.     Has Plaintiff proven by a preponderance of the evidence that she was not terminated because of poor job performance?

     \_\_\_\_\_ Yes     \_\_\_\_\_ No

If "yes", go onto the next question. If "no", then you must find for the Defendant and go no further.

      7.     Has Plaintiff proven by a preponderance of the evidence that she was not terminated for any other legitimate, non-discriminatory reason?

     \_\_\_\_\_ Yes     \_\_\_\_\_ No

If "yes", go onto the next question. If "no", then you must find for the Defendant and go no further.

**II.    Title VII Claim (Sex Discrimination)**

      8.     Has Plaintiff proven by a preponderance of the evidence that she was qualified for the Portfolio Administrator position from which she was terminated?

     \_\_\_\_\_ Yes     \_\_\_\_\_ No

If "yes", go onto the next question. If "no", then you must find for the Defendant and go no further.

9. Has Plaintiff proven by a preponderance of the evidence that she was terminated from her position with Mellon?

_____ Yes        _____ No

If "yes", go onto the next question. If "no" then you must find for the Defendant and go no further.

10. Has Plaintiff proven by a preponderance of the evidence that her position was filled by a male Portfolio Administrator, that she was replaced by a male Portfolio Administrator or that a similarly situated male Portfolio Administrator was treated better than she?

_____ Yes        _____ No

If "yes", go onto the next question. If "no", then you must find for the Defendant and go no further.

11. Do you find that Mellon has articulated a legitimate, non-discriminatory reason for terminating Ms. Blozis?

_____ Yes        _____ No

If "yes", go onto the next question. If "no", then go onto question 14.

12. Has Plaintiff proven by a preponderance of the evidence that Mellon's explanation for terminating her is really a pretext for sex discrimination?

_____ Yes        _____ No

If "yes", go onto the next question. If "no", then you must find for the Defendant and go no further.

13. Has Plaintiff proven by a preponderance of the evidence that she was not terminated because of poor job performance?

-7-

\_\_\_\_\_ Yes          \_\_\_\_\_ No

If "yes", go onto the next question. If "no", then you must find for the Defendant and go no further.

14.    Has Plaintiff proven by a preponderance of the evidence that she was not terminated for any other legitimate, non-discriminatory reason?

\_\_\_\_\_ Yes          \_\_\_\_\_ No

If "yes", go onto the next question. If "no", then you must find for the Defendant and go no further.

**III.     ADEA Claim:  Retaliation**

      15.    Has Plaintiff proven by a preponderance of the evidence that she engaged in an activity protected by the ADEA?

          \_\_\_\_\_ Yes        \_\_\_\_\_ No

      If "yes", go onto the next question.  If "no", then you must find for the Defendant and go no further.

      16.    Has Plaintiff proven by a preponderance of the evidence that there was a causal connection between the alleged protected activity and the termination of her employment?

          \_\_\_\_\_ Yes        \_\_\_\_\_ No

      If "yes", go onto the next question.  If "no", then you must find for the Defendant and go no further.

      17.    Do you find that Mellon has articulated a legitimate, non-discriminatory reason for terminating Ms. Blozis?

          \_\_\_\_\_ Yes        \_\_\_\_\_ No

      If "yes", go onto the next question.  If "no", then go onto question 19.

      18.    Has Plaintiff proven by a preponderance of the evidence that Mellon's explanation of terminating her is really a pretext for retaliation?

          \_\_\_\_\_ Yes        \_\_\_\_\_ No

      If "yes", go onto the next question.  If "no", then you must find for Defendant and go no further.

19. Has Plaintiff proven by a preponderance of the evidence that she was not terminated because of poor job performance?

\_\_\_\_\_ Yes    \_\_\_\_\_ No

If "yes", go onto the next question. If "no", then you must find for the Defendant and go no further.

20. Has Plaintiff proven by a preponderance of the evidence that Mellon terminated her because she engaged in protected activity and not because of any other legitimate, non-discriminatory reason?

\_\_\_\_\_ Yes    \_\_\_\_\_ No

If "yes", then you must consider the following questions. If "no", then you must find for the Defendant and go no further.

**IV.    Damages**

21. If you find that Plaintiff has proven by a preponderance of the evidence that Defendant terminated her employment because of her age, sex, or in retaliation for complaining about age discrimination has Plaintiff proven by a preponderance of the evidence that she is entitled to an award of back pay from Mellon? (You may answer this questions only if you answered "yes" to questions 7, 14 or 20). Note: Plaintiff's back pay award may extend only from July 19, 2004 until the date you provided an answer to this question.

\_\_\_\_\_ Yes    \_\_\_\_\_ No

If "yes", how much backpay do you award?

$_____

22. If you find that Plaintiff has proven by a preponderance of the evidence that Defendant terminated her because of her age, sex, or in retaliation for complaining about age discrimination, did Plaintiff satisfy her duty of mitigating her damages by making reasonable efforts to find substantially equivalent employment after July 19, 2004?

    \_\_\_\_\_ Yes     \_\_\_\_\_ No

If "yes", go to the next question.  If "no", then you may not award Plaintiff any back pay damages and go to question 28.

    23.    If you find that Plaintiff made reasonable efforts to mitigate her damages, how much has Plaintiff earned since her termination?

    $_____

    24.    Could Plaintiff have earned more if she had exercised reasonable diligence to find or maintain substantially equivalent employment in order to satisfy her duty to mitigate damages?

    \_\_\_\_\_ Yes     \_\_\_\_\_ No

If "yes," go to the next question.  If "no," then go to question 26.

    25.    How much could Plaintiff have earned if she had exercised diligence?

    $_____

    26.    Taking into account how much Plaintiff did or could have earned since her termination, whichever is greater, to how much back pay is Plaintiff entitled?

    (a)    Amount of gross back pay: (Add Answer from Question 21)

    $_____

    (b)    Amount Plaintiff Earned (answer from Question 23 or Could have Earned (answer from Question 25) whichever is greater.

    $_____

    (c)    Total net back pay (a minus b)    $_____

  27. Has Plaintiff proven by a preponderance of the evidence that Mellon's conduct was willful, that is, that Defendant knew or recklessly disregarded whether its conduct was prohibited by the ADEA.

    \_\_\_\_\_ Yes   \_\_\_\_\_ No

  If "yes", how much liquidated damages do you award?

    $_____

  28. Only if you find that Plaintiff has proven by a preponderance of the evidence that Defendant terminated her employment because of sex discrimination, has Plaintiff proven by a preponderance of the evidence that there is a substantial basis for an award of emotional distress damage?  You are not to consider any award of emotion distress damages for Plaintiff's claims of age discrimination under the ADEA or age retaliation under the ADEA.

    \_\_\_\_\_ Yes   \_\_\_\_\_ No

  If "yes", go to the next question.  If "no", then you may not award Plaintiff any emotional distress damages and go to question 29.

  If you find that Plaintiff is entitled to emotional distress damages, how much emotional distress damages is Plaintiff entitled.

    $_____

  29. If you find that Plaintiff has proven by a preponderance of the evidence that Defendant terminated her employment because of sex discrimination, has Plaintiff proven by a preponderance of the evidence that Mellon's conduct was wantonly reckless, malicious and willfully disregarded her rights?

    \_\_\_\_\_ Yes   \_\_\_\_\_ No

  If "yes", go onto the next question.  If "no", then you must not award Plaintiff any punitive damages and go to question \_\_\_.

  30. Has Plaintiff proven by a preponderance of the evidence that she is entitled to punitive damages?
    \_\_\_\_\_ Yes   \_\_\_\_\_ No

-12-

If "yes", go onto the next question. If "no", then you must not award Plaintiff any punitive damages and go to question 32.

31. If you find that Plaintiff is entitled to punitive damages, how much punitive damages is Plaintiff entitled?

$_____

32. The total amount of damages for Plaintiff are (add amount of net damages award from questions 26(c), 27, 28, 31 above, if any):

$_____

[Your deliberations now have ended, have all jurors sign on the last page, and notify the Court Officer.]

-13-

# THE FOREGOING IS THE VERDICT OF THE JURY
# EACH JUROR MUST SIGN BELOW

_____          _____
        Foreperson                                    Juror


_____          _____
          Juror                                       Juror


_____          _____
          Juror                                       Juror


_____          _____
          Juror                                       Juror


Dated: _____

-14-

**REED SMITH LLP**

/s/ Thad Bracegirdle, Esquire
Thad Bracegirdle, Esq.
(DE Bar ID No. 3691)
1201 Market Street - Suite 1500
Wilmington, DE 19801
Telephone:  (302) 778-7500
Facsimile:  (302) 778-7500
E-mail: tbracegirdle@reedsmith.com

Stephanie Wilson, Esq.
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, NJ 08401-7839
Telephone:  (609) 987-0050
Facsimile:  (609) 951-0824
E-mail:  swilson@reedsmith.com

Attorneys for Defendants

DATED:  June 4, 2007